Roger Jon Diamond, Esq. (State Bar No. 40146)
  *rogdiamond@aol.com*
Law Offices of Roger Jon Diamond
1717 Fourth Street, Third Floor
Santa Monica, California 90401
Tel. (310) 452-6643

Kamille R. Dean, Esq.  (State Bar No. 234468)
  *kamille@kamilledean.com*
Law Offices Of Kamille Dean, PLC
4545 North 36th Street, Suite 202
Phoenix, Arizona 85018
Tel. (602) 252-5601

*Attorneys for Defendant*
JULIAN OMIDI

[*additional attorneys and parties on next page*]

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 17-00661(A)-DMG |
| Plaintiff, | [*Assigned to Hon. Dolly M. Gee, District Court Judge*] |
| *vs.* | ***REDACTED PUBLIC VERSION*** **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE WHY GOVERNMENT'S COUNSEL SHOULD NOT BE SANCTIONED FOR RULE 6(E) VIOLATION; REQUEST FOR ORDER TO COMPEL DISCOVERY PENDING AN EVIDENTIARY HEARING** |
| JULIAN OMIDI, INDEPENDENT MEDICAL SERVICES, INC., SURGERY CENTER MANAGEMENT, LLC, and MIRALI ZARRABI, M.D., | |
| Defendants. | |
| | [MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF AND DECLARATION OF KAMILLE R. DEAN IN SUPPORT THEREOF LODGED HERE IN] |
| | Date:       Wednesday May, 16, 2018<br>Time:       2:30 p.m.<br>Dept.:      Courtroom 8C<br>Location:   350 West 1st Street, 8th Floor<br>            Los Angeles, CA 90012<br>Trial:      October 9. 2018 at 8:30 a.m. |

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE WHY
GOVERNMENT'S COUNSEL SHOULD NOT BE SANCTIONED FOR RULE 6(E) VIOLATION;
REQUEST FOR ORDER TO COMPEL DISCOVERY PENDING AN EVIDENTIARY HEARING

George J. Paukert, Esq. (SBN: 183124)
*paukburt@aol.com*
Law Office of George J. Paukert
44376 Hazel Canyon Ln
Palm Desert, CA 92260-3054
Telephone: (310) 826-0180

*Attorneys for Defendant*
INDEPENDENT MEDICAL SERVICES
INC., a professional corporation, and
SURGERY CENTER MANAGEMENT, LLC

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE WHY
GOVERNMENT'S COUNSEL SHOULD NOT BE SANCTIONED FOR RULE 6(E) VIOLATION;
REQUEST FOR ORDER TO COMPEL DISCOVERY PENDING AN EVIDENTIARY HEARING

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE WHY GOVERNMENT'S COUNSEL SHOULD NOT BE SANCTIONED FOR RULE 6(E) VIOLATION; REQUEST FOR ORDER TO COMPEL DISCOVERY PENDING AN EVIDENTIARY HEARING**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on Wednesday May 16, 2018, at 2:30 p.m. or, as soon as this matter may be heard in Courtroom 8C, within this Court, located at 350 West 1st Street, 8th Floor, Los Angeles, California, 90012, Defendants Julian Omidi, Surgery Center Management, LLC, and Independent Medical Services, Inc., ("Defendants"), by and through their respective counsel of record, Roger Jon Diamond, Esq., of the Law Offices of Roger Jon Diamond, Kamille Dean, of Law Offices of Kamille Dean, PLC, and George J. Paukert, Esq., Law Office of George J. Paukert, hereby request an order to show cause why government's counsel, including but not limited to Attorney for the United States[1] TRACY L. WILKISON, Assistant United States Attorneys LAWRENCE MIDDLETON, KRISTEN A. WILLIAMS, CATHY J. OSTILLER, ALEXANDER C.K. WYMAN, and any other government's counsel and/or others/agents involved in the preparation and filing of "GOVERNMENT'S EX PARTE APPLICATION FOR ORDER DIRECTING DISCLOSURE OF TAX RETURNS AND RETURN INFORMATION AND FOR PROTECTIVE ORDER" (Dkt. 111) should not be sanctioned for violation of Federal Rule of Criminal Procedure 6(e)(2), which prohibits attorneys for the government from disclosing confidential grand jury information. Moreover, the Court should order full discovery as to the government's violation, pending an evidentiary hearing, so that Defendants can propose an appropriate remedy.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Attorney

---

[1] Acting under authority conferred by 28 U.S.C. § 515.

1    Kamille R. Dean, all matters which the court must or may judicially, and the documents

2    and pleadings previously filed this court, including but not limited to the filing at Docket

3    Number 111.

4         The government has been expressly informed of its Rule 6(e) violation. See,

5    "Defendant Julian Omidi's Amended Opposition to the Government's Ex Parte

6    Application for Order Directing Disclosure of Tax Returns and Return Information and

7    For Protective Order", Dkt. 132 at 16-17. However, in the government's Reply, Dkt. 139,

8    the government has failed to even address the 6(e) violation, thus waiving the issue and

9    conceding its violation of Rule 6(e). Any further meet and confer on the issue would be

10   futile. *Tiki Shark Art Inc. v. CafePress, Inc.*, 2014 WL 3928799, at *3 (D. Hawaii 2014)

11   (where meet and confer efforts show futility the court will not require further futile

12   efforts); *Yue v. Storage Technology Corp.*, 2008 WL 4185835, at *1 (N.D. Cal. 2008)

13   (requiring the parties to meet and confer world be futile). Moreover, informal resolution

14   of a sanctions motion against the government would be futile. *Thomas v. Baca*, 231

15   F.R.D. 397, 404 (C.D. Cal. 2005) (explaining that failure to meet and confer, as required

16   by local rule, was not a sufficient reason to deny class certification motion because

17   informal resolution of motion was not possible).

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE WHY
GOVERNMENT'S COUNSEL SHOULD NOT BE SANCTIONED FOR RULE 6(E) VIOLATION;
REQUEST FOR ORDER TO COMPEL DISCOVERY PENDING AN EVIDENTIARY HEARING

Dated:  April 13, 2018                    Law Offices of Kamille Dean, PLC
                                          Law Offices of Roger Jon Diamond


                                          By: /s/ Kamille Dean
                                              Kamille Dean
                                              Roger Jon Diamond
                                          *Attorneys for Defendant*
                                          JULIAN OMIDI

Dated:  April 13, 2018                    Law Office of George J. Paukert


                                          By: /s/ George J. Paukert
                                              George J. Paukert
                                          *Attorneys for Defendants*
                                          INDEPENDENT MEDICAL SERVICES INC., a
                                          professional corporation, and SURGERY CENTER
                                          MANAGEMENT, LLC

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE WHY
GOVERNMENT'S COUNSEL SHOULD NOT BE SANCTIONED FOR RULE 6(E) VIOLATION;
REQUEST FOR ORDER TO COMPEL DISCOVERY PENDING AN EVIDENTIARY HEARING

# TABLE OF CONTENTS

Page(s)

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................... 1

I.    INTRODUCTION ......................................................................................................... 1

II.   ARGUMENTS ............................................................................................................... 3

