TRACY L. WILKISON
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
KRISTEN A. WILLIAMS (Cal. Bar No. 263594)
Assistant United States Attorney
Deputy Chief, Major Frauds Section
CATHY J. OSTILLER (Cal. Bar No. 174582)
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorneys
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0526/6159/2435
     Facsimile: (213) 894-6269
     E-mail:    Kristen.Williams@usdoj.gov
                Cathy.Ostiller@usdoj.gov
                Alex.Wyman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>JULIAN OMIDI,<br>  aka "Combiz Omidi,"<br>  aka "Combiz Julian Omidi,"<br>  aka "Kambiz Omidi,"<br>  aka "Kambiz Beniamia Omidi,"<br>  aka "Ben Omidi,"<br>INDEPENDENT MEDICAL SERVICES,<br>INC., a professional<br>corporation,<br>SURGERY CENTER MANAGEMENT, LLC,<br>and<br>MIRALI ZARRABI, M.D.,<br>  aka "Mirali Akba Ghandchi<br>      Zarrabi,"<br>  aka "M.A. Ghandchi Zarrabi,"<br><br>      Defendants. | No. CR 17-661(A)-DMG<br><br>GOVERNMENT'S MOTION TO: (1) UNSEAL REDACTED ORDER RE INQUIRY INTO CONFLICTS OF INTEREST ARISING FROM THE LEGAL REPRESENTATION OF DEFENDANTS OMIDI, INDEPENDENT MEDICAL SERVICES, INC., AND SURGERY CENTER MANAGEMENT, LLC (DKT. 384); AND (2) RELEASE A COMPLETE VIEW OF THE DOCKET TO THE GOVERNMENT; DECLARATION OF KRISTEN A. WILLIAMS; EXHIBIT A<br><br>Hearing Date: December 12, 2018<br>Hearing Time: 2:30 PM<br>Location:     Courtroom of the<br>                Hon. Dolly M. Gee |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Kristen A. Williams, Cathy J. Ostiller, and Alexander C.K. Wyman, hereby files a motion to unseal the redacted version of the Court's Order re Inquiry into Conflicts of Interest Arising from the Legal Representation of Defendants Omidi, Independent Medical Services, Inc., and Surgery Center Management, LLC (Dkt. 384) and to obtain a complete listing of the docket entries, redacted as appropriate, for this case.

The government communicated its intent to file this motion to all defense counsel in this matter. George Paukert indicated that defendant Surgery Center Management, LLC opposes the motion. As of this filing, no other defendant has indicated any opposition.

This motion is based upon the attached memorandum of points and authorities, the declaration of Kristen A. Williams and attached exhibit, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: November 14, 2018          Respectfully submitted,

                                  TRACY L. WILKISON
                                  Attorney for the United States
                                  Acting Under Authority Conferred by
                                  28 U.S.C. § 515

                                  LAWRENCE S. MIDDLETON
                                  Assistant United States Attorney
                                  Chief, Criminal Division


                                         /s/
                                  _____
                                  KRISTEN A. WILLIAMS
                                  CATHY J. OSTILLER
                                  ALEXANDER C.K. WYMAN
                                  Assistant United States Attorneys

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On October 1, 2018, the Court issued a heavily redacted order concluding its inquiry into conflicts of interest arising from the representation of defendants Julian Omidi, Independent Medical Services, Inc. ("IMS"), and Surgery Center Management, LLC ("SCM") in this case. (Dkt. 384 (the "Redacted Order").) The Court filed the Redacted Order under seal. In notifying the Ninth Circuit of the Redacted Order's findings in the ongoing interlocutory cross-appeals concerning the payment of independent appointed corporate counsel[1] -- where the attorneys the Court disqualified remain listed as counsel of record and continue to file documents -- the government was unable to articulate under the Circuit's sealing rules why the Redacted Order had been filed under seal in the district court, in light of the order's contents and publicly available information regarding the existence of the conflicts inquiry and the resulting disqualifications.[2] The government thus filed a notice of intent in the cross-appeals to file the Redacted Order publicly, in accordance with Interim Circuit Rule 27-13.[3] Here, in light of the "strong

---

[1] (CA 18-50253, 18-50284.)

