Angel Navarro (SBN) 155702
LAW OFFICE OF ANGEL NAVARRO
1 S. Fair Oaks Avenue, Suite 401
Pasadena, CA 91105
e-mail: angel_navarro@me.com
Attorney for Defendant
Julian Omidi

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | Case No. CR 17-00661(A)-DMG-1 |
| Plaintiff, | |
| vs. | DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO UNSEAL (DOCKET ENTRY 390) |
| Julian Omidi, | |
| Defendant. | |

Defense counsel, Angel Navarro, hereby submits the enclosed opposition to the government's motion to unseal (docket entry 390).  The enclosed opposition is being submitted on defendant's behalf and was prepared by defendant Julian Omidi.

Respectfully submitted,

January 24, 2019                    /S/ Angel Navarro
DATE                                ANGEL NAVARRO
                                    Attorney for Defendant
                                    Julian Omidi

Julian Omidi
P.O. Box 69242
West Hollywood, CA 90069
Telephone: 310-927-3282
Email: jomidicontact@gmail.com

Defendant
In Pro Se

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 17-00661(A)-DMG |
| Plaintiff, | [*Hon. Dolly M. Gee, District Court Judge*] |
| *vs.* | **DEFENDANT JULIAN OMIDI'S OPPOSITION TO MOTION TO UNSEAL (DKT 390)** |
| JULIAN OMIDI, INDEPENDENT MEDICAL SERVICES, INC., SURGERY CENTER MANAGEMENT, LLC, and MIRALI ZARRABI, M.D., | Date: Feb. 20, 2019 |
| Defendants. | Time: 2:30 p.m. |
| | Dept.: Courtroom 8C |
| | Location: 350 West 1st Street, 8th Floor Los Angeles, CA 90012 |

# TABLE OF CONTENTS

Page(s)

I.   INTRODUCTION ...................................................................................1

II.  PROCEDURAL BACKGROUND .........................................................2

   1.   History of Indictment ................................................................2

   2.   The government requested its motions to be filed under seal ...............2

   3.   The Court ordered disqualification and the resulting order was under seal and partially *in camera*. ........................................2

   4.   The government waived objection to or appeal of the Court's September 19, 2018 Order of disqualification, filed under seal and partially redacted *in camera* ............................................3

   5.   The government filed a November 14, 2018 Motion to Unseal ..........4

      a.   The government's Motion to Unseal violated the Court's September 19, 2018 Stay Order ...................................4

      b.   The government's Motion to Unseal failed to disclose that its own filings regarding the disqualification Inquiry were filed under seal ...................................................4

      c.   The government's Motion to Unseal lacks foundation .............5

   6.   The government filed its Motion to Unseal knowing Mr. Omidi has limited counsel during the Stay of this proceeding. ......5

   7.   To avoid a default, Mr. Omidi filed an Opposition *pro se* to the government's Motion to Unseal ............................................5

III. ARGUMENT ........................................................................................6

   A.  The Government's Request Violates the Court's Stay Order .........6

   B.  The Government Knew Mr. Omidi Does Not Have Counsel .........7

      1.   The Court stated appointed counsel's role was limited to conflicts ........................................................................8

      2.   Each of the Appointed Counsel believed their appointment was limited ......................................................................9

      3.   The government filed its Motion in the face of knowing Mr. Omidi was unrepresented as to the issue ...........................11

   C.  The Government's Motions on the Inquiry were Filed Under Seal ............12

**TABLE OF CONTENTS: (continued)**                                          **Page(s)**

D.    The Court Previously Allowed Filing of All Documents Regarding the
      Conflicts Inquiry Under Seal and *In Camera* ..................................12

E.    The Government Failed to Object to or Appeal the District Court's
      Sealing Order ...............................................................................13

IV. CONCLUSION .........................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Beaudett v. City of Hampton*,
775 F.2d 1274 (4th Cir. 1985) ...................................................................9

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
966 F.2d 470 (9th Cir. 1992) ...................................................................13

*Cypress Semiconductor Corp. v. Maxim Integrated Prod., Inc.*,
236 Cal. App. 4th 243 (2015) ...................................................................13

*Enelow v. New York Life Insurance Co.*,
293 U.S. 379 (1935) .....................................................................................6

*Fidelity Mortg. Investors v. Camelia Builders, Inc.*,
550 F.2d 47 (2nd Cir.1977) .........................................................................7

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
331 F.3d 1122 (9th Cir. 2003) ...................................................................13

