UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>JULIAN OMIDI,<br>  aka "Combiz Omidi,"<br>  aka "Combiz Julian Omidi,"<br>  aka "Kambiz Omidi,"<br>  aka "Kambiz Beniamia Omidi,"<br>  aka "Ben Omidi,"<br>INDEPENDENT MEDICAL SERVICES, INC., a professional corporation,<br>SURGERY CENTER MANAGEMENT, LLC, and<br>MIRALI ZARRABI, M.D.,<br>  aka "Mirali Akba Ghandchi Zarrabi,"<br>  aka "M.A. Ghandchi Zarrabi,"<br><br>       Defendants. | No. CR 17-661(A)-DMG<br><br><u>ORDER RE FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT [450]</u><br><br>**STATUS CONFERENCE DATE:**<br>    April 3, 2019 at 3:30 p.m. |

At the status conference on February 28, 2019 in the above-captioned case, the Court continued the stay in this case until April 3, 2019, scheduled a status conference for that date, and, based on a statement by the government, found good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161. (Dkt. 449.)  The Court hereby memorializes its findings as follows:

The Court finds that: (i) the ends of justice served by the continuance of the status conference outweigh the best interest of the public and defendants in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution, that it is unreasonable to expect preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; (iv) the failure to grant the continuance would unreasonably deny defendants Julian Omidi and Independent Medical Services, Inc. continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence; and (v) the time period of May 23, 2018 to the date upon which the Court resolves the pending motions (Dkt. 212, 224, 230, 232, 275, 390), inclusive, should be excluded pursuant to 18 U.S.C. § 3161(h)(1)(D), because it constitutes a delay resulting from pretrial motions, from the filing of the motions through the prompt resolution of the motions.

THEREFORE, FOR GOOD CAUSE SHOWN:

1.  The time period of February 28, 2019 through April 3, 2019, inclusive, is excluded in computing the time within which the trial

must commence, pursuant to 18 U.S.C. §§ 3161(h)(1)(D), (h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv).

2.  Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

March 5, 2019
DATE

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE