1  Angel Navarro (SBN) 155702
   LAW OFFICE OF ANGEL NAVARRO
2  1 S. Fair Oaks Avenue, Suite 401
3  Pasadena, CA 91105
   e-mail: angel_navarro@me.com
4  Attorney for Defendant
5  Julian Omidi

6              IN THE UNITED STATES DISTRICT COURT

7               CENTRAL DISTRICT OF CALIFORNIA

8

9  United States of America,          | Case No. CR 17-00661(A)-DMG-1

        Plaintiff,

10                                     | DEFENDANT'S SUPPLEMENTAL
                                       | OPPOSITION TO GOVERNMENT'S
11        vs.                          | MOTION UNSEAL DOCKET ENTRY
                                       | 390, PURSUANT TO COURT'S ORDER
12 Julian Omidi,                       | (DOCKET ENTRY 449)
13
        Defendant.
14

15

16     Defense counsel, Angel Navarro, hereby submits the enclosed opposition to the

17 government's motion to unseal (docket entry 390), pursuant to this Court's Order
18
   (docket entry 449).  The enclosed opposition is being submitted on defendant's behalf
19
20 and was prepared by defendant Julian Omidi.

21
                                    Respectfully submitted,
22

23

24 March 7, 2019                    /S/ Angel Navarro
25 DATE                             ANGEL NAVARRO
                                    Attorney for Defendant
26                                  Julian Omidi

27

28

1  Julian Omidi
2  P.O. Box 69242
   West Hollywood, CA 90069
3  Telephone: 310-927-3282
4  Email: jomidicontact@gmail.com

5  Defendant

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10 UNITED STATES OF AMERICA,              Case No. CR 17-00661(A)-DMG

11              Plaintiff,                [*Hon. Dolly M. Gee, District Court
12        vs.                             Judge*]

13 JULIAN OMIDI, INDEPENDENT             **DEFENDANT JULIAN OMIDI'S
   MEDICAL SERVICES,                     SUPPLEMENTAL OPPOSITION
14 INC., SURGERY CENTER                  TO GOVERNMENT'S MOTION TO
   MANAGEMENT, LLC, and MIRALI           UNSEAL (DKT 390) PURSUANT
15 ZARRABI, M.D.,                        TO COURT ORDER (DKT 449)**
16
                Defendants.              Date:      April 3, 2019
17                                       Time:          3:30 p.m.
                                         Dept.:      Courtroom 8C
18                                       Location:   350 West 1st Street, 8th
19                                       Floor
20                                                   Los Angeles, CA 90012
21
22
23
24
25
26
27
28

1

# TABLE OF CONTENTS

2                                                                          **Page(s)**

3

A.   Introduction..................................................................................1

████████████████████████████████████████

██████████g██████g███████ ...............................................1

C.   This Court Lacks Jurisdiction to Rule on the Government's
     Request to Unseal the Disqualification Order Because the
     Identical issue is Now Pending Before the Ninth Circuit .................3

D.   Conclusion .....................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Aetna Life Ins. Co. v. Haworth,*
    300 U.S. 227 (1937) ...........................................................................................5

*Augustine v. United States.*
    704 F.2d 1074 (9th Cir. 1983) ........................................................................5

*Bailev v. Henslee.*
    309 F.2d 840 (8th Cir. 1962) ..........................................................................4

*G & M. Inc. v. Newbern.*
    488 F.2d 742 (9th Cir. 1973) ..........................................................................4

*Gonzalez v. Thaler.*
    132 S Ct 641 (2012) .........................................................................................6

*Griggs v. Provident Consumer Disc. Co.,*
    459 U.S. 56, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982) ...............................4

*Hoffman. etc. v. Beer Drivers & Salesmen's, etc.,*
    536 F.2d 1268 (9th Cir. 1976) ........................................................................4

*In re Copley Press, Inc.,*
    518 F.3d 1022 (9th Cir. 2008) ........................................................................6

*In re MacNeil.*
    907 F.2d 903 (9th Cir. 1990) ..........................................................................6

*In re Napster, Inc. Copyright Litig.,*
    479 F.3d 1078 (9th Cir. 2006) ........................................................................6

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
    511 U.S. 375 (1994) .........................................................................................5

*Kwai Fun Wong v. Beebe.*
    732 F3d 1030 (9th Cir. 2013) ........................................................................6

*Maldonado v. Morales.*
    556 F.3d 1037 (9th Cir. 2009) ........................................................................5

*Marrese v. American Academy of Orthopaedic Surgeons,*
    470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985) ...............................5

*Matter of Thorp,*
    655 F.2d 997 (9th Cir. 1981) ..........................................................................4

