Peter Johnson (State Bar No. 252542)
Email: peter@peterjohnsonlaw.com
Law Office of Peter Johnson
409 N. Pacific Coast Hwy, 651
Redondo Beach, California 90027
Telephone: (310) 295-1785
Facsimile: (866) 941-7715

Attorney for Defendant
JULIAN OMIDI

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 17-cr-00661-DMG |
| | ) | |
| Plaintiff, | ) | **DEFENDANT JULIAN OMIDI'S** |
| v. | ) | **OPPOSITION TO THE** |
| | ) | **GOVERNMENT'S MOTION TO** |
| JULIAN OMIDI | ) | **SEVER INDEPENDENT** |
| Defendant | ) | **MEDICAL SERVICES [DOC. No.** |
| | ) | **492]** |
| | ) | |

Defendant Julian Omidi, through his counsel, Peter Johnson, hereby opposes the government's Motion to Sever Independent Medical Services [Doc. No. 492]. This opposition is supported by the attached memorandum and any arguments at the hearing on the motion.

DATED:  May 3, 2019                Respectfully submitted,

_____/s/_____
Peter Johnson

1

1

**OPPOSITION MEMORANDUM**

2

**I.      Introduction**

3

4
     The government moved to sever Defendant Independent Medical Services

5
("Defendant IMS"), arguing that Defendant IMS is legally defunct and without

6
counsel to represent its interest [Doc. No. 492].  For two reasons, Defendant Julian

7
Omidi opposes that motion. First, the Court should not rule on a government request

8

9
for severance where Defendant IMS is without counsel and has not been properly

10
arraigned. Second, in its motion, the government does not make an adequate showing

11
of prejudice required under Rule 14 of the Federal Rules of Criminal Procedure to

12

13
grant severance.   Therefore, the Court should deny the government'motion to sever.

14
**II.     Argument**

15

16
     **1. The Court Should Deny the Motion to Sever Because Defendant IMS
        Has Never Been Properly Arraigned on the First Superseding
        Indictment.**

17

18
     It is motion, the government asserts that, since at least June 2014, Defendant

19
IMS had been legally defunct. Gov. Mtn. at 5.   It argues that the actions of Defendant

20

21
IMS have been legally invalid since this date.    However, if Defendant IMS was

22
operating outside the scope of its legal authority since June of 2014, it arraignment  on

23
March 20, 2018 would be invalid, because the counsel appearing on behalf of

24

25
Defendant IMS, Kamille Rae Dean, would have had no legal authority to appear,

26

27

28

2

plead or speak on behalf of Defendant IMS.[1] As such, Defendant IMS has never properly been arraigned under Fed R. Crim Pro. Rule 10.

Under these circumstances, it would seem improper for the Court to grant the government's motion to sever for two reasons. First, the government cannot properly place a pretrial motion before the court without complying with the arraignment requirements of Fed. R. Crim Pro. 10. Here, it is as if the court arraigned the wrong defendant and the correct defendant remains unadvised of the charges. In such a circumstance, a severance pursuant to Fed. R. Crim Pro. 14 would be premature, because the correct defendant has not pleaded "no guilty" and asserted his right to a jury trial.  Second, IMS is without counsel and/or leadership at this time to respond to the government's motion and the corporation should be given a post–arraignment opportunity to respond to the motion. This is especially true where the government filed its indictment and joined Defendant IMS during the period in which it now claims that IMS was legally defunct, making it impossible for the non-operational corporation to legally retain counsel.

**2. Severance is Improper Because the Government Has Not Made A Showing of Prejudice as Required Under Fed. R. Crim. Pro. Rule 14.**

To sever defendants previously joined at trial, Federal Rule of Criminal Procedure 14(a) requires a showing of prejudice.  Rule 14 provides, "If the joinder of ... defendants in an indictment ... appears to prejudice a defendant or the government,

---

[1] If Mr. Jamie Hidalgo's appointment as IMS's corporate officer was invalid, *see* Gov. Mtn. to Sever at 6, then Mr. Hidalgo did not have the authority to retain counsel on behalf of IMS, speak on its behalf or waive speedy trial.

3

the court may ... sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. Pro 14.

