Stephen G. Larson (SBN 145225)
slarson@larsonllp.com
Jerry A. Behnke (SBN 180462)
jbehnke@larsonllp.com
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Telephone:(213) 436-4888
Facsimile: (213) 623-2000

Attorneys for Moss Law Group, Richard A. Moss, Esq., William C. Fleming, Jr., Esq.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JULIAN OMIDI, et al.,<br><br>Defendants. | Case No. CR No. 17-00661 (A) - DMG<br><br>**NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA**<br><br>*[Filed concurrently with Declarations of William C. Fleming and Jerry A. Behnke and [Proposed] Order]*<br><br>Date: April 28, 2021<br>Time: 2:30 p.m.<br>Judge: Hon. Dolly M. Gee |

MOTION TO QUASH

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on April 28, 2021, at 2:30 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Dolly M. Gee, Richard A. Moss, Esq., and William C. Fleming, Jr., Esq., of the Moss Law Group ("Moving Parties"), who are counsel of record for Charles Klasky in case number CR 17-00401-DMG, will and hereby jointly do move this Court for an order quashing the Rule 17 subpoena served on Moving Parties commanding Moving Parties to produce documents or objects on or before May 4, 2021. Moving Parties respectfully request that the Court quash the subpoena on the grounds that the subpoena does not comply with Rule 17 in that it seeks inadmissible material and lacks specificity; it seeks privileged material; and it would require production from Moving Parties that is contrary to the attorneys' clear ethical obligations and the California State Bar's Rules of Professional Conduct (referenced in this Court's local rules).

This Motion is made pursuant to Federal Rule of Criminal Procedure 17. This Motion is based on this Notice of Motion and Motion, the Declarations of William C. Fleming, Jr., and Jerry A. Behnke, filed concurrently herewith, all of the court's pleadings, files, and records in this proceeding as well as case number CR 17-00401-DMG, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling. Counsel for Moving Parties met and conferred with counsel for Defendant Omidi prior to filing the instant motion.

Dated: March 31, 2021     LARSON LLP

By: /s/ *Stephen G. Larson*
    Stephen G. Larson
    Jerry A. Behnke
Attorneys for Moss Law Group, Richard A. Moss, Esq., William C. Fleming, Jr., Esq.

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF FACTS | 1 |
| III. | ARGUMENT | 3 |
| | A. The Subpoena Lacks Specificity, Seeks Inadmissible Material, and Seeks Material that Is Readily Available from Other Sources | 4 |
| | B. The Subpoena Seeks Privileged Information | 7 |
| | C. Moving Parties Cannot Provide the Documents Under California's Attorney Ethical Rules | 10 |
| IV. | CONCLUSION | 11 |

# TABLE OF AUTHORITIES
Page(s)
**Cases**
*Admiral Ins. Co. v. U.S. Dist. Court for Dist. of Arizona,*
  881 F.2d 1486 (9th Cir. 1989) .................................................................. 8

*People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.*
  20 Cal. 4th 1135 (1999) .......................................................................... 10

*Fisher v. United States,*
  425 U.S. 391 (1976) ................................................................................. 7

*Fletcher v. Union Pac. R. R. Co.,*
  194 F.R.D. 666 (S.D. Cal. 2000) ............................................................... 9

*Gutierrez v. Girardi,*
  194 Cal. App. 4th 925 (2011) .................................................................. 10

*Holmgren v. State Farm Mut. Auto Ins. Co.,*
  976 F.2d 573 (9th Cir. 1992) ............................................................... 8, 9

*In re Horn,*
  976 F.2d 1314 (9th Cir. 1992) .................................................................. 4

*Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation,*
  331 F.3d 1041 (9th Cir. 2003) .................................................................. 9

*SEC v. Schroeder,*
  No. 07-CV-03798-JW, 2009 WL 1125579 (N.D. Cal. Apr. 27, 2009) .......................................................................... 8

*United States v. Alejandro,*
  No. 2:16-CR-0833-CAS, 2017 WL 2056019 (C.D. Cal. May 8, 2017) .......................................................................... 9

*United States v. Bergeson,*
  425 F.3d 1221 (9th Cir. 2005) ........................................................... 10, 11

*United States v. Booth*,
   No. 2:08-cr-00283-RCJ-RJJ, 2011 WL 6139062
   (D. Nev. Dec. 9, 2011) ............................................................................... 5

