TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KRISTEN A. WILLIAMS (Cal. Bar No. 263594)
Deputy Chief, Major Frauds Section
CATHY J. OSTILLER (Cal. Bar No. 174582)
Senior Litigation Counsel
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
ALI MOGHADDAS (Cal. Bar No. 305654)
Assistant United States Attorneys
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0526/6159/2435/1786
    Facsimile: (213) 894-6269
    E-mail:   Kristen.Williams@usdoj.gov
                Cathy.Ostiller@usdoj.gov
                Alex.Wyman@usdoj.gov
                Ali.Moghaddas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>JULIAN OMIDI,<br>  aka "Combiz Omidi,"<br>  aka "Combiz Julian Omidi,"<br>  aka "Kambiz Omidi,"<br>  aka "Kambiz Beniamia Omidi,"<br>  aka "Ben Omidi,"<br>SURGERY CENTER MANAGEMENT, LLC,<br>and<br>MIRALI ZARRABI, M.D.,<br>  aka "Mirali Akba Ghandchi<br>      Zarrabi,"<br>  aka "M.A. Ghandchi Zarrabi,"<br><br>        Defendants. | No. CR 17-661(A)-DMG<br><br><u>JOINT STATUS REPORT OF THE GOVERNMENT AND DEFENDANT JULIAN OMIDI; DECLARATION OF KRISTEN A. WILLIAMS AND EXHIBITS THERETO</u> |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Kristen A. Williams, Cathy J. Ostiller, Alexander C.K. Wyman, and Ali Moghaddas, and defendant Julian Omidi, by and through his counsel of record Michael S. Schachter, Randall W. Jackson, Casey E. Donnelly, Edmund W. Searby, and Bruce H. Searby, hereby files a joint status report pursuant to the Court's August 6, 2021 under seal order (Dkt. 1172).

//
//
//
//
//
//

This joint status report is based upon the files and records in this case, the attached declaration of Assistant United States Attorney Kristen A. Williams and exhibits thereto, and such further evidence and argument as the Court may permit.

Dated: August 13, 2021          Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

_/s/_____
KRISTEN A. WILLIAMS
CATHY J. OSTILLER
ALEXANDER C.K. WYMAN
ALI MOGHADDAS
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: August 13, 2021          __/s/ per email authorization_____
MICHAEL S. SCHACHTER
RANDALL W. JACKSON
CASEY E. DONNELLY
Willkie Farr & Gallagher LLP

EDMUND W. SEARBY
BRUCE H. SEARBY
Searby LLP

Attorneys for Defendant
JULIAN OMIDI

**JOINT STATUS REPORT**

**I. Joint Proposed Redacted Order**

Per the Court's order, counsel for the government and defendant JULIAN OMIDI ("OMIDI") have met and conferred regarding proposed redactions to the Court's under seal order. Those proposed redactions are highlighted in Exhibit 1, which will be lodged under seal concurrently with this filing.

**II. Seized Digital Devices Belonging to OMIDI**

The Court's order directed the parties to meet and confer as to any seized digital devices belonging to OMIDI still in the government's possession. The parties' respective positions on the issue are set forth below.

**A. Government's Position**

As discussed in the government's opposition to OMIDI's motion to suppress (Dkt. 1101 ("Opp.")), the warrants at issue, including the warrant for the residence of OMIDI and his mother (the "Home Warrant") and OMIDI's Gmail account (the "Google Warrant"), included procedures for retaining forensic copies and/or digital devices seized pursuant to the warrants. (Opp. at 8.) As also discussed, the government's filter team offered and, to the extent the relevant parties facilitated it, returned forensic copies or original devices of most, if not all of the digital devices seized in June 2014, including those seized pursuant to the Home and Google Warrants. (Opp. at 29.)

In particular, in January 2020, the government notified counsel for OMIDI of its intention to have the government's Filter Team return to OMIDI digital devices seized from his residence pursuant to the Home Warrant or forensic copies thereof for which he was the

presumptive privilege holder, noting that (1) only portions of those devices may have been reviewed by the Filter Team; (2) to the extent that review had resulted in the production of discoverable materials to the Prosecution Team, that material had been or would shortly be produced in discovery; (3) the Prosecution Team did not intend to use any of the remainder (which it did not have access to) in its case-in-chief; and (4) it was the Prosecution Team's understanding that the Filter Team did not intend to continue reviewing the seized items for privilege. (See Ex. 2 to the Declaration of Kristen A. Williams ("Williams Decl.").) This letter was sent to counsel for OMIDI, and copied to counsel for defendants Surgery Center Management, LLC, and Mirali Zarrabi, MD, so that all parties could respond if they had any objection to the proposed procedure. (Id. at 4-5.) After the period for that objection had passed with no objection from any of the parties, the government provided the name and contact information for a filter agent who would assist OMIDI's counsel with the return of the devices.

Also in January 2020, the government sent similar letters to counsel for Michael Omidi (who the government understood to be the privilege holder with respect to materials seized from his residence) and Imperium Medical Services, Inc. (which the government understood to be the privilege holder with respect to materials seized from the various GET THIN business locations, including the warrants concerning 9100 Wilshire Boulevard, Suite 800E). (See Ex. 3 & 4 to the Williams Decl.) Like the letter to OMIDI's counsel, these letters were copied to the defendants, including OMIDI, and provided a time for those defendants to object to the proposed procedure.

(Ex. 3 at 8-9; Ex. 4 at 12-13.)  No party indicated any objection. (Williams Decl. ¶ 3.)

In March 2020, after OMIDI's counsel had not reached out to the filter agent to coordinate that return, the government sent OMIDI's counsel another letter (again, copying all defendants) informing them that the Filter Team had additional materials it wished to return. (See Ex. 5 to the Williams Decl.)

