Michael S. Schachter** (NY 3910205)
Randall W. Jackson** (NY 5274048)
Casey E. Donnelly** (NY4936803)
**WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, New York 10019
Tel: (212) 728-8102; Fax: (728) 728-8111
Email: *mschachter@willkie.com*

 *Attorneys for Defendant*,
 Julian Omidi

[Additional Counsel Continued On Next Page]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>                         Plaintiff,<br><br>    v.<br><br>Julian Omidi, *et al.*,<br>                         Defendants. | Case No. CR No. 17-00661 (A) – DMG<br><br>[*Assigned to Hon. Dolly M. Gee, District Court Judge*]<br><br>**DEFENDANT JULIAN OMIDI'S TRIAL MEMORANDUM CONCERNING EXHIBITS OFFERED FOR STATE OF MIND PURPOSES** |

[Additional Counsel Continued From Previous Page]

Simona Agnolucci (SBN 246943)
**WILLKIE FARR & GALLAGHER LLP**
One Front Street
San Francisco, CA 94111
Tel: (415) 858-7447, Fax: (415) 858-7599
Email: *sagnolucci@willkie.com*

Bruce H. Searby* (SBN 183267)
Edmund W. Searby** (OH 067455)
**SEARBY LLP**
1627 Connecticut Ave, NW, Suite 4
Washington, D.C. 20009
Tel: (202) 750-6106, Fax: (202) 849-2122
Email: *bsearby@searby.law*

*Appearing specially  ** Appearing pro hac vice*

*Counsel for Defendant Julian Omidi*

1
2
3
4
5
6
7

This Court's standing criminal trial order states that "short briefs" concerning any "evidentiary issues" that may arise are "welcome," as the Court discourages sidebars to discuss issues that could have been raised outside the presence of the jury. Defendant Julian Omidi, by and through his counsel of record, respectfully submits this brief trial memorandum, addressing anticipated objections from the Government concerning certain exhibits that the defense intends to use during the course of this trial.

8

## I.    STATE OF MIND EVIDENCE IS ADMISSIBLE UNDER FRE 801.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The defense understands that the Government may object to certain documents offered by the defense, that contain out-of-court statements, on the basis that such documents are inadmissible hearsay.  Should the Government make such an objection, the Court should overrule it, pursuant to Federal Rule of Evidence 801 and Ninth Circuit case law.  No statement is inherently hearsay.  Whether or not a statement is hearsay *depends upon what use the offeror intends the fact-finder to make of it*.  Where the offeror is *not* offering the statement to prove "the truth of the matter asserted," it is it not hearsay under Federal Rule 801, which limits excludable hearsay to those out of court statements being offered to prove "the truth of the matter asserted."  *See* FRE 801.  Thus, when a declarant's out-of-court statements are offered not for the truth of the matter asserted, but instead are offered to demonstrate the declarant's *state of mind*, those statements are not hearsay and thus are not excludable under the rule against hearsay.  The Ninth Circuit explained this principle in *United States v. Garcia-Villanueva*, 1988 U.S. App. LEXIS 22262, at *3-5 (9th Cir. 1988), where it stated that "out of court statements may be admissible not for their truth, but instead as circumstantial evidence of the declarant's state of mind" and that same holding is reaffirmed throughout this Circuit's precedents.  *See, e.g., United States v. Brown*, 562 F.2d 1144, 1148 (9th Cir. 1977) (where statements made by defendant are offered to "show [declarant's] state of

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

mind," rather than for their truth, they are not excluded by the rule against hearsay); *Atl.-Pacific Constr. Co. v. NLRB*, 52 F.3d 260, 263 (9th Cir. 1995) ("an out of court statement may be admitted as circumstantial evidence of the declarant's state of mind").  Thus, statements by the defendant or made to the defendant can be admissible as non-hearsay if offered for a non-hearsay purpose.

Separately, Federal Rule of Evidence 803(3) also provides that statements of a declarant's then-existing state of mind are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness.  *See United States v. Miller*, 874 F.2d 1255, 1264 (9th Cir. 1989) ("Under Rule 803(3), hearsay is admissible if it is a statement of "the declarant's then existing state of mind (or) emotion . . . (such as intent, plan, motive, design, (or) mental feeling . . .).").  The Rule 803(3) exception exists because there is often "no better way to prove a relevant mental or physical condition than through the statements of the individual whose condition is at issue."  2 McCormick on Evid. § 274 (7th ed.).  While it is true that courts "have tended to lump together arguably hearsay statements asserting the declarant's state of mind with those arguably nonhearsay statements that tend to prove state of mind circumstantially, applying a general exception to the hearsay rule," in fact, "many of these statements could be treated as nonhearsay," *see id.*, which is the purpose for which the defense is offering many of these documents to the jury.  *Id.*

This entire case hinges on the defendants' intent, knowledge and understanding of events that happened more than a decade ago.  It would be impossible for the jury to properly assess the Government's allegations without the defense being able to offer evidence regarding the defendants' state of mind, as expressly permitted by the Federal Rules of Evidence and the Ninth Circuit's precedents.

DEFENDANT JULIAN OMIDI'S TRIAL MEMORANDUM CONCERNING EXHIBITS
OFFERED FOR STATE OF MIND PURPOSES
Case No.  CR No. 17-00661 (A) - DMG

## II.   **CONCLUSION**

Throughout this trial, the defense will be offering documents not for the truth of the matter asserted but for non-hearsay purposes, exactly as permitted by Ninth Circuit precedent and Federal Rule 801.  We respectfully request that the Court rule on the admissibility of these exhibits when they are offered and in the context of the purpose for which the defense will offer them.

Dated:  September 24, 2021          Respectfully submitted,

                                                 **WILLKIE FARR & GALLAGHER LLP**

By: s/ Casey E. Donnelly
      MICHAEL S. SCHACHTER
      RANDALL W. JACKSON
      CASEY E. DONNELLY
      SIMONA AGNOLUCCI

      ATTORNEYS FOR DEFENDANT
      JULIAN OMIDI