TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KRISTEN A. WILLIAMS (Cal. Bar No. 263594)
Deputy Chief, Major Frauds Section
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
ALI MOGHADDAS (Cal. Bar No. 305654)
DAVID H. CHAO (Cal. Bar No. 273953)
DAVID C. LACHMAN (Cal. Bar No. 261711)
Assistant United States Attorneys
Major Frauds/General Crimes Sections
        1100 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-2400
        Facsimile: (213) 894-6269
        E-mail:    Kristen.Williams@usdoj.gov
                   Alex.Wyman@usdoj.gov
                   Ali.Moghaddas@usdoj.gov
                   David.Chao@usdoj.gov
                   David.Lachman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>                  v.<br><br>JULIAN OMIDI,<br>  aka "Combiz Omidi,"<br>  aka "Combiz Julian Omidi,"<br>  aka "Kambiz Omidi,"<br>  aka "Kambiz Beniamia Omidi,"<br>  aka "Ben Omidi,"<br>SURGERY CENTER MANAGEMENT,<br>LLC, and<br>MIRALI ZARRABI, M.D.,<br>  aka "Mirali Akba Ghandchi<br>        Zarrabi,"<br>  aka "M.A. Ghandchi Zarrabi,"<br><br>             Defendants. | No. CR 17-661(A)-DMG<br><br>SUPPLEMENTAL JOINT PROPOSED JURY INSTRUCTIONS<br><br>Trial Date: September 21, 2021<br>Trial Time: 8:30AM<br>Location:   Courtroom of the Hon.<br>            Dolly M. Gee |

1    Plaintiff United States of America, by and through its counsel

2  of record, the Acting United States Attorney for the Central District

3  of California and Assistant United States Attorneys Kristen A.

4  Williams, Alexander C.K. Wyman, Ali Moghaddas, David H. Chao, and

5  David C. Lachman; defendant Julian Omidi, by and through his counsel

6  of record Michael S. Schachter, Randall W. Jackson, Casey E. Donnelly

7  and John Brennan; defendant Surgery Center Management, LLC, by and

8  through its counsel of record Michael Devereux; and defendant Mirali

9  Zarrabi, MD, by and through his counsel of record Thomas P. O'Brien,

10  Ivy A. Wang, and Jennie Wang VonCannon, hereby submit their

11  Supplemental Joint Proposed Jury Instructions in the above-captioned

12  case.  The parties respectfully reserve the right to supplement these

13  jury instructions as needed.

14    Unless otherwise noted, the parties have used the most recent

15  version (as of August 2021) of the Jury Instructions found on the

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

1    Ninth Circuit's website at: http://www3.ce9.uscourts.gov/jury-

2    instructions/model-criminal.

3    Dated: September 26, 2021          Respectfully submitted,

4                                      TRACY L. WILKISON
                                       Acting United States Attorney
5
                                       SCOTT M. GARRINGER
6                                      Assistant United States Attorney
                                       Chief, Criminal Division
7

8                                         /s/
                                       _____
                                       KRISTEN A. WILLIAMS
9                                      ALEXANDER C.K. WYMAN
                                       ALI MOGHADDAS
10                                     DAVID H. CHAO
                                       DAVID C. LACHMAN
11                                     Assistant United States Attorneys

12                                     Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 17-661(A)-DMG |
| Plaintiff, | JURY INSTRUCTIONS |
| v. | |
| JULIAN OMIDI,<br>   aka "Combiz Omidi,"<br>   aka "Combiz Julian Omidi,"<br>   aka "Kambiz Omidi,"<br>   aka "Kambiz Beniamia Omidi,"<br>   aka "Ben Omidi,"<br>SURGERY CENTER MANAGEMENT, LLC,<br>and<br>MIRALI ZARRABI, M.D.,<br>   aka "Mirali Akba Ghandchi<br>         Zarrabi,"<br>   aka "M.A. Ghandchi Zarrabi," | |
| Defendants. | |

1

1
2
3
4
5
6
7
8
9
10
11
12                **INSTRUCTIONS IN THE COURSE OF TRIAL**
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COURT'S INSTRUCTION NO. ____

JOINT PROPOSED INSTRUCTION NO. ____


You have heard references to "grand jury" proceedings during the testimony today.  Sometimes during a criminal investigation, and prior to an indictment being brought, the government may have witnesses testify before a grand jury.  Witness testimony before a grand jury, like here, is under oath.

