Michael S. Schachter** (NY 3910205)
Randall W. Jackson** (NY 5274048)
Casey E. Donnelly** (NY4936803)
**WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, New York 10019
Tel: (212) 728-8102; Fax: (728) 728-8111
Email: *mschachter@willkie.com*

*Attorneys for Defendant*,
Julian Omidi

[Additional Counsel Continued On Next Page]

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

United States of America,

                              Plaintiff,

        v.

Julian Omidi, *et al.*,

                              Defendants.

Case No. CR No. 17-00661 (A) – DMG

[*Assigned to Hon. Dolly M. Gee, District Court Judge*]

**DEFENDANT JULIAN OMIDI'S TRIAL MEMORANDUM CONCERNING THE SCOPE OF CROSS-EXAMINATION**

[Additional Counsel Continued From Previous Page]

Simona Agnolucci (SBN 246943)
**WILLKIE FARR & GALLAGHER LLP**
One Front Street
San Francisco, CA 94111
Tel: (415) 858-7447, Fax: (415) 858-7599
Email: *sagnolucci@willkie.com*

Bruce H. Searby* (SBN 183267)
Edmund W. Searby** (OH 067455)
**SEARBY LLP**
1627 Connecticut Ave, NW, Suite 4
Washington, D.C. 20009
Tel: (202) 750-6106, Fax: (202) 849-2122
Email: *bsearby@searby.law*

*\*Appearing specially  \*\* Appearing pro hac vice*

*Counsel for Defendant Julian Omidi*

1   This Court's standing criminal trial order states that "short briefs" concerning
2   any "evidentiary issues" that may arise are "welcome," as the Court discourages
3   sidebars to discuss issues that could have been raised outside the presence of the jury.
4   Defendant Julian Omidi, by and through his counsel, respectfully submits this brief
5   trial memorandum, addressing anticipated objections from the Government
6   concerning the scope of cross examination. In sum, if the Government insists on
7   pressing scope objections during this trial, they will not only confuse the jury, but
8   they will require the defense to recall many of the defense witnesses in the defense
9   case, as is its right. This would be a pointless waste of time for the Court, the
10  witnesses, and the jury. The Court should reject this approach.

## I.   THE COURT SHOULD NOT LIMIT THE SCOPE OF CROSS EXAMINATION TO ONLY THOSE TOPICS SPECIFICALLY ELICITED DURING A WITNESS'S DIRECT TESTIMONY.

"Federal Rule of Evidence 611(b) commits the scope of cross-examination to the trial judge's discretion." *United States v. Vasquez*, 858 F.2d 1387, 1392 (9th Cir. 1988). Specifically, Rule 611(b) provides that "[c]ross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness," but also that the Court "may, in the exercise of discretion, permit inquiry into additional matters as if on direct examination."

Courts construe the "subject matter of the direct examination" liberally, such that "[t]he trial court may permit cross-examination as to all matters reasonably related to the issues put in dispute by a witness's testimony on direct." *United States v. Arias-Villanueva*, 998 F.2d 1491, 1508 (9th Cir. 1993) (quotations and alterations omitted); *see also United States v. Arnott*, 704 F.2d 322, 324 (6th Cir. 1983) ("The 'subject matter of the direct examination,' within the meaning of Rule 611(b), has been liberally construed to include all inferences and implications arising from such testimony."). Accordingly, courts should only consider cross-examination to be outside the scope of a witness's direct examination if "the logical

connections between the direct examination and proposed cross-examination are so attenuated as to risk confusing the jury." Wright & Miller, 28 Fed. Prac. & Proc. Evid. § 6163 (2d ed.). Here, it is unlikely that the defense will pursue a line of cross examination that is so attenuated. As such, the defense should be permitted to conduct cross examination regarding topics that necessarily overlap with those about which the witnesses testify on direct.

Even where a court determines that cross examination does fall outside the scope of a witness's cross examination, however, Rule 611 confers discretion to nevertheless permit further inquiry, which discretion should be exercised so long as "the danger of permitting the cross-examination clearly outweighs the cost of precluding it." *Id.* The reason courts are afforded such discretion is that the restriction of examination to only those topics that are subject of direct examination and affect the witness's credibility "can have significant costs while producing minimal benefits." *Id.* Specifically, the limitation on the scope of cross examination in the first sentence of Rule 611(b) "can lead to objections which are time-consuming, difficult to resolve, and may themselves cause confusion." *Id.* This is particularly so where the cross examiner must recall the witness in order to elicit testimony that is precluded as outside the scope of cross examination. In those circumstances, "more time may be consumed during [the witness's] two sessions on the stand than would have been expended in a single comprehensive section." *Id.*

These concerns regarding judicial economy are present here, where the defense has disclosed as potential defense witnesses all 45 of the witnesses the government intends to call. To require the defense to re-call each of these witnesses during the defense's case-in-chief, rather than allowing the defense to elicit pertinent testimony during the witness's cross examination, would cause undue delay and place unnecessary burden on the Court, the parties, the jurors, and the witnesses themselves. *See* Notes of Advisory Committee, Fed R. Evid. 611(b)

DEFENDANT JULIAN OMIDI'S TRIAL MEMORANDUM CONCERNING THE SCOPE OF CROSS EXAMINATION
Case No.  CR No. 17-00661 (A) - DMG

("The foregoing considerations favoring the wide-open or restrictive rules may well be thought to be fairly evenly balanced. There is another factor, however, which seems to swing the balance overwhelmingly in favor of the wide-open rule. This is the consideration of economy of time and energy.") (quoting McCormick, §27, p. 51). Accordingly, the Court should not entertain scope objections that, if granted, would serve no purpose other than causing unnecessary delay.

## II.   **CONCLUSION**

We respectfully request that the Court permit the defense to cross examine the government's witnesses regarding topics that are relevant to the government's defense and necessarily overlap with the issues about which the government's witnesses testify on direct.

Dated:  September 26, 2021          Respectfully submitted,

                                   **WILLKIE FARR & GALLAGHER LLP**

                                   By: s/ Randall W. Jackson
                                   _____
                                        MICHAEL S. SCHACHTER
                                        RANDALL W. JACKSON
                                        CASEY E. DONNELLY
                                        SIMONA AGNOLUCCI

                                        ATTORNEYS FOR DEFENDANT
                                        JULIAN OMIDI

DEFENDANT JULIAN OMIDI'S TRIAL MEMORANDUM CONCERNING THE SCOPE OF CROSS EXAMINATION
Case No.  CR No. 17-00661 (A) - DMG