Michael S. Schachter** (NY 3910205)
Randall W. Jackson** (NY 5274048)
Casey E. Donnelly** (NY 4936803)
**WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, New York 10019
Tel: (212) 728-8102; Fax: (728) 728-8111
Email: *mschachter@willkie.com*

*Attorneys for Defendant*,
Julian Omidi

[Additional Counsel Continued On Next Page]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>　　vs.<br><br>JULIAN OMIDI, INDEPENDENT MEDICAL SERVICES INC., a professional corporation, SURGERY CENTER MANAGEMENT, LLC, and MIRALI ZARABI, M.D.,<br><br>　　　Defendants. | Case No. CR 17-00661(A)-DMG<br><br>[*Assigned to Hon. Dolly M. Gee, District Court Judge*]<br><br>**DEFENDANTS JULIAN OMIDI'S AND MIRALI ZARRABI MD'S JOINT TRIAL MEMORANDUM CONCERNING THE NEWLY NOTICED EXHIBITS FOR DR. DANIEL NORMAN** |

1  [Additional Counsel Continued From Previous Page]

2

3  Simona Agnolucci (SBN 246943)
   **WILLKIE FARR & GALLAGHER LLP**
4  One Front Street
   San Francisco, CA 94111
5  Tel: (415) 858-7447, Fax: (415) 858-7599
6  Email: *sagnolucci@willkie.com*

7

8  Bruce H. Searby* (SBN 183267)
   Edmund W. Searby** (OH 067455)
9  **SEARBY LLP**
   1627 Connecticut Ave, NW, Suite 4
10 Washington, D.C. 20009
11 Tel: (202) 750-6106, Fax: (202) 849-2122
   Email: *bsearby@searby.law*
12 *\*Appearing specially   \*\* Appearing pro hac vice*
   *Counsel for Defendant Julian Omidi*
13

14

15

16

17

18

19

20

21

22

23

24

25

26
       - 2 -
   DEFENDANTS JULIAN OMIDI'S AND MIRALI ZARRABI MD'S JOINT TRIAL
27 MEMORANDUM CONCERNING THE NEWLY NOTICED EXHIBITS FOR DR. DANIEL
                         NORMAN
28              Case No. CR 17-00661(A)-DMG

This Court's standing criminal trial order states that "short briefs" concerning any "evidentiary issues" that may arise are "welcome," as the Court discourages sidebars to discuss issues that could have been raised outside the presence of the jury. Defendant Julian Omidi, by and through his counsel, respectfully submits this brief trial memorandum, regarding the government exhibits noticed on October 3, 2021 for the direct examination of Dr. Daniel Norman ("Dr. Norman"). Only days before the government intends to call expert witness Dr. Norman for direct examination, **the government noticed new exhibits for his testimony relating to over 40 previously undisclosed patients** ("New Exhibits"). (Ex. 1.) None of the patients related to the New Exhibits were the subject of Dr. Norman's expert report dated October 14, 2017 (Ex. 2), his expert report dated August 3, 2018 (Ex. 3), or his expert disclosure dated June 17, 2020. (Ex. 4.) The government should be precluded from introducing the New Exhibits as they are plainly outside the scope of Dr. Norman's disclosed testimony.

## I. THE COURT SHOULD PRECLUDE THE GOVERNMENT FROM SHOWING DR. DANIEL NORMAN THE NEW EXHIBITS.

"At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." Fed. R. Crim. P. 16(a)(1)(G). "If a party fails to comply with this rule, the court may: … prohibit that party from introducing the undisclosed evidence." Fed. R. Crim. P. 16(a)(1)(G). An Advisory Committee Note to Rule 16 explains that this is intended to "minimize surprise that often results from unexpected expert testimony ... and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." *See*, *e.g.*, *United States v. Holmes*,

No. 5:18-CR-00258-EJD-1, 2021 WL 2044470, at *34 (N.D. Cal. May 22, 2021) (finding the government's expert disclosures that did not identify the number or names of patients the expert would testify about to be insufficient under Rule 16, and denying the motion without prejudice where the start of trial was still months away and the government represented that it would promptly update its disclosures).

On June 16, 2020, the government provided the expert disclosure of Dr. Norman based on his reports dated October 14, 2017 and August 3, 2018 and various interviews with the government. (Exs. 1, 2) This disclosure explains that "Dr. Norman is expected to testify regarding the scoring and interpretation **of specific sleep study raw data provided to him, using the raw data and selected medical records provided**." (Ex. 3 at 11) (emphasis added.)[1] Given this, defendants were surprised on October 3, 2021, when the government noticed the New Exhibits which concern over 40 patients for whom Dr. Norman has never received raw data and were not even shown to Dr. Norman until well-after the trial began. (Ex. 1.) Dr. Norman's expert disclosure was plainly inadequate to allow defendants with a fair opportunity to cross-examine Dr. Norman regarding the New Exhibits in violation of Rule 16. The government should therefore be prohibited from using the New Exhibits on the direct examination of Dr. Norman.

