Michael S. Schachter** (NY 3910205)
Randall W. Jackson** (NY 5274048)
Casey E. Donnelly** (NY4936803)
**WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, New York 10019
Tel: (212) 728-8102; Fax: (728) 728-8111
Email: *mschachter@willkie.com*

Simona Agnolucci (SBN 246943)
**WILLKIE FARR & GALLAGHER LLP**
One Front Street
San Francisco, CA 94111
Tel: (415) 858-7447, Fax: (415) 858-7599
Email: *sagnolucci@willkie.com*

Bruce H. Searby* (SBN 183267)
Edmund W. Searby** (OH 067455)
**SEARBY LLP**
1627 Connecticut Ave, NW, Suite 4
Washington, D.C. 20009
Tel: (202) 750-6106, Fax: (202) 849-2122
Email: *bsearby@searby.law*

*Appearing specially  ** Appearing pro hac vice*

*Counsel for Defendant Julian Omidi*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>      v.<br><br>Julian Omidi, *et al.*,<br><br>                    Defendants. | Case No. CR No. 17-00661 (A) – DMG<br><br>**DEFENDANT JULIAN OMIDI'S EX PARTE APPLIATION FOR SUBPOENAS UNDER PRIVACY ACT 1974; DECLARATION OF MICHAEL S. SCHACHTER IN SUPPORT THEREOF; [PROPOSED] ORDER**<br><br>Courtroom of the Hon. Dolly M. Gee |

Defendant Julian Omidi hereby applies for an order permitting the issuance of subpoena *duces tecum*, pursuant to the Privacy Act 1974  5 U.S.C. § 552a(a), to Naval Hospital Camp Pendelton ("Camp Pendelton") and Naval Hospital Twentynine Palms ("Twentytnine Palms") for documents that are relevant to Mr. Omidi's defense.

In connection with his defense, Mr. Omidi seeks the medical records of a government witness who put at issue her medical condition, including diagnosis and treatment from previous physicians.  The records at issue are housed at military facilities and therefore can only be subpoenaed pursuant to a court order.

The government called Ms. Toya Simpson to testify at trial. The government was aware that Ms. Simpson had reported experiencing difficulty with her breathing. During an April 20, 2018 interview with the government (Ex. 3), Ms. Simpson told the government that in 2010 she had "episodes of not breathing" during her sleep, including one incident in which Ms. Simpson's daughter noticed that Ms. Simpson was not breathing in her sleep. (Ex. 3 at 1("late 2010 – daughter woke up – [Simpson] not breathing. doctor – nodules got bigger . . . having episodes of not breathing . . . still had issues not breathing").

Despite Ms. Simpson's own account of her breathing issues during the relevant time period, the government elicited testimony from Ms. Simpson that "no one has never [sic] noticed [her] not breathing," (Tr. at 2011:16) and that she was surprised to be diagnosed with sleep apnea because she "never had any experience with having difficulties with sleeping and breathing." (Tr. at 2015:17-18). The implication of the question and answer was that Weight Loss Centers gave Ms. Simpson a sleep study that was not medically necessary.

Mr. Omidi seeks to review Ms. Simpson's medical records from her doctors prior to being a Weight Loss Centers patient to determine whether or not Ms. Simpson had disclosed any history of breathing problems to prior physicians.

This Application is based on this Notice of Application, the files and records in this case, and any other matter that the Court may properly consider.

Dated:  October 17, 2021

Respectfully submitted,

**WILLKIE FARR & GALLAGHER LLP**

By: /s/ Michael S. Schachter
MICHAEL S. SCHACHTER
RANDALL W. JACKSON
CASEY E. DONNELLY
SIMONA AGNOLUCCI

ATTORNEYS FOR DEFENDANT
JULIAN OMIDI