TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KRISTEN A. WILLIAMS (Cal. Bar No. 263594)
Deputy Chief, Major Frauds Section
ALI MOGHADDAS (Cal. Bar No. 305654)
DAVID H. CHAO (Cal. Bar No. 273953)
DAVID C. LACHMAN (Cal. Bar No. 261711)
Assistant United States Attorneys
Major Frauds/General Crimes Sections
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2400
     Facsimile: (213) 894-6269
     E-mail:    Kristen.Williams@usdoj.gov
                Alex.Wyman@usdoj.gov
                Ali.Moghaddas@usdoj.gov
                David.Chao@usdoj.gov
                David.Lachman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 17-661(A)-DMG |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT JULIAN OMIDI'S MOTION TO COMPEL THE PRODUCTION OF NATIVE EXCEL SPREADSHEETS PROVIDED TO EXPERT WITNESS MICHAEL PETRON; MEMORANDUM IN SUPPORT THEREOF; DECLARATIONS OF MICHAEL PETRON AND KRISTEN A. WILLIAMS |
| v. | |
| JULIAN OMIDI, aka "Combiz Omidi," aka "Combiz Julian Omidi," aka "Kambiz Omidi," aka "Kambiz Beniamia Omidi," aka "Ben Omidi," SURGERY CENTER MANAGEMENT, LLC, and MIRALI ZARRABI, M.D., aka "Mirali Akba Ghandchi Zarrabi," aka "M.A. Ghandchi Zarrabi," | Trial Date: September 21, 2021<br>Time: 9:00AM<br>Location: Courtroom of the Hon. Dolly M. Gee |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Kristen A. Williams, Ali Moghaddas, David H. Chao, and David C. Lachman, hereby files its Opposition to defendant Julian Omidi's motion to compel the production of native excel spreadsheets provided to expert witness Michael Petron.

This Opposition is based upon the attached memorandum of points and authorities, the attached declarations of Michael Petron and Kristen A. Williams, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 22, 2021	Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

_____
KRISTEN A. WILLIAMS
ALI MOGHADDAS
DAVID H. CHAO
DAVID C. LACHMAN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

More than a year ago, the government disclosed the anticipated testimony of expert Michael Petron.  (See Mot. to Compel ("Mot."), Ex. 1, Dkt. 1446.)  Consistent with Federal Rule of Criminal Procedure 16 ("Rule 16"), the government's disclosure included information Mr. Petron reviewed and relied upon in forming his opinions, produced to the defense through spreadsheets in PDF.  (Id. at 1-2; Declaration of Kristen A. Williams ("Williams Decl."), attached hereto, ¶ 3.)  Defendant JULIAN OMIDI ("OMIDI") now moves to compel disclosure of additional materials Mr. Petron neither reviewed nor relied upon.  Such disclosure is not supported by Rule 16 or case law.  Moreover, although OMIDI had not previously identified to the government any issue with his ability to review the PDF production -- and, indeed, his lengthy motion in limine regarding Mr. Petron's testimony (Dkt. 1196) evidenced his ability to analyze and use that information -- the government has provided OMIDI with an Excel version of the columns and rows in the spreadsheet Mr. Petron reviewed and relied upon to alleviate any technical issues OMIDI may have recently encountered in reviewing that data in PDF.  Accordingly, OMIDI's motion should be denied.

**II.  ARGUMENT**

Rule 16 requires that the government provide "a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial."  Fed. R. Crim. P. 16(a)(1)(G).  Such a summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.  Id. (emphasis added).

These obligations are similar to the obligations imposed by the corresponding civil rules regarding expert disclosure, set forth in Federal Rule of Civil Procedure 26 ("Rule 26"), which require that a testifying expert provide a written report containing, among other things, "the facts or data considered by the witness" in forming the expert's opinions. Fed. R. Civ. P. 26(a)(2)(B)(ii) (emphasis added); see United States v. Reliant Energy Servs., Inc., No. CR 04-0125 VRW, 2007 WL 640839, at *2 (N.D. Cal. Feb. 27, 2007).

