Michael S. Schachter** (NY 3910205)
Randall W. Jackson** (NY 5274048)
Casey E. Donnelly** (NY4936803)
**WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, New York 10019
Tel: (212) 728-8102; Fax: (728) 728-8111
Email: *mschachter@willkie.com*

Simona Agnolucci (SBN 246943)
**WILLKIE FARR & GALLAGHER LLP**
One Front Street
San Francisco, CA 94111
Tel: (415) 858-7447, Fax: (415) 858-7599
Email: *sagnolucci@willkie.com*

** *Appearing pro hac vice*
*Counsel for Defendant Julian Omidi*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| United States of America, | CR No. 17-00661 (A) – DMG |
|---|---|
| Plaintiff, | **DEFENDANT JULIAN OMIDI'S REPLY IN SUPPORT OF MOTION TO COMPEL THE GOVERNMENT TO PRODUCE THE NATIVE EXCEL SPREADSHEETS IT PROVIDED TO ITS EXPERT WITNESS, MICHAEL PETRON.** |
| v. | |
| Julian Omidi, *et al.*, | |
| Defendants. | |
| | [No Hearing Set] |

Defendant Julian Omidi ("Mr. Omidi"), by and through his counsel, Willkie Farr and Gallagher LLP, hereby submits this Reply in further Support of his Motion to compel the Government to produce the native excel spreadsheets it provided to its expert witness, Michael Petron (Dkt. 1446) (the "Motion").

## I. THE GOVERNMENT HAS NO BASIS, FACTUALLY OR LEGALLY, TO WITHHOLD FROM THE DEFENSE THE EXCEL SPREADSHEETS PROVIDED TO PETRON.

The Government claims that it does not need to produce to the defense the Excel spreadsheets that it provided to its expert witness, Mr. Petron. This is incorrect and nothing in the Government's Opposition merits a different conclusion.

As the October 22, 2021 Declaration of AUSA Williams makes clear, the Government emailed Mr. Petron the Excel spreadsheets at issue on May 15, 2020 and June 5, 2020. *See* Dkt. 1459, at 8. Mr. Petron's Report speaks generally of his reliance on both Excel spreadsheets and does *not* state that he refrained from examining any of the data provided to him.[1]

In order to get around this unhelpful fact, the Government asked Mr. Petron, last Friday, to sign a Declaration, in which he claims, eighteen months after he received these Excels, that he "did not maximize or unhide any columns during the course of [his] work." (*See* Dkt. 1459, at 11). Even if it was possible for Mr. Petron to have a clear recollection, a year and a half later, of everything he did, or didn't do, with respect to his review of these two Excels—which the defense doubts is the case—Mr. Petron's Declaration is insufficient to prove the point that the Government is trying to make. Mr. Petron admitted freely in his Report that he utilized a *team of associates* from his firm,

---

[1] Specifically, Mr. Petron, in his Report, states that "in arriving at the conclusions outlined below, I have relied upon my expertise in accounting, finance, statistics, and damages analysis and reviewed and considered the documents and data that I requested or have been made available to me by the parties in this matter. A list of such documents and data is set forth in Exhibit 3 or the footnotes to this report," and includes, without any caveat, the file names of the two Excel spreadsheets that the defense now seeks. *See* Dkt. 1446 at Ex. 2 (Expert Report) at ¶ 7 (under seal).

1   Stout, to "assist [him] with the review and analysis of information" provided by the
2   Government, *i.e.*, the Excels at issue.  Yet, Mr. Petron's October 22, 2021 Declaration
3   speaks only to what Mr. Petron *personally* recalls doing with the Excel spreadsheets,
4   which, of course, is a meaningless attestation if it was the associates working for him that
5   did the actual "review and analysis" of the Excel spreadsheets, as Mr. Petron's Report
6   suggests.  *See* Dkt. 1446 at Ex. 2 (Expert Report) at ¶ 7 (under seal).   The Government
7   has not obtained any Declarations from these associates, and it seems unlikely that any
8   competent associate working for Mr. Petron would *not* have expanded the minimized or
9   hidden columns, since any conscientious associate would be concerned about the
10  possibility of overlooking information that Stout needed for Mr. Petron's calculations.
11  The Government has not offered the Court any assurance that these associates would have
12  defied common sense and engaged in a statistical analysis without first ensuring that they
13  had reviewed all the of the data provided to Stout by the Government.
14       Because the Government has not come close to establishing that no one at Stout
15  who worked on the Report looked at the data in the minimized columns and rows, the
16  Government has no basis for even arguing to the Court that these columns should not be
17  produced to the defense.  Moreover, even if the Government had met such a burden—
18  which it has not—controlling law in the Ninth Circuit makes clear that factual information
19  provided to an expert witness, whether "relied on" or not, must be disclosed to the
20  opposing party.  In 2014, the Ninth Circuit decided *Republic of Ecuador v. Mackay*,
21  where it held that "work product" that was "prepared by non-attorneys" is not protected
22  from disclosure when those "materials are disclosed to a testifying expert."  *See* 742 F.3d

860, 871, n.4 (9th Cir. 2014).[2]  Here, there is no dispute that the information in the hidden columns was inputted by SA Tooma, who is not an attorney.  If the Government did not want the "minimized" information in the Excel spreadsheets disclosed to the defense, it should not have turned this information over to Stout.  Having done so, it has no basis for continuing to withhold this information from the defense.  *See, e.g., SPS Techs., LLC v. Briles Aero., Inc.*, No. CV 18-9536-MWF (ASx), 2021 U.S. Dist. LEXIS 24945, at *7 (C.D. Cal. Feb. 5, 2021) (ordering production of a video sent to an expert witness and explaining that the Ninth Circuit "has defined materials 'considered' [by an expert] to be any materials an expert '*was provided* or otherwise exposed to'").  Moreover, given the fact that the Government has confirmed that SA Tooma will be a testifying witness for the Government, all of the information in the Excels, which were created by SA Tooma, are discoverable and should be produced to the defense under 18 U.S.C. § 3500.

## CONCLUSION

For all the reasons stated herein, Mr. Omidi respectfully requests that the Court compel the Government to immediately produce the native Excel versions of Sleep_Study_Spreadsheet--SVRS1-250_filtered--PART 1 Percentages Review--FINAL 051520.xlsx" and "Sleep_Study_Spreadsheet--SVRS1-250_filtered--Part 2 Loss Analysis--FINAL 060520.xlsx" that were provided to Mr. Petron.

---

[2] While *Republic of Ecuador* concerned the scope of Rule 26 of the Rules of Civil Procedure, both parties agree that the Civil Rules are instructive in criminal cases with respect to required expert disclosures.  *See* Gov. Opp. at 4 (acknowledging that Rule 26 is instructive with respect to required disclosures under Rule 16 of the Rules of Criminal Procedure); *see also United States v. Reliant Energy Servs., Inc.*, No. 04-cr-0125, 2007 WL 640839, at *2 (N.D. Cal. Feb 27, 2007) (citing both Rule 16 and Federal Rule of Civil Procedure 26 in considering the scope of expert disclosure in a criminal case).

46974215.2

Dated: October 24, 2021

Respectfully submitted,

**WILLKIE FARR & GALLAGHER LLP**

By: s/ Michael S. Schachter
MICHAEL S. SCHACHTER
RANDALL W. JACKSON
CASEY E. DONNELLY
SIMONA AGNOLUCCI

ATTORNEYS FOR DEFENDANT
JULIAN OMIDI