# Exhibit 2

**From:** Wyman, Alex (USACAC) <Alex.Wyman@usdoj.gov>
**Sent:** Friday, January 22, 2021 4:05 PM
**To:** Schachter, Michael; Jackson, Randall; Donnelly, Casey; Chanderraj, Ravi; Brennan, John L.; 'Morris, Kimberly S.'; mike@wex.law
**Cc:** Williams, Kristen (USACAC) 2; Ostiller, Cathy (USACAC)
**Subject:** Stipulation to Continue Trial
**Attachments:** Speedy Trial Stip 8-31-2021--01222021.pdf; Proposed Order Continuing Trial 8-31-2021--01222021.pdf

<div style="border:1px solid #999; padding:4px;">

**\*\*\* EXTERNAL EMAIL \*\*\***

</div>

Counsel,

Attached is a proposed stipulation and accompanying proposed order to continue the trial date to August 31.  Mr. Devereux, we took the liberty of drafting a stipulation while waiting for SCM's position on the continuance.

Please review with your clients and let us know if you would like to discuss.  We need Mr. Omidi's signature on the signature page, but Mr. Devereux, we can sign on your behalf if you approve of the stipulation.

Thanks,
Alex

**Alex Wyman | Assistant United States Attorney**
**Major Frauds Section**
United States Attorney's Office | Central District of California
312 N. Spring St. | Los Angeles, California  90012
T: 213.894.2435 | Alex.Wyman@usdoj.gov

TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
KRISTEN A. WILLIAMS (Cal. Bar No. 263594)
Deputy Chief, Major Frauds Section
CATHY J. OSTILLER (Cal. Bar No. 174582)
Senior Litigation Counsel
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorneys
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0526/6159/2435
     Facsimile: (213) 894-6269
     E-mail:    Kristen.Williams@usdoj.gov
                Cathy.Ostiller@usdoj.gov
                Alex.Wyman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 17-661(A)-DMG |
|---|---|
| Plaintiff, | [PROPOSED] ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| JULIAN OMIDI, | [PROPOSED] TRIAL DATE: |
|   aka "Combiz Omidi," |   August 31, 2021, at 8:30AM |
|   aka "Combiz Julian Omidi," | |
|   aka "Kambiz Omidi," | [PROPOSED] PRETRIAL CONFERENCE DATE: |
|   aka "Kambiz Beniamia Omidi," | |
|   aka "Ben Omidi," |   August 18, 2021, at 10:00AM |
| SURGERY CENTER MANAGEMENT, LLC, and | |
| MIRALI ZARRABI, M.D., | Courtroom of the Hon. Dolly M. Gee |
|   aka "Mirali Akba Ghandchi Zarrabi," | |
|   aka "M.A. Ghandchi Zarrabi," | |
| Defendants. | |

     The Court has read and considered the Stipulation Regarding

Request for (1) Continuance of Trial Date and (2) Findings of

1   Excludable Time Pursuant to the Speedy Trial Act, filed by the

2   parties in this matter on January 22, 2021.  The Court hereby finds

3   that the Stipulation, which this Court incorporates by reference into

4   this Order, demonstrates facts that support a continuance of the

5   trial date in this matter, and provides good cause for a finding of

6   excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

7        The Court further finds that: (i) the ends of justice served by

8   the continuance outweigh the best interest of the public and

9   defendants in a speedy trial; (ii) failure to grant the continuance

10  would be likely to make a continuation of the proceeding impossible,

11  or result in a miscarriage of justice; (iii) failure to grant the

12  continuance would unreasonably deny defendants continuity of counsel

13  and would deny defense counsel the reasonable time necessary for

14  effective preparation, taking into account the exercise of due

15  diligence; (iv) the case is so unusual and so complex, due to the

16  nature of the prosecution, that it is unreasonable to expect

17  preparation for pretrial proceedings or for the trial itself within

18  the time limits established by the Speedy Trial Act; (v) the time

19  period of May 23, 2018 to the date upon which the Court resolves the

20  pending motions (Dkt. 212, 224, 275, 764, 770, 774), inclusive,

21  should be excluded pursuant to 18 U.S.C. § 3161(h)(1)(D), because it

22  constitutes a delay resulting from pretrial motions, from the filing

23  of the motions through the prompt resolution of the motions; and

24  (vi) the time period of May 4, 2021, to August 31, 2021, constitutes

25  a reasonable period of delay for defendant MIRALI ZARRABI, M.D., who

26  is joined for trial with codefendants as to whom the time for trial

27  has not run and no motion for severance has been granted.

