TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KRISTEN A. WILLIAMS (Cal. Bar No. 263594)
Deputy Chief, Major Frauds Section
ALI MOGHADDAS (Cal. Bar No. 305654)
DAVID H. CHAO (Cal. Bar No. 273953)
DAVID C. LACHMAN (Cal. Bar No. 261711)
Assistant United States Attorneys
Major Frauds/General Crimes Sections
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2400
     Facsimile: (213) 894-6269
     E-mail:    Kristen.Williams@usdoj.gov
                Ali.Moghaddas@usdoj.gov
                David.Chao@usdoj.gov
                David.Lachman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JULIAN OMIDI, <br>  aka "Combiz Omidi," <br>  aka "Combiz Julian Omidi," <br>  aka "Kambiz Omidi," <br>  aka "Kambiz Beniamia Omidi," <br>  aka "Ben Omidi," <br> SURGERY CENTER MANAGEMENT, LLC, <br> and <br> MIRALI ZARRABI, M.D., <br>  aka "Mirali Akba Ghandchi Zarrabi," <br>  aka "M.A. Ghandchi Zarrabi," <br><br> Defendants. | No. CR 17-661(A)-DMG <br><br> GOVERNMENT'S RESPONSE TO DEFENDANT JULIAN OMIDI'S TRIAL MEMORANDA REGARDING JURY INSTRUCTIONS ON REASONABLE DOUBT AND THEORY OF THE DEFENSE <br><br> Hearing Date: December 8, 2021 <br> Time: 9:00AM <br> Location: Courtroom of the Hon. Dolly M. Gee |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District

of California and Assistant United States Attorneys Kristen A. Williams, Ali Moghaddas, David H. Chao, and David C. Lachman, hereby files its Response to Defendant Julian Omidi's Trial Memoranda Regarding Jury Instructions Concerning Reasonable Doubt and Theory of the Defense.[1]

The government opposes all of OMIDI's newly submitted instructions and submits this trial memorandum to clarify certain issues of law. The government reserves the right to supplement its position orally at the jury instructions conference.

Dated: December 7, 2021            Respectfully submitted,

                                   TRACY L. WILKISON
                                   United States Attorney

                                   SCOTT M. GARRINGER
                                   Assistant United States Attorney
                                   Chief, Criminal Division


                                       /s/
                                   KRISTEN A. WILLIAMS
                                   ALI MOGHADDAS
                                   DAVID H. CHAO
                                   DAVID C. LACHMAN
                                   Assistant United States Attorneys

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA

---

[1] Defendant Omidi circulated, but did not file, these proposed disputed instructions.

2

INSTRUCTION NO. 4

[DISPUTED INSTRUCTION – DEFENDANT OMIDI'S PROPOSED INSTRUCTION]

Reasonable Doubt

The government objects to OMIDI's proposed additional language to Instruction No. 4 regarding reasonable doubt. The language is unnecessary. The "near certitude" reference in United States v. Velasquez, 1 F.4th 1132 (9th Cir. 2021), is far from new law, but rather is a quotation from 30 years ago in Jackson v. Virginia, 443 U.S. 307, 315 (1979). Tellingly, the actual instruction given in Velasquez was the model instruction and the Ninth Circuit took no issue with it. Valasquez, 1 F.4th at 1144. Velasquez is inapposite because it addressed whether the prosecutor's comments in closing argument distorted the reasonable doubt standard, not whether the model language is correct. Id. at 1141.

INSTRUCTION NO. 36

[DISPUTED INSTRUCTION – DEFENDANT OMIDI'S PROPOSED INSTRUCTION NO. 56.2]

Theory of Defense

The government objects to OMIDI's proposed theory-of-defense instruction. A defendant is only "entitled" to a theory-of-defense instruction "when his theory of defense is not already adequately captured by the proffered instructions." United States v. Irorere, 228 F.3d 816, 825-26 (9th Cir. 2000). Defendant OMIDI's "theory of defense" instruction is unsupported in the evidence, unnecessary, and misleading.

Even assuming arguendo that it has sufficient basis in evidence (it does not), a defense that OMIDI was misled by Klasky and therefore lacked the requisite knowledge and intent is unnecessary because it is already more than adequately captured by the elements of the substantive counts. For example, the instructions regarding the mail/wire fraud counts require the government to prove that OMIDI acted with the intent to defraud, which is an intent to deceive and cheat. Furthermore, OMIDI's proposed instruction is misleading because OMIDI could have been misled about the nature of the sleep study program and still be guilty of some or all of the charged crimes based on other evidence, including, for example, the fact that he directed the submission of other false records to insurance companies or directed the submission of sleep study reports he knew Dr. Zarrabi was not reviewing.

2

The authorities cited by OMIDI are not to the contrary.  The Introductory Comment cited by OMIDI precedes affirmative defenses such as alibi, entrapment, insanity, duress, etc., which is typically the context when a "theory of defense" instruction might be appropriate.  Two of the cases OMIDI cites exemplify this.  <u>United States v. Perdomo-Espana</u>, 522 F.3d 983, 986-87 (9th Cir. 2008), concerned a necessity defense, and <u>United States v. Morton</u>, 999 F.2d 435, 439 (9th Cir. 1993), concerned self-defense.  The third case OMIDI cites, <u>United States v. Sarno</u>, 73 F.3d 1470, 1487-88 (9th Cir. 1995), supports the government's position.  In <u>Sarno</u>, a CPA who was accused of participating in the looting of a bank claimed to have relied in good faith on Generally Accepted Accounting Principles and on data provided by his client.  The Ninth Circuit held that it was not error for the district court to refuse to give a good faith reliance instruction, because it was merely an attempt to refute intent.  <u>Id.</u> at 1488.  OMIDI's claim that he was relying on information provided by Klasky amounts to a similar good faith argument that does not justify a theory-of-defense instruction.  <u>See</u> <u>United States v. Hickey</u>, 580 F.3d 922, 931 (9th Cir. 2009) ("[O]ur case law is well settled that a criminal defendant has no right to any good faith instruction when the jury has been adequately instructed with regard to the intent required to be found guilty of the crime charged.") (citation omitted).

3