Michael S. Schachter** (NY 3910205)
Randall W. Jackson** (NY 5274048)
Casey E. Donnelly** (NY4936803)
**WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, New York 10019
Tel: (212) 728-8102; Fax: (728) 728-8111
Email: *mschachter@willkie.com*

Simona Agnolucci (SBN 246943)
**WILLKIE FARR & GALLAGHER LLP**
One Front Street
San Francisco, CA 94111
Tel: (415) 858-7447, Fax: (415) 858-7599
Email: *sagnolucci@willkie.com*


*** Appearing pro hac vice*
*Counsel for Defendant Julian Omidi*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　　　v.<br><br>JULIAN OMIDI,<br><br>SURGERY CENTER MANAGEMENT, LLC, and<br><br>MIRALI ZARRABI, M.D.,<br><br>　　　　Defendants. | No. CR 17-661(A)-DMG<br><br>DEFENDANT JULIAN OMIDI'S PROPOSED REVISIONS TO DRAFT JURY INSTRUCTIONS |

1    Defendant Julian Omidi, by and through his counsel, respectfully

2    submits the below proposed revisions to the Court's draft jury

3    instructions.

4

5                        PRELIMINARY INSTRUCTIONS

6        The government has charged all the defendants with mail fraud

7    and wire fraud.  It has charged Defendants Julian Omidi and Mirali

8    Zarrabi with false statements in a matter involving a healthcare

9    benefit program.  It has charged Defendants Julian Omidi and Surgery

10   Center Management, LLC, with a conspiracy to commit money laundering.

11   And it has charged Defendant Julian Omidi with money laundering and

12   aggravated identity theft.  The defendants deny the government's

13   allegations and deny that they had knowledge of the fraudulent

14   conduct alleged by the government, including Charles Klasky's

15   manipulation of sleep study reports.

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION NO. 12

[JOINT PROPOSED INSTRUCTION NOS. 12 and 32 (modified]

Verdict as to Defendants Only

You are here to determine whether the government has proven the guilt of each defendant of the charges in the indictment beyond a reasonable doubt.  You are not called upon to return a verdict as to the guilt or innocence of any other person or persons.

Although the defendants are being tried together, you must give separate consideration to each defendant.  In doing so, you must determine which evidence in the case applies to each defendant, disregarding any evidence admitted solely against some other defendant or defendants.  The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendant.

You have heard testimony about 1-800-GET-THIN.  The corporate entity 1-800-GET-THIN is not a defendant in this case.  You are not called upon to return a verdict as to the guilt or innocence of 1-800-GET-THIN, and you may not substitute any generalized belief about the liability of that entity for the required findings that you must make with regard to each individual defendant.

So, if the evidence in the case convinces you beyond a reasonable doubt of the guilt of a defendant or defendants for the crimes charged in the indictment, you should so find, even though you may believe that one or more other unindicted persons are also guilty.  But if any reasonable doubt remains in your minds after impartial consideration of all the evidence in the case, it is your duty to find the defendants not guilty.

Source:          Ninth Circuit Model Criminal Instruction Nos. 1.13
                 [Separate Consideration for Each Defendant] (2010
                 ed.), 4.9 [Testimony of Witness Involving Special
                 Circumstance – Immunity, Benefits, Accomplice, Plea]
                 (2010 ed.) (modified for witnesses who have received
                 benefits from the government and for witnesses who
                 have  pleaded guilty)

INSTRUCTION NO. 13

[DISPUTED INSTRUCTION – GOVERNMENT'S PROPOSED INSTRUCTION NO. 33

(modified)]

Statements by Defendants

You have heard testimony that Dr. Mirali Zarrabi, and alleged agents of defendant Surgery Center Management, LLC, made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

You have heard out-of-court recorded statements made by Dr. Mirali Zarrabi to government agents.  "I instruct you that these recorded statements are not admitted against and are not evidence against Julian Omidi or Surgery Center Management, LLC.  You must wholly disregard and not consider these recorded statements with respect to Mr. Omidi or SCM."

Source:        Ninth Circuit Model Criminal Jury Instruction No. 4.1
               [Statements by Defendant] (2010 ed.); Trial Tr. at
               7293:13-18

INSTRUCTION NO. 14

[JOINT PROPOSED INSTRUCTION NO. 34]

Impeachment Evidence – Witness


   You have heard evidence that certain witnesses previously made
statements that were inconsistent with statements those witnesses
made during their testimony at trial.  You also heard evidence that
Caraquita Steward, a witness, has previously been convicted of a
crime of a dishonesty.  You may consider this evidence in deciding
whether or not to believe these witnesses and how much weight to give
to the testimony of these witnesses.

