TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KRISTEN A. WILLIAMS (Cal. Bar No. 263594)
Deputy Chief, Major Frauds Section
ALI MOGHADDAS (Cal. Bar No. 305654)
DAVID H. CHAO (Cal. Bar No. 273953)
DAVID C. LACHMAN (Cal. Bar No. 261711)
Assistant United States Attorneys
Major Frauds/General Crimes Sections
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2400
     Facsimile: (213) 894-6269
     E-mail:    Kristen.Williams@usdoj.gov
                Ali.Moghaddas@usdoj.gov
                David.Chao@usdoj.gov
                David.Lachman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JULIAN OMIDI,<br>　aka "Combiz Omidi,"<br>　aka "Combiz Julian Omidi,"<br>　aka "Kambiz Omidi,"<br>　aka "Kambiz Beniamia Omidi,"<br>　aka "Ben Omidi,"<br>SURGERY CENTER MANAGEMENT, LLC,<br>and<br>MIRALI ZARRABI, M.D.,<br>　aka "Mirali Akba Ghandchi<br>　　　Zarrabi,"<br>　aka "M.A. Ghandchi Zarrabi,"<br><br>　　　　Defendants. | No. CR 17-661(A)-DMG<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT JULIAN OMIDI'S PROPOSED REVISIONS TO DRAFT JURY INSTRUCTIONS<br><br>Hearing Date: December 8, 2021<br>Time:　　　　 9:00AM<br>Location:　　 Courtroom of the<br>　　　　　　　Hon. Dolly M. Gee |

　　　Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District

of California and Assistant United States Attorneys Kristen A. Williams, Ali Moghaddas, David H. Chao, and David C. Lachman, hereby submits its response to Defendant Julian Omidi's proposed revisions to the Court's draft jury instructions.

Dated: December 8, 2021               Respectfully submitted,

                                       TRACY L. WILKISON
                                       United States Attorney

                                       SCOTT M. GARRINGER
                                       Assistant United States Attorney
                                       Chief, Criminal Division


                                            /s/
                                        KRISTEN A. WILLIAMS
                                       ALI MOGHADDAS
                                       DAVID H. CHAO
                                       DAVID C. LACHMAN
                                       Assistant United States Attorneys

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

PRELIMINARY INSTRUCTIONS

The government objects to defendant Omidi's proposed instruction and recommends that the Court use the same language as in the preliminary instructions before trial. The defendants' instruction also unduly highlights Charles Klasky and certain aspects of the fraud. Accordingly, the government proposes the following instruction:

The government charges all the defendants with mail fraud and wire fraud. It charges defendants Julian Omidi and Mirali Zarrabi with false statements in a matter involving a healthcare benefit program. It charges defendants Julian Omidi and Surgery Center Management, LLC, with a conspiracy to commit money laundering. And it charges defendant Julian Omidi with money laundering and aggravated identity theft.

The defendants deny the government's allegations and deny that they had knowledge of the fraudulent conduct alleged by the government, including but not limited to the manipulation of sleep study reports.

INSTRUCTION NO. 12

[JOINT PROPOSED INSTRUCTION NOS. 12 and 32]

Verdict as to Defendants Only

The government objects to the third paragraph regarding 1-800-GET-THIN because it improperly invades the province of the jury in dictating the nature of 1-800-GET-THIN and its relationship to defendants.  It would be improper for the Court to endorse a particular view about those facts and instruct the jury as though it were stating what the law is.

INSTRUCTION NO. 13

[DISPUTED INSTRUCTION – GOVERNMENT'S PROPOSED INSTRUCTION NO. 33 (modified)]

Statements by Defendants

The government believes the second paragraph of the proposed revised instruction is unnecessary because the Court has already given that limiting instruction twice, but defers to the Court.

INSTRUCTION NO. 14

[JOINT PROPOSED INSTRUCTION NO. 34]

Impeachment Evidence – Witness

The government objects to the sentence that reads: "You also heard evidence that Caraquita Steward, a witness, has previously been convicted of a crime of a dishonesty." Model Instruction 4.6, on which defendant OMIDI relies, is inapposite because it is intended to provide special guidance regarding a prior conviction of a <u>defendant</u>. It is improper to highlight the evidence regarding Ms. Steward in a jury instruction, and the Court's instruction regarding the credibility of witnesses is sufficient.

4

INSTRUCTION NO. 31

[JOINT PROPOSED INSTRUCTION NO. 52 (modified)]

Deliberate Ignorance

The government objects to the last paragraph of defendant OMIDI's proposed revised instruction and instead proposes the following language, which hews more closely to the model instruction:

You may find that the defendant acted knowingly if you find beyond a reasonable doubt that the defendant:

1. was aware of a high probability that, for example, false or misleading representations were made to insurers or that fraudulent claims were being submitted, and

2. deliberately avoided learning the truth.

You may not find such knowledge, however, if you find that the defendant actually believed that, for example, the representations in claims and supporting documentation being submitted to insurance companies were truthful, or if you find that the defendant was simply negligent, careless, or foolish.

Source:   Ninth Circuit Model Criminal Jury Instruction No. 5.8.