Michael S. Schachter** (NY 3910205)
Randall W. Jackson** (NY 5274048)
Casey E. Donnelly** (NY4936803)
**WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, New York 10019
Tel: (212) 728-8102; Fax: (728) 728-8111
Email: *mschachter@willkie.com*

Simona Agnolucci (SBN 246943)
**WILLKIE FARR & GALLAGHER LLP**
One Front Street
San Francisco, CA 94111
Tel: (415) 858-7447, Fax: (415) 858-7599
Email: *sagnolucci@willkie.com*

** *Appearing pro hac vice*
*Counsel for Defendant Julian Omidi*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| United States of America, | CR No. 17-00661 (A) – DMG |
|---|---|
| Plaintiff, | **DEFENDANT JULIAN OMIDI'S TRIAL MEMORANDUM CONCERNING IMPROPER SUMMATION** |
| v. | |
| Julian Omidi, *et al.*, | |
| Defendants. | [No Hearing Set] |

## I. THE COURT SHOULD INSTRUCT THE JURY THAT THE PROSECUTION IMPROPERLY DESCRIBED MR. KLASKY'S TESTIMONY IN ITS SUMMATION.

On Friday, the government invented testimony and thereby falsely injected non-existent evidence into the record. Specifically, the government claimed, improperly, that Mr. Klasky offered testimony which was never elicited when the AUSA stated: "So you remember Mr. Klasky telling you about how he confessed to the fraud to Mr. Twersky in mid-February of 2012, told Julian Omidi that. Julian Omidi got mad." (Tr. 8658:14-16). Mr. Klasky offered no such testimony at any point during the trial. In fact Mr. Klasky testified to the opposite, denying that he told Mr. Omidi that he had informed Larry Twersky about his falsification of sleep reports. (Tr. 4797:21-25 "Q. And, Mr. Klasky, did you tell Julian Omidi that you had told Larry Twersky about the falsification of the sleep study reports? A. I did not directly, no."). The harm to Mr. Omidi from the invention of incriminating testimony from the key cooperating witness is extreme, and the Court has already admonished the government for displaying evidence that was never offered or admitted at trial. The Court should instruct the jury that the prosecution improperly described testimony from Mr. Klasky in its summation that Mr. Klasky never gave and tell the jury to disregard these arguments. The Court should also sanction the government at this point by striking its rebuttal summation.

## II. THE COURT SHOULD INSTRUCT THE GOVERNMENT THAT IT IS PROHIBITED FROM RAISING NEW ARGUMENTS DURING REBUTTAL SUMMATION.

It is well established that "a prosecutor cannot use rebuttal to put forth new arguments, but is restricted to responding to the points made by the defense counsel in closing argument." *United States v. Maloney*, 699 F.3d 1130, 1140 (9th Cir. 2012), *reversed on reh'g en banc*, 755 F.3d 1044, 1046 n. 2 (9th Cir. 2014) ("the trial prosecutor admitted at oral argument . . . that he 'sandbagg[ed]' the defense by waiting for rebuttal to bring up the luggage argument, but he did not seem to appreciate that this

conduct could be deemed improper"); *see also United States v. Taylor*, 728 F.2d 930, 936 (7th Cir. 1984) (same) (collecting cases); *Moore v. United States*, 344 F.2d 558, 560 (D.C. Cir. 1965) (same); *United States v. Gleason*, 616 F.2d 2, 26 (2d Cir. 1979) (finding new argument in rebuttal summation improper, even where the argument was "based entirely on exhibits already in evidence"). This limitation on the scope of rebuttal is supported by the legislative history of Rule 29.1 of the Federal Rules of Criminal Procedure. Specifically, in its notes on proposed rule 29.1, the House Judiciary Committee stated:

> The rule is drafted in the view that fair and effective administration of justice is best served if the defendant knows the arguments actually made by the prosecution [o]n behalf of conviction before the defendant is faced with the decision whether to reply and what to reply.

H.R. Rep. No. 94-247, 94th Cong., 1st Sess. 17 (1975). Because new arguments during rebuttal summation, made after a defendant's last opportunity to reply, undermine the fairness of the trial, they should be prohibited by the Court. To the extent that any such arguments are made by the government here, the Court should permit surrebuttal by the defense. *See Maloney*, 755 F.3d at 1045-46 (reversing conviction on the basis of improper rebuttal and error in refusing surrebuttal by the defense, and observing "**for the first time in rebuttal** during closing argument, the prosecutor argued that Maloney must have lied about the details of his trip because he had no luggage with him when he was apprehended, a fact from which the jury could infer knowledge. **Maloney's counsel moved for surrebuttal to counter this new argument**; the trial court denied the motion. Maloney's counsel made a **second motion for surrebuttal**, which was also denied.") (emphasis added).

### III. THE COURT SHOULD INSTRUCT THE GOVERNMENT TO DISCLOSE THE POWERPOINT SLIDES IT DISPLAYED TO THE JURY DURING SUMMATION.

The defense is perplexed that the government has refused to turn over the Powerpoint slides it has now displayed to the jury during its summation. Those slides,

which were unquestionably part of the government's argument to the jury, were part of the record even before the prosecution engaged in the improper display of material not admitted at trial. They are now doubly significant, as they relate to confessed error on the part of the government, and they should be immediately filed as part of the record. Regardless of the government's error, the defense is entitled to respond to the slides and entitled to reference them in our responsive arguments to the jury – it is clear error for the government to hide its summation slides, which would be discoverable even in simple a FOIA request from any media organization, from the defense as it prepares for responsive summation. The entire point of Ninth Circuit sitting *en banc* in *Maloney* was that the defense must be given an opportunity to respond to every aspect of the prosecution's arguments in the principal summations, and this principle cannot be undermined for the sake of the prosecution's search for strategic advantage. *See Maloney*, 755 F.3d at 1046 ("prosecutor is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done.") (quoting *Berger v. United States*, 295 U.S. 78, 88 (1935) (internal quotation marks omitted)).

No part of these bedrock principles of our justice system can be squared with the prosecution's refusal to allow the defense access to the very visual aids it used to present its argument to the jury. The Court should order the government to disclose what it has already displayed to the jury immediately.

## IV.    **CONCLUSION**

We respectfully request that the Court instruct (1) instruct the jury that the government inaccurately described Mr. Klasky's testimony in its summation; (2) instruct the government that it is restricted to responding to the points made by the defense counsel in closing argument in its rebuttal summation; and (3) instruct the government to disclose the slides used in its principal summation immediately.

| | |
|---|---|
| Dated: December 12, 2021 | Respectfully submitted, |
| | **WILLKIE FARR & GALLAGHER LLP** |
| | By: <u>s/ Michael S. Schachter</u><br>    MICHAEL S. SCHACHTER<br>    RANDALL W. JACKSON<br>    CASEY E. DONNELLY<br>    SIMONA AGNOLUCCI |
| | ATTORNEYS FOR DEFENDANT<br>JULIAN OMIDI |