TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KRISTEN A. WILLIAMS (Cal. Bar No. 263594)
Deputy Chief, Major Frauds Section
ALI MOGHADDAS (Cal. Bar No. 305654)
DAVID H. CHAO (Cal. Bar No. 273953)
DAVID C. LACHMAN (Cal. Bar No. 261711)
Assistant United States Attorneys
Major Frauds/General Crimes Sections
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2400
     Facsimile: (213) 894-6269
     E-mail:    Kristen.Williams@usdoj.gov
                Ali.Moghaddas@usdoj.gov
                David.Chao@usdoj.gov
                David.Lachman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>               v.<br><br>JULIAN OMIDI,<br>   aka "Combiz Omidi,"<br>   aka "Combiz Julian Omidi,"<br>   aka "Kambiz Omidi,"<br>   aka "Kambiz Beniamia Omidi,"<br>   aka "Ben Omidi,"<br>SURGERY CENTER MANAGEMENT, LLC,<br>and<br>MIRALI ZARRABI, M.D.,<br>   aka "Mirali Akba Ghandchi<br>        Zarrabi,"<br>   aka "M.A. Ghandchi Zarrabi,"<br><br>          Defendants. | No. CR 17-661(A)-DMG<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT JULIAN OMIDI'S TRIAL MEMORANDUM CONCERNING SUMMATION |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of

California and Assistant United States Attorneys Kristen A. Williams, Ali Moghaddas, David H. Chao, and David C. Lachman, hereby files its opposition to defendant Julian Omidi's Trial Memorandum Concerning Summation (Dkt. 1549).

    This opposition is based upon the attached memorandum of points and authorities, and exhibit thereto, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: December 13, 2021        Respectfully submitted,

                                        TRACY L. WILKISON
                                        United States Attorney

                                        SCOTT M. GARRINGER
                                        Assistant United States Attorney
                                        Chief, Criminal Division

                                             /s/
                                        KRISTEN A. WILLIAMS
                                        ALI MOGHADDAS
                                        DAVID H. CHAO
                                        DAVID C. LACHMAN
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant JULIAN OMIDI ("OMIDI") moves the Court to instruct the jury that the government "improperly described" testimony regarding Larry Twersky's discovery of the falsification of sleep study reports.  OMIDI's selective view of the evidence is wrong, and the Court should reject his request.  During trial, Klasky testified that, after he confessed the scheme to Twersky, OMIDI called Klasky to his office and confronted him about divulging the fraud.  Klasky described OMIDI's reaction as follows: "You go downstairs and just, 'What the F are you doing?'  You know, we have a business arrangement with a business partner, and all you are doing is ruining that." (Tr. 4798:7-10.)  This conversation, in which OMIDI and Klasky talked about the confession, makes clear that Klasky confirmed to OMIDI that he did tell Twersky.  That is why OMIDI excoriated Klasky with statements like, "What the F are **you** doing?" and "[A]ll **you** are doing is ruining that."  Moreover, Klasky was clear that OMIDI was mad about Twersky finding out, noting that "I know Julian was upset about Larry finding out" (Tr. 4797:25), and that Julian used expletives as described above.  Accordingly, the government's statements in summation were based on the evidence adduced at trial.

OMIDI appears to take issue with whether it was Klasky or Twersky who *first* told OMIDI about the confession.  While Klasky may not have remembered breaking the news (Tr. 4797:24), Twersky testified that Klasky was the one who first told OMIDI.  (See Tr. 6336:9-12 ("I got a call from Charles on my drive back saying that he had talked to Julian already and expect a call from him . . .").)  Regardless, this is a red herring since the government made no claims

about whether it was Klasky or Twersky who *first* told OMIDI about the confession of the scheme.[1]

Next OMIDI argues that the Court should preemptively instruct the government from raising new arguments during rebuttal. No such instruction is needed. The government does not intend to do more than respond to defense arguments in rebuttal, which includes pointing the jury to evidence in the record disproving the defense's theories and advancing arguments to which the defendant has opened the door. See United States v. Gray, 876 F.2d 1411, 1417-18 (9th Cir. 1989). In doing so, the government does not anticipate making arguments based on evidence never introduced, like those which caused the Ninth Circuit to reverse the conviction in United States v. Maloney, 755 F.3d 1044, 1045-46 (9th Cir. 2014) ("Though there was never any evidence introduced regarding whether Maloney had luggage with him on the trip, for the first time in rebuttal during closing argument, the prosecutor argued that Maloney must have lied about the details of his trip because he had no luggage with him when he was apprehended."). See also United States v. Gleason, 616 F.2d 2, 25-26 (2d Cir. 1979) (noting that reversal might have been required because the tabulation of the amounts from admitted exhibits into a specific total had not been a part of the record before). While the government will endeavor to be efficient in its rebuttal, given the length of the anticipated summation by OMIDI and the fact that the government has not yet heard the details of his arguments, the

---

[1] The government lastly notes that OMIDI failed to object contemporaneously during summation in accordance with the Court's procedures.

1  government may well need the remainder of its time (1 hour and 52
2  minutes) to respond.
3      Lastly, OMIDI asks the Court to reconsider its decision not to
4  order the government to turn over the entirety of its PowerPoint
5  slides used in opening summation.  The Court has already denied the
6  request and the government is appending to this filing the slide at
7  issue (Tr. 8771) in compliance with the Court's order.
8      For the foregoing reasons, the Court should deny OMIDI's various
9  requests.

**Exhibit A**

# "JO TOLD ME" TO USE SHORTER HEIGHT

> jaffyp wrote:
> jessica,
>
> you revised lomn based on med clr using 5'6 while the h&p says 5'7 and the ID says 5'8.. if you come to think of it the correct height would be 5'7.. even
>
> FROM:     Jessica Suotmaa
> Date Sent:        4/2/2011 11:57:53 AM
> Text:    actually I remembered last night that this was the pt JO told me to use ht 5'6 per Medical Clearance because pt needed bmi 35 and with 5'7 pt's BMI is 34. something.