TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KRISTEN A. WILLIAMS (Cal. Bar No. 263594)
Deputy Chief, Major Frauds Section
ALI MOGHADDAS (Cal. Bar No. 305654)
DAVID H. CHAO (Cal. Bar No. 273953)
DAVID C. LACHMAN (Cal. Bar No. 261711)
JAMES E. DOCHTERMAN (Cal. Bar No. 256396)
Assistant United States Attorneys
Major Frauds/Asset Forfeiture Sections
    1100/1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0526/1786/5564/2686
    Facsimile: (213) 894-6269/0142
    E-mail:    Kristen.Williams@usdoj.gov
                Ali.Moghaddas@usdoj.gov
                David.Chao@usdoj.gov
                David.Lachman@usdoj.gov
                James.Dochterman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 17-00661(A)-DMG |
|---|---|
| Plaintiff, | **GOVERNMENT'S BRIEF DESCRIBING CRIMINAL FORFEITURE PROCEDURES AND INTENTION TO SEEK A MONEY JUDGMENT** |
| v. | |
| JULIAN OMIDI,<br>  aka "Combiz Omidi,"<br>  aka "Combiz Julian Omidi,"<br>  aka "Kambiz Omidi,"<br>  aka "Kambiz Beniamia Omidi,"<br>  aka "Ben Omidi,"<br>SURGERY CENTER MANAGEMENT, LLC, and<br>MIRALI ZARRABI, M.D.,<br>  aka "Mirali Akba Ghandchi Zarrabi,"<br>  aka "M.A. Ghandchi Zarrabi,"<br><br>          Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Kristen A. Williams, Ali Moghaddas, David Chao, David Lachman, and James E. Dochterman, hereby files its Brief Describing Criminal Forfeiture Procedures and Intention to Seek a Money Judgment.

This Brief is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: December 16, 2021        Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

           /s/
KRISTEN A. WILLIAMS
ALI MOGHADDAS
DAVID CHAO
DAVID LACHMAN
JAMES E. DOCHTERMAN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

After a 48-day trial, the case has been sent to the jury for consideration. If a guilty verdict or verdicts are returned, the government intends to apply for a money judgment of forfeiture pursuant to Fed. Rule of Criminal Procedure 32.2. The general governing principles of a personal money judgment are set forth below.

**II.   ARGUMENT**

   1.   Criminal Forfeiture Is an Aspect of Sentencing

Criminal forfeiture is imposed on a convicted defendant as part of sentencing. It is not an element of the underlying substantive offense. See Libretti v. United States, 516 U.S. 29, 39 (1995) ("Our precedents have likewise characterized criminal forfeiture as an aspect of punishment imposed following conviction of a substantive criminal offense.").

Criminal forfeiture is an important sentencing tool, carrying into effect Congressional intent to deprive criminals and criminal organizations of the instrumentalities and profits of their illegal conduct. See Kaley v. United States, 134 S. Ct. 1090 (2014) (forfeiture serves to punish the wrong-doer, deter future illegality, lessen the economic power of criminal enterprises, compensate victims, improve conditions in crime-damaged communities, and support law enforcement activities such as police training).

Criminal forfeiture is in personam, meaning that it may be imposed only after a criminal conviction, and applies only to property of the convicted defendant. See United States v. Lazarenko, 476 F.3d 642, 647 (9th Cir. 2007); United States v. Louthian, 756

F.3d 295, 307 n.12 (4th Cir. 2014) (criminal and civil forfeiture are "distinct law enforcement tools:" the former is an <u>in personam</u> action that requires a conviction, and the latter is an <u>in rem</u> action against the property itself); and <u>United States v. Vampire Nation</u>, 451 F.3d 189, 202 (3d Cir. 2006) (distinguishing civil and criminal forfeiture).

Finally, the extent of criminal forfeiture is determined by the conviction. The forfeiture must correspond in nature and scope to the underlying criminal conduct of which the defendant was convicted. <u>See</u> <u>United States v. Messina</u>, 382 F.3d 704, 714 (7th Cir. 2004).

       2.   <u>The Court Alone Determines the Amount of a Personal Money Judgment, Which Is Part of Defendant's Sentencing</u>

Rule 32.2(b)(1)(A) states that "[i]f the government seeks a personal money judgment, <u>the court</u> must determine the amount of money that the defendant will be ordered to pay." (emphasis added). Rule 32.2 provides for retaining a jury *only* to determine forfeitability where the government seeks forfeiture of specific property:

> (A) Retaining the Jury. In any case tried before a jury, if the indictment or information states that the government is seeking forfeiture, the court must determine before the jury begins deliberating whether either party requests that the jury be retained <u>to determine the forfeitability of specific property</u> if it returns a guilty verdict.

Fed. R. Crim. P. 32.2(b)(5)(A)(emphasis added). Here, the government does not seek to forfeit specific property, and Rule 32.2 draws an unmistakable distinction between forfeiture of specific property and calculating money judgments. <u>See</u> Fed. R. Crim. P. 32.2(b)(1)(A). Therefore, with the case already before the jury, and no specific property being sought by the government, the jury must be released

upon its verdict, and the determination of any criminal forfeiture personal money judgment will be at the Court's discretion alone.

Any money judgment of forfeiture must be entered at or before sentencing. Fed. R. Crim P. 32.2(b)(2). The order becomes final as to the defendant at sentencing and must be included in the oral pronouncement of sentence and noted in the judgment and commitment order. Id. at 32.2(b)(4).

### 3. In the Event of Any Guilty Verdicts, The Government Intends to Move for Personal Money Judgments Against Guilty Defendants

Following the return of any guilty verdicts, the government will brief the Court on the applicable law and relevant facts regarding criminal forfeiture, including the amounts sought to be forfeited criminally, in support of the government's application for money judgment. As the imposition of a money judgment is part of sentencing, the government suggests that any application for money judgment be filed at the same time as the government's sentencing documents are filed, and that any response by any convicted defendants be filed with said defendant's sentencing documents. Should the Court set a different briefing schedule, the government requests that the Court take into consideration the complexity of this case when setting any such briefing schedule.

//
//

### III. CONCLUSION

The government respectfully submits this brief as notice of its intent to seek personal money judgments against any convicted defendants, after such time as the verdicts are returned, and pursuant to the Court's briefing schedule. That government's motion will set out the criminal forfeiture procedures at issue, and basis for the requested forfeiture amount. The jury should be dismissed following the verdict, as only the Court may determine the appropriate money judgment amount.