FILED
CLERK, U.S. DISTRICT COURT

Dec 16, 2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____KT_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

       Plaintiff,

          v.

JULIAN OMIDI,

SURGERY CENTER MANAGEMENT, LLC, and

MIRALI ZARRABI, M.D.,

       Defendants.

No. CR 17-661(A)-DMG

**JURY INSTRUCTIONS**

## INDEX OF JURY INSTRUCTIONS

| No. | Title | Page |
|-----|-------|------|
| 1 | Duties of Jury to Find Facts and Follow Law | 1 |
| 2 | Summary of Charges and Defenses | 2 |
| 3 | Charge Against Defendant Not Evidence – Presumption of Innocence – Burden of Proof | 3 |
| 4 | A Defendant's Decision to Not to Testify | 4 |
| 5 | Reasonable Doubt - Defined | 5 |
| 6 | What Is Evidence | 6 |
| 7 | What Is Not Evidence | 7 |
| 8 | Direct and Circumstantial Evidence | 8 |
| 9 | Credibility of Witnesses | 9 |
| 10 | Activities Not Charged | 11 |
| 11 | Separate Consideration of Multiple Counts – Multiple Defendants | 12 |
| 12 | Corporate Defendant | 13 |
| 13 | Verdict as to Defendants Only | 14 |
| 14 | Statements by Defendants | 15 |
| 15 | Impeachment Evidence—Witness | 16 |
| 16 | Testimony of Witness Involving Special Circumstances – Immunity, Benefits, Accomplice, Plea | 17 |
| 17 | Opinion Evidence, Expert Witness | 18 |
| 18 | Charts and Summaries Not Admitted in Evidence | 19 |

i

| No. | Title | Page |
|-----|-------|------|
| 19 | Charts and Summaries Admitted in Evidence | 20 |
| 20 | "On or About" – Explained; Approximate Amount – Explained | 21 |
| 21 | Corporate Responsibility | 22 |
| 22 | INTENTIONALLY LEFT BLANK | 24 |
| 23 | Aiding and Abetting – 18 U.S.C. § 2(a) | 25 |
| 24 | Aiding and Abetting – 18 U.S.C. § 2(b) | 27 |
| 25 | Mail Fraud | 28 |
| 26 | Wire Fraud | 34 |
| 27 | Scheme to Defraud – Vicarious Liability | 36 |
| 28 | "Transmits by means of wire, radio, or television communication in interstate commerce" — Defined | 37 |
| 29 | Each use of the mails and each transmission by wire communication in interstate commerce – Defined | 38 |
| 30 | Victim Negligence Not a Defense | 39 |
| 31 | Fraud in Connection With Identification Documents Aggravated Identity Theft | 40 |

| No. | Title | Page |
|-----|-------|------|
| 32 | False Statements Regarding Health Care Matters | 41 |
| 33 | Deliberate Ignorance | 43 |
| 34 | Proof of Knowledge or Intent | 44 |
| 35 | Conspiracy – Elements | 45 |
| 36 | Conspiracy — Knowledge of the Association with Other Conspirators | 47 |
| 37 | Financial Transaction or Attempted Transaction to Promote Unlawful Activity; Laundering or Attempting to Launder Monetary Instruments | 49 |
| 38 | Use of Notes | 52 |
| 39 | Jury Consideration of Punishment | 53 |
| 40 | Duty to Deliberate | 54 |
| 41 | Consideration of Evidence – Conduct of the Jury | 56 |
| 42 | Verdict Form | 58 |
| 43 | Communications with the Court | 59 |

INSTRUCTION NO. 1

Duties of Jury to Find Facts and Follow Law

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. You will recall that you took an oath promising to do so at the beginning of the case. You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

1

INSTRUCTION NO. 2

Summary of Charges and Defenses

The government charges all the defendants with mail fraud and wire fraud.  It charges defendants Julian Omidi and Mirali Zarrabi with false statements in a matter involving a healthcare benefit program.  It charges defendants Julian Omidi and Surgery Center Management, LLC, with a conspiracy to commit money laundering.  And it charges defendant Julian Omidi with money laundering and aggravated identity theft.

The defendants deny the government's allegations and deny that they had knowledge of the fraudulent conduct alleged by the government, including but not limited to the manipulation of sleep study reports.