    A.    The Government Violated Rule 6(e) Of The Federal Rules Of Criminal Procedure, By Describing What The Grand Jury Was Investigating, Including Purported Criminal Tax Violations ................................................. 3

        1.    Defendants have presented a *prima facie* case of such a violation of Rule 6(e). ........................................................................... 4

            a.    The source of the disclosure was an attorney or agent of the government. ............................................................... 5

            b.    There has been disclosure of a matter or matters occurring before the grand jury................................................. 6

            c.    The government's violation was particularly egregious, given the purpose of Rule 6(e) .................................... 6

            d.    The prejudice to Defendants cannot be undone. ....................... 7

    B.    The AUSAs In This Case Are Judicially Estopped From Arguing That Their Disclosure Does Not Constitute Matters Occurring Before The Grand Jury, Based On Their Arguments To The Ninth Circuit...................... 9

    C.    The Government's Violation Of Rule 6(e) Was Intentional And Willful................................................................................................ 10

        1.    The pleading in question (the *ex parte* application) was an attorney drafted document. ................................................. 11

        2.    The AUSAs in this case are acutely aware of the fact that they are not to disclose any information about the grand jury. ................. 11

        3.    In a previous *ex parte* application to file under seal, AUSA Williams confirmed—under the penalty of perjury—that she understood it would be a violation to publicly file a document that referenced the grand jury's investigation..................................... 12

        4.    The government's motive was to smear Defendants with a charge—purported tax claims for which Defendants were investigated—on which the grand jury did not return an indictment........................................................................... 13

Case No. CR 17-00661(A)-DMG      i

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE WHY GOVERNMENT'S COUNSEL SHOULD NOT BE SANCTIONED FOR RULE 6(E) VIOLATION; REQUEST FOR ORDER TO COMPEL DISCOVERY PENDING AN EVIDENTIARY HEARING

**TABLE OF CONTENTS:** (continued)                                        **Page(s)**

D.    The Court Should Order the Government to Disclose All Documents and Communications Relating To Government's Rule 6(e) Violation, to Include Those Claimed to be Privileged Under the Government Commission of a Crime-Fraud ...................................................................... 14

III.    CONCLUSION ........................................................................................... 16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE WHY GOVERNMENT'S COUNSEL SHOULD NOT BE SANCTIONED FOR RULE 6(E) VIOLATION; REQUEST FOR ORDER TO COMPEL DISCOVERY PENDING AN EVIDENTIARY HEARING

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Akbarin v. INS*,
   669 F.2d 839 (1st Cir.1982) .................................................................................. 10

*Barry v. United States*,
   865 F.2d 1317 (D.C. Cir. 1989) ........................................................................ 5, 10

*Community Health Services of Crawford County v. Califano*,
   698 F.2d 615 (3d Cir.1983) .................................................................................. 10

*Douglas Oil Co. v. Petro Stops Northwest*,
   441 U.S. 211 (1979) ................................................................................................ 5

*Heckler v. Community Health Services of Crawford County*,
   467 U.S. 51 (1984) ................................................................................................ 10

*In re Fried*,
   161 F.2d 453 (2d Cir. 1947) .................................................................................. 8

*In re Grand Jury Investigation (90-3-2)*,
   748 F. Supp. 1188 (E.D. Mich. 1990) .................................................................. 2

*In re Grand Jury Investigation (Lance)*,
   610 F.2d 202 (5th Cir. 1980) ................................................................................ 4

*In re Grand Jury Subpoena 92-1(SJ)*,
   31 F.3d 826 (9th Cir. 1994) ................................................................................ 15

*In re Grand Jury Subpoena, No. 16-03-217*,
   875 F.3d 1179 (9th Cir. 2017) .............................................................................. 8

*In re John Doe Grand Jury Proceedings*,
   537 F. Supp. 1038 (D.R.I. 1982) .......................................................................... 7

*In re Motions of Dow Jones & Co.*,
   142 F.3d 496 (D.C. Cir. 1998) .............................................................................. 5

*In re Sealed Case No. 98-3077*,
   151 F.3d 1059 (D.C. Cir. 1998) ............................................................................ 1

*In re Sealed Case*,
   121 F.3d 729 (D.C.Cir.1997) .............................................................................. 15

*Kennedy v. United States*,
   965 F.2d 413 (7th Cir. 1992) .............................................................................. 10

**TABLE OF AUTHORITIES**: (continued)                                    Page(s)

*Martin v. Consultants & Adm'r, Inc.*,
   966 F.2d 1078 (7th Cir. 1992) ................................................................ 6

*Mukherjee v. INS*,
   793 F.2d 1006 (9th Cir.1986) ................................................................ 10

*Portmann v. United States*,
   674 F.2d 1155 (7th Cir.1982) ................................................................ 10

*Rojas v. United States*,
   55 F.3d 61 (2nd Cir. 1995) ................................................................... 11

*Schoenauer v. United States*,
   759 F. Supp. 2d 1090 (S.D. Iowa 2010) ................................................ 2

*SEC v. Dresser Indus., Inc.*,
   628 F.2d 1368 (D.C. Cir. 1980) .............................................................. 6

*Smith v. Groose*,
   205 F.3d 1045 (8th Cir. 2000) .............................................................. 10

*Standley v. Dep't of Justice*,
   835 F.2d 216 (9th Cir. 1987) ................................................................. 6

*States v. Brenson*,
   104 F.3d 1267 (11th Cir. 1997) ............................................................ 14

*Stevens Tech. Servs., Inc. v. S.S. Brooklyn*,
   885 F.2d 584 (9th Cir. 1989) ................................................................. 9

*Tri-State Hosp. Supply Corp. v. United States*,
   226 F.R.D. 118 (D.D.C. 2005) ............................................................. 15

*U.S. Indus. Inc. v. U.S. Dist. Court*,
   345 F.2d 18 (9th Cir. 1965) ................................................................... 6

*United States v. Aaronoff*,
   No. 91 CR. 221 (CSH), 1992 WL 30680 (S.D.N.Y. Feb. 10, 1992)........................... 2

United States v. Asmar,
   827 F.2d 907 (3rd Cir.1987) ................................................................. 10

*United States v. Broward*,
   594 F.2d 345 (2d Cir. 1979) ................................................................... 2

*United States v. Dynavac, Inc.*,
   6 F.3d 1407, 1413 (9th Cir. 1993) .......................................................... 7

*United States v. Eaglin*,
   571 F.2d 1069 (9th Cir. 1977) .............................................................. 11

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE WHY
GOVERNMENT'S COUNSEL SHOULD NOT BE SANCTIONED FOR RULE 6(E) VIOLATION;
REQUEST FOR ORDER TO COMPEL DISCOVERY PENDING AN EVIDENTIARY HEARING

**TABLE OF AUTHORITIES**: (continued)                                                    <u>Page(s)</u>

*United States v. Estepa,*
　　471 F.2d 1132 (2d Cir. 1972) ....................................................................... 2

*United States v. Forman,*
　　71 F.3d 1214 (6th Cir. 1995) ..................................................................... 14

*United States v. Index Newspapers, LLC,*
　　766 F.3d 1072 (9th Cir. 2014) ................................................................. 4, 9