[2] Interim Circuit Rule 27-13(a) sets forth the Ninth Circuit's "strong presumption in favor of public access to documents . . . (whether or not . . . sealed in the district court)," and provides that, unless a case or document falls within certain categories not applicable here, the Circuit will only permit the document to be sealed if justified by a motion setting forth specific reasons for relief and potential irreparable injury in the absence of sealing. See Interim Cir. Rule 27-13(a), (d), (e).

[3] (CA 18-50253, Dkt. 19; CA 18-50284, Dkt. 18.) On November 7, 2018, defendants Omidi, IMS, and SCM publicly filed identical objections to the government's notice. (CA 18-50253, Dkts. 23-24; CA 18-50284, Dkts. 22-23.) Kamille Dean filed the objections on behalf of defendant Omidi (CA 18-50253, Dkt. 23; CA 18-50284, Dkt. 22), and

presumption in favor of access to court records," and the lack of a compelling reason to seal the already heavily redacted Redacted Order, the government moves to unseal the Redacted Order. Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003).

Additionally, in light of the fact that the government was unable to view even the docket entry for the Redacted Order prior to requesting that entry from the Court and remains unable to view numerous other entries on the docket, the government also respectfully requests that the Court provide it with a complete listing of the docket entries thus far (redacted as appropriate), and provide docket entries (again, redacted as appropriate) for any filings going forward so that the government can take positions as appropriate on any filings (including any applications to file in camera or under seal) and ensure a full record in any appeal.

**II. THE COURT SHOULD UNSEAL THE COURT'S OCTOBER 1, 2018 DISQUALIFICATION ORDER**

Courts in this Circuit must "start with a strong presumption in favor of access to court records." Foltz, 331 F.3d at 1135. Judicial records should only be sealed when there are "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). The Ninth Circuit has explained that "compelling reasons" that justify sealing court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private

---

George Paukert filed the objections on behalf of both IMS and SCM (CA 18-50253, Dkt. 24; CA 18-50284, Dkt. 23).

spite, promote public scandal, circulate libelous statements, or release trade secrets." Id. at 1179 (quoting Nixon v. Warner Commc'ns, 435 U.S. 589, 598 (1978)).

No such reasons exist here. The Redacted Order primarily consists of discussions of publicly available information concerning the proceedings and defendants' counsel and analyzes federal case law pertaining to conflicts of interest in criminal proceedings. While many of the filings and hearings related to the conflicts inquiry were under seal and/or in camera, others (including many filed by the defendants) were not and make plain that an inquiry into potential conflicts was under way.[4] The fact of the defense attorneys' disqualification itself is already a matter of public record. (See, e.g., Dkts. 375, 388.) Moreover, so far as the government can determine, the substance of the under seal and in camera filings and hearings, including any attorney-client privileged information disclosed as a part of those proceedings, does not appear to be included in the Redacted Order. The Redacted Order also contains no sensitive personal or financial information or the like that might typically justify sealing. Accordingly, absent justification for the Redacted Order's sealing, the presumption for public access to court records should prevail and the Redacted Order should be unsealed.

### III. THE COURT SHOULD RELEASE A COMPLETE VIEW OF THE DOCKET SHEET TO THE GOVERNMENT AND INCLUDE PUBLIC DOCKET ENTRIES FOR FUTURE FILINGS, REDACTED AS APPROPRIATE

In the course of providing the Ninth Circuit notice of the Redacted Order, the government was not able to determine whether the Redacted Order had been filed on the docket and had to request the

---

[4] (See, e.g., Dkts. 153-54, 184, 240-44, 278.)

3

docket entry text and number from the Court.  (Declaration of Kristen A. Williams ("Williams Decl.") ¶ 2.)  As is evident from Exhibit A, which is the docket sheet as the government is able to view it on the CM/ECF electronic filing system, there are dozens of docket entries -- more than 50 just between May 2018 and the present -- that the government is similarly unable to view.  (Williams Decl. ¶ 3 & Ex. A.)  For example, between Docket Entry 305 on June 26, 2018, and Docket Entry 318 on July 6, 2018, the government can only view Docket Entries 311, 312, and 314, which suggests that there were eight <u>in camera</u> filings (Dkts. 306, 307, 308, 309, 313, 315, 316, and 317) over the course of those two weeks.  Similarly, between Docket Entry 345 on August 2, 2018, and Docket Entry 360 on August 8, 2018, there appear to be 13 additional missing entries (Dkts. 346, 347, 348, 349, 350, 351, 352, 354, 355, 356, 357, 358, and 359).  When the government requested a complete listing of the docket entries, it was advised it should do so via motion.  (Williams Decl. ¶ 2.)