*Griesa v. Mutual Life Ins. Co.*,
165 F. 48 (8th Cir. 1908) .............................................................................7

*Huang v. Bd. of Governors of Univ. of N.C.*,
902 F.2d 1134 (4th Cir. 1990) .....................................................................9

*In re City of Philadelphia Litig.*,
1987 WL 5281 (E.D. Pa. Jan. 9, 1987) ......................................................8

*Landis v. North American Co*,
299 U.S. 248 (1936) .....................................................................................7

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1 (983) ...........................................................................................6

*Nash v. Adams*,
2018 WL 1316902 (E.D. Cal. Mar. 14, 2018) ............................................8

*Nken v. Holder*,
556 U.S. 418 (2009) .....................................................................................6

*Puckett v. United States*,
556 U.S. 129 (2009) ...................................................................................14

*See McKaskle v. Wiggins*,
465 U.S. 168 (1984) .....................................................................................8

**TABLE OF AUTHORITIES: (continued)**                                    **Page(s)**

*Shanferoke Coal & Supply Co. v. Westchester Service Corp.*,
   293 U.S. 449 (1935) ..........................................................................6

*SmithKline Beecham Corp. v. Apotex Corp.*,
   247 F. Supp.2d 1011 (N.D. 111. 2003) ...........................................7

*TFFI Corp. v. Williams*,
   2013 WL 6062385 (D. Md. Nov. 15, 2013) ......................................8

*United States v. Coupez*,
   603 F.2d 1347 (9th Cir. 1979) .........................................................8

*United States v. Cuong Mach Binh Tieu*,
   553 F. App'x 694 (9th Cir. 2014) .....................................................8

*United States v. Gellis*,
   Nos. 89-5025, 89-5084, 1990 WL 139341 (4th Cir. Sep. 25, 1990) ...........9

*United States v. Martin-Trigona*,
   684 F.2d 485 (7th Cir. 1982) ...........................................................8

*United States v. Mosely*,
   810 F.2d 93 (6th Cir. 1987) .............................................................9

*United States v. Mullen*,
   32 F.3d 891 (4th Cir.1994) ..............................................................9

*United States v. Tavares-Hernandez*,
   639 F. App'x 491 (9th Cir. 2016) ...................................................14

**Other Authorities**

1 C. Goelz, M. Watts & P Batalden, Federal Ninth Circuit Civil Appellate
   Practice  (2016)..............................................................................6

## I.      INTRODUCTION

Defendant, Mr. Julian Omidi, submits this Memorandum in Opposition to the Government's Motion to Unseal Documents (Dkt. 390).  Mr. Omidi's Opposition is based on the following:

(1)  The government's Motion to Unseal violates the Court's September 19, 2018, Order staying proceedings in this case, and the government may not violate the Stay Order which brings to a halt all proceedings in the District Court until further Order of the Court;

(2)  The government initiated the proceedings which lead to the Court's September 19, 2018, Order containing sensitive and confidential information, and the government should not be permitted to initiate proceedings which are sealed to only then request the resulting Order containing confidential, attorney-client, and grand jury information to be unsealed;

(3)  The government's request to unseal proceedings is overbroad and violates the Courts assurances to the Defendants that materials and information submitted they submitted and which the Court ordered to be submitted for the proceedings would remain under seal and in camera.

(4)  The government failed to object to or appeal the Court's September 19, 2018 Sealing Order, thus waiving its current request.

This Opposition will not address the merits of the government's Motion because this matter is stayed.  However, the Court previously sealed the September 19, 2018, Order and the status quo of this matter should be upheld with the Order remaining sealed.  The government's original Request for Inquiry, Government's Supplemental to the Government's Request for Inquiry, and Government's Consolidated Opposition and Responses with Proposed Roadmap for Inquiry were all filed by the government under seal.  The responses to the government's Request for Inquiry were also filed under seal and partially *in camera*.  All of the seal documents contain attorney-client privileged information and were filed only because of the Court's guarantee the information would remain sealed.  The government's request to retract its sealing has no factual basis.