## TABLE OF AUTHORITIES: (continued)                                     **Page(s)**

*Nat'l Ass'n of Home Builders v. Norton,*
   325 F.3d 1165 (9th Cir. 2003 ...................................................................................5

*Petrol Stops Northwest v. Continental Oil Co.,*
   647 F.2d 1005 (9th Cir. 1981) ...............................................................................4

*Thomas v. Anchorage Equal Rights Comm'n,*
   220 F.3d 1134 (9th Cir. 2000) ...............................................................................6

██████████████████████████
██████████████████████ ....................................................................1

**Other Authorities**

9 Moore, Federal Practice P 203.11...........................................................................4

**Rules**

████████████████████ ................................................................................1

DEFENDANT JULIAN OMIDI'S SUPPLEMENTAL OPPOSITION TO GOVERNMENT'S MOTION TO
UNSEAL (DKT 390) PURSUANT TO COURT ORDER (DKT 449)

1

## A. INTRODUCTION

2
3
4

Defendant, Mr. Julian Omidi, submits this Supplemental Memorandum in Opposition to the Government's Motion to Unseal Documents (Dkt. 390) in compliance with the Court's February 28, 2018 Order (Dkt. 449).



5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT JULIAN OMIDI'S SUPPLEMENTAL OPPOSITION TO GOVERNMENT'S MOTION

1

2

3                                                    It follows that any claims by

4    the government regarding Mr. Oxman are unsubstantiated, lacking in

5    evidentiary support. It is respectfully submitted that to publicly name Mr.

6    Oxman and cast him in a negative light in a court order would be needlessly

7    prejudicial.

8        C.    THIS COURT LACKS JURISDICTION TO RULE ON THE GOVERNMENT'S
               REQUEST TO UNSEAL THE DISQUALIFICATION ORDER BECAUSE THE
9              IDENTICAL ISSUE IS NOW PENDING BEFORE THE NINTH CIRCUIT

10       This Court should be appraised that the government already has already

11   made the identical Request to Unseal this Court's September 19, 2018

12   Disqualification Order (Dkts. 376, 384) with the Ninth Circuit on October 17,

13   2018. (*See* CA 18-50253, Dkt. 19).  On November 7, 2018, Mr. Omidi, along

14   with co-defendants Surgery Center Management LLC and Independent

15   Medical Services Inc. filed extensive Oppositions to the request to unseal.  (*See*

16   CA 18-50253, Dkts. 23 and 24, respectively). And on November 9, 2018, the

17   government filed a detailed Reply in support of unsealing. (*See* CA 18-50253,

18   Dkt. 25).  Thus, the government's Request to Unseal has been fully briefed and

19   pending before the Ninth Circuit, which has yet to rule on the Request.

20       Despite the government's Request to the Ninth Circuit on October 17,

21   2018 (CA 18-50253, Dkt. 19) to unseal this Court's September 19, 2018

22   Disqualification Order, the government made the same request to unseal to

23   this Court on November 14, 2018. (*See* 17-cr-00661, Dkt. 390). However, it is

24   impermissible for the government to ask to ask two separate courts, i.e., the

25   Ninth Circuit and this Court for ***the same exact relief***.  Aside from the real

26   potential of inconsistent rulings, this Court has no jurisdiction to rule on the

27   government's November 14, 2018 unsealing request because the government

28

first placed the issue before the Ninth Circuit on October 17, 2018. Thus, as explained below, this Court should dismiss the government's request for want of jurisdiction.

As the Supreme Court stated in *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 402, 74 L. Ed. 2d 225 (1982), "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." The Ninth Circuit similarly ruled in *Matter of Thorp*, 655 F.2d 997 (9th Cir. 1981):

> When a proper notice of appeal has been timely filed, the general rule is that ***jurisdiction over any matters involved in the appeal is immediately transferred from the district court to the court of appeals***. G & M, Inc. v. Newbern, 488 F.2d 742, 746 (9th Cir. 1973); Hoffman, etc. v. Beer Drivers & Salesmen's, etc., 536 F.2d 1268, 1276 (9th Cir. 1976); Petrol Stops Northwest v. Continental Oil Co., 647 F.2d 1005, 1010 (9th Cir. 1981). ***The district court is divested of authority to proceed further with respect to such matters, except in aid of the appeal, or to correct clerical mistakes, or in aid of execution of a judgment that has not been superseded, until the mandate has been issued by the court of appeals.*** G & M, 488 F.2d at 746, citing 9 Moore, Federal Practice P 203.11; see also Bailey v. Henslee, 309 F.2d 840, 844 (8th Cir. 1962). While this "rule is not a creature of statute and is not absolute in character," Hoffman, 536 F.2d at 1276, "(i)t is judge-made doctrine ***designed to avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time.***" 9 Moore, Federal Practice P 203.11 n.1.