A government request for severance is rare. Ordinarily, it is the defendant that moves for severance and the government responds asserting the rule in favor of joinder. *See e.g.,* Gov. Opp. to Defendant Zarrabi's Motion for Severance at [Doc. No. 423]. In it opposition to Defendant Zarrabi's motion to sever, the government argued that "[i]t is well-established that in the federal system there is a preference for joint trials where defendants have been jointly indicted." *United States v. Hernandez-Orellana*, 539 F.3d 994, 1001 (9th Cir. 2008) (citing *Zafiro v. United States*, 506 U.S. 534, 537 (1993)); *see also United States v. Camacho*, 528 F.2d 464, 470 (9th Cir. 1976) ("Joint trials are the rule rather than the exception; and there is a 'substantial public interest' in the joint trial of persons charged with committing the same offense or with being accessory to its commission." (citation omitted)). This is "largely for reasons of judicial economy and efficiency." *United States v. Tootick*, 952 F.2d 1078, 1080 (9th Cir. 1991).

Moreover, in its opposition to sever Defendant Zarabbi, and noticeably absent in its present motion, the government provided an in depth review of the prejudicial showing required for the Court to grant a severance motion:

> Severance is proper "only if there is a serious risk that a joint trial would compromise a specific trial right . . . or prevent a jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. A defendant seeking to use the remedial provisions of Federal Rule of Criminal Procedure 14(b) to sever his trial from the trial of a co-defendant bears the burden of making that showing. *See id.; see also*

1
2
3
4
5
6
7

*Hernandez-Orellana*, 539 F.3d at 1001. In short, the test for severance under Rule 14 is whether joinder, although proper under Rule 8, is "so manifestly prejudicial that it outweigh[s] the dominant concern with judicial economy and compel[s] exercise of the court's discretion to sever." *United States v. Nolan*, 700 F.2d 479, 482 (9th Cir. 1983) (citation omitted); *see also United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980) ("[T]he prejudice must have been of such magnitude that the defendant was denied a fair trial."). Prejudice does not require severance; Rule 14 "leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro*, 506 U.S. at 538-39.

8
9

*See* Gov. Opp. to Defendant Zarrabi's Motion for Severance at [Doc. No. 423 at 8].

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

The government can hardly argue that the above-cited cases are one-sided or that the prejudicial showing is reduced when the government files the motion. *See United States v. Clay*, 579 F.3d 919, 928 (8th Cir. 2009) ("Regardless of which party seeks severance--the government or one or more of the defendants--the policy preference for joinder requires the district court to find prejudice to the moving party should the motion not be granted."). In fact, when the government moves for severance, the showing of prejudice is arguably greater because the government controls the content, timing and joinder of defendants in it indictments. *See e.g., United States v. Cappello*, 209 F. Supp. 959, 960 (E.D. N.Y. 1962) (Bartels, J.) (requiring a "strong showing of prejudice" because the government is in a "controlling position to state what shall be included in the charges."). Moreover, the government's burden to show prejudice should be high as well because the government has the power to dismiss an indictment against Defendant IMS, instead of seeking a severance.

27
28

5

Here, the only prejudice articulated in the government's motion seems to be the speculative prejudice that "the Court has set a December 3, 2019 trial date as to defendants Julian Omidi, Surgery Center Management, LLC, and Dr. Mirali Zarrabi, based on a continuance as to which one defendant objected, the government does not want IMS's refusal to retain new counsel to delay the proceedings." Gov. Mtn. at 7. However, at the government's request and in favor of a joint trial, the Court has found excludable time over Defendant Zarrabi's objections numerous times. (*See e.g.*, Dkts. 388, 417 and 478.). That reasoning does not amount to prejudice, at least at this time, when counsel for Defendant Omidi was recently appointed and, consequently, the December 3, 2019 trial date will more than likely need to be continued again. Moreover, the government brought the charges and joined the defendants in this case after Defendant IMS was legally defunct and, therefore, it reasonably should have been aware of Defendant IMS's non-operational status at that time. Under these circumstances, it may be more appropriate for the government to exercise its discretion to dismiss the indictment against the "headless" defunct corporation than to move to sever.

## III.    Conclusion

Therefore, the Court should deny the government's motion for severance because IMS was never properly arraigned and the government has not made the

//

//

6

1    appropriate showing of prejudice required under Fed R. Crim Pro. Rule 14.

2

3    DATED: May 3, 2019                          Respectfully submitted,

4                                                By: _____/s/_____
                                                 PETER JOHNSON
5                                                Attorney for Defendant Julian Omidi

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28