*United States v. Cuthbertson*,
   651 F.2d 189 (3d Cir. 1981) ...................................................................... 7

*United States v. Fields*,
   663 F.2d 880 (9th Cir. 1981) ..................................................................... 6

*United States v. Hughes*,
   895 F.2d 1135 (6th Cir. 1990) ................................................................... 6

*United States v. Lang*,
   766 F. Supp. 389 (D. Md. 1991) ................................................................ 9

*United States v. Nixon*,
   418 U.S. 683 (1974) .......................................................................... *passim*

*United States v. Nobles*,
   422 U.S. 225 (1975) .................................................................................. 7

*United States v. Reyes*,
   239 F.R.D. 591
   (N.D. Cal. 2006) .............................................................................. *passim*

*United States v. Shabazz*,
   No. 97-CR-183-FR, 1998 WL 355500
   (D. Or. June 10, 1998) .............................................................................. 7

*United States v. Stringer*,
   No. 03-CR-432-HA, 2005 WL 8167057
   (D. Or. Mar. 4, 2005) ................................................................................ 9

*United States v. Tomison*,
   969 F. Supp. 587 (E.D. Cal. 1997) ............................................................ 9

*United States v. Venecia*,
   173 F.R.D. 269 (D. Or. 1997) ................................................................... 7

*Upjohn Co. v. United States*,
   449 U.S. 383 (1981) .................................................................................. 8

**Statutes**

Cal. Bus. & Prof Code § 6068(e) .................................................................................. 1, 10

**Other Authorities**

Cal. Rule of Prof Conduct 1.6 ........................................................................................ 10

Central District Local Rule 83-3.1.2 ............................................................................. 10

Fed. R. Civ. P. 26(b)(3) .................................................................................................... 8

Fed. R. Crim. P. 17 ................................................................................................. *passim*

## I. INTRODUCTION

Richard A. Moss, Esq., and William C. Fleming, Jr., Esq., of the Moss Law Group ("Moving Parties") are attorneys admitted to practice in the state of California and before this Court. Fleming Decl. ¶ 1. Defendant Julian Omidi has served Moving Parties with a Rule 17 criminal subpoena requiring the production of "[a]ny and all communications and documents concerning [Moving Party's] representation of Charles Klasky." The time period covered by the subpoena is January 2010 to the present. In other words, the subpoena not only is an improper, general fishing expedition lacking any specificity, but it also seeks to compel attorneys to violate their client's trust by disclosing documents that are unquestionably protected by the attorney-client and work product privilege.

The subpoena must be quashed for several reasons. First, it fails to satisfy the threshold requirements of (1) relevancy; (2) admissibility; and (3) specificity. Second, it improperly seeks privileged material protected by the attorney-client privilege and attorney work product doctrine. Finally, compliance with the subpoena would be contrary to the California State Rules of Professional Conduct, which are incorporated into this Court's local rules. Indeed, California law requires an attorney at every peril to himself to preserve client confidentiality. Cal. Bus. & Prof Code § 6068(e).

For the reasons that follow, Moving Parties respectfully request that the Court grant the requested relief and quash the subpoena in full.

## II. STATEMENT OF FACTS

Moving Parties are counsel of record for Mr. Charles Klasky in *United States v. Klasky* (case number CR 17-00401-DMG). Mr. Klasky pled guilty to a single-count information on August 9, 2017. CR 17-00401-DMG, Dkt. No. 26. Mr. Klasky is scheduled to be sentenced on August 11, 2021. *Id.* at Dkt. No. 51. Pursuant to his plea agreement with the government, Mr. Klasky is cooperating with the government regarding *United States v. Omidi, et al.*, CR 17-661(A)-DMG, and

LARSON
LOS ANGELES

1

MOTION TO QUASH

is anticipated to provide testimony during trial in that case, which is currently set for September 21, 2021. *Id.* at Dkt. No. 1008.