It is the Prosecution Team's understanding that the Filter Team commenced returning the devices or forensic images referenced in its letters -- as well as some additional materials it identified, including the weightlosscenters account seized pursuant to the Google Warrant -- to counsel for OMIDI, over the next few months, as referenced in correspondence on which the Prosecution Team was copied.[1]  (See Ex. 6 to the Williams Decl.)  It is the Prosecution Team's understanding that this included the offer of the return of multiple original devices that were not imaged, as referenced in the Filter Team's May 4, 2020 letter.  (Id. at 35-38.)

Thus, OMIDI long ago received the devices or images thereof seized pursuant to the warrants at issue for his own review and had notice that other presumed privilege holders were receiving other materials through a similar procedure in case he wished to seek access to those through them.  These are materials that may greatly exceed those available to the Prosecution Team and, as the Prosecution Team has indicated, it has produced the discoverable materials from them that it received from the Filter Team.  The

---

[1] The Prosecution Team understands that the materials were offered to Imperium, but that Imperium may not have retrieved some or all of them.  (Williams Decl. ¶ 4.)

3

Prosecution Team neither has access to, nor will it seek to admit, the other materials in its case-in-chief and understands the Filter Team is no longer reviewing those materials as of at least early 2020.  The Court has already found that the government had probable cause to seize these items and the warrants provided for the retention of these materials.  (Dkt. 1172; Opp. at 8.)  OMIDI has contested the retention of some of these materials in its motion at Dkt. 1162, which the government intends to oppose by August 17, 2021.

On August 12, 2021, the government requested that OMIDI's counsel identify any devices belonging to OMIDI that they believed the government had not provided to OMIDI through his counsel through the production of the device or a forensic copy thereof.  OMIDI's counsel did not identify any such device.

**B.    OMIDI's Position**

To Mr. Omidi's knowledge, the Government has not returned any actual devices belonging to Mr. Omidi, including his computer and smartphones seized during the execution of the search warrants.  The Court's inquiry is important because to Mr. Omidi's reading the warrants at issue do not allow for the Government to seize and indefinitely retain an actual digital storage device, and such conduct raises a well recognized Fourth Amendment concern.

In prior communications, and in its statement above, the Government attempts to avoid this question by reframing it as to whether the Government has returned the actual device or an *image* (copy) of the data contained on that device. The only original devices that were offered to be returned to Mr. Omidi  were devices

4

that were broken and/or could not be "imaged." For any device where the contents could be imaged, the Government kept the original and produced only an image. Returning in discovery an image—which the defense agrees were produced—does not comply with the warrant or avoid the constitutional problem here of over-seizing data which has been repeatedly recognized by the 9th Circuit. *See United States v. Comprehensive Drug Testing*, 621 F. 3d 1162, 1180 (9th Cir. 2010)(en banc)(guidance that to avoid a general warrant the government must destroy or return non-responsive data.)

In this context, the issue or prejudice is not Mr. Omidi's access to an image/copy of his own data, but the Government's continuing possession of data (stored on a seized device), which the Government never established probable cause to seize. *See Harbor Healthcare Sys., L.P. v. United States*, -- F. 4th -- 2021 WL 3009732 at *5 (5th Cir. July 15, 2021)("But Harbor's need does not lie in accessing the government's copies. Rather, it lies in protecting the privacy of the privileged material in the documents.")

Here, the prejudice resulting from the Government's continuing possession of Mr. Omidi's actual devices is to Mr. Omidi's privacy interest in the data contained on the devices, including privileged communications, as well as his property interest in the devices themselves. Where, as here, the Government seizes electronically stored data without regards to subject matter and then simply retains all of that data, the result is the unconstitutional

5

general search which the Framers recognized to unreasonably prejudice the right to privacy.

**DECLARATION OF KRISTEN A. WILLIAMS**

I, Kristen A. Williams, declare as follows:

1.  I am an Assistant United States Attorney ("AUSA") in the United States Attorney's Office for the Central District of California. I am one of the attorneys representing the government in this case. I submit this declaration in support of the government and defendant JULIAN OMIDI's ("OMIDI") joint status report, to be filed in United States v. Julian Omidi et al., CR 17-661(A)-DMG.

2.  Attached as exhibits 2-6 are true and correct copies of correspondence that I either sent or received a copy of during the course of this case:

   a.  **Exhibit 2** (January 31, 2020 correspondence between the government's Prosecution Team and counsel for OMIDI);

   b.  **Exhibit 3** (January 31, 2020 correspondence between the Prosecution Team and counsel for Michael Omidi);

   c.  **Exhibit 4** (January 31, 2020 correspondence between the Prosecution Team and counsel for Imperium Medical Services, Inc.);

   d.  **Exhibit 5** (March 20, 2020 correspondence between the Prosecution Team and counsel for OMIDI); and

   e.  **Exhibit 6** (correspondence between April 17 and July 2, 2020 between the government's Filter Team and counsel for OMIDI).

3.  I am not aware of any objection raised to the procedures for the return of devices and images set forth in the January 31, 2020 correspondence described above.

4.  I have been informed by the Filter Team that Imperium Imperium may not have retrieved some or all of the materials offered to it by the Filter Team pursuant to the January 31, 2020 correspondence described above.

5. On August 12, 2021, I was copied on an email sent by my co-counsel to OMIDI's counsel, requesting that they identify any devices belonging to OMIDI that they believed the government had not provided to OMIDI through his counsel through the production of the device or a forensic copy thereof. OMIDI's counsel did not identify any such device.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on August 13, 2021.

_____
KRISTEN A. WILLIAMS