1                        COURT'S INSTRUCTION NO. ____

2                 JOINT PROPOSED INSTRUCTION NO. ____

3

4      You may hear [have heard] objections to testimony based on what

5 the witness observed somebody else say or write on a previous

6 occasion, not from the witness stand in this courtroom.  When an out-

7 of-court statement is offered for the purpose of proving the truth of

8 the matter asserted in the statement, such evidence is what the law

9 calls hearsay.

10      However, out-of-court statements can be admissible when they are

11 offered for the purpose of proving something other than the truth of

12 the matter asserted.  Common examples of this are when a statement is

13 offered simply to show that it was said, or to show the effect on the

14 listener, or to give you insight into the state of mind of the

15 speaker or the listener.  For example, suppose a witness testifies

16 that she heard a bank teller yell, "Run, he has a gun!"  If the

17 statement is offered for the purpose of proving that the bank robber

18 did in fact have a gun, then the statement is hearsay.  But, if the

19 statement is offered to establish only that the witness believed the

20 bank robber had a gun, and not that the bank robber did in fact have

21 a gun, then the statement is not being offered as hearsay.  If it was

22 relevant that the witness believed there was a gun, it would be

23 admissible because it would be independent evidence as to what the

24 witness was told, regardless of whether there actually was a gun or

25 not.  Likewise, if the statement above were to be offered to

26 establish that the victim was afraid, then the statement is not being

27 offered as hearsay.

28

1    In addition, the rules of evidence provide several exemptions

2 and exceptions to the hearsay rule, which mean that an out of-court

3 statement may be admissible.  In other words, just because evidence

4 is an out-of-court statement does not mean you may not consider it.

5 Like all other evidence, I will determine whether such evidence is

6 admissible.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27 Source:   Federal Rule of Evidence 801(c).

28

1
COURT'S INSTRUCTION NO. ___

2
JOINT PROPOSED INSTRUCTION NO. ___

3

4
You are about to hear an out-of-court statement. I instruct you

5
that this evidence is admitted only for the limited purpose of

6
[demonstrating the declarant's or the listener's state of mind/the

7
effect on the listener], and therefore, you must consider it only for

8
that limited purpose and not for any other purpose. In particular,

9
you must not consider the statement for the truth of the matter

10
asserted.

11
It is for you to decide (1) whether the declarant made the

12
statement, and (2) if so, how much weight to give to it. In making

13
those decisions, you should consider all the evidence about the

14
statement, including the circumstances under which the declarant may

15
have made it.

16

17

18

19

20

21

22

23

24
Source:   Ninth Circuit Model Criminal Jury Instructions No. 2.12

25
          [Evidence for Limited Purpose] (2010 ed.; approved

26
          03/2018); No. 4.1 [Statements by Defendant] (modified for

27
          case).

28
6

1          COURT'S INSTRUCTION NO.

2          JOINT PROPOSED INSTRUCTION NO. ___

3

4          You have heard attorneys in this case refer to impeachment.

5    Impeachment evidence is any evidence that is offered to call into

6    question the credibility of a witness.  Impeachment evidence may

7    include past crimes, inconsistent statements regarding the same

8    issue, government favors, and other evidence that touches upon the

9    truthfulness of the witness.

10         One way a party may impeach a witness is by establishing that

11   his or her testimony in this trial is inconsistent with his or her

12   prior statements.

13         It is for you to decide how much weight to give to any

14   impeachment evidence.

15         You may consider impeachment evidence in deciding whether or not

16   to believe a witness and how much weight to give to the testimony of

17   the witness.

18

19

20

21   Source:   Ninth Circuit Model Criminal Jury Instruction No. 4.8

22             [Impeachment Evidence - Witness] (2010 ed.; approved

23             03/2018) (modified for case); United States v. Zuno-Arce,

24             339 F.3d 886, 891 (9th Cir. 2003)(impeachment evidence

25             includes "past crimes, government favors, and

26             inconsistencies in testimony").

27

28

                                    7