The New Exhibits include:

---

[1] At the time of the expert disclosure, the government had provided raw data and patient files for the following 24 patients: Yousif Alzarooni, Yajaira Baez, Daymean Baker, Frank Caron, Peggy Crisp, David HuiHui, Rosa Donoso, James Harper, Leslie Lewis, Maribel Ortiz, Mariana Vilavicencio, Tiffany Waterhous, Cerena Ybarra, Maya Babila, Joseph Gydosh, Christine Hufstetler, Priscilla Leon, Cristiana Lorenzo, Veronica Lowrey, Felisa McGinnis, Jennifer Navasak, Rayna Payan, Shuronda Smith, and Sylvia Zamora. (Exs. 2,3.).

1. Documents of Dr. Neil Kline relating to specific patients. Dr. Norman has never been provided with nor reviewed the sleep study raw data or patient files for these patients.

- Ex. 368 – Dr. Kline sleep studies for patients: Delores Marsh, Gabriel Vasquez, Charlotte Mannings, Mike Morehead, Ivan Lopez, Ana Johnson, Tara Flores, Jaimey Crawford, Kathleen Parks, Kerry Savadin, Antwan Bethea, and Vicki Foster.

- Ex. 370 – email of Dr. Kline attaching sleep studies for patients: Jentila Biddle, Teresa Bugbee, Pamela Craft, Christine Curtis, Stephanie Kuykendall-Bernstein, Maria Lopez, Alisa Morrissey, Rasela Pua, Tracey Quick, Neomi Rosales, Donna Slomski, Leslie Spezziate, Jasmine Taylor, Joan Valle, and Rachel Zerbel.

- Ex. 372 – Dr. Kline sleep studies for patients: George Alvarado, Jose Alvarez, Pansy Baca, Candace Bailey, Antwan Bethea, Jentila Biddle, Teresa Bugbee, Pamela Craft, Christine Curtis, Stephanie Kuykendall-Bernstein, Maria Lopez, Alisa Morrissey, Rasela Pua, Tracey Quick, Neomi Rosales, Donna Slomski, Leslie Spezziate, Jasmine Taylor, Joan Valle, Rachel Zerbel, Jaimey Crawford, Tara Flores, Vicki Foster, Ana Johnson, Ivan Lopez, Charlotte Mannings, Delores Marsh, Timothy Moore, Mike Morehead, Kathleen Parks, TeRysa

Patterson, Kerry Savadin, Brandie Smith, and Gabriel Vasquez.

2. Documents pertaining to Veronica Coronado. Dr. Norman has never been provided with nor reviewed Veronica Coronado's sleep study raw data or patient files.

- Ex. 108 – Letter of Medical Necessity for Veronica Coronado
- Ex. 317 – Classic SleepCare prescription for CPAP for Veronica Coronado
- Ex. 725 – sleep study for Veronica Coronado

3. Documents pertaining to Shelby Nickle. Dr. Norman has never been provided with nor reviewed Shelby Nickle's sleep study raw data or patient files.

- Ex. 151 – sleep study for Shelby Nickle
- Ex. 767 – sleep study for Shelby Nickle

4. Documents pertaining to Kathleen Parks. Dr. Norman has never been provided with nor reviewed Kathleen Parks sleep study raw data or patient files.

- Ex. 376 – prescription for AutoPAP for Kathleen Parks
- Ex. 377 – UB-04 form for Kathleen Parks

5. Documents pertaining to Caraquita Steward. Dr. Norman has never been provided with nor reviewed Caraquita Steward's sleep study raw data or patient files.

- Ex. 159 – sleep study of Caraquita Steward
- Ex. 204 – sleep study of Caraquita Steward

      6.    Ex. 375 – UB-04 form pertaining to Rasela Pua. Dr. Norman has never been provided with nor reviewed the sleep study raw data or patient files for Rasela Pua.

      7.    Ex. 744 – Sleep study of Surinder Kaur. Dr. Norman has never been provided with nor reviewed the sleep study raw data or patient files for Surinder Kaur.

      8.    Ex. 347 – Request for pre-authorization for Maria Lopez. Dr. Norman has never been provided with nor reviewed the sleep study raw data or patient files for Maria Lopez.

      9.    Ex. 141 – Sleep study of Alexandra Adame. Dr. Norman has never been provided with nor reviewed the sleep study raw data or patient files for Alexandra Adame.

## II. CONCLUSION

We respectfully request that the Court prohibit the government from introducing the New Exhibits.

Dated: October 5, 2021

Respectfully submitted,
**WILLKIE FARR & GALLAGHER LLP**

By: s/ Randall W. Jackson
MICHAEL S. SCHACHTER
RANDALL W. JACKSON
CASEY E. DONNELLY
SIMONA AGNOLUCCI

ATTORNEYS FOR DEFENDANT
JULIAN OMIDI

**BROWN GEORGE ROSS O'BRIEN ANNAGUEY & ELLIS LLP**


By: <u>s/ Ivy A. Wang</u>
    THOMAS P. O'BRIEN
    IVY A. WANG

    JENNIE WANG VONCANNON


    ATTORNEYS FOR DEFENDANT
    MIRALI ZARRABI, M.D.