Under the plain language of both Rules 16 and 26, defendant is only entitled to information that formed a basis for the expert's opinion, or, at a minimum, was considered by that expert. Mr. Petron's report makes clear the particular portions of the spreadsheets that he used to formulate his opinions, and those portions of the spreadsheets were produced to the defense in PDF. (See Mot. Ex. 1; Declaration of Michael Petron ("Petron Decl.") ¶¶ 2-3.) Mr. Petron has attested that he did not review, much less rely upon, the other portions of the spreadsheets, including the minimized and hidden columns. (Petron Decl. ¶ 3.) In fact, because the spreadsheets were provided to Mr. Petron with certain columns already hidden and minimized and he did not maximize or "un-hide" them in the course of his work (id.; Williams Decl. ¶ 2), Mr. Petron did not effectively even receive the information in those other portions. Because Mr. Petron did not review, rely upon, or even effectively receive the information in the minimized/hidden columns or other tabs of the spreadsheets, OMIDI is not entitled to the information in

2

those other portions, and the government was not obligated to disclose that information to the defense.[1]

Courts considering similar circumstances have agreed. In Mushroom Assocs. v. Monterey Mushrooms, Inc., No. C-91-1092 BAC (PJH), 1992 WL 442898 (N.D. Cal. Aug. 21, 1992), defendants moved to compel the production of "all documents to which [plaintiff's expert] had access, regardless of whether such documents were used in the formulation of his expert testimony." Id. at *5. In that patent litigation, the plaintiff's expert was also the co-inventor of the subject patent, and therefore had access to information during the life of the patent. Id. at *4. Despite that access, the court limited the required disclosure to documents "considered by [the expert], whether rejected or relied upon," finding that the word "considered" applied to materials actually reviewed by the expert in preparation for his expert testimony. Id. at *5. Similarly, in Amway Corp. v. Procter & Gamble Co., No. 1:98CV726, 2001 WL 1877268 (W.D. Mich. Apr. 17, 2001), the court denied a motion to compel production of documents allegedly reviewed by a party's experts because the party "presented the court with affidavits and deposition testimony clearly establishing that the testifying expert witnesses

---

[1] Nor would the provision of any attorney work product in the materials Mr. Petron never read, reviewed, or relied upon necessarily amount to a waiver of the protections over that work product. In Amway Corp. v. Procter & Gamble Co., No. 1:98CV726, 2001 WL 1877268 (W.D. Mich. Apr. 17, 2001), the court found that "[i]f an expert witness has read a document provided by the client, effective cross-examination is guaranteed by finding a waiver of privilege, even if the testifying expert eschews any formal 'reliance' on the document. Where, however, the witness clearly did not read or review the documents, the purpose for the rule in favor of waiver vanishes." 2001 WL 1877268, at *1 (citing Johnson v. Gmeinder, 191 F.R.D. 638, 640 (D. Kan. 2000) ("Without proving disclosure, plaintiffs cannot prove waiver.")).

3

1 never read, reviewed or considered the subject documents in forming
2 their opinions." Id. at *1; see also Thieriot v. Jaspan Schlesinger
3 Hoffman LLP, No. CV 07-5315 TCP AKT, 2011 WL 4543308, at *4 (E.D.N.Y.
4 Sept. 29, 2011) (rejecting disclosure where parties "have presented
5 the Court with an affidavit from the expert and an affirmation from
6 counsel satisfactorily establishing that the testifying expert never
7 read, reviewed or considered the subject documents in forming his
8 opinion").