28

THEREFORE, FOR GOOD CAUSE SHOWN:

1.    The trial in this matter is continued from May 4, 2021 to August 31, 2021.  The final pretrial conference is continued from April 21, 2021 to August 18, 2021, at 10:00AM.  The Court further continues the applicable pretrial deadlines as follows:

| | Previous Dates | New Dates |
|---|---|---|
| **Pretrial Motions** | | |
| Motions Deadline | January 27, 2021 | May 17, 2021 |
| Oppositions Deadline | February 10, 2021 | May 31, 2021 |
| Replies Deadline | February 17, 2021 | June 14, 2021 |
| Hearing on Pretrial Motions | March 3, 2021 at 11:00AM | June 23, 2021 at 11:00AM |
| **Disclosure** | | |
| Deadline for Defense Disclosure of Expert Witnesses | March 8, 2021 | July 5, 2021 |
| Deadline for Government's Final Disclosure of Witness and Exhibit Lists | March 15, 2021 | July 12, 2021 |
| Deadline for Government's Disclosure of Jencks and *Giglio* (including *Henthorn*) Material | March 22, 2021 | July 19, 2021 |
| Deadline for Defense Disclosure of Witness and Exhibit Lists | April 20, 2021 | August 17, 2021 |
| **Motions *in Limine*** | | |
| Motions *in Limine* Deadline | March 24, 2021 | July 21, 2021 |
| Oppositions Deadline | April 7, 2021 | August 4, 2021 |
| Hearing on Motions *in Limine* / Pretrial Conference | April 21, 2021 at 10:00AM | August 18, 2021 at 10:00AM |
| **Other Pretrial Deadlines** | | |
| All Plea Negotiations Completed | March 31, 2021 | July 28, 2021 |
| Any Guilty Pleas Entered | April 14, 2021 | August 11, 2021 |

2.    The time period of May 4, 2021 to August 31, 2021, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(1)(D), (h)(6), (h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv).

3.    Defendants shall appear in Courtroom 8C of the Federal Courthouse, 350 West 1st Street, Los Angeles, California on August 18, 2021, at 10:00AM, for the final pretrial conference, and on August 31, 2021, at 8:30AM, for trial.

4.    Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.


_____          _____
 DATE                                                            HONORABLE DOLLY M. GEE
                                                                      UNITED STATES DISTRICT JUDGE




Presented by:

____/s/_____
KRISTEN A. WILLIAMS
CATHY J. OSTILLER
ALEXANDER C.K. WYMAN
Assistant United States Attorneys

4

TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
KRISTEN A. WILLIAMS (Cal. Bar No. 263594)
Deputy Chief, Major Frauds Section
CATHY J. OSTILLER (Cal. Bar No. 174582)
Senior Litigation Counsel
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorneys
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0526/6159/2435
     Facsimile: (213) 894-6269
     E-mail:    Kristen.Williams@usdoj.gov
                Cathy.Ostiller@usdoj.gov
                Alex.Wyman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 17-661(A)-DMG |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PURSUANT TO THE SPEEDY TRIAL ACT |
| v. | |
| JULIAN OMIDI,<br>  aka "Combiz Omidi,"<br>  aka "Combiz Julian Omidi,"<br>  aka "Kambiz Omidi,"<br>  aka "Kambiz Beniamia Omidi,"<br>  aka "Ben Omidi,"<br>SURGERY CENTER MANAGEMENT, LLC, and<br>MIRALI ZARRABI, M.D.,<br>  aka "Mirali Akba Ghandchi Zarrabi,"<br>  aka "M.A. Ghandchi Zarrabi,"<br><br>          Defendants. | **CURRENT TRIAL DATE:**<br>  5/4/2021 at 8:30AM<br>**CURRENT PRETRIAL CONFERENCE DATE:**<br>  4/21/2021 at 10:00AM<br><br>**PROPOSED TRIAL DATE:**<br>  8/31/2021 at 8:30AM<br>**PROPOSED PRETRIAL CONFERENCE DATE:**<br>  8/18/2021 at 10:00AM<br><br>Courtroom of the Hon. Dolly M. Gee |