Source:          Ninth Circuit Model Criminal Jury Instruction Nos. 4.6
                 [Impeachment, Prior Conviction of Defendant], 4.8
                 [Impeachment Evidence – Witness] (2010 ed.; approved
                 3/2018)

INSTRUCTION NO. 31

[JOINT PROPOSED INSTRUCTION NO. 52 (modified)]

Deliberate Ignorance


You may find that the defendant acted knowingly if you find beyond a reasonable doubt that the defendant:

1. was aware of a high probability that, for example, false or misleading representations were made to insurers or that fraudulent claims were being submitted, and

2. deliberately avoided learning the truth.

You may not find such knowledge if, for example, the government failed to prove beyond a reasonable doubt that the defendant took actions to deliberately avoid learning the truth, or if you find that the defendant did not believe the statements at issue were false, or if you find that the defendant was simply negligent, careless, or foolish.

Source:        Ninth Circuit Model Criminal Jury Instruction No. 5.8
               [Deliberate Ignorance] (2010 ed.; approved 12/2019)

Dated:   December 8, 2021         Respectfully submitted,

                                  **WILLKIE FARR & GALLAGHER LLP**

                                  By: s/ Michael S. Schachter
                                      MICHAEL S. SCHACHTER
                                      RANDALL W. JACKSON
                                      CASEY E. DONNELLY
                                      SIMONA AGNOLUCCI

                                      ATTORNEYS FOR DEFENDANT
                                      JULIAN OMIDI

# EXHIBIT 1

## Redline

Michael S. Schachter** (NY 3910205)
Randall W. Jackson** (NY 5274048)
Casey E. Donnelly** (NY4936803)
**WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, New York 10019
Tel: (212) 728-8102; Fax: (728) 728-8111
Email: *mschachter@willkie.com*

Simona Agnolucci (SBN 246943)
**WILLKIE FARR & GALLAGHER LLP**
One Front Street
San Francisco, CA 94111
Tel: (415) 858-7447, Fax: (415) 858-7599
Email: *sagnolucci@willkie.com*

** *Appearing pro hac vice*
*Counsel for Defendant Julian Omidi*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 17-661(A)-DMG |
| Plaintiff, | |
| v. | DEFENDANT JULIAN OMIDI'S PROPOSED REVISIONS TO DRAFT JURY INSTRUCTIONS |
| JULIAN OMIDI, | |
| SURGERY CENTER MANAGEMENT, LLC, and | |
| MIRALI ZARRABI, M.D., | |
| Defendants. | |

Defendant Julian Omidi, by and through his counsel, respectfully submits the below proposed revisions to the Court's draft jury instructions.

PRELIMINARY INSTRUCTIONS

~~This is a criminal case brought by the United States government.~~ The government ~~charges~~has charged all the defendants with mail fraud and wire fraud.  It ~~charges~~has charged Defendants Julian Omidi and Mirali Zarrabi with false statements in a matter involving a healthcare benefit program.  It ~~charges~~has charged Defendants Julian Omidi and Surgery Center Management, LLC, with a conspiracy to commit money laundering.  And it ~~charges~~has charged Defendant Julian Omidi with money laundering and aggravated identity theft.  The defendants deny the government's allegations and deny that they had knowledge of the fraudulent conduct alleged by the government, including Charles Klasky's manipulation of sleep study reports.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION NO. 12

[JOINT PROPOSED INSTRUCTION ~NO~NOS. 12 and 32 (modified]

Verdict as to Defendants Only

You are here to determine whether the government has proven the guilt of each defendant ~for~of the charges in the indictment beyond a reasonable doubt.  You are not called upon to return a verdict as to the guilt or innocence of any other person or persons.

Although the defendants are being tried together, you must give separate consideration to each defendant.  In doing so, you must determine which evidence in the case applies to each defendant, disregarding any evidence admitted solely against some other defendant or defendants.  The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendant.

You have heard testimony about 1-800-GET-THIN.  The corporate entity 1-800-GET-THIN is not a defendant in this case.  You are not called upon to return a verdict as to the guilt or innocence of 1-800-GET-THIN, and you may not substitute any generalized belief about the liability of that entity for the required findings that you must make with regard to each individual defendant.