INSTRUCTION NO. 3

Charge Against Defendant Not Evidence - Presumption of Innocence - Burden of Proof

The Indictment is not evidence.  The defendants have pleaded not guilty to the charges.  Each defendant is presumed to be innocent unless and until the government proves that defendant guilty beyond a reasonable doubt.  In addition, the individual defendants do not have to testify and no defendant has to present any evidence to prove innocence.  The act of hiring an attorney is not in any way evidence of guilt or innocence.  The government has the burden of proving every element of a charge beyond a reasonable doubt as to a defendant for that defendant to be guilty of that charge.

INSTRUCTION NO. 4

Defendant's Decision Not to Testify

An individual defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendants did not testify.

INSTRUCTION NO. 5

Reasonable Doubt – Defined

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

INSTRUCTION NO. 6

What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

    (1)  the sworn testimony of any witness;

    (2)  the exhibits received in evidence; and

    (3)  any facts to which the parties have agreed.

INSTRUCTION NO. 7

What Is Not Evidence

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 8

Direct and Circumstantial Evidence

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 9

Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)  the witness's opportunity and ability to see or hear or know the things testified to;

(2)  the witness's memory;

(3)  the witness's manner while testifying;

(4)  the witness's interest in the outcome of the case, if any;

(5)  the witness's bias or prejudice, if any;

(6)  whether other evidence contradicted the witness's testimony;

(7)  the reasonableness of the witness's testimony in light of all the evidence; and

(8)  any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but you do not necessarily have to decide that testimony is untrue just because it differs from other testimony.

9

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

INSTRUCTION NO. 10

Activities Not Charged

You are here only to determine whether the defendants are guilty or not guilty of the charges in the Indictment.  The defendants are not on trial for any conduct or offense not charged in the Indictment.

INSTRUCTION NO. 11

Separate Consideration of Multiple Counts – Multiple Defendants

A separate crime is charged against one or more of the defendants in each count.  The charges have been joined for trial. Although the defendants are being tried together, you must give separate consideration to each defendant. In doing so, you must determine which evidence in the case applies to each defendant, disregarding any evidence admitted solely against some other defendant or defendants.

You must decide the case of each defendant on each crime charged against that defendant separately.  Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count unless a specific instruction states that it applies only to a specific defendant or a specific count.

INSTRUCTION NO. 12

Corporate Defendant

The fact that a defendant is a corporation should not affect your verdict.  Under the law, a corporation is considered a person and all persons are equal before the law.  A corporation is entitled to the same fair and conscientious consideration by you as any other person.

INSTRUCTION NO. 13

Verdict as to Defendants Only

You are here to determine whether the government has proven the guilt of each defendant for the charges in the Indictment beyond a reasonable doubt.  You are not called upon to return a verdict as to the guilt or innocence of any other person or persons.

So, if the evidence in the case convinces you beyond a reasonable doubt of the guilt of a defendant or defendants for the crimes charged in the Indictment, you should so find, even though you may believe that one or more other unindicted persons are also guilty.  But if any reasonable doubt remains in your minds after impartial consideration of all the evidence in the case, it is your duty to find the defendants not guilty.

INSTRUCTION NO. 14

Statements by Defendants

You have heard testimony that Dr. Mirali Zarrabi, and alleged agents of defendant Surgery Center Management, LLC, made certain statements.  It is for you to decide (1) whether the defendant in question made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

INSTRUCTION NO. 15

Impeachment Evidence - Witness

You have heard evidence that certain witnesses previously made statements that were inconsistent with statements those witnesses made during their testimony at trial.  You may consider this evidence in deciding whether or not to believe these witnesses and how much weight to give to the testimony of these witnesses.

INSTRUCTION NO. 16

Testimony of Witness Involving Special Circumstances – Immunity, Benefits, Accomplice, Plea

You have heard testimony from Charles Klasky and Sherwin Hong, witnesses who pleaded guilty to crimes arising out of events related to those for which the defendants are on trial and whose testimony was given pursuant to a plea agreement with the government.  These guilty pleas are not evidence against the defendants in this trial, and you may consider them only in determining these witnesses' believability.