*United States v. Julian Omidi,*
　　No. 16-50252, 2018 U.S. App. LEXIS 7407 (9th Cir. Mar. 23, 2018) ................. 9, 11

*United States v. Kojayan,*
　　8 F.3d 1315 (9th Cir.1993) ....................................................................... 16

*United States v. Long,*
　　No. 1:16 CR91-1, 2016 WL 5400416 (M.D.N.C. Sept. 27, 2016) ............................. 2

*United States v. Nobrega,*
　　No. 1:10-cr-00186 (JAW), 2015 WL 8082455  (D. Me. Dec. 7, 2015) ..................... 14

*United States v. Pimental,*
　　199 F.R.D. 28 (D. Mass. 2001) ..................................................................... 2

*United States v. Procter & Gamble,*
　　356 U.S. 677 (1958) ............................................................................. 7, 14

*United States v. Proctor & Gamble Co.,*
　　356 U.S. 677 (1958) ................................................................................. 5

*United States v. Rioux,*
　　97 F.3d 648 (2d Cir. 1996) ......................................................................... 5

*United States v. Saget,*
　　991 F.2d 702  (11th Cir. 1993) ................................................................... 14

*United States v. Stone,*
　　633 F.3d 1272 (9th Cir. 1979) ..................................................................... 5

*United States v. Thoreen,*
　　653 F.2d 1332 (9th Cir. 1981) ................................................................... 11

*United States v. Zolin,*
　　491 U.S. 554 (1989) ............................................................................... 15

<u>Statutes</u>

18 U.S.C. § 1503 ..................................................................................... 14

26 U.S.C. § 6103 ................................................................................. 1, 3

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE WHY
GOVERNMENT'S COUNSEL SHOULD NOT BE SANCTIONED FOR RULE 6(E) VIOLATION;
REQUEST FOR ORDER TO COMPEL DISCOVERY PENDING AN EVIDENTIARY HEARING

**TABLE OF AUTHORITIES: (continued)**                                        <u>Page(s)</u>

26 U.S.C. § 6103(h)(2)..................................................................................... 3

28 U.S.C. § 515 .................................................................................... 3, 1, 5, 16

 <u>Rules</u>

Fed. R. Crim. P. 6(e) ...........................................................................passim

Fed. R. Crim. P. 6(e)(2) .............................................................................3, 5

Fed. R. Crim. P. 6(e)(2)(B)(iv) ..................................................................... 5

Fed. R. Crim. P. 6(e)(6) ................................................................................ 6

Fed. R. Crim. P. 6(e)(7) ................................................................................ 5

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE WHY
GOVERNMENT'S COUNSEL SHOULD NOT BE SANCTIONED FOR RULE 6(E) VIOLATION;
REQUEST FOR ORDER TO COMPEL DISCOVERY PENDING AN EVIDENTIARY HEARING

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

The government filed an *ex parte* application for an order, under 26 U.S.C. § 6103, to allow the United States Attorney's Office (the "USAO") to disclose tax returns and return information to Defendants, which section 6103 otherwise prohibits the USAO from disclosing. Dkt. 111. However, the government's ex parte application violated Rule 6(e) of the Federal Rules of Criminal Procedure, by describing what the grand jury was investigating, including purported criminal tax violations of Defendants (and others not charged but allegedly associated with Defendants), (see, dkt. 111, at pp. 1-2), which the grand jury did not include in the Superseding Indictment, (dkt. 12), and by stating that the "***Government counsel received these tax returns and return information***" for use in the "***federal grand jury proceedings***." (Dkt. 111, at pp. 1-2 (emphasis added).)

This case is not a tax case, as the government itself has conceded. The government's conduct was outrageous and intentional. Thus, the Court should issue an order to show cause why government's counsel, including but not limited to Acting Attorney for the United States[2] TRACY L. WILKISON, Assistant United States Attorneys KRISTEN A. WILLIAMS, CATHY J. OSTILLER, ALEXANDER C.K. WYMAN, and any other government's counsel and/or employees involved in the preparation and filing of the *ex parte* application (Dkt. 111) should not be sanctioned for violation of Rule 6(e), which prohibits attorneys for the government from disclosing confidential grand jury information. Moreover, it is not clear what the appropriate remedy should be until the government appropriately responds, including producing  discovery. See, *In re Sealed Case No. 98-3077*, 151 F.3d 1059, 1076-77 & n.21 (D.C. Cir. 1998) (holding that if "the district court determines that a violation of Rule 6(e)(2) has occurred . . . [t]he movants may then participate in determining the appropriate remedy," at which

---

[2] Acting under authority conferred by 28 U.S.C. § 515.

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE WHY
GOVERNMENT'S COUNSEL SHOULD NOT BE SANCTIONED FOR RULE 6(E) VIOLATION;
REQUEST FOR ORDER TO COMPEL DISCOVERY PENDING AN EVIDENTIARY HEARING

point an "adversarial presentation may be appropriate, since what appears to be harmless to a district judge may be prejudicial if seen in light of a defense counsel's special familiarity with a given prosecution" (quotation marks and citations omitted)); *United States v. Pimental*, 199 F.R.D. 28, 37 (D. Mass. 2001) (defendants "entitled to discovery to determine the scope and possible impact of the Rule 6(e) violations").

Here, a Rule 6(e) violation has occurred, and the government has conceded it occurred because, after being put on notice of the same in two pleadings by Defendants (dkt. 132, at 16, and dkt. 125, at 5-10) in the government's subsequent reply to those pleadings, (dkt. 139), the government failed to address the 6(e) violation, (*id.*) thus waiving the issue of its violation of Rule 6(e). As such, the only questions that remain are the depth and breadth of the government's Rule 6(e) violations, and the appropriate remedy—both of which Defendants intend to explore at an evidentiary hearing, with Court ordered government production of discovery pending the evidentiary hearing as discussed below.[3]

---

[3] Once the Court has determined a Rule 6(e) violation has occurred, Defendants will show the government's violations have been longstanding and widespread. Thus, the only remedy that will suffice is one which will preserve judicial integrity and "deter [the] pattern of demonstrated and longstanding widespread [and] continuous official misconduct." *United States v. Broward*, 594 F.2d 345, 351 (2d Cir. 1979); *see also United States v. Long*, No. 1:16 CR91-1, 2016 WL 5400416, at *3 (M.D.N.C. Sept. 27, 2016) (dismissing indictments in part to "deter[] future prosecutorial misconduct"); *Schoenauer v. United States*, 759 F. Supp. 2d 1090, 1106 (S.D. Iowa 2010) (dismissing counts for same reason); *United States v. Aaronoff*, No. 91 CR. 221 (CSH), 1992 WL 30680, at *11 (S.D.N.Y. Feb. 10, 1992) (court may "dismiss[] an indictment for deterrence purposes" if "the course of official misconduct is a demonstrated, long-standing one"), *aff'd*, 990 F.2d 622 (2d Cir. 1993). Only "a reversal with instructions to dismiss the indictment" will "translate the assurances" of the government into actual "performance" consistent with its legal obligations. *United States v. Estepa*, 471 F.2d 1132, 1137 (2d Cir. 1972); *In re Grand Jury Investigation (90-3-2)*, 748 F. Supp. 1188, 1206 (E.D. Mich. 1990) (district court may disqualify parties who violate grand jury secrecy "under its inherent and supervisory powers, if not [Rule 6(e)] itself").