    While the docket contains some notices of manual filing, without access to the complete docket sheet, the government is not able to ascertain whether all of the docket entries it cannot see correspond to such notices.  Often the government does not realize that it has missed docket entries until a public filing reveals a gap in docket numbers.  The government has separately raised concerns regarding the volume and nature of <u>in camera</u> filings in this case and requested access to all of the non-privileged portions of any <u>in camera</u> filings.  (<u>See, e.g.</u>, Dkt. 332).  Here, the government merely asks for a complete view of the docket entries in the case thus far so that it can understand, in a general sense, the record in this case (the likely record in any future appeal) and confirm the existence of

4

in camera filings, at least, so that it can determine whether it would be appropriate at any point to seek additional information regarding the justification for their being filed in camera.[5]

Such a view of the docket need not reveal the contents of those documents or any privileged or sensitive information; sealed documents are typically described in sanitized terms on the publicly available docket, for example. To the extent that any docket entries thus far reveal privileged information -- that is, information that even the government should be precluded from viewing[6] -- the government requests a redacted version of the entry.

Going forward, the government also requests that docket entries (redacted, if appropriate) be available to the parties to ensure that all parties are aware of the state of the record and have an opportunity to timely respond as appropriate.

## IV. CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court (1) unseal the Court's redacted October 1, 2018 order and file it on the public docket, and (2) provide the government with a complete view of the docket sheet in these proceedings and, going forward, provide docket entries for all filings, redacted as appropriate.

---

[5] Defendants have already made arguments -- factually and legally flawed, in the government's view -- that the government allegedly waived its right to access these documents by failing to object when they were filed in camera. (See, e.g., Dkt. 337 at 4 ("Not once did the government object to the in camera process and in camera submissions. As such, the government has waived any objection to the in camera process and filings.").)

[6] As discussed in the government's request for access to non-privileged materials, only documents that are privileged -- that is, not simply confidential -- should be filed in camera rather than simply under seal. (See Dkt. 332 at 4-8.)

**DECLARATION OF KRISTEN A. WILLIAMS**

I, Kristen A. Williams, declare as follows:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I am one of the attorneys representing the government in this case. I submit this declaration in support of the government's Motion to Unseal, filed in <u>United States v. Julian Omidi, et al.</u>, CR 17-661(A)-DMG.

2. On November 9, 2018, I emailed the Court's Courtroom Deputy advising that the government was unable to determine whether the October 1, 2018 order had been docketed and requesting information about the status of that docketing. The same day, the Courtroom Deputy responded, providing a CM/ECF screenshot for Docket Entry 384, which entry the government is unable to see on the CM/ECF docket. In a separate email, the Courtroom Deputy advised that, "[g]iven that there could be in camera filings that the parties are not supposed to be aware of," the government would need to move for a release of the complete listing of the docket.

3. Attached as Exhibit A is a true and correct copy of the docket in this case as the government is able to see it as of November 9, 2018.

4. On November 9, 2018, I emailed counsel (Angel Navarro for defendant Julian Omidi; Stanley Greenberg for defendant Independent Medical Services, Inc.; George Paukert for defendant Surgery Center Management, LLC; and Thomas O'Brien and Ivy Wang for defendant Mirali Zarrabi), notifying them of the government's intent to file a motion to unseal the redacted version of the October 1, 2018 order. As of the preparation of this filing, only Mr. Paukert, counsel for SCM,

6

1  indicated that he opposed the filing.  When I inquired as to the
2  basis for his opposition, Mr. Paukert responded, "As to your Motion,
3  for one thing, the action has been stayed for 90 days."
4      5.   On November 14, 2018, I emailed counsel and advised that
5  our motion would also include a request for a complete version of the
6  docket and public docket entries going forward (redacted, if
7  appropriate).  As of the preparation of this filing, no counsel has
8  indicated any opposition to this request.
9      I declare under penalty of perjury under the laws of the United
10 States of America that the foregoing is true and correct and that
11 this declaration is executed at Los Angeles, California, on November
12 14, 2018.

                                          /s/ *Kristen A. Williams*
                                          KRISTEN A. WILLIAMS