## II.   PROCEDURAL BACKGROUND

### 1.   History of Indictment

On October 18, 2017, the government filed a sealed Indictment against Julian Omidi, Surgery Center Management, LLC. ("SCM), and Independent Medical Services, Inc. ("IMS"), charging them with Mail Fraud, Wire Fraud, Aggravated Identity Theft, Health Care Fraud; Money Laundering, and Conspiracy.  (Dkt. 1).  On January 24, 2018, the government filed a Superseding Indictment under seal which added Dr. Mirali Zarrabi as a co-defendant.  (Dkt 12).  The Superseding Indictment was unsealed on February 28, 2018, when Mr. Omidi was arraigned and represented by Attorney Kamille Dean.  On March 20, 2018, SCM and IMS were arraigned and after April 1, 2018, Attorney Roger Diamond appeared as co-counsel to Attorney Kamille Dean for Defendant Julian Omidi and IMS and SCM were represented by Attorney George Paukert.

### 2.   The government requested its motions to be filed under seal

On March 31, 2018, the government filed a Request for Conflicts of Interest Inquiry **under seal**.  On May 9, 2018, the government filed a Supplement to the Government's Request for Inquiry **under seal**.  On June 6, 2018, the government also filed a Consolidated Opposition and Response to the Defendants' filings and a Proposed Roadmap for Inquiry **under seal**.  It was the government who sought to seal the proceeding in this matter because of sensitive and confidential material involved in its motion.  For the government to now complain that the resulting Orders were sealed flies in the face that its original motion was sealed.

### 3.   The Court ordered disqualification and the resulting order was under seal and partially *in camera*.

It was the government's requested inquiry which led to the Court holding a hearing on June 13, 2018, where the Court appointed Attorneys Stanley Greenberg to represent IMS, Dominic Cantalupo to represent SCM, and Angel Navarro to represent Mr. Omidi "*solely for the limited purpose* of providing independent advice as to these defendants' counsel's potential conflicts of interest and the effectiveness of any written waivers."

(Order 6-13-18, p. 2, 4 (Dkt. 278) (emphasis added). The Court thereafter held an evidentiary hearing which was *in camera* on July 18, 2018.

On September 19, 2018, the Court entered an Order disqualifying Mr. Diamond and Ms. Dean as Mr. Omidi's counsel of record. Dkt. 376. The Court found that the Conflicts Waivers were insufficient because of the failure of Independent Medical Services to be properly represented with authorized counsel in the proceeding and the absence of the owners of the corporations participating in a knowing waiver of the conflicts.  The Court Ordered:

> "In light of the foregoing, the Court **DISQUALIFIES** attorneys Kamille Dean and Roger Diamond from their representation of Defendant Julian Omidi in this criminal action, and George Paukert from his representation of Defendant Independent Medical Services, Inc. This matter shall be **STAYED** for 90 days or until Omidi and IMS obtain new counsel, whichever comes first. The stay shall be lifted once new counsel for both defendants have entered their notices of appearance. Independent counsel Navarro and Greenberg shall remain Omidi and IMS's respective attorneys of record pending the retention of new counsel. Independent counsel Cantalupo is now relieved of his duties with regard to SCM."

(Dkt. 376, 9-19-18 Disqualification Order, p. 24 ¶ 3).

Since September 19, 2018, Mr. Navarro has remained Mr. Omidi's counsel of record, which his scope of representation limited to the conflicts waiver issue.

### 4. The government waived objection to or appeal of the Court's September 19, 2018 Order of disqualification, filed under seal and partially redacted *in camera*

On September 19, 2018, the Court filed a public Sealing Order (Dkt. 375) regarding the Disqualification Order (Dkt. 376), stating:

> Filed concurrently herewith, under seal and *in camera*, is the Court's Order re Inquiry Into Conflicts of Interest Arising from the Legal Representation of Defendants Omidi, Independent Medical Services, Inc., and Surgery Center Management, Inc. ("Conflicts Order").
> The Court conducted this conflicts inquiry wholly under seal and in large part *in camera*. The Court proposes filing the Conflicts Order under seal with certain portions redacted for *in camera* access only. Those proposed redactions are highlighted in blue. Within seven days, the Court will file this

> redacted version of the Conflicts Order under seal unless Defendants
> demonstrate that the proposed redactions are insufficient or can be
> unredacted in whole or in part.

(Dkt. 375, 9-19-18 Sealing Order).

Though the government was fully aware of the September 19, 2018 Sealing Order (Dkt. 375), it filed no objection to it, nor did the government ever file an appeal of that Order.