*Id.* at 998 (emphasis added).

1    Here, the same exact issue of unsealing of the Disqualification Order

2 which is involved in the appeal and which the government has squarely placed

3 before the Ninth Circuit to adjudicate, was subsequently placed before this

4 Court to adjudicate.  Thus, this Court lacks jurisdiction to enter the

5 government's request to unseal while the matter is pending on appeal. *See*

6 *also, Nat'l Ass'n of Home Builders v. Norton*, 325 F.3d 1165, 1167–68 (9th Cir.

7 2003; *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373,

8 379, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985) ("In general, filing of a notice of

9 appeal confers jurisdiction on the court of appeals and divests the district court

10 of control over those aspects of the case involved in the appeal.")

11    Federal courts have limited jurisdiction, and a case is presumed to fall

12 outside that jurisdiction unless proven otherwise. *Kokkonen v. Guardian Life*

13 *Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Given the above, the government has

14 produced nothing to show this Court has jurisdiction to rule on its request to

15 unseal. Under FRCP 12(h), the court is required to dismiss an action

16 "[w]henever it appears by suggestion of the parties or otherwise that the court

17 lacks jurisdiction of the subject matter." *Augustine v. United States*, 704 F.2d

18 1074, 1077 (9th Cir. 1983). Here, dismissal of the government's request is

19 necessary because this Court lacks jurisdiction in the matter.

20    In addition, because of the lack of jurisdiction, there is no live

21 controversy before this Court, and dismissal is required. *Aetna Life Ins. Co. v.*

22 *Haworth*, 300 U.S. 227, 240-42 (1937) (federal courts may only resolve real or

23 substantial controversies, "admitting of specific relief through a decree of a

24 conclusive character as distinguished from an opinion advising what the law

25 would be upon a hypothetical state of facts");  *Maldonado v. Morales*, 556 F.3d

26 1037, 1044 (9th Cir. 2009) (The role of the courts is "neither to issue advisory

27 opinions nor to declare rights in hypothetical cases, but to adjudicate live cases

28 or controversies.") (quoting *Thomas v. Anchorage Equal Rights Comm'n*, 220

F.3d 1134, 1138 (9th Cir. 2000) (en banc); *In re MacNeil,* 907 F.2d 903, 904 (9th Cir. 1990) ("We are not empowered to issue advisory opinions.") (citing *North Carolina v. Rice,* 404 U.S. 244, 246, (1971) (per curiam) ("Early in its history, this Court held that it had no power to issue advisory opinions")).

This request to dismiss is timely because a court's subject matter jurisdiction "can never be waived or forfeited," objections to the court's jurisdiction "may be resurrected at any point in the litigation," and courts are obligated to consider *sua sponte* the requirements that go to subject matter jurisdiction. *Gonzalez v. Thaler,* 132 S Ct 641, 648 (2012); *Kwai Fun Wong v. Beebe,* 732 F3d 1030, 1035 (9th Cir. 2013), *aff'd,* 135 S Ct 1625 (2015).

Should this Court believe there should be an unsealing of the record, it is respectfully requested that the Court provide an opportunity for this issue to be brought to attention of the Ninth Circuit first, prior to unsealing which would be irreversible. *See In re Copley Press, Inc.,* 518 F.3d 1022, 1025 (9th Cir. 2008) (noting that "[s]ecrecy is a one-way street: Once information is published, it cannot be made secret again" in the context of an order to unseal documents); *In re Napster, Inc. Copyright Litig.,* 479 F.3d 1078, 1088 (9th Cir. 2006) ("once the cat is already out of the bag, it may not be possible to get back in") (internal citation omitted).

## D.   CONCLUSION

For the foregoing supplemental reasons, defendant Julian Omidi requests the government's Motion to Unseal be denied.

DATED: March 7, 2019                    */s/ Julian Omidi*

                                        By: _____

                                        Defendant

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# CERTIFICATE OF SERVICE

I hereby certify that, on March 7, 2019, I electronically filed the following document(s) with the Clerk of the Court for the United States District Court for the Central District of California, by using the district court's CM/ECF system:

**DEFENDANT JULIAN OMIDI'S SUPPLEMENTAL OPPOSITION TO GOVERNMENT'S MOTION TO UNSEAL (DKT 390) PURSUANT TO COURT ORDER (DKT 449)**

I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the district court's CM/ECF system.

*/s/ Angel Navarro*
_____
Angel Navarro