In *United States v. Omidi, et al.*, CR 17-661(A)-DMG, Defendant Omidi has served Moving Parties with a Rule 17 criminal subpoena dated February 10, 2021 (the "Subpoena"). A copy of the Subpoena is attached as Exhibit 1. The Subpoena seeks to compel Moving Parties to produce "[a]ny and all communications and documents concerning [Moving Party's] representation of Charles Klasky" as it relates to these matters. The time period covered by the subpoena is January 2010 to the present. The Subpoena describes the "Documents Requested" as follows:

1. Any and all Communications and Documents concerning Your representation of Charles Klasky as it related to the 1-800-Get-Thin Investigations, 1-800-Get-Thin, and/or Julian Omidi, including but limited to Communications and Documents concerning the following topics:

   a. Sleep study programs;
   b. Sleep study reports;
   c. Alleged changes to sleep study data;
   d. Alleged destruction of sleep study data;
   e. Sleep study case meetings;
   f. Sleep study billing;
   g. Civil litigation involving 1-800-Get-Thin and/or Julian Omidi, including but not limited to the action Platas v. Omidi et al., Case No. 37-2018-00045119-CU-PN-CTL (Cal. Super. Ct. S.D. Cnty.);
   h. Federal Government and/or State Government investigation(s);
   i. Joint defense agreement(s);
   j. Charles Klasky's role as an informant for the

|   |   |
|---|---|
| 1 | Federal Government and/or the State Government; |
| 2 |     k.    Purported target letters and related documents |
| 3 | issued by the Federal Government and/or the State Government to |
| 4 | Charles Klasky; |
| 5 |     2.    All communications between You and the Federal |
| 6 | Government and/or the State Government concerning the 1-800-Get- |
| 7 | Thin Investigations, 1-800-Get-Thin, and/or Julian Omidi, including |
| 8 | but not limited to Communications concerning the topics identified in |
| 9 | Request No. 1 above. |

10 Ex. 1. On March 30, 2021, counsel for Mr. Omidi and the Moving Parties met and
11 conferred regarding the instant Motion. Behnke Decl. ¶ 3.

## III. ARGUMENT

A criminal defendant's ability to subpoena documents and records is governed by Federal Rule of Criminal Procedure 17(c). However, "Rule 17(c) is not as broad as its plain language suggests . . . and it is more narrow in scope than the corollary rules of civil procedure, which permit broad discovery." *United States v. Reyes*, 239 F.R.D. 591, 597 (N.D. Cal. 2006).

The Supreme Court has explained that there are certain "fundamental characteristics" of the subpoena *duces tecum* in criminal cases. *United States v. Nixon*, 418 U.S. 683, 698-700 (1974). Criminal subpoenas were not intended to provide a means of discovery for criminal defendants. *Id.* at 698. Rather, they serve to expedite trial by permitting the inspection of documents before they are admitted. *Id.* at 699. A party seeking enforcement of a criminal subpoena must show that: (1) the documents sought are evidentiary and relevant; (2) the documents could not otherwise be obtained reasonably in advance of trial through the exercise of due diligence; (3) the party would be unable to properly prepare for trial in the absence of the documents; and (4) the application for the subpoena is made in good faith, and is not intended as a "fishing expedition." *Id.* at 699-700. Therefore, the party

1  seeking to issue or enforce a Rule 17(c) subpoena must demonstrate the relevancy,
2  admissibility, and specificity of its request. *Id.* at 700.
3      A party who receives a Rule 17 subpoena may move for an order modifying
4  or quashing the subpoena "if compliance would be unreasonable or oppressive."
5  Fed.R.Crim.P. 17(c)(2). In considering a motion to quash a criminal subpoena, the
6  Court "initially must determine whether the subpoena complies with Rule 17(c), and
7  if so, whether the materials identified therein are privileged." *United States v.*
8  *Reyes*, 239 F.R.D. 591, 597 (N.D. Cal. 2006); *see also In re Horn*, 976 F.2d
9  1314,1315-18 (9th Cir. 1992) (reversing denial of motion to quash under Rule 17(c)
10 and ordering entry of an order quashing the subpoena seeking privileged material).
11     Here, the Subpoena is improper and should be quashed because it: (1) fails to
12 comply with Rule 17(c) in that it seeks inadmissible material and lacks specificity;[1]
13 (2) seeks privileged material, which Defendant is not entitled to receive; and (3)
14 would require production and testimony from Moving Parties that is contrary to the
15 attorneys' clear ethical obligations and the California State Bar's Rules of
16 Professional Conduct (referenced in this Court's local rules).