    The cases cited by OMIDI are not to the contrary. Reliant
10 Energy Services, Inc., for example, stands for the non-controversial
11 proposition that expert disclosure must include all "information
12 reviewed by the expert or on which the expert's opinions are based."
13 Id. 2007 WL 640839, at *2 (emphasis added). United States v. City of
14 Torrance, 163 F.R.D. 590, 593 (C.D. Cal. 1995), also cited by OMIDI
15 (Mot. at 5), addressed whether privileged communications between the
16 plaintiff's consulting expert and plaintiff's counsel were
17 discoverable under then-Rule 26(b). The Court in City of Torrance
18 noted that "the scope of discovery should not be limited to documents
19 relied on by the expert in support of his opinions, but should extend
20 to documents considered but rejected by the testifying expert in
21 reaching opinions. In fact, the documents considered but rejected by
22 the expert trial witness could be even more important for cross-
23 examination than those actually relied upon by him." Id. at 593-94
24 (cleaned up). The issue of whether documents reviewed or considered
25 by an expert should be disclosed, however, is not what is at issue
26 here. Because Mr. Petron neither reviewed nor considered the
27 minimized and hidden columns of the spreadsheets, Reliant Energy
28

4

Services and City of Torrance and the other authorities OMIDI cites[2] do not support the disclosure of the entirety of the spreadsheets.

Moreover, although OMIDI had not previously indicated a difficulty in reviewing the information in PDF, following the statements in court indicating such a difficulty, the government has now provided the discoverable information in an Excel format to facilitate the defense's review. (Williams Decl. ¶ 4.)

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court deny the motion.

---

[2] Regional Airport Authority of Louisville v. LFG, LLC, 460 F.3d 697 (6th Cir. 2006), also cited by OMIDI (Mot. at 5), concerned whether the disclosure of "data or other information," as Rule 26 then required, included the disclosure of attorney opinion work product provided to the expert. Id. at 715, 717. Regional Airport is not only inapposite, but it has been superseded by the 2010 amendments to Rule 26, which changed the "data or other information" language to the current language, "the facts or data considered by the witness." See Fed. R. Civ. P. 26(a)(2)(B)(ii) & Comm. Notes on 2010 Amendment.

5

**DECLARATION OF KRISTEN A. WILLIAMS**

I, Kristen A. Williams, state and declare as follows:

1. I am an Assistant United States Attorney ("AUSA") for the Central District of California and am one of the attorneys assigned to the prosecution of United States v. Julian Omidi, et al., CR No. 17-00661-DMG. I make this declaration in support of the Government's Opposition to defendant JULIAN OMIDI's Motion to Compel the Government to Produce the Native Excel Spreadsheets It Provided to Its Expert Witness, Michael Petron.

2. Based on my review of my correspondence with Michael Petron, I am aware that I emailed Mr. Petron the spreadsheet Sleep_Study_Spreadsheet—SVRS1-250_filtered—PART 1 Percentages Review—FINAL 051520.xlsx on May 15, 2020, and Sleep_Study_Spreadsheet—SVRS1-250_filtered—Part 2 Loss Analysis—FINAL 060520.xlsx on June 5, 2020. When I emailed these spreadsheets, the spreadsheets were filtered to display the rows corresponding to statistically valid random sample numbers 1-250 and contained certain hidden and minimized columns.

3. Based on my review of the discovery log in this case, I am aware that PDFs containing the information that I am informed and believe was reviewed and relied upon by Michael Petron from the spreadsheets he was provided were produced to defendants on June 17, 2020, and subsequently re-produced on August 21, 2020, and again on August 31, 2020 with column headings for easier review. The PDFs produced on August 31, 2020, are those in Exhibits 4 and 5 to OMIDI's Motion to Compel.

4. On October 22, 2021, I emailed defendants Excel spreadsheets with the rows and maximized/unhidden columns of

6

information from Exhibits 4 and 5 to OMIDI's Motion to Compel that I am informed and believe Mr. Petron reviewed and relied upon.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief and that this declaration was executed on October 22, 2021, at Los Angeles, California.