     Plaintiff United States of America, by and through its counsel
of record, the Acting United States Attorney for the Central District

of California and Assistant United States Attorneys Kristen A. Williams, Cathy J. Ostiller, and Alexander C.K. Wyman; defendant JULIAN OMIDI ("OMIDI"), both individually and by and through his counsel of record, Michael S. Schachter and Randall W. Jackson; and defendant SURGERY CENTER MANAGEMENT, LLC ("SCM"), by and through its counsel of record, Michael Devereux, hereby stipulate as follows:

1.    The Indictment in this case was filed on October 18, 2017. The First Superseding Indictment was filed on January 24, 2018. Defendants OMIDI and MIRALI ZARRABI ("ZARRABI") first appeared before a judicial officer of the court in which the charges in this case were pending on February 28, 2018.  Defendants INDEPENDENT MEDICAL SERVICES, INC. ("IMS") and SCM first appeared before a judicial officer of the court in which the charges in this case were pending on March 20, 2018.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before May 9, 2018, as to OMIDI and ZARRABI, and on or before May 29, 2018, as to IMS and SCM.

2.    On February 28, 2018, the Court set a trial date of May 1, 2018, and a status conference date of April 18, 2018, as to OMIDI and ZARRABI.  On March 20, 2018, the Court set a trial date of May 22, 2018, and a status conference date of May 9, 2018, as to IMS and SCM.

3.    On May 13, 2019, the Court granted the government's motion to sever IMS for trial and to stay the case as against IMS.  (Dkt. 519.)

4.    OMIDI and ZARRABI are released on bond pending trial.  SCM is a corporate defendant.  The parties estimate that the trial in this matter will last approximately four weeks.  These three

1  defendants are joined for trial, and a severance has not been

2  granted.

3    5.   The Court has previously continued the trial date in this

4  case from May 1, 2018, for OMIDI and ZARRABI, and from May 22, 2018,

5  for SCM, to May 4, 2021, and found the interim periods to be excluded

6  in computing the time within which the trial must commence, pursuant

7  to the Speedy Trial Act.

8    6.   By this stipulation, defendants OMIDI and SCM move to

9  continue the trial date to August 31, 2021, and the pretrial

10  conference to August 18, 2021.  The parties have proposed additional

11  pretrial deadlines in the accompanying proposed order.

12    7.   OMIDI and SCM request the continuance based upon the

13  following facts, which the parties to this stipulation believe

14  demonstrate good cause to support the appropriate findings under the

15  Speedy Trial Act:

16       a.   OMIDI, SCM, and ZARRABI are charged with twenty-eight

17  counts of mail fraud, in violation of 18 U.S.C. § 1341, and three

18  counts of wire fraud, in violation of 18 U.S.C. § 1343.  OMIDI and

19  ZARRABI are separately charged with two counts of making false

20  statements relating to health care matters, in violation of 18 U.S.C.

21  § 1035, and OMIDI is also charged with one count of aggravated

22  identity theft, in violation of 18 U.S.C. § 1028A(a)(1).  OMIDI and

23  SCM are charged with one count of conspiracy to commit promotional

24  money laundering, in violation of 18 U.S.C. § 1956(h), and OMIDI is

25  charged with two counts of promotional money laundering, in violation

26  of 18 U.S.C. § 1956(a)(1)(A)(i).