So, if the evidence in the case convinces you beyond a reasonable doubt of the guilt of a defendant or defendants for the crimes charged in the indictment, you should so find, even though you may believe that one or more other unindicted persons are also guilty.  But if any reasonable doubt remains in your minds after impartial consideration of all the evidence in the case, it is your duty to find the defendants not guilty.

3

| 1 | Source: | Ninth Circuit Model Criminal Instruction ~~No.~~**Nos.** |
| 2 | | **1.13 [Separate Consideration for Each Defendant]** |
| 3 | | **(2010 ed.),** 4.9 [Testimony of Witness Involving |
| 4 | | Special Circumstance – Immunity, Benefits, |
| 5 | | Accomplice, Plea] (2010 ed.) (modified for witnesses |
| 6 | | who have received benefits from the government and |
| 7 | | for witnesses who have  pleaded guilty) |

4

INSTRUCTION NO. 13

[DISPUTED INSTRUCTION – GOVERNMENT'S PROPOSED INSTRUCTION NO. 33

**(modified)**]

Statements by Defendants

You have heard testimony that Dr. Mirali Zarrabi, and alleged agents of defendant Surgery Center Management, LLC, made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

**You have heard out-of-court recorded statements made by Dr. Mirali Zarrabi to government agents.  "I instruct you that these recorded statements are not admitted against and are not evidence against Julian Omidi or Surgery Center Management, LLC.  You must wholly disregard and not consider these recorded statements with respect to Mr. Omidi or SCM."**

Source:          Ninth Circuit Model Criminal Jury Instruction No. 4.1
                 [Statements by Defendant] (2010 ed.)**; Trial Tr. at 7293:13-18**

5

INSTRUCTION NO. 14

[JOINT PROPOSED INSTRUCTION NO. 34]

Impeachment Evidence – Witness ~~[IF APPROPRIATE]~~

You have heard evidence that ~~[name of witness], a witness, [specify basis for impeachment]~~<u>certain witnesses previously made statements that were inconsistent with statements those witnesses made during their testimony at trial.  You also heard evidence that Caraquita Steward, a witness, has previously been convicted of a crime of a dishonesty</u>.  You may consider this evidence in deciding whether or not to believe ~~this witness~~<u>these witnesses</u> and how much weight to give to the testimony of ~~this witness~~<u>these witnesses</u>.

Source:        Ninth Circuit Model Criminal Jury Instruction ~~No.~~<u>Nos. 4.6 [Impeachment, Prior Conviction of Defendant],</u> 4.8

6

1                     [Impeachment Evidence – Witness] (2010 ed.; approved

2                     3/2018)

INSTRUCTION NO. 31

[JOINT PROPOSED INSTRUCTION NO. 52 (modified)]

Deliberate Ignorance

You may find that the defendant acted knowingly if you find beyond a reasonable doubt that the defendant:

1. was aware of a high probability that, for example, false or misleading representations were made to insurers or that fraudulent claims were being submitted, and

2. deliberately avoided learning the truth.

You may not find such knowledge, however, if, for example, the government failed to prove beyond a reasonable doubt that the defendant took actions to deliberately avoid learning the truth, or if you find that the defendant actually believed that, for example, the representations were truthful and that only clean claims were being submitted did not believe the statements at issue were false, or if you find that the defendant was simply negligent, careless, or foolish.

8

1    Source:            Ninth Circuit Model Criminal Jury Instruction No. 5.8

2                       [Deliberate Ignorance] (2010 ed.; approved 12/2019)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:   December 8, 2021          Respectfully submitted,

**WILLKIE FARR & GALLAGHER LLP**

By: s/ Michael S. Schachter
    MICHAEL S. SCHACHTER
    RANDALL W. JACKSON
    CASEY E. DONNELLY
    SIMONA AGNOLUCCI

    ATTORNEYS FOR DEFENDANT
    JULIAN OMIDI

10

| Summary report: Litera® Change-Pro for Word 10.8.2.11 Document comparison done on 12/8/2021 8:06:36 PM | |
|---|---|
| **Style name:** Standard | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://NYCDMS/NewYork/48847375/1 | |
| **Modified DMS:** iw://NYCDMS/NewYork/48847375/2 | |
| **Changes:** | |
| **Add** | 22 |
| **Delete** | 16 |
| Move From | 0 |
| Move To | 0 |
| **Table Insert** | 0 |
| **Table Delete** | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 38 |