In evaluating the testimony of Charles Klasky and Sherwin Hong, you should consider the extent to which or whether their testimony may have been influenced by these factors.  In addition, you should examine their testimony with greater caution than that of other witnesses.

INSTRUCTION NO. 17

Opinion Evidence, Expert Witness

You have heard testimony from Daniel Norman, Michael Petron, and Daniel Schwarcz, who testified to opinions and the reasons for their opinions.  This opinion testimony is allowed because of the education or experience of each of these witnesses.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. 18

Charts and Summaries Not Admitted in Evidence

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case.  Some of these charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

INSTRUCTION NO. 19

Charts and Summaries Admitted in Evidence


Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

INSTRUCTION NO. 20

"On or About" – Explained; Approximate Amount – Explained


The Indictment charges that the offenses alleged were committed "on or about" or "in or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the dates alleged in the Indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

The Indictment also alleges approximate amounts of money involved in the crimes charged.  It is not necessary for the government to prove the exact or precise amount of money alleged in the Indictment.

INSTRUCTION NO. 21

Corporate Responsibility

Defendant Surgery Center Management, LLC is a corporate entity called a limited liability company ("LLC").  A corporation or LLC may be found guilty or not guilty of a criminal offense just as an individual personal defendant may be.

A corporation or LLC can act only through its agents -- that is, its directors, officers, employees, and other persons authorized to act for it or with authority to direct others to act for it.  The knowledge obtained by agents of corporations or LLCs acting within the scope of their express or apparent authority is imputed to the respective corporation or LLC.  Accordingly, if a specific agent knows something within the scope of his or her agency, then the respective corporation or LLC can be said to know the same thing.

To find a corporation or LLC guilty, you must find beyond a reasonable doubt that:

First, each element of the crime charged against the corporation or LLC was committed by one or more of its agents;

Second, in committing those acts the agents acted on behalf of the corporation or LLC's behalf or, at least in part, to benefit the corporation or LLC; and

Third, each act was within the scope of the agent's express or apparent authority who committed it.  Apparent authority is the authority which outsiders would normally assume that the agent would have, judging from the agent's position with the company and the circumstances surrounding the agent's past conduct.

22

For an act to be within the scope of an agent's express or apparent authority, it must relate directly to the performance of the agent's general duties for the corporation or LLC.  It is not necessary for the government to prove that act itself was authorized by the corporation or LLC.

If an agent was acting within the scope of his or her express or apparent authority, you may find the company or LLC guilty for an agent's act even if the act was illegal, was contrary to his or her employer's instructions, or was against the corporation's or LLC's policies.

INSTRUCTION NO. 22


INTENTIONALLY LEFT BLANK

INSTRUCTION NO. 23

Aiding and Abetting -- 18 U.S.C. § 2(a)

A defendant may be found guilty of a charged crime even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To "aid and abet" means intentionally to help someone else commit a crime.  To prove a defendant guilty of committing a particular crime by means of aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, the crime was committed by someone;

Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of the crime;

Third, the defendant acted with the intent to facilitate the crime; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime.

25

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

INSTRUCTION NO. 24

Aiding and Abetting -- 18 U.S.C. § 2(b)


A defendant may be found guilty of the crimes charged even if the defendant did not personally commit the act or acts constituting the crime if the defendant willfully caused an act to be done that if directly performed by him would be an offense against the United States. A defendant who puts in motion or causes the commission of an indispensable element of the offense may be found guilty as if he had committed this element himself.

INSTRUCTION NO. 25

Mail Fraud

The defendants are charged in Counts 1 through 28 of the Indictment with executing a mail fraud scheme on or about the dates set forth below, in violation of Section 1341 of Title 18 of the United States Code, as follows:

| COUNT | DATE | ITEM MAILED |
|---|---|---|
| 1 | 1/29/13 | CMS HCFA 1500 claim form for $15,971 for titration study (CPT code 95811) for Dominiqua Scott on December 10, 2011 and titration study SSR, mailed to United Healthcare |
| 2 | 2/13/13 | Check No. I0001682492 issued by Tricare – West Region Claims payable to Classic SleepCare LLC in the amount of $2,969.59, including $187.01 in payment of a claim for CPAP accessories (CPT codes A7032, A7034, A7037, and A7038) provided to Jennifer Johnson on January 10, 2013, mailed to Classic SleepCare LLC |
| 3 | 2/27/13 | Check No. I0001755925 issued by Champus – Tri West WI payable to Classic SleepCare LLC in the amount of $4,085.34, including $285.14 in payment of a claim for CPAP accessories (CPT codes A7032, A7034, A7035, A7037, A7038, and A7039) provided to Ashlea Frais on January 30, 2013, mailed to Classic SleepCare LLC |
| 4 | 3/6/13 | Check No. I0001792136 issued by Champus – Tri West WI payable to Classic SleepCare LLC in the amount of $2,747.32, including $50.49 in payment of a claim for CPAP accessories (CPT codes A7033 and A7038) provided to Laura Muench on February 21, 2013, mailed to Classic SleepCare LLC |

| COUNT | DATE | ITEM MAILED |
|-------|------|-------------|
| 5 | 3/12/13 | Check No. 0806075258 issued by HealthNet payable to Classic SleepCare LLC in the amount of $3,559.65, including $991.64 in payment of claims for CPAP accessories (CPT codes A7032, A7034, A7037, and A7038) provided to Jennifer Conkey on 8/24/12 and $880.02 in payment of claims for CPAP accessories (CPT codes A7032, A7034, A7035, A7037, A7038, and A7039) provided to Jennifer Conkey on 11/27/12, mailed to Classic SleepCare LLC |
| 6 | 3/15/13 | Check No. 121301 issued by Operating Engineers Health and Welfare Fund payable to Classic SleepCare LLC in the amount of $185.03 in payment of a claim for an APAP (CPT code E0601) provided to Evelyn Jenkins on July 31, 2011, mailed to Classic SleepCare LLC |
| 7 | 4/3/13 | Check No. I0001937686 issued by Champus – Tri West WI payable to Classic SleepCare LLC in the amount of $3,280.82, including $220.64 in payment of a claim for CPAP accessories (CPT codes A7030, A7035, A7037, A7038, and A7039) provided to Mary Bakerdove on March 21, 2013, mailed to Classic SleepCare LLC |
| 8 | 4/5/13 | Check No. 5692250094SRS issued by Tricare – West Claims payable to Classic SleepCare LLC in the amount of $310.75, including $195.94 in payment of a claim for CPAP accessories (CPT codes A7032, A7034, A7037, and A7038) provided to Lola Williamson on March 21, 2013, mailed to Classic SleepCare LLC |
| 9 | 4/15/13 | Check No. 92301737 issued by United Healthcare payable to Classic SleepCare LLC in the amount of $130.50 in payment of a claim for CPAP accessories (CPT codes A7032, A7034, and A7038) provided to Tammy Lopez on March 30, 2013, mailed to Classic SleepCare LLC |
| 10 | 4/24/13 | Check No. I0002014136 issued by Tricare – West Region Claims payable to Classic SleepCare LLC in the amount of $8,515.20, including $224.39 in payment of a claim for CPAP accessories (CPT codes A7030, A7037, and A7038) provided to Toya Simpson on March 29, 2013, mailed to Classic SleepCare LLC |
| 11 | 5/8/13 | CMS HCFA 1500 claim form for $15,540 for titration study (CPT code 95811) for Veronica Coronado on June 2, 2011 and titration study SSR, mailed to Anthem |