## II.   ARGUMENTS

### A.   The Government Violated Rule 6(e) Of The Federal Rules Of Criminal Procedure, By Describing What The Grand Jury Was Investigating, Including Purported Criminal Tax Violations

In relevant part, the government's *ex parte* application states

During the course of the investigation leading to the First Superseding Indictment*, the government investigated defendants OMIDI, IMS, SCM, and ZARRABI, as well as other individuals and entities associated with the network of entities controlled by defendant OMIDI* known as "GET THIN," *for potential tax and money laundering violations*. (See, Declaration of Alexander C.K. Wyman ("Wyman Decl.") ¶ 2.)

*In connection with the tax and money laundering investigations*, government counsel obtained copies of certain GET THIN individuals and entities' tax returns and return information. (*Id.*) *Government counsel received these tax returns and return information* from Special Agents with the Internal Revenue Service – Criminal Investigations ("IRS-CI") pursuant to 26 U.S.C. § 6103(h)(2), which authorizes the Internal Revenue Service's disclosure of tax returns and return information to an employee of the Department of Justice in a matter involving tax administration for the Department of Justice employee's use in *a federal grand jury proceeding*. (Wyman Decl. ¶ 2.)

(Dkt. 111, at pp. 1-2 (emphasis added).)[4]

---

[4] Even if the government wants to misrepresent the record and argue that Mrs. Omidi disclosed this type of information before (a contention which is refuted by the record), Mrs. Omidi is not Julian Omidi, and Julian Omidi never permitted his privileged tax information to be disclosed. Further, any purported disclosure of an *investigation* (with no mention of the grand jury) by a lay person with no 6(e) obligation—does not excuse the government's violation of Rule 6(e), by describing what the *grand jury* was investigating:

> The court has an interest in the integrity of the proceedings and the safety of those involved, the government has an interest in the outcome of its investigation, and the public has an interest in the fairness of the grand jury investigatory process. ***Duran's personal decision to disclose what he may have learned about the grand jury investigation does not compel disclosure or unsealing of the court's filings or hearing transcripts related to the grand jury. It is well established that unsealing this type of record can have broad implications.*** [Footnote continued on next page].

As explained below, by (1) describing what the grand jury was investigating, including purported criminal tax violations—which are not part of the current Superseding Indictment (dkt. 12)—(2) by stating that the "***Government counsel received these tax returns and return information***" for use in the "***federal <u>grand jury</u> proceedings***," (see, dkt. 111, at pp. 1-2 (emphasis added)), and (3) by outing Defendants, including Dr. Mirali Zarrabi, and "other individuals and entities" allegedly with Defendants, as having been investigated by the grand jury for tax violations even though the grand jury chose not to indict Defendants for tax violations, the government violated Rule 6(e).

### 1. Defendants have presented a *prima facie* case of such a violation of Rule 6(e).

The secrecy requirements imposed upon the grand jury are necessary to safeguard the proper functioning of the grand jury system. *In re Grand Jury Investigation (Lance)*, 610 F.2d 202, 213 (5th Cir. 1980) (citing *Douglas Oil Co. v. Petro Stops Northwest*, 441

*United States v. Index Newspapers, LLC*, 766 F.3d 1072, 1087 (9th Cir. 2014) (emphasis added). Furthermore, the government does not contend that tax return information as to Defendant Dr. Mirali Zarrabi was ever publicly disclosed, and cannot make any excuse for its public disclosure that Dr. Zarrabi was under tax investigation. Thus, it cannot be disputed that the government has deliberately violated Rule 6(e).

In addition, as confirmed by the Office of the Inspector General's "A Report of Investigation of Certain Allegations Relating to Former FBI Deputy Director Andrew McCabe" unsealed on April 13, 2018 (found at https://goo.gl/ucHDs3), any public government confirmation of an investigation is separate act of misconduct <u>warranting severe sanctions</u>:

> [W]e concluded that McCabe's decision to confirm the existence of the [Clinton Foundation] Investigation through an anonymously sourced quote, recounting the content of a phone call with a senior Department official in a manner designed to advance his personal interests at the expense of Department leadership, was clearly not within the public interest exception. ***We therefore concluded that McCabe's disclosure of the existence of an ongoing investigation in this manner violated the FBI's and the Department's media policy and constituted misconduct***.

*Id*. at 2 (emphasis added). Here, the government's public disclosure of ***the grand jury's*** investigation into Defendants' tax information far more outrageous, because it was also a violation of Rule 6(e). There is simply no public interest for the government to publicly confirm the grand jury was investigating Defendants for tax violations.

1  U.S. 211 (1979) and *United States v. Proctor & Gamble Co.*, 356 U.S. 677 (1958)). Grand

2  jury secrecy shields what has occurred, what is occurring, and what is likely to occur

3  before the grand jury including "the identities of witnesses or jurors, the substance of

4  testimony as well as actual transcripts, the strategy or direction of the investigation, [and]

5  the deliberations or questions of jurors." *In re Motions of Dow Jones & Co*., 142 F.3d 496,

6  500 (D.C. Cir. 1998) (internal quotation marks omitted). A knowing violation of Rule 6

7  may be punished as a contempt of court. *United States v. Stone*, 633 F.3d 1272, 1275 (9th

8  Cir. 1979); Fed. R. Crim. P. 6(e)(7).

9       Rule 6(e)(2) bars the disclosure of any "matter occurring before a grand jury" by

10  one of several enumerated parties, including, in particular, "an attorney for the

11  government." Fed. R. Crim. P. 6(e)(2)(B)(iv). If the defendant believes that there has been

12  an improper disclosure in violation of Rule 6(e)(2), the defendant must first make a *prima*

13  *facie* showing that (1) there has been disclosure of a matter or matters occurring before the

14  grand jury; and (2) that the source of the disclosure was an attorney or agent of the

15  government. *Barry v. United States*, 865 F.2d 1317, 1321 (D.C. Cir. 1989); see also,

16  *United States v. Rioux*, 97 F.3d 648, 662 (2d Cir. 1996). Once the defendant has made a

17  *prima facie* showing, the burden then shifts to the government to rebut the defendant's

18  case in a show cause hearing. *Barry*, 865 F.2d at 1321. Here, both elements have been

19  met.

### a.    The source of the disclosure was an attorney or agent of the government.

22       *First*, as is required to establish a *prima facie* showing, the source of the disclosure

23  was an attorney or agent of the government, because the disclosure was in an ex parte

24  application filed in this case, by Attorney for the United States[5] TRACY L. WILKISON,

25  Assistant United States Attorneys LAWRENCE MIDDLETON, KRISTEN A.

26  WILLIAMS, CATHY J. OSTILLER, and ALEXANDER C.K. WYMAN. (Dkt. 111.)

---

[5] Acting under authority conferred by 28 U.S.C. § 515.