### 5. The government filed a November 14, 2018 Motion to Unseal

Despite objecting to or appealing the September 19, 2018 Sealing Order (Dkt. 375), on November 14, 2018, the government filed a belated Motion to Unseal Redacted Order re: inquiry Into Conflicts of Interest Arising from the Legal Representation of Defendants Omidi, Independent Medical Services, Inc., and Surgery Center Management, LLC (Dkt. 384), and (2) Release a Complete view of the docket to the government ("Motion to Unseal").  The government claimed that it was entitled to attorney-client privileged information which Mr. Omidi, SCM, and IMS had filed *in camera* and under seal in connection with the government's Motion for Inquiry, and that it wanted to use that information concerning its appeal which challenged the Court's Order that the government pay for Messrs. Greenberg and Cantalupo.  (Motion to Unseal, p. 1, line 8, to p. 2, line 4).

#### a. The government's Motion to Unseal violated the Court's September 19, 2018 Stay Order

*First*, the government's Motion to Unseal did not address the Court's September 19, 2018 Stay Order (Dkt. 376 at 24), and, thus, was an express violation of the Stay.

#### b. The government's Motion to Unseal failed to disclose that its own filings regarding the disqualification Inquiry were filed under seal

*Second*, the government failed to inform the Court in its Motion to Unseal, that the government filed the initial Request for Inquiry under seal on March 31, 2018, Motion for Inquiry, and that it initiated the Inquiry using grand jury and confidential information that cannot be disclosed to the public.  The government also filed it subsequent Supplemental Request on May 9, 2018 under seal.  Thereafter, seven (7) days prior to the set hearing on

June 13, 2018, the government filed a Consolidated Opposition and Response to Defendants' filings and "Proposed Roadmap for Inquiry" under seal.

### c. The government's Motion to Unseal lacks foundation

*Third*, nothing in the sealed or *in camera* documents and testimony affects the Court's Order regarding payment, and the government's request lacks foundation.

### 6. The government filed its Motion to Unseal knowing Mr. Omidi has limited counsel during the Stay of this proceeding.

The government filed its November 14, 2018 Motion to Unseal, during the Court's Stay, knowing Mr. Omidi was represented only by Limited Counsel Mr. Navarro, who has only been appointed to advise Mr. Omidi as to the conflicts during the Stay in this matter. Mr. Navarro did not file a response to the government's Motion to Unseal stating that it was outside the scope of his appointment by the Court. It is a violation of the Court's September 19, 2018, Stay Order (Dkt. 375) for the government to make a Motion to Unseal not only during the Stay, but also while Mr. Omidi has no counsel. Further, knowing this, the government never served its Motion to Unseal on Mr. Omidi.

### 7. To avoid a default, Mr. Omidi filed an Opposition *pro se* to the government's Motion to Unseal

To avoid default, on December 5, 2018, Mr. Omidi filed an Opposition pro se (through attorney Okorie Ochoa) to the government's Motion to Unseal, at the order of the Court for a response. Dkts. 393-395. However, on December 11, 2018, the Court filed an Order stating: "Mr. Omidi may not file any documents except through his counsel. Mr. Omidi is required to either compensate Mr. Navarro for his services or file an affidavit of indigency". Dkt. 396.  On December 17, 2018 Attorney Navarro filed a response asking the Court to consider Mr. Omidi's Opposition.  Dkt. 398.  On December 19, 2018, the Court struck Mr. Omidi's Opposition, holding that Mr. Omidi could not file the Opposition on his own, and set a hearing on the government's Motion to Unseal to January 16, 2019. Dkt. 400.

Nevertheless, at the January 16, 2019 Hearing, the Court permitted Mr. Navarro to file an Opposition to the government's Motion to Unseal on behalf of Mr. Omidi by

January 24, 2018.  Mr. Omidi therefore submits this Opposition to the government's Motion through his limited counsel, Mr. Navarro and respectfully requests this Court deny the Government's Motion.

## III.   ARGUMENT

### A.    THE GOVERNMENT'S REQUEST VIOLATES THE COURT'S STAY ORDER

The government requests the Court to

"unseal the redacted version of the Court's Order re Inquiry into Conflicts of Interest Arising from the Legal Representation of Defendants Omidi, Independent Medical Services, Inc., and Surgery Center Management, LLC (Dkt. 384) and to obtain a complete listing of the docket entries, redacted as appropriate, for this case.  (Motion, p. 2, lines 5-9).