17     **A.   <u>The Subpoena Lacks Specificity, Seeks Inadmissible Material, and</u>**
18          **<u>Seeks Material that Is Readily Available from Other Sources</u>**
19     The Subpoena lacks any specificity and amounts to a prohibited general
20 fishing expedition. Moreover, Defendant Omidi, the party seeking to enforce the

---

[1] Given that the trial date has been continued, the subpoena also violates Rule 17(c) in that it compels advance production of documents without a court order authorizing advance production. Moreover, the subpoena also attempts to circumvent the Rule by suggesting the Moving Parties may return documents directly to counsel for Defendant Omidi, rather than to the Court. Fed.R.Crim.P 17(c) ("*The court may direct* the witness to produce the designated items *in court* before trial or before they are to be offered in evidence. When the items arrive, *the court may permit* the parties and their attorneys to inspect all or part of them." (Emphasis added)).

subpoena, cannot show that the documents sought are relevant and admissible at trial. To the extent any of the requested documents may be relevant, such documents are readily available from other sources, namely, through Rule 16 discovery. Thus, the Subpoena should be quashed for failing to comply with Rule 17.

Rule 17 "was not intended to provide a means of discovery for criminal cases." *Nixon*, 418 U.S. at 698. Rule 17 was intended to expedite criminal trials by providing a mechanism for production of specific admissible evidence. Thus, Rule 17 subpoenas must be specific and cannot be used to engage in a general "fishing expedition." *Id.* at 698-99. But, that is precisely what Defendant's subpoena is – a general "fishing expedition" seeking extremely broad discovery.

The Subpoena is devoid of any specificity whatsoever. The Subpoena seeks "*any and all* communications and documents" concerning Moving Parties' representation of Charles Klasky. (Emphasis added.) The subpoena effectively commands that Moving Parties—licensed California attorneys—hand over their client and correspondence file related to Mr. Klasky. The Subpoena is, thus, an improper abuse of Rule 17(c). *See Reyes*, 239 F.R.D. at 606 ("A demand for 'any and all documents relating to several categories of subject matter … rather than specific evidentiary items,' suggests the subpoena's proponent 'seeks to obtain information helpful to the defense by examining large quantities of documents, rather than to use Rule 17 for its intended purpose—to secure the production for a court proceeding of specific admissible evidence.'") (quoting *United States v. Louis*, No. 04 CR 203 (LTS), 2005 WL 180885, at *5 (S.D.N.Y. Jan. 27, 2005)); *see also United States v. Booth*, No. 2:08-cr-00283-RCJ-RJJ, 2011 WL 6139062, at *2 (D. Nev. Dec. 9, 2011) ("The best clue as to the intent to 'fish' is the repeated use of the words 'any,' 'all,' and 'any and all'. . . .").

Defendant also cannot show that the Subpoena seeks production of relevant and admissible documents. *See Reyes*, 239 F.R.D. at 600 (explaining that party

seeking subpoena must show that documents sought would be admissible at trial). Instead, Defendant seeks to review a broad collection of documents—indeed, "any and all" documents and communications concerning Moving Parties' representation of Mr. Klasky—in the hope of finding something relevant and admissible. Rule 17 requires much more. Defendant must explain how the particular documents are relevant and admissible. *See Nixon*, 418 U.S. at 700 (explaining that the party seeking to enforce subpoena for tapes of recorded conversations met its burden by offering sworn testimony of participants in the conversations, or by giving reasons that permitted a rational inference of relevance). Defendant has not done so.

To the extent that any documents covered by Defendant's broad request may be relevant, Defendant cannot show that he could not readily obtain them from another source, namely, through Rule 16 discovery from the government. *See id.* at 699 (explaining party seeking subpoena must show the documents sought "are not otherwise procurable reasonably in advance of trial by exercise of due diligence"). For instance, even if any documents responsive to subcategory 2, which includes "[a]ll communications between You and the Federal Government," exists and are relevant and admissible, Defendant cannot show why such documents could not be obtained from the Government through the discovery process. In fact, such documents may have been produced by the Government. In Defendant Omidi's March 12, 2021 Status Report, he states that the Government produced over 700,000 documents that neither he nor his lawyers have reviewed. Dkt. 994.