_____
KRISTEN A. WILLIAMS

## DECLARATION OF MICHAEL J. PETRON, CPA, CFE

I, Michael J Petron, state and declare as follows:

1. I am a Managing Director with Stout Risius Ross, LLC. ("Stout"). I make this declaration at the request of counsel for the United States. As detailed in my expert reported submitted on June 17, 2020, I designed and implemented the sample methodology to estimate the number of beneficiaries and the intended and actual losses associated with the allegations set forth in the First Superseding Indictment.[1]

2. To produce the extrapolations for Scenarios A-P that are detailed in paragraph 22 of my expert report, I used two spreadsheets ("Part 1" and "Part 2")[2] provided to me that contained a review of certain information regarding the sampled beneficiaries. In paragraph 22, I indicated the review file (Part 1 or Part 2) and which column in that file I used to produce the estimates along with the label of the column in the file. That information is summarized below.[3,4]

| Scenario | Scenario Description | Review File Used | Column(s) Used | Column(s) Label |
|---|---|---|---|---|
| A | AHI Value Below 5.0 | Part 1 | T,S | PSG (Y/N), AHI |
| B | AHI Value Between 5.0 and 14.9 | Part 1 | T,S | PSG (Y/N), AHI |
| C | AHI Value Between 15.0 and 29.9 | Part 1 | T,S | PSG (Y/N), AHI |
| D | AHI Value Greater than or Equal to 30.0 | Part 1 | T,S | PSG (Y/N), AHI |
| E | AHI Value Unable to Determine | Part 1 | T,S | PSG (Y/N), AHI |
| F | Altered Sleep Studies | Part 1 | AC | ALTERED AHI? (Y/N) |
| G | CPAP Study After PSG With AHI Below 5.0 | Part 1 | U | CPAP AFTER NORMAL PSG (Y/N/NA) |

---

[1] 'Doc 12 First Superseding Indictment.pdf'
[2] 'Sleep_Study_Spreadsheet--SVRS1-250_filtered--PART 1 Percentages Review--FINAL 051520.xlsx' and 'Sleep_Study_Spreadsheet--SVRS1-250_filtered--Part 2 Loss Analysis--FINAL 060520.xlsx'
[3] For Scenario K in Paragraph 22 of my expert report the column labeled "SS BILLED" incorrectly references column AV instead of column AJ.
[4] For Scenarios A-E, the extrapolations were based on two columns in the Part 1 file. If Column T labeled "PSG (Y/N)" had a value of "N", then that study sleep was assigned a value of 0, otherwise if it had a value of "Y" then the value in Column S labeled "AHI" was utilized.

| H | Dr. Zarrabi Produced Studies | Part 1 | AZ | ZARRABI PRODUCED SSR? (Y/N) |
|---|---|---|---|---|
| I | Dr. Zarrabi Feedback | Part 1 | BA | ZARRABI FEEDBACK (Y/N/NA) |
| J | CPAP or APAP Prescriptions from Dr. Zarrabi | Part 2 | AV | CPAP Rx MD |
| K | Intended Loss for Altered Sleep Studies | Part 2 | AJ | SS BILLED |
| L | Actual Loss for Altered Sleep Studies | Part 2 | AK | SS PAID |
| M | Intended Loss for Lap-Bands | Part 2 | AQ | AGG LB BILLED |
| N | Actual Loss for Lap-Bands | Part 2 | AS | AGG LB PAID |
| O | Intended Loss for CPAP | Part 2 | AX | CPAP BILLED |
| P | Actual Loss for CPAP | Part 2 | AY | CPAP PAID |

3. For both the Part 1 and Part 2 review files[5], certain columns were minimized or hidden. The files were also both prefiltered by column AD labeled "SVRS" for values between 1 and 250 identifies the sample units. I did not maximize or unhide any columns during the course of my work, nor did I change the prefilter. I used Column A labeled "Name" and Column AD labeled "SVRS" to identify the sample units that were reviewed. Only columns specifically referenced in this declaration were reviewed and relied upon to produce the estimates in my expert report. Each column I used was visible to me and required no manipulation of the files to read them.

4. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed in Washington, DC, on October 22, 2021.

---

[5] The Part 2 file contained four tabs. The only one that I considered was the first tab labeled "Patient Report Files List Info".

1

DECLARATION OF
MICHAEL J. PETRON

Respectfully submitted,

_____

Michael J. Petron                                      Date:   October 22, 2021