27       b.   As described more fully in the government's Status

28  Reports (Dkt. 137 at 2-9, 255 at 2-3, 536 at 4-5, 562 at 4, 612 at 5-

3

6, 624 at 5-6, 645 at 3), which are incorporated herein by reference,
the government has produced more than 6 million pages of discovery to
defendants, including numerous audio and video recordings, reports of
interviews, grand jury transcripts, search warrants, and a
significant volume of data retrieved from the approximately 206
digital devices that were seized over the course of the government's
investigation.  The government also has produced additional materials
in connection with its expert and insurance company witness
disclosures.  (Dkt. 680 at 3-4.)  Defendants OMIDI and SCM do not
dispute that the government has properly produced this discovery.
Nevertheless, current counsel for OMIDI, who substituted in to
represent OMIDI on November 12, 2020 (OMIDI's attorneys from Searby
LLP and Baker & Hostetler LLP) and on December 28, 2020 (OMIDI's
attorneys from Willkie Farr & Gallagher LLP), have been unable to
locate certain discovery productions containing a significant amount
of the government's discovery in this case.  Government counsel have
been working diligently with counsel for OMIDI to provide copies of
the missing productions to OMIDI so that counsel for OMIDI can review
the discovery as soon as possible and sufficiently in advance of the
proposed trial and pretrial dates sought in this stipulation to allow
counsel for OMIDI to prepare his defense.

          c.   Due to the nature of the prosecution, including the
charges in the First Superseding Indictment and the voluminous
discovery produced to defendants, this case is so unusual and so
complex that it is unreasonable to expect adequate preparation for
pretrial proceedings or for the trial itself within the Speedy Trial
Act time limits.

1        d.   In light of the foregoing, counsel for OMIDI and SCM

2    also represent that additional time is necessary to confer with their

3    clients, conduct and complete an independent investigation of the

4    case, conduct and complete additional legal research including for

5    potential pretrial motions, review the discovery and potential

6    evidence in the case, and prepare for trial in the event that a

7    pretrial resolution does not occur.  Defense counsel represent that

8    failure to grant the continuance would deny them reasonable time

9    necessary for effective preparation, taking into account the exercise

10   of due diligence.

11       e.   On May 23, 2018, OMIDI filed a motion to compel

12   discovery regarding the government's knowledge of a joint defense

13   agreement.  (Dkt. 212.)  On May 29, 2018, OMIDI filed a motion to

14   compel the government's taint team to produce discovery.  (Dkt. 224.)

15   On June 12, 2018, OMIDI filed a motion for reconsideration of the

16   Court's Order denying defendants' motion to strike the government's

17   request for factual findings on a joint defense agreement.  (Dkt.

18   275.)  On June 18, 2018, the Court vacated the briefing schedule on

19   these motions.  (Dkt. 283.)  Although OMIDI's former counsel tried to

20   withdraw these motions (Dkt. 386), the Court struck the notice of

21   withdrawal (Dkt. 389), and the motions remain pending before the

22   Court.

23       f.   On August 28, 2020, OMIDI filed a motion requesting

24   judicial findings on joint defense privilege issues.  (Dkt. 764, 770,

25   774.)  That motion remains pending before the Court.

26       g.   OMIDI and SCM believe that failure to grant the

27   continuance will deny them continuity of counsel and adequate

28   representation.

1     8.    OMIDI and SCM also request the continuance based upon the

2   following facts related to the COVID-19 pandemic, which the parties

3   to this stipulation also believe demonstrate good cause to support

4   the appropriate findings under the Speedy Trial Act:

5         a.    On March 13, 2020, following the President's

6   declaration of a national emergency in response to COVID-19, the

7   Court entered a General Order suspending jury selection and jury

8   trials.  C.D. Cal. General Order No. 20-02, In Re: Coronavirus Public

9   Emergency, Order Concerning Jury Trials and Other Proceedings (Mar.

10  13, 2020).  The Court renewed that suspension, until a "date to be

11  determined," on August 6, 2020.  C.D. Cal. General Order No. 20-09,

12  In Re: Coronavirus Public Emergency, Further Order Concerning Jury

13  Trials and Other Proceedings (Aug. 6, 2020).  To this day, "[j]ury

14  trials remain suspended."  See C.D. Cal. Order of the Chief Judge No.