29

| COUNT | DATE | ITEM MAILED |
|-------|------|-------------|
| 12 | 6/5/13 | Check No. 38134488 issued by GEHA payable to Lee K. Au, MD in the amount of $3,684.00 in payment of a claim for Lap-Band surgery for Sheila Georges on August 31, 2012, mailed to Dr. Au |
| 13 | 6/5/13 | CMS UB04 claim form for $16,525 for PSG (CPT 95810) for Alexandra (Adame) Platas on October 14, 2010 and PSG SSR, mailed to GEHA |
| 14 | 6/12/13 | Check No. 169205 issued by Operating Engineers Health and Welfare Fund payable to Independent Medical Services, Inc. in the amount of $888.90 in payment of a claim for titration study (CPT code 95811) for Kandy Ross on February 16, 2012, mailed to IMS |
| 15 | 7/25/13 | Check No. 0108284910 issued by Anthem payable to Independent Medical Services, Inc. in the amount of $6,687.25, including $3,245.00 in payment of a claim for PSG (CPT code 95810) for Surinder Kaur on February 9, 2012, mailed to IMS |
| 16 | 9/7/13 | Check issued by Anthem payable to Paula Rojeski in the amount of $6,076.16 in payment of a claim for Lap-Band surgery (CPT code 43770) for Paula Rojeski on September 8, 2011, mailed to Paula Rojeski |
| 17 | 11/9/13 | Check issued by Anthem payable to Paula Rojeski in the amount of $6,076.16 in payment of a claim for Lap-Band surgery (CPT code 43770) for Paula Rojeski on September 8, 2011, mailed to Paula Rojeski |
| 18 | 12/18/13 | Check No. 240646 issued by Operating Engineers Health and Welfare Fund payable to Classic SleepCare LLC in the amount of $527.28 in payment of a claim for CPAP accessories (CPT Codes A7032, A7034, A7035, A7037, A7038, A7039) provided to Candie Reveles on August 28, 2013, mailed to Classic SleepCare LLC |
| 19 | 12/18/13 | Check No. 238759 issued by Operating Engineers Health and Welfare Fund payable to Classic SleepCare LLC in the amount of $148.02 in payment of a claim for APAP (CPT Code E0601) provided to Nancy Anderson on June 24, 2011, mailed to Classic SleepCare LLC |

| COUNT | DATE | ITEM MAILED |
|-------|------|-------------|
| 20 | 2/19/14 | Check No. 4981383 issued by California's Valued Trust payable to Independent Medical Services, Inc. in the amount of $548.93 in payment of a claim for PSG (CPT code 95810) for Sylvia Zamora on February 7, 2014, mailed to IMS |
| 21 | 3/31/14 | Check No. 854866457 issued by Blue Cross Blue Shield of Massachusetts payable to Thomas McGinnis in the amount of $1,072.25 in payment of a claim for titration study (CPT code 95811) for Felisa McGinnis on March 14, 2014, mailed to Thomas McGinnis |
| 22 | 4/4/14 | Check No. 278850 issued by Operating Engineers Health & Welfare Fund in the amount of $514.08 payable to Independent Medical Services, Inc. in payment of a claim for Lap-Band surgery (CPT code 43770) for Shelby Nickle on May 17, 2013, mailed to IMS |
| 23 | 4/8/14 | Check No. 239426 issued by Operating Engineers Health & Welfare Fund payable to Modern Institute of Plastic Surgery in the amount of $5,745.42 in payment of a claim for titration study (CPT code 95811) for Amber Wood on February 19, 2011, mailed to MIPS |
| 24 | 8/21/14 | Check No. 5064977 issued by California's Valued Trust payable to Independent Medical Services, Inc. in the amount of $879.28, including $601.39 in payment of a claim for titration study (CPT code 95811) for Sylvia Zamora on August 1, 2014, mailed to IMS |
| 25 | 9/12/14 | Check No. 50006640 issued by Blue Shield of California payable to Teresa Rogers in the amount of $421.44 in payment of a claim for titration study (CPT code 95811) for Teresa Rogers on August 8, 2014, mailed to Teresa Rogers |
| 26 | 10/1/14 | Check No. 356653 issued by Operating Engineers Health & Welfare Fund payable to Independent Medical Services in the amount of $3,213.01 in payment of a claim for Lap-Band surgery (CPT code 43770) for Shelby Nickle on May 17, 2013, mailed to IMS |
| 27 | 1/8/15 | Check No. 394464 issued by Operating Engineers Health & Welfare Fund payable to San Diego ASC, LLC in the amount of $24,374.82 in payment for a claim for Lap-Band surgery (CPT code 43770) for Shelby Nickle on May 17, 2013, mailed to San Diego ASC, LLC |

| COUNT | DATE | ITEM MAILED |
|-------|------|-------------|
| 28 | 3/22/16 | Check No. 0121443507 issued by Anthem Blue Cross payable to Independent Medical Services, Inc. in the amount of $782.75 in payment of a claim for PSG (CPT code 95810) for Karen McGrath on August 15, 2014, mailed to IMS |