**b.     There has been disclosure of a matter or matters occurring before the grand jury.**

*Second*, as is required to establish a *prima facie* showing, there has been disclosure of a matter or matters occurring before the grand jury. Specifically, Rule 6(e) imposes strict secrecy requirements on grand jury matters, mandating that

> records, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury.

Fed. R. Crim. P. 6(e)(6).

Rule 6(e) does not define what constitutes a "matter occurring before the grand jury," but courts have interpreted "[m]atters occurring before a grand jury" extend beyond transcripts of grand jury proceedings to include summaries and discussions of grand jury proceedings, *U.S. Indus. Inc. v. U.S. Dist. Court*, 345 F.2d 18, 20-21 (9th Cir. 1965), and includes "the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like," *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1382 (D.C. Cir. 1980) (emphasis added) (quoted in *Standley v. Dep't of Justice*, 835 F.2d 216, 218 (9th Cir. 1987)); see also, *Martin v. Consultants & Adm'r, Inc.*, 966 F.2d 1078, 1097 (7th Cir. 1992), which is precisely the nature of the government's public filing here. (Dkt. 111, at pp. 1-2.) Indeed, the Superseding Indictment (dkt. 12) does not even hint at the fact that taxes were being investigated by grand jury, which the government's counsel so brazenly disclosed to this Court and Public, by describing what the grand jury was investigating, including purported criminal tax violations, and by stating that the "***Government counsel received these tax returns and return information***" for use in the "***federal grand jury proceedings***," (see, dkt. 111, at pp. 1-2 (emphasis added)), the government violated Rule 6(e).

**c.     The government's violation was particularly egregious, given the purpose of Rule 6(e)**

Moreover, the government's violation was particularly egregious, because one of

the purposes behind Rule 6(e) is "to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation." *United States v. Procter & Gamble*, 356 U.S. 677, 682 n. 6 (1958). Here, the government deliberately chose to publicly out defendants as having been investigated by the grand for tax violations (see, dkt. 111, at pp. 1-2) by the grand jury who brought the first superseding indictment, *even though the grand jury in its superseding indictment, did not charge* (dkt. 12)*, and thus exonerated defendants for tax violations*. See, *United States v. Fischbach & Moore, Inc.*, 776 F.2d 839, 843 (9th Cir. 1985) ("by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule.") (quoting *Douglas Oil Co. of California*, 441 U.S. at 219).

On point, in *United States v. Fischbach & Moore, Inc.*, 776 F.2d 839 (9th Cir. 1985) the Ninth Circuit reversed the district court's disclosure of grand jury transcripts reasoning: "These defendants have been **subjected to charges before the grand jury which have thus far proven unfounded**, thereby increasing their interest in limiting disclosure of the grand jury proceedings." *Id*. at 844 (emphasis added). Here, too, the grand jury chose not to indict on tax charges it was investigating, and the government's deliberate public disclosure was nothing short of outrageous.

Thus, there can be no dispute that the government's counsel in this case violated Rule 6(e), as the "scope and direction of the grand jury investigation," the identities of the targets and witnesses, and what has occurred before the grand jury constitutes "matters occurring before the grand jury" that may not be disclosed absent a court order. *In re John Doe Grand Jury Proceedings*, 537 F. Supp. 1038, 1044-45 (D.R.I. 1982) ("such things as scope and direction of the grand jury investigation constitute 'matters occurring before the grand jury' and are therefore protected from disclosure by the provisions of Rule 6(e)") (cited in *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1413 (9th Cir. 1993)) (citations omitted).

### d. The prejudice to Defendants cannot be undone.

The prejudice to Defendants is immense and cannot be undone. Defendants will

1  now outrageously be held up to public ridicule for alleged tax violations *which the grand*

2  *jury chose not to indict*. See, *In re Fried*, 161 F.2d 453, 458-59 (2d Cir. 1947) ("For a

3  wrongful indictment is no laughing matter; often it works a grievous, irreparable injury to

4  the person indicted. The stigma cannot be easily erased. In the public mind, the blot on a

5  man's escutcheon [shield and protection], resulting from such a public accusation of

6  wrongdoing, is seldom wiped out by a subsequent judgment of not guilty. Frequently, the

7  public remembers the accusation, and still suspects guilt, even after an acquittal."); *In re*

8  *Grand Jury Subpoena, No. 16-03-217*, 875 F.3d 1179, 1182 n.1 (9th Cir. 2017) ("We do

9  not identify the subject of these inquiries to protect—to the extent we can while

10  adjudicating this subpoena challenge—the secrecy embodied in Federal Rule of Criminal

11  Procedure 6(e), designed to protect innocent parties who are ultimately never indicted for

12  any crime.").

13      Moreover, the Government willfully disclosed the grand jury investigation of

14  alleged tax criminal activity noted above that was exonerated by the grand jury, which

15  served no legitimate purpose but to subject the Defendants to official defamation and

16  stigmatize them without providing them opportunity for vindication or name

17  clearing. See,  *In re Smith*, 656 F.2d 1101, 1106 (5th Cir. 1981) ("no legitimate

18  governmental interests could be served by stigmatizing private citizens as criminals while

19  not naming them as defendants") (citing *United States v. Briggs*, 514 F.2d 794, 804 (5th

20  Cir. 1975)). Defendants were subjected to "official defamation", and not only were their

21  "due process" rights been violated, but also their Fifth Amendment "liberty and property

22  rights guaranteed by the Constitution." *Id*. at 1107. Defendants have all pled not guilty to

23  all of the criminal allegations and they are innocent until proven guilty. Yet, Defendants,

24  were irreparably harmed without the due process of law. *Id*. ("The presumption of

25  innocence . . . was forgotten by the Assistant United States Attorney . . . which implicated

26  the Petitioner in criminal conduct without affording him a forum for vindication.")

27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE WHY
GOVERNMENT'S COUNSEL SHOULD NOT BE SANCTIONED FOR RULE 6(E) VIOLATION;
REQUEST FOR ORDER TO COMPEL DISCOVERY PENDING AN EVIDENTIARY HEARING

1

2

**B.    The AUSAs In This Case Are Judicially Estopped From Arguing That Their Disclosure Does Not Constitute Matters Occurring Before The Grand Jury, Based On Their Arguments To The Ninth Circuit.**

3

4

5

6

7

8

9

10

In 2015, Mr. Julian Omidi intervened in *United States v. Cindy Omidi*, No. 2:13-cr-00739-SVW (C.D. Cal.), and the government produced certain memorandum to Mr. Omidi under seal, which Mr. Omidi in turn wanted to produce to various U.S. Senators. Mr. Omidi requested such relief from Judge Steven V. Wilson. The AUSAs (who were handling this very case) opposed unsealing and Mr. Omidi's production to the U.S. Senators, on the basis that the memorandums were grand jury material. Judge Wilson agreed with the government, and the matter was appealed. On appeal, the government argued that ███████████████████████████████████████████████

11

12

████████████████████████████████ (*Dean Decl.*, Exh. 1, *United States v. Julian Omidi*, No. 16-50252,

13

14

15

16

ECF No. 45 (9th Cir. August 14, 2017) (*Government's Answering Brief*, at pp. 35-36 (citing *United States v. Index Newspapers*, *LLC*, 766 F.3d 1072, 1086 (9th Cir. 2014))), which is precisely the type of information disclosed in the government's ex parte application. (Dkt. 111, at pp. 1-2.)