However, not only do these documents contain attorney-client privileged information which Mr. Omidi, SCM, and IMS were induced to file, and would only have filed, with the guarantee they would remain *in camera* and under seal, but also there is a Stay of Proceedings in place in this case.  On September 19, 2018, the Court Ordered this proceeding "**STAYED** for 90 days or until Omidi and IMS obtain new counsel, whichever comes first." (Dkt. 376, 9-18-18 order, p. 24 ¶ 3).  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10 (1983) ("Hence, a stay of the federal suit pending resolution of the state suit meant that there would be no further litigation in the federal forum").  A stay is directed at the judicial proceeding by halting or postponing proceedings which temporarily divests further actions in the Court until further court order.  *Nken v. Holder*, 556 U.S. 418, 428-29 (2009); 1 C. Goelz, M. Watts & P Batalden, Federal Ninth Circuit Civil Appellate Practice ¶ 6:261, at 6-43 (2016) (stay of proceeding in the District Court prevents further litigation of matters before the Court).

Federal Courts have long held that the effect of a stay order is the granting of an injunction against further litigation in the stayed matter.  *Enelow v. New York Life Insurance Co.*, 293 U.S. 379, 382-83 (1935) (the order staying the action at law pending trial of the equitable issue was treated as one granting an injunction).  *See Shanferoke Coal & Supply Co. v. Westchester Service Corp.*, 293 U.S. 449 (1935); *Griesa v. Mutual Life*

*Ins. Co.*, 165 F. 48 (8th Cir. 1908). Judge Posner properly recognized there is little distinction between a stay order and an injunction for purposes of considering the "equitable principles" that govern the two. *SmithKline Beecham Corp. v. Apotex Corp.*, 247 F. Supp.2d 1011, 1050 (N.D. 111. 2003), *aff'd* 403 F.3d 1331 (Fed. Cir. 2005)

In Justice Cardozo's landmark 1936 opinion in *Landis v. North American Co*, 299 U.S. 248 (1936), the Supreme Court held that it was within the inherent power of a court to exercise its discretion to stay an action. The Court stated:

> "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55.

Regardless of the merits of the government's request, of which the merits violate all concepts of attorney-client privileged and falsely inducing Mr. Omidi, SCM, and IMS to file sealed *in camera* documents and declarations, there is a Stay in this proceeding. The government's motion was made in the face of a Stay when Mr. Omidi does not have an attorney to defend him. The government's actions are improper and a violation of the October 1, 2018, Stay Order. *Fidelity Mortg. Investors v. Camelia Builders, Inc.*, 550 F.2d 47 (2nd Cir.1977) (holding that violation of stay was punishable by contempt).

## B.   THE GOVERNMENT KNEW MR. OMIDI DOES NOT HAVE COUNSEL

The government stated that "[a]s of this filing, no other defendant has indicated any opposition." (Motion to Unseal, p. 2, line 13). However, the statement was made with a wink and a nod as if there was counsel for Mr. Omidi could or would oppose the motion during the Stay. Mr. Omidi did not have counsel, and Mr. Omidi was not served with the government's motion. While the Court permitted Mr. Omidi to file opposition through Mr. Navarro through its oral instruction on January 16, 2019, nevertheless Mr. Omidi does not have full representation of counsel. The Court's September 19, 2018, Order was explicit when it stated the matter was "STAYED." (Dkt. 376, 10-1-18 Order, p. 24 ¶ 3). The Court extended that Order on January 16, 2019, until February 20, 2019. (Dkt. 411). Neither

Mr. Omidi nor IMS has obtained new counsel.

### 1. The Court stated appointed counsel's role was limited to conflicts

Messrs. Cantalupo, Greenberg, and Navarro were appointed as counsel to represent SCM, IMS, Mr. Hidalgo, and Mr. Omidi to advise them only concerning conflicts of interest. *See e.g., Nash v. Adams*, 2018 WL 1316902, at *11 (E.D. Cal. Mar. 14, 2018) (stating that "the safest course … is to appoint independent counsel to advise" defendant to "make sure her rights are protected"). They were not appointed to represent as general counsel Mr. Omidi, SCM, or IMS, and the Court made certain their appointment was for a limited purpose. *United States v. Coupez*, 603 F.2d 1347, 1351 (9th Cir. 1979) (court has discretion to appoint counsel for limited purposes to give advice and counsel to a defendant). *See United States v. Cuong Mach Binh Tieu*, 553 F. App'x 694, 695 (9th Cir. 2014) (role of independent counsel is to advise defendant on alternative course of action and existence of conflicts of interest).