Finally, even if any responsive documents might be relevant for impeachment, courts routinely quash subpoenas when they seek evidence exclusively for impeachment purposes. *United States v. Fields*, 663 F.2d 880, 880 (9th Cir. 1981) (holding district court's issuance of Rule 17(c) subpoena was abuse of discretion where only evidentiary use of materials sought was impeachment for witnesses); *United States v. Hughes*, 895 F.2d 1135, 1146 (6th Cir. 1990) (quashing Rule 17(c) subpoena of documents for impeachment purposes); *United States v.*

LARSON
LOS ANGELES

6
MOTION TO QUASH

*Cuthbertson*, 651 F.2d 189, 195 (3d Cir. 1981) (holding Rule 17(c) subpoena improperly sought materials whose only evidentiary use was for impeachment purposes); *United States v. Shabazz*, No. 97-CR-183-FR, 1998 WL 355500, at *2 (D. Or. June 10, 1998) (quashing subpoena where documents were sought "solely for the purposes of impeachment"); *United States v. Venecia*, 173 F.R.D. 269, 271 (D. Or. 1997) (quashing subpoena where documents sought were "at best, marginally relevant to attempt to impeach" a witness). Moreover, Rule 17(h) specifically prohibits using a Rule 17 subpoena to obtain "a statement of a witness or of a prospective witness."

The Subpoena should be quashed because it does not comply with Rule 17 and *Nixon*.

**B.    The Subpoena Seeks Privileged Information**

On its face, the Subpoena seeks documents that are protected by both the attorney-client and attorney work product privileges. For instance, the Subpoena seeks "Any and all Communications and Documents concerning Your representation of Charles Klasky. . ." Because the Subpoena seeks privileged documents, it must be quashed.

The attorney-client privilege shields from disclosure confidential communications made by a client to an attorney in order to obtain legal assistance. *Fisher v. United States*, 425 U.S. 391, 403 (1976). Here, the Subpoena's description of "documents requested" would include numerous documents such as attorney notes, letters, or emails that undoubtedly contain privileged information.

"[T]he work-product privilege safeguards 'written statements, private memoranda and personal recollections prepared or formed by an adverse party's counsel in the course of his legal duties.'" *Reyes*, 239 F.R.D. at 598 (quoting *Hickman v. Taylor*, 329 U.S. 495, 510 (1947)). The attorney work product doctrine applies in criminal cases. *See United States v. Nobles*, 422 U.S. 225, 238 (1975) ("Although the work-product doctrine most frequently is asserted as a bar to

discovery in civil litigation, its role in assuring the proper functioning of the criminal justice system is even more vital."). The Supreme Court has repeatedly reaffirmed the "strong public policy" underlying the work product privilege, holding that "the interests of the clients and the cause of justice would be poorly served" if attorney work product could be disclosed. *Upjohn Co. v. United States*, 449 U.S. 383, 397-98 (1981) (internal quotation omitted).

A party seeking to obtain attorney work product accordingly bears a heavy burden. For instance, civil procedure rules, which are even broader than Rule 17, provide that such materials are subject to subpoena, if at all, "only upon a showing that the party seeking the discovery has substantial need of the materials ... and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed. R. Civ. P. 26(b)(3); *see also Admiral Ins. Co. v. U.S. Dist. Court for Dist. of Arizona*, 881 F.2d 1486, 1494 (9th Cir. 1989) (holding the work product doctrine establishes a qualified immunity for documents within its ambit that may be overcome only upon a showing of necessity or good cause).

"[O]pinion work product," which consists of "mental impressions, conclusions, opinions, or legal theories" of counsel, is subject to an even higher degree of protection. *See SEC v. Schroeder*, No. 07-CV-03798-JW, 2009 WL 1125579, at *6 (N.D. Cal. Apr. 27, 2009); *Upjohn*, 449 U.S. at 398-400 (stating that even when the circumstances call for disclosure of underlying facts within the work product, "the court shall protect against disclosure of the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation"). Opinion work product is subject to subpoena only where it is "at issue in a case and the need for the material is compelling." *Holmgren v. State Farm Mut. Auto Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992).

Courts within the Ninth Circuit have regularly, and without hesitation, quashed subpoenas containing requests for attorney work product documents held by criminal defense attorneys. *See United States v. Tomison*, 969 F. Supp. 587, 598

(E.D. Cal. 1997) (quashing subpoena which sought attorneys' notes); *United States v. Alejandro*, No. 2:16-CR-0833-CAS, 2017 WL 2056019, at *5 (C.D. Cal. May 8, 2017) (quashing subpoena which sought attorneys' notes); *United States v. Stringer*, No. 03-CR-432-HA, 2005 WL 8167057, at *4 (D. Or. Mar. 4, 2005) (granting motion to quash subpoena which sought attorney work product related to the SEC's investigation of defendants); *see also United States v. Lang*, 766 F. Supp. 389, 402-04 (D. Md. 1991) (ordering documents protected by work product doctrine not be produced in response to a Rule 17(c) subpoena).