15  20-186, In Re: Coronavirus Public Emergency, Use of Video and

16  Telephonic Conference Technology in Certain Criminal Proceedings

17  (Dec. 17, 2020); C.D. Cal. Order of the Chief Judge No. 20-179, In

18  Re: Coronavirus Public Emergency, Activation of Continuity of

19  Operations Plan, at 3 (Dec. 7, 2020); C.D. Cal. Order of the Chief

20  Judge No. 21-002, In Re: Coronavirus Public Emergency, Extension of

21  Continuity of Operations Plan, at 2 (Jan. 6, 2021).

22        b.    Also on March 13, 2020, the Court imposed health- and

23  travel-related limitations on access to Court facilities.  C.D. Cal.

24  General Order No. 20-03, In Re: Coronavirus Public Emergency, Order

25  Concerning Access to Court Facilities (Mar. 13, 2020).  On March 19,

26  2020, by Order of the Chief Judge, the Court instituted its

27  Continuity of Operations Plan ("COOP"), closing all Central District

28  of California courthouses to the public (except for hearings on

6

1   criminal duty matters) and taking other emergency actions.  C.D. Cal.

2   Order of the Chief Judge No. 20-042 (Mar. 19, 2020).  On March 29 and

3   31, recognizing COVID-19's continued spread in the community, the

4   Court took further action: implementing video-teleconference and

5   telephonic hearings and suspending all grand-jury proceedings.  C.D.

6   Cal. Orders of the Chief Judge Nos. 20-043 (Mar. 29, 2020) and 20-044

7   (Mar. 31, 2020); see C.D. Cal. Order of the Chief Judge No. 20-186

8   (Dec. 17, 2020) ("extend[ing] all findings and authorizations in

9   Order of the Chief Judge No. 20-043 for an additional 90 days unless

10   earlier terminated").

11         c.    On August 6 and September 14, 2020, the Court slightly

12   relaxed its restrictions to permit in-person criminal hearings for

13   defendants who do not consent to remote appearance and to allow up to

14   ten members of the public to attend.  General Order No. 20-09, at 2-

15   3; C.D. Cal. General Order No. 20-12, In Re: Coronavirus Public

16   Emergency Order Concerning Reopening of the Southern Division, at 2

17   (Sept. 14, 2020).  However, on December 7, 2020, following "an

18   unprecedented surge of COVID-19 cases, hospitalizations, and test

19   positivity rates in the Central District," the Court reinstituted its

20   COOP Plan.  Order of the Chief Judge No. 20-179, at 1-2.  Pursuant to

21   the COOP Plan, all grand jury proceedings have been suspended and

22   court facilities are once again closed to the public except for

23   hearings on certain criminal duty matters, through and including

24   January 29, 2021.  Order of the Chief Judge No. 20-179, at 2-3; Order

25   of the Chief Judge No. 21-002, at 2.  The Court's most recent orders,

26   issued in response to a surge in COVID-19 cases, once again close all

27   courthouses in the district to the public except for hearings on

28

1    criminal duty matters.  Order of the Chief Judge No. 20-179 at 2;

2    Order of the Chief Judge No. 21-002, at 1-2.

3         d.   The Court's orders were imposed based on (1) the

4    California Governor's declaration of a public-health emergency in

5    response to the spread of COVID-19, as well as (2) the Centers for

6    Disease Control's advice regarding reducing the possibility of

7    exposure to the virus and slowing the spread of the disease.  See,

8    e.g., General Order 20-02, at 1.  The Chief Judge has recognized

9    that, during the COVID-19 crisis, all gatherings should be limited to

10   no more than ten people and elderly and other vulnerable people

11   should avoid person-to-person contact altogether.  See Order of the

12   Chief Judge No. 20-042, at 1-2.  The Court has more broadly

13   recognized CDC guidance advising "precautions to reduce the

14   possibility of exposure to the virus and slow the spread of the

15   disease."  General Order 20-09, at 1.

16        e.   Local and state governments have adopted similar

17   policies.  On March 19, 2020, both Los Angeles Mayor Eric Garcetti

18   and California Governor Gavin Newsom issued emergency orders

19   requiring residents to "stay home," subject to limited exceptions.