For a defendant to be found guilty of mail fraud, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in or devised a scheme or plan to defraud, which means a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises. Deceitful statements of half-truths may constitute false or fraudulent representations. A "half-truth" is a statement which is misleading because it omits critical qualifying information;

Second, the statements made as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud; that is, the intent to deceive and cheat. Acting with the intent to deceive and cheat means that the defendant acted with the intent not only to utilize deception, but also to deprive a victim of money or property by means of those deceptions; and

Fourth, the defendant used, or caused to be used, the mails to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

A mailing is caused when one knows that the mails will be used in the ordinary course of business or when one can reasonably foresee such use. It does not matter whether the material mailed was itself false or deceptive so long as the mail was used as a part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained.

INSTRUCTION NO. 26

Wire Fraud

The defendants are charged in Counts 29 through 31 of the Indictment with executing a wire fraud scheme on or about the dates set forth below, in violation of Section 1343 of Title 18 of the United States Code, as follows:

| COUNT | DATE | ITEM WIRED |
|-------|------|------------|
| 29 | 1/16/15 | Facsimile from MIPS in California to Aetna in Kentucky regarding PSG conducted on June 18, 2011 for patient Kimberly (Hankston) Johnson including PSG SSR and itemized bill for $17,365.00 |
| 30 | 1/22/15 | Facsimile from MIPS in California to Aetna in Kentucky regarding titration sleep study conducted on August 3, 2011 for patient Kimberly (Hankston) Johnson, including titration study SSR |
| 31 | 7/16/15 | Facsimile from MIPS in California to Aetna in Kentucky regarding PSG conducted on October 24, 2011 for patient Virginia Garcia, including PSG SSR, History and Physical form, and insurance information |

In order for a defendant to be found guilty of wire fraud, in violation of Section 1343 of Title 18 of the United States Code, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in or devised a scheme or plan to defraud, which means a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises.  Deceitful statements of half-truths

34

may constitute false or fraudulent representations.  A "half-truth" is a statement which is misleading because it omits critical qualifying information;

Second, the statements made as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat.  Acting with the intent to deceive and cheat means that the defendant acted with the intent not only to utilize deception, but also to deprive a victim of money or property by means of those deceptions; and

Fourth, the defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate in nature.  Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate wire communication must have actually occurred in furtherance of the scheme.

INSTRUCTION NO. 27

Scheme to Defraud – Vicarious Liability


If you decide that the defendant was a member of a scheme to defraud and that the defendant had the intent to defraud, the defendant may be responsible for other co-schemers' actions during the course of and in furtherance of the scheme, even if the defendant did not know what they said or did.

For the defendant to be guilty of an offense committed by a co-schemer in furtherance of the scheme, the offense must be one that the defendant could reasonably foresee as a necessary and natural consequence of the scheme to defraud.

36

INSTRUCTION NO. 28

"Transmits by means of wire, radio, or television communication in interstate commerce" — Defined

The phrase "transmits by means of wire, radio, or television communication in interstate commerce" means to send from one state to another by means of telephone or telegraph lines or by means of radio or television.

The phrase "transmits by means of wire, radio, or television communication in interstate commerce" includes a facsimile sent by a person in one state to a person in another state.

37

INSTRUCTION NO. 29

Each use of the mails and each transmission by wire communication in

interstate commerce – Defined

Each use of the mails to advance, or to further, or to carry out the scheme or plan to defraud, as alleged in Counts 1-28 of the Indictment, may be a separate violation of the mail fraud statute.

Each transmission by wire, radio, or television communication in interstate commerce to advance, or to further, or to carry out the scheme or plan to defraud, as alleged in Counts 29-31 of the Indictment, may be a separate violation of the wire fraud statute.

INSTRUCTION NO. 30

Victim Negligence Not a Defense

A victim's negligence, gullibility, or even foolishness is not a defense to a charge of mail or wire fraud.

INSTRUCTION NO. 31

Fraud in Connection With Identification Documents

Aggravated Identity Theft


Defendant Julian Omidi is charged in Count 32 of the Indictment with aggravated identity theft in violation of Section 1028A(a)(1) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly transferred, possessed, or used without legal authority a means of identification of another person, specifically the name of defendant Mirali Zarrabi;

Second, the defendant knew that the means of identification belonged to a real person; and

Third, the defendant did so during and in relation to the crime of mail fraud, in violation of Section 1341 of Title 18 of the United States Code, as charged in Count 21 of the Indictment.