17

18

19

20

21

The same AUSAs affirmatively argued that the sealed ████████████████████ ████████████████████████████████████████████ because the materials ██████████ ████████████████████████████████████████████████████████

22

███████████████ (*Dean Decl.*, Exh. 1, at pp. 36-37), which is precisely the nature of the government's public filing here.  (Dkt. 111, at pp. 1-2.)

23

24

25

26

27

Notably, the AUSAs won that argument on appeal, thereby ***blocking*** information Mr. Omidi wished to release U.S. Senators, see *United States v. Julian Omidi*, No. 16-50252, 2018 U.S. App. LEXIS 7407, at *3 (9th Cir. Mar. 23, 2018), and, therefore, under the doctrine of judicial estoppel, the AUSAs are barred from taking a contrary position here. See, *Stevens Tech. Servs., Inc. v. S.S. Brooklyn*, 885 F.2d 584, 588 (9th Cir. 1989)

28

1  ("[j]udicial estoppel [sometimes referred to as the doctrine of preclusion of inconsistent

2  positions] precludes a party from asserting a position in a current legal proceeding which

3  is contrary to the position that party previously asserted in another"). Mr. Omidi relied to

4  his prejudice on government's affirmative misconduct.[6]

5      Courts have even gone so far as to assert that when the government uses

6  contradictory theories that violates due process. *Smith v. Groose*, 205 F.3d 1045, 1052

7  (8th Cir. 2000) ("the use of inherently factually contradictory theories violates the

8  principles of due process.").

9  <u>**C.    The Government's Violation Of Rule 6(e) Was Intentional And Willful**</u>

10     Although, for the purposes of obtaining an order to show cause, Defendants do not

11 need to establish that the government's violation was willful—instead, all that is needed is

12 a *prima facia* showing of a violation, *Barry*, 865 F.2d at 1321—the following

13 circumstances and evidence establishes that the government's violation was in fact

14 intentional and willful, as an attorney's intent or willfulness may be inferred if his conduct

15

16 [6] In *Kennedy v. United States*, 965 F.2d 413, 417 (7th Cir. 1992), the Court stated:

17

18     This court, along with several other circuits, allows a private party to assert
       equitable estoppel against the government in a very narrow category of
19     cases—when the traditional elements of estoppel are shown and there is
       affirmative misconduct on the part of the government. See United States v.
20     Asmar, 827 F.2d 907, 911 n. 4 (3rd Cir.1987) (noting that the First, Second,
       Seventh and Ninth Circuits have adopted tests requiring affirmative
21     misconduct on the part of government officials).

22
   The First, Second, Seventh, and Ninth Circuits have adopted approaches to government
23 estoppel similar to that expressed by the Third Circuit in *Community Health Services of
   Crawford County v. Califano*, 698 F.2d 615 (3d Cir.1983), rev'd on other grounds sub
24 nom. *Heckler v. Community Health Services of Crawford County*, 467 U.S. 51, 104 S.Ct.
   2218, 81 L.Ed.2d 42 (1984), which requires affirmative misconduct on the part of the
25 government officials. See, e.g., *Akbarin v. INS*, 669 F.2d 839 (1st Cir.1982); Corniel-
26 Rodriguez v. INS, 532 F.2d 301 (2d Cir.1976); *Portmann v. United States*, 674 F.2d 1155
   (7th Cir.1982); *Mukherjee v. INS*, 793 F.2d 1006 (9th Cir.1986).
27

28

discloses "a reckless disregard" for his professional conduct or duty. *United States v. Thoreen*, 653 F.2d 1332, 1342 (9th Cir. 1981); *Rojas v. United States*, 55 F.3d 61, 63 (2nd Cir. 1995). Indeed, "no person can intentionally avoid knowledge by closing his eyes to facts which should prompt him to investigate." *United States v. Eaglin*, 571 F.2d 1069, 1074 (9th Cir. 1977). Willful blindness is the "equivalent of actual knowledge" and accordingly satisfies the recklessness standard. *Id*.

### 1. The pleading in question (the *ex parte* application) was an attorney drafted document.

*First*, the pleading in question (the *ex parte* application) was an attorney drafted document with three frontline AUSAs on the pleading, in addition to the Chief of the Criminal Division and the Acting US Attorney. (Dkt. 111.) This effort to improperly violate Rule 6(e) which serves absolutely no purpose other than to prejudice Defendants in this high-profile case[7], was not an instance in which the AUSAs inadvertently disclosed a document which discussed or described grand jury material. Instead, the AUSAs and their supervisors intentionally drafted the *ex parte* application expressly *using the words "grand jury"* with the specific intention of filing the document publicly on the Court's CM/ECF system.

### 2. The AUSAs in this case are acutely aware of the fact that they are not to disclose any information about the grand jury.

*Second*, the AUSAs in this case are *acutely* aware of the fact that they are not to disclose any information about the grand jury—in fact, they litigated Rule 6(e)'s nuances and obtained a victory in the Ninth Circuit. See, *Omidi*, 2018 U.S. App. LEXIS 7407, at *3. Also, demonstrative of the government's acute awareness of its obligations under Rule

---

[7] Weber, Scott, *Lap Band Company Accused of Cover Up*, Channel Four News—NBC Local Los Angeles (Jan. 18, 2012), available at https://goo.gl/xeRLtA; Stuart Pfeifer, *GET-THIN brothers in fraud inquiry*, Los Angeles Times, (Oct. 23, 2012), *available at* https://goo.gl/ZnJQ8u; Gickman, Paul, *1-800-GET-THIN brothers investigated by federal*, state crime agencies, 89.3 KPCC, (Oct. 23, 2012), *available at* https://goo.gl/evAHyv; Ross, Brian and Galli, Cindy, *1-800-Get-Thin Under Fire for Lap-Band Surgery Deaths*, ABC News, (May 11, 2012), *available at* https://goo.gl/4jcrwc.

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE WHY GOVERNMENT'S COUNSEL SHOULD NOT BE SANCTIONED FOR RULE 6(E) VIOLATION; REQUEST FOR ORDER TO COMPEL DISCOVERY PENDING AN EVIDENTIARY HEARING

6(e), in its prior filings in this case, when the government wanted to obtain an order for disclosure of various documents that referenced the grand jury and grand jury transcripts, the government filed an *ex parte* application under seal (including the application to file under seal and the order) which did not mention anything remotely analogous to the improper filing here. (See, Dkt. 66, 84-87.) More specifically, whereas the *ex parte* application to produce grand jury information (as well as the *ex parte* application to file under seal) were completely *boilerplate* and did not contain any specifics about the working of the grand jury (only mentioning that transcripts and documents exist and not the nature of those documents), (dkt. 66, 84-87), the publicly filed *ex parte* application here (dkt. 111) was specific and concrete about certain matters the grand jury investigated and apparently rejected—namely, a purported grand jury investigation into tax violations and the examination of tax returns and tax information, stating "***[i]n connectiaon with the tax and money laundering investigations***, … ***Government counsel received these tax returns and return information***" for use in the "***federal <u>grand jury</u> proceedings***." (Dkt. 111, at pp. 1-2 (emphasis added).) Further, any claim that ***none*** of the five (5) sophisticated government attorney contributors to the government's ex parte application (dkt. 111) noticed the express, blatant and prejudicial 6(e) violation in this high profile case, would defy credulity.