The Supreme Court has recognized that in criminal matters the Court has the discretion to permit counsel to appear for limited purposes. *See McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984) (court may limit counsel's appearance to permit attorney to act as stand-by counsel to criminal defendant). *See also United States v. Martin-Trigona*, 684 F.2d 485, 491 n.7 (7th Cir. 1982) (stating that "an attorney may make a limited appearance" to represent a criminal defendant). The Court has discretion "to appoint a 'standby' counsel to merely advise or to give the accused meaningful technical assistance in presentation of the defense and the saving of the record for appeal." *United States v. Coupez*, 603 F.2d 1347, 1351 (9th Cir. 1979); *In re City of Philadelphia Litig.*, 1987 WL 5281, at *2 (E.D. Pa. Jan. 9, 1987) (court has discretion to appoint counsel for limited purposes to give advice and counsel to a defendant).

In *TFFI Corp. v. Williams*, 2013 WL 6062385, at *3 (D. Md. Nov. 15, 2013), the Court stated:

> "In both the criminal and civil context, courts are clear that the decision
> whether to allow counsel to enter a limited appearance on behalf of a pro se

litigant is within the trial court's sound discretion.  *United States v. Gellis*, Nos. 89-5025, 89-5084, 1990 WL 139341, at *6 (4th Cir. Sep. 25, 1990) ('Just as the appointment of standby counsel is solely within the discretion of the district court, the subsequent extent of standby counsel's participation is also a matter of discretion.'); *United States v. Mosely*, 810 F.2d 93, 97-98 (6th Cir. 1987)  (citing cases) ('[W]hether to allow a defendant to participate in his own defense along with counsel in 'hybrid representation' is a matter committed to the sound discretion of the trial court.'); *Urciolo*, 449 A.2d at 290. This rule fits with the broad discretion trial courts enjoy in other matters concerning the appointment or withdrawal of counsel.  *See, e.g., United States v. Mullen*, 32 F.3d 891, 895 (4th Cir.1994) (holding that the decision whether to allow substitute counsel in a criminal case rests in the trial court's sound discretion); *Huang v. Bd. of Governors of Univ. of N.C.*, 902 F.2d 1134, 1143 (4th Cir. 1990) (citing cases) (the decision whether to grant or deny counsel's motion to withdraw in a civil case "lies within the sound discretion of the trial judge"); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 n.5 (4th Cir. 1985) (citation omitted) ('[The] appointment of counsel in pro se cases is a matter for the discretion of the district court.')."

There is no question but that the Court limited Mr. Navarro, Cantalupo, and Greenburg's role in this proceeding to solely advise Mr. Omidi and the other defendants on conflicts of interest.  They were not appointed to undertake the general representation of the defendants, and whether or not they have misunderstood their roles as limited counsel, they have acted pursuant to the Court's June 15, 2018, Order and done nothing in this matter since July 18, 2018.  Further, on information and belief, Messrs. Cantalupo and Greenburg have not contacted their clients on this matter.  Specifically, Mr. Navarro has confirmed his appointment does not extend to this matter. The government's motion during a stay of the proceedings and in the face of Mr. Omidi not having counsel is improper.

## 2.    Each of the Appointed Counsel believed their appointment was limited

The Court had appointed Messrs. Greenberg, Cantalupo, and Navarro to represent Defendants and to advise them in an attorney-client relationship:  "I am going to assign independent counsel to represent Mr. Omidi and the two corporate defendants going forward, so that they too can participate in the advice to them as to whether or not they should go forward with the inquiry itself and whether or not the waivers are valid. (6-12-18

RT p. 29).  The Court emphasized that the Appointed Counsel were limited to advising Mr. Omidi, SCM, and IMS to make the determination of whether their attorneys had conflicts of interests, valid waivers of conflicts of interest, and whether the defendants should go forward with the inquiry.  (6-13-18 RT, p. 40).  The Court stated:

> "So, the attorneys who are going to be assigned to give independent advice to the corporations can take all of these matters into consideration in determining how best to advise these corporate defendants as to the wisdom of having one attorney to represent both corporations and whether or not they should waive or have the ability to waive the conflict with the other two counsel for Mr. Omidi." (6-13-18 RT, p. 43).

The Court repeated numerous times that the limited role of the appointed counsel was to advise their clients on conflicts, and nothing else.  *See, e.g.*, "That's the task that they will be given, which is to advise the corporate defendants as to whether or not Mr. Paukert can represent both defendants simultaneously" 6-13-18 RT, p. 43); "how best to advise these corporate defendants" (*id*., p. 43); "advise on whether or not conflicts can be waived" (*id*., p. 40); "provide independent advice to the corporate defendants" (*id*., p. 48); and "to provide independent counsel just as a precaution" (*id*., p. 49).