These cases compel granting the motion to quash. Moving Parties' notes and other documents prepared in connection with their representation of Mr. Klasky are "core work product" in that they include Moving Parties' mental impressions, conclusions, and strategies. Defendant thus bears the heavy burden of proving both that Moving Parties' notes are (1) "at issue in a case" and (2) that the "need for the material is compelling." *Holmgren*, 976 F.2d at 577. Defendant cannot prove either factor.

Finally, Defendant has not shown that he is unable to obtain any relevant and admissible information that might be contained within documents sought by the Subpoena from the government as part of the discovery process. When the information sought is available from a source other than an attorneys' work product, the party cannot meet their burden of showing a need for the documents. *See Fletcher v. Union Pac. R. R. Co.*, 194 F.R.D. 666, 675, (S.D. Cal. 2000) (denying ex parte application to compel production of documents; finding there were "alternative sources for information," plaintiff did not need his opponent's counsel's work product); *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (holding that "[a] party is entitled to discovery of attorney work-product only if the requesting party demonstrates that the requested information is not available from any other source").

On its face, the Subpoena seeks documents protected by the attorney-client

privilege and attorney work product doctrine and it should be quashed in its entirety.

### C. Moving Parties Cannot Provide the Documents Under California's Attorney Ethical Rules

Moving Parties--both of whom are lawyers in California--have fiduciary duties of loyalty and confidentiality to their client. A California attorney has a duty "[t]o maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client." Cal. Bus. & Prof Code § 6068(e). Moving Parties cannot provide documents or give testimony that will be used to potentially impeach their client under California's ethical rules and this Court's own local rules. "[E]ach attorney shall be familiar with and comply with the standards of professional conduct required of members of the State Bar of California…" Central District Local Rule 83-3.1.2.

The State Bar's standards of professional conduct make clear that an attorney owes his or her client a "fiduciary duty... which include[s] a duty of loyalty." *Gutierrez v. Girardi*, 194 Cal. App. 4th 925, 932 (2011); *People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.* 20 Cal. 4th 1135, 1148 (1999) (holding California attorneys owe their clients "fiduciary obligations of loyalty and confidentiality"); *see generally* Cal. Rule of Prof Conduct 1.6 (confidentiality) and 1.7 (loyalty). Thus, Counsel are obligated to comply with their fiduciary duties, including their duty of loyalty to their client.

The Ninth Circuit has expressly recognized that "[a] client's confidence in his lawyer, and continuity of the attorney-client relationship, are critical to our system of justice," and thus "[i]ssuing subpoenas to lawyers to compel them to testify against their clients invites all sorts of abuse." *United States v. Bergeson*, 425 F.3d 1221, 1224-26 (9th Cir. 2005) (holding that issuing a subpoena "to a lawyer to testify against a client is an unusual step that always raises serious concerns, even absent any privilege"). "In determining whether a subpoena of the lawyer is 'unreasonable or oppressive,' the district court may properly consider, among other factors,

whether compliance would likely destroy the attorney-client relationship, and whether the information sought from the lawyer is already available from other sources." *Id.* at 1225.

Here, the overbroad Subpoena seeks "any and all" documents Moving Parties possess related to their representation of Mr. Klasky. Such a subpoena would force Moving Parties to violate their duties to their client, including betrayal of confidence in violation of the California Rules of Professional Responsibility, along with this Court's Local Rules.

## IV. CONCLUSION

For the reasons set forth above, the Subpoena should be quashed in its entirety.[2]

Dated: March 31, 2021               LARSON LLP


By: /s/ *Stephen G. Larson*
    Stephen G. Larson
    Jerry A. Behnke
    Attorneys for Moss Law Group, Richard A. Moss, Esq., William C. Fleming, Jr., Esq.

---

[2] Moving Parties reserve their right to request attorneys' fees from Defendant Omidi pursuant to 28 U.S.C. § 1927 and the Court's inherent authority.