20   California Executive Order N-33-20 (March 19, 2020); accord Safer at

21   Home, Public Order Under City of Los Angeles Emergency Authority ¶ 1

22   (Mar. 19, 2020).  Subject to similarly limited exceptions, all travel

23   was prohibited.  Safer At Home ¶ 4.  Non-essential businesses

24   requiring in-person attendance by workers were ordered to cease

25   operations.  Id. ¶ 2.  All schools in the Los Angeles Unified School

26   District remain closed to in-person classes.

27        f.   On December 3, 2020, the Acting State Public Health

28   Officer of the State of California issued a Regional Stay at Home

Order based on the "unprecedented surge in the level of community spread of COVID-19." California Regional Stay at Home Order 12/03/2020 (Dec. 3, 2020). That order went into effect on December 6, 2020 and restricts business and social activities, including by suspending outdoor restaurant operations, in California regions for which ICU bed capacity is less than 15%. As the Chief Judge's December 7, 2020 Order reactivating the COOP Plan recognized, ICU availability in the Southern California region, which includes the entire Central District, fell below 15% as soon as the Regional Stay at Home Order went into effect. Order of the Chief Judge No. 20-179, at 2. When the COOP Plan was extended on January 6, 2021, ICU availability in the Southern California region was at 0.0%. Order of the Chief Judge 21-002, at 1.

   g. The Federal Bureau of Prisons ("BOP") has likewise adopted aggressive procedures to protect federal inmates. On April 1, 2020, all BOP facilities nationwide instituted a two-week lockdown in order to combat the spread of COVID-19 and to protect people in custody. See Federal Bureau of Prisons, COVID-19 Action Plan: Phase Five (Mar. 31, 2020), available at https://www.bop.gov/resources/news/20200331_covid19_action_plan_5.jsp. Under earlier orders, the BOP updated its quarantine and isolation procedures to require all newly admitted inmates to be quarantined for a minimum of 14 days. Id. It likewise suspended in-person social visitation and restricted inmate movement between facilities. See Federal Bureau of Prisons, Bureau of Prisons Update on COVID-19 (Mar. 24, 2019), available at https://www.bop.gov/resources/news/pdfs/20200324_bop_press_release_covid19_update.pdf. Many of these restrictions remain in place.

h.    As these measures reflect, the coronavirus pandemic is a global emergency that is unprecedented in modern history.  As data from both the Centers for Disease Control and the California Department of Public Health reflect, the virus has spread through the United States community at an alarming rate.  See Coronavirus Disease 2019 (COVID-19) in the U.S., Centers for Disease Control and Prevention (updated daily), available at https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html; Coronavirus Disease 2019 (COVID-19), California Department of Public Health (updated daily), available at https://www.cdph.ca.gov/Programs/CID/DCDC/Pages/Immunization/ncov2019.aspx.  The death toll, across the world, is staggering.

i.    Based on these facts, the Court's August 6, 2020 General Order found that the suspension of criminal jury trials was necessary to protect public health, reduce the size of public gatherings, and reduce unnecessary travel.  General Order 20-09, at 1.  The Court determined that, given the increased rates of COVID-19-related hospitalization and death over the preceding 30 days, "holding jury trials substantially increases the chances of transmitting the Coronavirus" and would "place prospective jurors, defendant[s], attorneys, and court personnel at unnecessary risk." Id. at 3.  The Court concluded that suspending jury trials thus served the ends of justice and outweighed the interests of the public and defendants in a speedy trial.  Id.

j.    The Central District of California thus far has not adopted any protocols for safely conducting jury trials.  See id. Holding trial or requiring trial preparation to occur before the COVID-19 pandemic is adequately addressed would pose grave health

risks to jurors, venirepersons, court staff, the parties, and their counsel.

       k.  Moreover, and under the specific circumstances of this case, a continuance is particularly appropriate here because this case involves three defendants and is estimated to last four weeks, making the jury selection process lengthier and more difficult.