The term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any name, date of birth, or government issued identification number.

"Use" requires that the use of the means of identification was central to the specified felony and facilitated its commission.

The government need not establish that the means of identification of another person was stolen.

INSTRUCTION NO. 32

False Statements Regarding Health Care Matters

Defendants Julian Omidi and Mirali Zarrabi are charged in Counts 33 and 34 of the Indictment with false statements relating to health care matters, in violation of Section 1035(a)(2) of Title 18 of the United States Code, on or about the dates below as follows:

| COUNT | DATE | FALSE AND FRAUDULENT STATEMENT |
| --- | --- | --- |
| 33 | 3/29/13 | Letter of medical necessity and supporting documentation, including falsified PSG SSR, faxed to Aetna seeking pre-approval for Lap-Band surgery for Josephine Rodriguez |
| 34 | 4/12/13 | Letter of medical necessity and supporting documentation, including falsified titration sleep study report, faxed to Operating Engineers Health & Welfare Fund seeking pre-approval for Lap-Band surgery for Shelby Nickle |

In order for a defendant to be found guilty of false statements in connection with health care matters, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant made a false, fictitious, or fraudulent statement or representation involving a healthcare benefit program;

Second, the statement or representation was in connection with the delivery of or payment for health care benefits, items, or services;

Third, defendant acted with knowledge that the statement or representation was untrue;

Fourth, the defendant acted willfully; and

Fifth, the statement or representation was material to the activities or decisions of a healthcare benefit program, that is, it

41

had a natural tendency to influence, or was capable of influencing, the healthcare benefit program's decisions or activities.

"Willfully" means to act with knowledge that one's conduct is unlawful and with the specific intent to do something the law forbids, that is to say with the bad purpose to disobey or disregard the law.  The person need not be aware of the specific law or rule that his conduct may be violating.  A defendant's conduct was not "willful" if it was due to negligence, inadvertence or mistake.

An act is done "knowingly" if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

A "health care benefit program" means any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract.

INSTRUCTION NO. 33

Deliberate Ignorance

You may find that the defendant acted knowingly if you find beyond a reasonable doubt that the defendant:

1. was aware of a high probability that, for example, false or misleading representations were made to insurers or that fraudulent claims were being submitted, and

2. deliberately avoided learning the truth.

You may not find such knowledge, however, if you find that the defendant actually believed that, for example, the representations in claims and supporting documentation being submitted to insurance companies were truthful, or if you find that the defendant was simply negligent, careless, or foolish.

INSTRUCTION NO. 34

Proof of Knowledge or Intent

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. Because direct proof of knowledge and fraudulent intent of what a person is thinking is almost never available, the state of mind of the defendant may be proved by circumstantial evidence.  It can also be shown if the defendants acted with reckless indifference to the truth or falsity of their statements.

INSTRUCTION NO. 35

Conspiracy – Elements

Defendants Julian Omidi and Surgery Center Management, LLC are charged in Count 35 of the Indictment with conspiring to commit money laundering, in violation of Section 1956(h) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning in or about January 2011, and continuing to at least in or about December 2015, there was an agreement between two or more persons to commit money laundering by conducting a financial transaction to promote an unlawful activity, that is, the making of false statements regarding health care matters, in violation of Title 18, United States Code, Section 1035.

Second, the defendant became a member of the conspiracy knowing of its object and intending to help accomplish it.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes, here, promotional money laundering.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they

45

simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit money laundering as alleged in the Indictment as an object of the conspiracy.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

INSTRUCTION NO. 36

Conspiracy — Knowledge of the Association with Other Conspirators


Defendants Julian Omidi and Surgery Center Management, LLC are charged in Count 35 of the Indictment with conspiring to commit money laundering, in violation of Section 1956(h) of Title 18 of the United States Code.  A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with the other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt:


First, that the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

Second, that the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

Third, that the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

47

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

INSTRUCTION NO. 37

Financial Transaction or Attempted Transaction to Promote Unlawful
Activity; Laundering or Attempting to Launder Monetary
Instruments