### 3. In a previous *ex parte* application to file under seal, AUSA Williams confirmed—under the penalty of perjury—that she understood it would be a violation to publicly file a document that referenced the grand jury's investigation.

*Third*, in the previous *ex parte* application to file grand jury material under seal, on March 4, 2018, AUSA Williams confirmed—under the penalty of perjury—that she understood it would be a violation to publicly file or disclose in discovery a document that referenced the grand jury's investigation:



███████████████████████████████████████████████████████████████

(Dkts., 66, 84-87, *Declaration of Kristen A. Williams* (Mar. 4, 2018), ¶2.)

Although AUSA Williams confirmed she understood what is "prohibited by Rule 6(e) of the Federal Rules of Criminal Procedure," the AUSAs (along with their supervisors) nevertheless intentionally filed the *ex parte* application at issue here publicly—approximately a month later, in April 3, 2017—and without a request for sealing. (Dkt. 111.)

### 4.   The government's motive was to smear Defendants with a charge—purported tax claims for which Defendants were investigated—on which the grand jury did not return an indictment

*Fourth*, the government had a motive to violate Rule 6(e)—namely, to smear Mr. Omidi and Defendants with a charge (purported tax claims for which Defendants were investigated) on which the grand jury did not return an indictment. As is clear from the Superseding Indictment, the grand jury never charged Mr. Omidi with any tax violations (dkt. 12) although, as the government now makes clear, it was investigating Defendants, as well as others, for purported tax violations. (Dkt. 111, at pp. 1-2.) The government's outrageous violation has even made those associated with Defendants, and never charged, subject to public ridicule. The goal of the government is obvious: to improperly and prejudicially isolate defendants and to prevent favorable defense witnesses to come forward, because <u>the government's public threat all those associated with Defendants are subjected to investigation for criminal tax and other criminal violations</u>. (See, Dkt. 111, at 1-2 "***the government investigated defendants OMIDI, IMS, SCM, and ZARRABI, <u>as well as other individuals and entities associated with the network of entities controlled by defendant OMIDI</u>*** known as "GET THIN," *for potential tax and money laundering violations*. (See, Declaration of Alexander C.K. Wyman ("Wyman Decl.") ¶ 2.)" (emphasis added.)

1    One of the purposes behind Rule 6(e) is "to protect innocent accused who is

2    exonerated from disclosure of the fact that he has been under investigation," *Procter &*

3    *Gamble*, 356 U.S. at 682 n. 6, and, here, while it is true that Defendants were indicted,

4    neither Defendants, nor those associated with Defendants, were charged with violating

5    with any tax violations. (Dkt. 12.) Therefore, the violation of Rule 6(e), as has occurred

6    here, went to the very heart of the secrecy issues surrounding the grand jury and was not

7    only a clearly and intentional act of retaliation against the grand jury for not indicting

8    Defendants on the purported tax violations, but also a blatant attempt to prejudice

9    Defendants in this high profile case. The leaking of secret grand jury information for an

10   improper purpose, as has occurred here, can constitute the crime of obstruction of justice

11   under 18 U.S.C. § 1503. *States v. Brenson,* 104 F.3d 1267, 1276 (11th Cir. 1997) ("[A]

12   person who improperly reveals grand jury information in violation of Rule 6(e)(2) can be

13   convicted for obstruction of justice...."); *United States v. Saget,* 991 F.2d 702, 713 (11th

14   Cir. 1993) ("Any person who knowingly violates Rule 6(e)(2) . . . or induces or attempts

15   to induce another person to violate the Rule may be convicted for obstruction of justice

16   under § 1503." (internal quotation marks omitted)); *United States v. Forman,* 71 F.3d

17   1214, 1220 (6th Cir. 1995) (even "one who divulges grand jury materials but is not

18   subject to Rule 6(e)(2) is still liable to prosecution under 18 U.S.C. § 1503 for obstruction

19   of justice"); *United States v. Nobrega,* No. 1:10-cr-00186 (JAW), 2015 WL 8082455, at

20   *3 (D. Me. Dec. 7, 2015) ("Individuals who violate the secrecy of grand jury proceedings

21   may be subject to criminal prosecution under 18 U.S.C. § 1503.").

22          **D.    The Court Should Order the Government to Disclose All Documents and
                    Communications Relating To Government's Rule 6(e) Violation, to**
23                  **Include Those Claimed to be Privileged Under the Government**
                    **Commission of a Crime-Fraud**
24

25          Defendants have presented compelling evidence the government has engaged in an

26   outrageous violation of Rule 6(e). Defendants request the Court compel the government to

27   disclose all communications and documents regarding the Rule 6(e) violation, to include

28   all documents and communications relating to the government's ex parte application (dkt.

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE WHY
GOVERNMENT'S COUNSEL SHOULD NOT BE SANCTIONED FOR RULE 6(E) VIOLATION;
REQUEST FOR ORDER TO COMPEL DISCOVERY PENDING AN EVIDENTIARY HEARING

111 and 137), including those relating to drafting and submission, and even those which the government deems privileged because of the government's crime fraud.  See, *In re Sealed Case,* 121 F.3d 729, 738 (D.C.Cir.1997) ("[W]here there is reason to believe the documents sought may shed light on government misconduct, the privilege is routinely denied, on the grounds that shielding internal government deliberations in this context does not serve the public's interest in honest, effective government." (internal quotation marks omitted)). See also, *Tri-State Hosp. Supply Corp. v. United States*, 226 F.R.D. 118 (D.D.C. 2005):

> Clearly, the information sought is related to Tri–State's allegations of misconduct, and plaintiff has shown some evidence to support these allegations and justify the application of the crime-fraud exception. However, it is impossible to know, without reviewing the documents in camera, whether the government consulted with attorneys with the intent to further any unlawful or fraudulent acts or whether its general purpose in consulting with attorneys was to commit a fraud. Accordingly, the government must submit all responsive documents, along with a reasonably detailed privilege log, to chambers for an in camera review.  See *United States v. Zolin*, 491 U.S. 554, 570–72, 109 S.Ct. 2619, 105 L.Ed.2d 469 (1989) ("Before engaging in in camera review to determine the applicability of the crime-fraud exception, 'the judge should require a showing of a factual basis adequate to support a good faith belief by a reasonable person,' that in camera review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies.") (internal citation omitted); Edna Selan Epstein, *The Attorney–Client Privilege and the Work–Product Doctrine* 444 (4th ed. 2001).

> *Id.* at 134.