On June 13, 2018, the Court issued an Order which stated:

> "[T]he Court hereby conditionally APPOINTS Angel Navarro as independent counsel to Defendant Omidi, Stanley Greenberg as independent counsel to Defendant Independent Medical Services, Inc. ("IMS"), and Dominic Cantalupo as independent counsel to Defendant Surgery Center Management, LLC ("SCM"), solely for the limited purpose of providing independent advice as to these defendants' counsel's potential conflicts of interest and the effectiveness of any written waivers."

(Dkt. 278, 6-13-18 Order, at 2 ¶ 4).

On June 15, 2018, the Court again repeated its order that Appointed Counsel were to advise their clients on conflicts:

> "Accordingly, IT IS ORDERED that, under the Court's inherent authority to ensure the fair and efficient administration of justice, attorney Cantalupo is appointed as independent counsel for Defendant SCM and attorney Greenberg is appointed as independent counsel for Defendant IMS, for the limited purpose of advising the corporate defendants in this action with

respect to the conflicts of interest inquiry.

(Dkt. 281, 6-15-18 Order, at 2).

Appointed Counsel believed their appointment was limited, and Mr. Navarro has not otherwise assisted Mr. Omidi in this proceeding.  The government's Motion to Unseal threatens Mr. Omidi's interests in disclosing information regarding Conflicts of Interest, and Mr. Navarro has not taken any action to protect Mr. Omidi from the disclosure of confidential information disclosed to the Court.  The government should not be allowed to take advantage of Mr. Navarro's limited role and Mr. Omidi's lack of counsel.

### 3.    The government filed its Motion in the face of knowing Mr. Omidi was unrepresented as to the issue

Mr. Navarro's appointment in this case was for the limited purpose of advising Mr. Omidi on conflicts issues, and he has no familiarity with other matters.  The government has made a Motion to Unseal in the face of Mr. Omidi not having full representation of counsel.  Mr. Navarro was appointed "solely for the limited purpose of providing independent advice as to these defendants' counsel's potential conflicts of interest and the effectiveness of any written waivers."  (Dkt. 278, 6-13-18 Order, p. 2 ¶ 4).  Mr. Navarro did not respond to the government's initial motion (on December 5, 2018) because he does not represent Mr. Omidi in this matter, does not advise Mr. Omidi concerning the proceedings in this case, and does provide legal services to, for or regarding Mr. Omidi except as to the previously adjudicated conflicts of interest issue.

The government knew Mr. Navarro is not Mr. Omidi's attorney except to advise Mr. Omidi regarding conflicts and during a stay until Mr. Omidi secures other counsel.  During a stay of proceedings, the Court should not entertain any motion or hearing.  As Limited Counsel, Mr. Navarro has not taken any actions outside of advising Mr. Omidi regarding conflicts.  Requiring Mr. Omidi and Mr. Navarro to oppose the government's motion in the face of Counsel's limited role is a denial of Mr. Omidi's Sixth Amendment right to counsel and is an unfair violation of due process.

At the January 16, 2019 Hearing, the Court permitted 8 days for Mr. Navarro to

1   respond to the government's Motion to Unseal.  However, Mr. Navarro does not have

2   access to the all the relevant documents in this case and the government has expressly

3   refused to provide Mr. Navarro a copy of the discovery produced in this case.

4   Compounded with the short period of time to respond, Mr. Navarro is at a significant

5   disadvantage, to the palpable prejudice of Mr. Omidi, in responding to the government's

6   Motion under these circumstances.

### C. THE GOVERNMENT'S MOTIONS ON THE INQUIRY WERE FILED UNDER SEAL

All the government's Motions regarding the inquiry were filed under seal
referencing grand jury, attorney-client and other privileged information. The government
has provided no legitimate rationale for unsealing given its own conduct.

### D. THE COURT PREVIOUSLY ALLOWED FILING OF ALL DOCUMENTS REGARDING THE CONFLICTS INQUIRY UNDER SEAL AND *IN CAMERA*

The start of the conflicts inquiry began with the government's filing under seal of a
Request for Inquiry on March 30, 2018.  Thereafter, the government filed a Supplemental
to its Request for Inquiry on May 9, 2018 under seal and filed additional responses and a
"Proposed Roadmap for Inquiry" under seal.  The Defendants responded under seal and
partially *in camera*.  The Court made its final order under seal and partially *in camera*. The
Court made Orders requiring the parties to produce confidential attorney-client privileged
documents under seal and *in camera* with the assurance that the documents would remain
confidential, sealed, and *in camera*.