9.  The government does not object to the request for a continuance, and the requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

10.  Based on all of the foregoing, for purposes of computing the date under the Speedy Trial Act by which defendants' trial must commence, the parties agree that the time period of May 4, 2021, to August 31, 2021, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendants' request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendants in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution, that it is unreasonable to expect preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would

1    unreasonably deny OMIDI and SCM continuity of counsel and would deny

2    defense counsel the reasonable time necessary for effective

3    preparation, taking into account the exercise of due diligence.

4        11.   The parties to this stipulation also agree that the time

5    period of May 23, 2018, to the date upon which the Court resolves the

6    pending motions (Dkt. 212, 224, 275, 764, 770, 774), inclusive,

7    should be excluded pursuant to 18 U.S.C. § 3161(h)(1)(D), because it

8    constitutes a delay resulting from pretrial motions, from the filing

9    of the motions through the prompt resolution of the motions.

10       12.   In addition, the parties agree that, pursuant to 18 U.S.C.

11   § 3161(h)(6), the time period of May 4, 2021, to August 31, 2021,

12   constitutes a reasonable period of delay for ZARRABI, who is joined

13   for trial with codefendants as to whom the time for trial has not run

14   and no motion for severance has been granted.  Counsel for ZARRABI

15   have indicated to government counsel that ZARRABI objects to any

16   trial continuance and noted that they have a two-week trial in United

17   States v. Gabaee, CR 18-331-GW, currently set for August 10, 2021,

18   but that they have no further conflicts in August or September 2021.

19       13.   Nothing in this stipulation shall preclude a finding that

20   other provisions of the Speedy Trial Act dictate that additional time

21   periods be excluded from the period within which trial must commence.

22   Moreover, the same provisions and/or other provisions of the Speedy

23   //

24   //

25   //

26   //

27   //

28   //

1  Trial Act may in the future authorize the exclusion of additional

2  time periods from the period within which trial must commence.

3       IT IS SO STIPULATED.

4   Dated: January 22, 2021           Respectfully submitted,

5                                     TRACY L. WILKISON
                                      Acting United States Attorney
6
                                      BRANDON D. FOX
7                                     Assistant United States Attorney
                                      Chief, Criminal Division
8

9                                     _____/s/_____
                                      KRISTEN A. WILLIAMS
10                                    CATHY J. OSTILLER
                                      ALEXANDER C.K. WYMAN
11                                    Assistant United States Attorneys

12                                    Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **DECLARATION OF MICHAEL S. SCHACHTER**

2      I am JULIAN OMIDI's attorney.  I have carefully discussed every

3  part of this stipulation and the continuance of the trial date with

4  my client.  I have fully informed my client of his Speedy Trial

5  rights.  To my knowledge, my client understands those rights and

6  agrees to waive them.  I believe that my client's decision to give up

7  the right to be brought to trial earlier than August 31, 2021 is an

8  informed and voluntary one.

9

10      ___*/s/ (per email authorization)*___      ___January 22, 2021___
   MICHAEL S. SCHACHTER                Date
11 Attorney for Defendant
   JULIAN OMIDI

12

13      I have read this stipulation and have carefully discussed it

14  with my attorney.  I understand my Speedy Trial rights.  I

15  voluntarily agree to the continuance of the trial date, and give up

16  my right to be brought to trial earlier than August 31, 2021.  I

17  understand that I will be ordered to appear in Courtroom 8C of the

18  Federal Courthouse, 350 W. 1st Street, Los Angeles, California on

19  August 18, 2021, at 10:00AM, for a pretrial conference, and on August

20  31, 2021, at 8:30AM, for trial.

21

22  _____      _____
   JULIAN OMIDI                      Date
23 Defendant

24

25

26

27

28

                                     14

### <u>DECLARATION OF MICHAEL DEVEREUX</u>

I am SURGERY CENTER MANAGEMENT, LLC's ("SCM") attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client.  I have fully informed my client of SCM's Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than August 31, 2021 is an informed and voluntary one.


     <u>/s/ (per email authorization)</u>     <u>January 22, 2021</u>
MICHAEL DEVEREUX                        Date
Attorney for Defendant
SURGERY CENTER MANAGEMENT, LLC