Defendant Julian Omidi is charged in Counts 36 and 37 of the
Indictment with conducting a financial transaction to promote an
unlawful activity, namely false statements regarding health care
matters, in violation of Section 1956(a)(1)(A) of Title 18 of the
United States Code, on or about the dates set forth below as follows:

| COUNT | DATE | FINANCIAL TRANSACTION |
|---|---|---|
| 36 | 10/24/2012 | Issuance of check number 10141 drawn on the IMS Chase Bank Account and made payable to co-conspirator Sherwin Hong's wife in the amount of $1,290 |
| 37 | 10/9/2015 | Issuance of check number 1003 drawn on the Royalty Hanmi Account and made payable to defendant ZARRABI's medical corporation in the amount of $2,000 |

For the defendant to be found guilty of that charge, the
government must prove each of the following elements beyond a
reasonable doubt:

First, the defendant conducted a financial transaction involving
property that represented the proceeds of mail fraud or wire fraud;

Second, the defendant knew that the property represented the
proceeds of some form of unlawful activity; and

49

1   <u>Third</u>, the defendant acted with the intent to promote the
2 carrying on of false statements regarding health care matters.

3   A financial transaction is a transaction involving the use of a
4 financial institution that is engaged in, or the activities of which
5 affect interstate or foreign commerce in any way.  The issuance of a
6 check qualifies as a "financial transaction."

7   The phrase "knew that the property represented the proceeds of
8 some form of unlawful activity" means that the defendant knew that
9 the property involved in the transaction represented proceeds from
10 some form, though not necessarily which form, of activity that
11 constitutes a felony.  I instruct you that false statements regarding
12 health care matters is a felony.

13   "Interstate commerce" means commerce between a state, territory
14 or possession of the United States, including the District of
15 Columbia, and another state, territory, or possession, or the
16 District of Columbia.  It is not necessary that the defendant have
17 intended or anticipated an effect on interstate commerce.

18   "Proceeds" means any property derived from or obtained or
19 retained, directly or indirectly, through some form of unlawful
20 activity, including gross receipts of such activity.  The government
21 is not required to prove that all of the funds involved in the
22 charged transactions were the proceeds of the specified unlawful
23 activity.  A financial transaction involves "proceeds" of a specified
24 unlawful activity even when proceeds of a specified unlawful activity
25 are commingled in an account with funds obtained from legitimate
26 sources.  It is sufficient if the government proves beyond a

27

28

reasonable doubt that at least part of the funds involved in a transaction represents such proceeds of specified unlawful activity.

The government must prove that the defendant knew that the property represented the proceeds of a separate criminal activity but need not prove that the defendant knew that the act of laundering the proceeds was unlawful.

INSTRUCTION NO. 38

Use of Notes

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

INSTRUCTION NO. 39

Jury Consideration of Punishment

The punishment provided by law for these crimes is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

INSTRUCTION NO. 40

Duty to Deliberate

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases,

54

including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

1

INSTRUCTION NO. 41

2

Consideration of Evidence – Conduct of the Jury

3

4        Because you must base your verdict only on the evidence received
5    in the case and on these instructions, I remind you that you must not
6    be exposed to any other information about the case or to the issues
7    it involves.  Except for discussing the case with your fellow jurors
8    during your deliberations:

9        Do not communicate with anyone in any way and do not let anyone
10       else communicate with you in any way about the merits of the
11       case or anything to do with it.  This restriction includes
12       discussing the case in person, in writing, by phone, tablet,
13       computer, or any other means, via email, text messaging, tweet,
14       or any Internet chat room, blog, website or any other forms of
15       social media.  This restriction applies to communicating with
16       your family members, your employer, the media or press, and the
17       people involved in the trial.  If you are asked or approached in
18       any way about your jury service or anything about this case, you
19       must respond that you have been ordered not to discuss the
20       matter and to report the contact to the court.

21

22       Do not read, watch, or listen to any news or media accounts or
23       commentary about the case or anything to do with it; do not do
24       any research, such as consulting dictionaries, searching the
25       Internet or using other reference materials; and do not make any
26       investigation or in any other way try to learn about the case on
27       your own.

28

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

INSTRUCTION NO. 42

Verdict Form


A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

INSTRUCTION NO. 43

Communications with the Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.