Here, Defendants have provided the Honorable Court convincing evidence of shocking government misconduct, far exceeding their "minimal burden" to establish disclosure by the government of even claimed privileged communications and records, under the crime-fraud doctrine. See *In re Grand Jury Subpoena 92-1(SJ)*, 31 F.3d 826 (9th Cir. 1994):

> the burden on the requesting party is "relatively minimal." *Id*. We require only "[a] showing sufficient to establish a reasonable belief that in camera review may lead to evidence that the exception applies"; we do not require a prima facie showing that the exception does apply. *Id*. at 1073 (emphasis added). This lenient threshold "strikes a balance between the intrusion imposed on the privilege by the review process and the likelihood that in

camera review may reveal evidence to show that the crime-fraud exception applies." *Id*. at 1072. To require a detailed consideration of all available evidence at the threshold step of the *Zolin* analysis would severely disrupt this balance.

*Id.* at 830.

If the government claims it has done nothing wrong, the government should have no objection to full discovery and disclosure in this matter because "lawyers representing the government ... serve truth and justice first." *United States v. Kojayan*, 8 F.3d 1315, 1323 (9th Cir.1993).

## III.  CONCLUSION

Accordingly, the Court should issue an order to show cause why government's counsel, including but not limited to Attorney for the United States[8] TRACY L. WILKISON, Assistant United States Attorneys LAWRENCE MIDDLETON, KRISTEN A. WILLIAMS, CATHY J. OSTILLER, ALEXANDER C.K. WYMAN, and any other government's counsel and/or others/agents involved in the preparation and filing of the *ex parte* application (Dkt. 111) should not be sanctioned for violation of Rule 6(e), which prohibits attorneys for the government from disclosing confidential grand jury information.

It is further requested that the Court order the government to produce full discovery as to the violation of Rule 6(e). This discovery would include all of the government's communications and documents relating to the ex parte application (Dkts. 111 and 139), in addition to any production of any claimed privileged documents for in camera review of the Court under the crime fraud exception, pending an evidentiary hearing so that Defendants can propose an appropriate remedy for this serious violation.

---

[8] Acting under authority conferred by 28 U.S.C. § 515.

1  Dated:  April 13, 2018              Law Offices of Kamille Dean, PLC

2                                      Law Offices of Roger Jon Diamond

3

4                                      By: /s/ Kamille Dean

5                                          Kamille Dean
                                           Roger Jon Diamond

6                                      *Attorneys for Defendant*
                                       JULIAN OMIDI

7  Dated:  April 13, 2018              Law Office of George J. Paukert

8

9

10                                     By: /s/ George J. Paukert

                                           George J. Paukert
11                                     *Attorneys for Defendants*
                                       INDEPENDENT MEDICAL SERVICES INC., a
12                                     professional corporation, and SURGERY CENTER
                                       MANAGEMENT. LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE WHY
GOVERNMENT'S COUNSEL SHOULD NOT BE SANCTIONED FOR RULE 6(E) VIOLATION;
REQUEST FOR ORDER TO COMPEL DISCOVERY PENDING AN EVIDENTIARY HEARING

## DECLARATION OF ATTORNEY KAMILLE DEAN

I, KAMILLE DEAN, declare as follows:

1.      I am the attorney for Julian Omidi in this matter. I make this declaration in support of DEFENDANT JULIAN OMIDI'S NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE WHY GOVERNMENT'S COUNSEL SHOULD NOT BE SANCTIONED FOR RULE 6(E) VIOLATION.

2.      This declaration is based on personal knowledge and I would be able to testify to the facts stated herein.

3.      Attached hereto as Exhibit 1 is a true and correct copy of the relevant portions of the Government's Answering Brief in *United States v. Julian Omidi*, No. 16-50252, ECF No. 45 (9th Cir. August 14, 2017).

4.      Attached hereto as Exhibit 2 is a true and correct copy of the Ninth Circuit Memorandum of Disposition in *United States v. Julian Omidi*, No. 16-50252, 2018 U.S. App. LEXIS 7407 (9th Cir. Mar. 23, 2018).

5.      On April 3, 2018, Attorney for the United States,[9] TRACY L. WILKISON, Assistant United States Attorneys LAWRENCE MIDDLETON, KRISTEN A. WILLIAMS, CATHY J. OSTILLER, ALEXANDER C.K. WYMAN, and any other government's counsel and/or employees involved in the preparation and filing of "GOVERNMENT'S EX PARTE APPLICATION FOR ORDER DIRECTING DISCLOSURE OF TAX RETURNS AND RETURN INFORMATION AND FOR PROTECTIVE ORDER" (Dkt. 111), which states in relevant part:

> During the course of the investigation leading to the First Superseding Indictment*, the government investigated defendants OMIDI, IMS, SCM, and ZARRABI, as well as other individuals and entities associated with the network of entities controlled by defendant OMIDI* known as "GET THIN," *for potential tax and money laundering violations*. (See, Declaration of Alexander C.K. Wyman ("Wyman Decl.") ¶ 2.)

---

[9] Acting under authority conferred by 28 U.S.C. § 515.

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE WHY GOVERNMENT'S COUNSEL SHOULD NOT BE SANCTIONED FOR RULE 6(E) VIOLATION; REQUEST FOR ORDER TO COMPEL DISCOVERY PENDING AN EVIDENTIARY HEARING

1
2
3
4
5
6
7

***In connection with the tax and money laundering investigations***, government counsel obtained copies of certain GET THIN individuals and entities' tax returns and return information. (*Id*.) ***Government counsel received these tax returns and return information*** from Special Agents with the Internal Revenue Service – Criminal Investigations ("IRS-CI") pursuant to 26 U.S.C. § 6103(h)(2), which authorizes the Internal Revenue Service's disclosure of tax returns and return information to an employee of the Department of Justice in a matter involving tax administration for the Department of Justice employee's use in ***a federal grand jury proceeding***. (Wyman Decl. ¶ 2.)

8

(Dkt. 111, at pp. 1-2 (emphasis added).)

9
10
11
12

6.    Attached hereto as Exhibit 3 is a true and correct copy of "GOVERNMENT'S EX PARTE APPLICATION FOR ORDER DIRECTING DISCLOSURE OF TAX RETURNS AND RETURN INFORMATION AND FOR PROTECTIVE ORDER" (Dkt. 111).

13
14
15
16

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

17

DATED: April 13, 2018                    /s/ Kamille Dean_____

18

Kamille Dean

19
20
21
22
23
24
25
26
27
28

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE WHY GOVERNMENT'S COUNSEL SHOULD NOT BE SANCTIONED FOR RULE 6(E) VIOLATION; REQUEST FOR ORDER TO COMPEL DISCOVERY PENDING AN EVIDENTIARY HEARING

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 13, 2018, I electronically filed the following document(s) with the Clerk of the Court for the United States District Court for the Central District of California, by using the district court's CM/ECF system:

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE WHY GOVERNMENT'S COUNSEL SHOULD NOT BE SANCTIONED FOR RULE (E) VIOLATION; REQUEST FOR ORDER TO COMPEL DISCOVERY PENDING AN EVIDENTIARY HEARING; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; AND DECLARATION OF KAMILLE R. DEAN IN SUPPORT THEREOF**

I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the district court's CM/ECF system.


s/ Kamille R. Dean
———————————————————————
Kamille R. Dean, Esq.