The Court should not now entertain the government's request in the face of an order
that resulted from an *in camera* inquiry hearing and *in camera* evidentiary hearing.   The
Order itself contains confidential attorney-client communications and privileged material.
To unseal or remove the *in camera* designation goes against justice and due process.

All Defendants proceeded with the conflicts inquiry under the belief that the
motions, confidential documents, testimony regarding attorney-communications, and
hearings conducted were *in camera* and under seal.  The Government's request to now
unseal and release from *in camera* status has no justification or reason other than to harass,

annoy or embarrass Mr. Omidi's counsel.  This Opposition will not go into the legal authorities that mandate the materials remain under seal and *in camera* because the proceedings is Stayed, and the Government does not require or need this Order to be unsealed to contest this Honorable Court's order regarding payment of court appointed attorneys for SCM and IMS.

It would be fundamentally unfair, a violation of attorney-client confidences, a violation of due process of law, and a violation of the representations of confidentiality made by the Court to the defendants for the Court to unseal or release from *in camera* status documents which the Court had assured Mr. Omidi, SCM, and IMS would remain *in camera* and under seal so that they could and would make a full presentation of the issues regarding their counsel's alleged conflicts of interest.

This Court should uphold its original order sealing the Order and other motions and documents related which were filed under seal and/or *in camera*.

### E.   THE GOVERNMENT FAILED TO OBJECT TO OR APPEAL THE DISTRICT COURT'S SEALING ORDER

On September 19, 2018, the Court issued its Sealing Order as to its Order on Disqualification. *See* Dkt. 375.  The government never objected to Sealing Order and has thus waived objection and opposition now.

Further, under the law in this Circuit sealing orders (as well as decisions not to seal) are considered severed from the underlying case and are immediately appealable. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 472 (9th Cir. 1992) (a sealing "order is appealable either as a final order under 28 U.S.C. § 1291 or as a collateral order."); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1129 (9th Cir. 2003); *Cypress Semiconductor Corp. v. Maxim Integrated Prod., Inc.*, 236 Cal. App. 4th 243, 256 n. 8 (2015) ("[a]n order sealing or refusing to seal documents is appealable as an order on a collateral matter."). The government had thirty (30) days from date of this Court's Sealing Order on September 19, 2018, to file an appeal. However, it failed to do so and has, thus, waived any objections to the Court's Sealing Order.

The government's belated November 14, 2018 Motion to Unseal (Dkt. 390) is, therefore, untimely.  The government had every opportunity to file a timely objection or a notice of appeal, but it did not. As this Court itself stated at the January 16, 2019 hearing, the government request to unseal is to assist it in its Appeal with the Ninth Circuit. However, it is not the role of this Court to rescue the government from its untimely request when the government has waived its objections and the time for it to file an appeal has long expired. The government's request is an unabashed attempt to sandbag the Court and the Omidi after his counsel who are familiar with this matter were disqualified. *See, e.g.*, *United States v. Tavares-Hernandez*, 639 F. App'x 491, 492 (9th Cir. 2016) ("[T]he contemporaneous-objection rule prevents a litigant from 'sandbagging' the court— remaining silent about his objection and belatedly raising the error only if the case does not conclude in his favor.") (*quoting Puckett v. United States,* 556 U.S. 129, 134 (2009) (some internal quotation marks omitted)). Defendant Omidi has been placed in a distinct disadvantage in this Opposition because the government improperly waited until Omidi's counsel were disqualified to bring its belated motion.

## IV. CONCLUSION

For the foregoing reasons, defendant Julian Omidi requests the government's Motion to Unseal be denied.

DATED: January 24, 2019                    */s/ Julian Omidi*

                                    By: _____

                                          Defendant

CERTIFICATE OF SERVICE

I hereby certify that, on January 24, 2019, I electronically filed the following document(s) with the Clerk of the Court for the United States District Court for the Central District of California, by using the district court's CM/ECF system:

**DEFENDANT JULIAN OMIDI'S OPPOSITION TO MOTION TO UNSEAL (DKT 390)**

I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the district court's CM/ECF system.

*/s/ Angel Navarro*
_____
Angel Navarro