Michael S. Schachter* (NY 3910205)
Randall W. Jackson* (NY 5274048)
Casey E. Donnelly* (NY4936803)
**WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, New York 10019
Tel: (212) 728-8102; Fax: (728) 728-8111
Email: *mschachter@willkie.com*

Simona Agnolucci (SBN 246943)
**WILLKIE FARR & GALLAGHER LLP**
One Front Street
San Francisco, CA 94111
Tel: (415) 858-7447, Fax: (415) 858-7599
Email: *sagnolucci@willkie.com*

*Appearing pro hac vice*

*Counsel for Defendant Julian Omidi*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>  v.<br><br>Julian Omidi, *et al.*,<br>                Defendants. | Case No. CR No. 17-00661 (A) – DMG<br><br>**DEFENDANT JULIAN OMIDI'S *EX PARTE* APPLICATION FOR EXTENSION OF TIME TO FILE POST-TRIAL MOTIONS AND LEAVE TO EXCEED PAGE LIMIT IN POST-TRIAL MOTION**<br><br>Courtroom of the Hon. Dolly M. Gee |

**TO THE HONORABLE COURT, TO ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Julian Omidi, by and through his counsel of record, hereby files this ex parte application for a three-week extension of time to file post-trial motions and for leave to exceed the page limit for post-trial motions.  Mr. Omidi intends to move post-trial for relief, including for a new trial pursuant to Rule 33.  Any such motion currently is due on January 31, 2022, pursuant to the Court's ruling on December 16, 2021.  Mr. Omidi's counsel have been in communication with the government since December 23, 2021 regarding factual issues underlying Mr. Omidi's intended motion, in a good faith effort to gain a sufficient understanding of these issues to adequately prepare Mr. Omidi's motion.  Because those discussions with the government are ongoing, Mr. Omidi and his counsel require additional time to investigate and evaluate these factual matters.  Additionally, in light of the complex issues involved in this motion and the length of the foregoing trial, Mr. Omidi respectfully asks that the Court grant him leave to exceed the 25-page limit prescribed for memoranda of law in support of motions, and permit Mr. Omidi to submit a memorandum of law that will not exceed 40 pages in length.  This Application is based on the declaration of Michael Schachter annexed hereto, the files and records in this case, and such further evidence and argument as the Court may permit.

On January 21, 2022, Mr. Omidi, through counsel, informed counsel for the government of Mr. Omidi's intention to file this Application.  The government's counsel provided the following position in response:  "The government opposes defendant's request for an additional three-week continuance, particularly in light of the Court's prior order granting additional time for post-trial motions. The government defers to the Court regarding the appropriateness of any oversized brief and its length, but, if an oversized brief is permitted, requests the Court's permission

1  to file a similarly oversized response.  The government also requests that the Court
2  set a briefing schedule that provides at least two weeks for the government to file its
3  response."

5  Dated:  January 21, 2022                Respectfully submitted,

                                           **WILLKIE FARR & GALLAGHER LLP**

                                           By: s/ Michael S. Schachter
                                               MICHAEL S. SCHACHTER
                                               RANDALL W. JACKSON
                                               CASEY E. DONNELLY
                                               SIMONA AGNOLUCCI

                                               ATTORNEYS FOR DEFENDANT
                                               JULIAN OMIDI

# DECLARATION OF MICHAEL SCHACHTER

I, Michael Schachter, declare as follows:

1. I am a partner at Willkie Farr & Gallagher LLP, counsel of record for Defendant Julian Omidi. I am admitted to this Court *pro hac vice*. I submit this declaration in support of Mr. Omidi's *Ex Parte* Application for a Three-Week Extension of the Deadline for Post-Trial Motions and for Leave to Exceed the Page Limit for Post-Trial Motions.

2. Mr. Omidi intends to move post-trial for relief, including for a new trial pursuant to Rule 33. The Court ruled on December 16, 2021 that any post-trial motions would be due on January 31, 2022. Since that date, Mr. Omidi and his counsel have worked diligently and in good faith to confer with the government regarding various factual issues underlying Mr. Omidi's intended motion.

3. Among other grounds, Mr. Omidi intends to move for a new trial on the basis that the government elicited from witness Charles Klasky testimony that the government knew or should have known was false and relied on that testimony during closing arguments.

4. Specifically, the government asked Mr. Klasky at trial whether Mr. Klasky received a call from Brian Oxman prior to Mr. Klasky's May 24, 2016 proffer interview with the government, and Mr. Klasky testified that Mr. Oxman did call him prior to the meeting and "said I cannot attend that meeting with the government. It would be the same thing as if I were to put a gun to my head and just kill myself." (Tr. at 4974-77.) The government asserted at trial that Klasky's testimony on this issue was "absolutely relevant with the pressure that is being placed on someone who could go to the government and reveal this fraud", and "absolutely goes to the issues of knowledge and intent in this case and of the desire to continue concealing the fraud." (Tr. at 4980.) The government relied on this testimony during closing arguments, first reminding the jury that "[r]ight before Mr. Klasky was supposed to meet with the government in May of 2016, you heard that Mr. Oxman told Mr.

Klasky—or pressured Mr. Klasky not to go to that meeting." (*Id.* at 8659), and later reading the testimony into the record verbatim, in support of the government's argument in its rebuttal that "you also know that Julian Omidi made sure that the story of the fraud didn't get out." (*Id.* at 8926-27). When Mr. Omidi's counsel raised an objection to this testimony, government counsel noted that Mr. Klasky's claim regarding this phone call "was something that [Mr. Klasky] has previously talked about" in "prior statements of his," in apparent reference to Mr. Klasky's statement in multiple government interviews, including during the May 24, 2016 proffer that was the subject of the claim, that Mr. Oxman made this call to Mr. Klasky's cell phone on the *morning* of the proffer. (*Id*. at 4979-80.)[1]

   5. However, Mr. Klasky's phone records, which the government obtained via subpoena after Mr. Klasky initially made his claim in his May 24, 2016 proffer interview, demonstrate that Mr. Klasky received phone calls from two phone numbers the morning of his proffer interview, neither one of which is the phone number that the government knew to be associated with Brian Oxman. Moreover, handwritten notes of Mr. Klasky's August 14, 2017 interview with the government indicate that the government confronted Mr. Klasky with two names during that interview and asked Mr. Klasky whether it was possible that the alleged call with Mr. Oxman occurred at a different time. The August 14, 2017, interview notes show that Mr. Klasky reaffirmed that the purported Oxman call occurred "in the morning" on May 24, 2016, "right before 10 am meet[ing]." Moreover, during recent post-trial discussions between Mr. Omidi's counsel and the government, the government has confirmed that CPClear (law enforcement database) searches show that the two phone

---

[1] Mr. Omidi expects the government may argue, in opposition to Mr. Omidi's motion, that Mr. Klasky's trial testimony, unlike his initial statements to the government, did not specify that the call from Mr. Oxman occurred on the morning of May 24, 2016. Whether this modification of Mr. Klasky's account, after initially repeatedly insisting that the call took place the morning of May 24, has any bearing on Mr. Omidi's entitlement to post-trial relief is not currently before the Court. However, the fact-intensive nature of this motion precisely underscores why it is critical that Mr. Omidi be given additional time to develop and analyze the underlying facts.

1 numbers that called Mr. Klasky on the morning of May 24, 2016, are associated with
2 the same two names that the government raised with Mr. Klasky during his August
3 14, 2017 interview.
4      6.     Prior to trial, the government did not disclose to the defense any records
5 of searches the government conducted for these phone numbers or the associated
6 subscriber names, nor did the government disclose that it attempted to investigate
7 whether Brian Oxman actually called Mr. Klasky on the morning of May 24, 2016.
8 Based on these circumstances, Mr. Omidi intends to argue in his motion, among other
9 things, that the government improperly elicited and relied at closing argument on
10 materially false testimony from Mr. Klasky at trial, failed to conduct a reasonable
11 investigation into Mr. Klasky's allegation when on notice it was likely to be false, and
12 failed to identify and disclose the results of the government's investigation of this
13 matter to the defense, as required by *Brady v. Maryland*, 383 U.S. 83 (1967) and this
14 Court's order compelling the government to "specifically identify *Brady* material
15 …with reference to Bates number or any other information that may be used to
16 reasonably facilitate identification" prior to trial. (ECF No. 1333.)
17      7.     To develop these arguments, Mr. Omidi's counsel requested on
18 December 23, 2021 that the government specify how the government identified the
19 names it raised with Mr. Klasky during his August 14, 2017, and whether there are
20 any records of the government's investigation of this matter. The course of the
21 parties' correspondence to date is attached hereto as Exhibit 1. On December 31,
22 2021, government counsel Kristen Williams, who was present at the May 24, 2016
23 and August 14, 2017 interviews with Mr. Klasky and conducted his direct
24 examination at trial, responded that she could not "specifically recall" what the notes
25 from the August 14, 2017 meeting relate to and stated that "[t]here is no outstanding
26 discovery on this issue." (Ex. 1). Ms. Williams also speculated in that response that
27 one of the names mentioned in the August 14, 2017 interview may have been
28 identified through a Google search of one of the phone numbers that called Mr.

3
DECLARATION OF MICHAEL SCHACHTER
Case No. CR No. 17-00661 (A) - DMG

Klasky on the morning of May 24, 2016. On January 3, 2022, Mr. Omidi's counsel raised several follow-up questions raised by Ms. Williams's response, including whether Ms. Williams' response was on behalf of herself or the entire prosecution team and whether there were any records of Google searches for the phone number Ms. Williams mentioned in her response. Ms. Williams responded to these follow-up questions on January 13, 2022, and noted, among other things, that the government recently conducted a CPClear search that confirmed that the *same* names mentioned in the August 14, 2017 interview (neither one of which is Brian Oxman) are associated with the phone numbers that called Mr. Klasky on the morning of May 24, 2016. On January 18, 2022, Mr. Omidi's counsel raised several additional follow-up questions based on Ms. Williams' January 13, 2022 response. Specifically, Mr. Omidi's counsel asked that the government explain how, prior to Mr. Klasky's August 14, 2017 interview, it had obtained the names of the *same* two callers that the government disclosed in 2022 as a result of a recent CPClear search, and requested that the government provide any records it has relating to this matter. (Ex. 1.) The government has yet to respond to these follow-up questions.

8. The development of these factual issues is necessary for Mr. Omidi and his counsel to evaluate and prepare his upcoming post-trial motion. Without understanding what the government knew and attempted to know about the veracity of Mr. Klasky's claim on May 24, 2016 that he received a call that same morning from Mr. Oxman, Mr. Omidi cannot adequately address the propriety of the government's conduct and the prejudice to Mr. Omidi. Even if the government responds sufficiently to Mr. Omidi's outstanding questions as soon as this week, these new facts will require further investigation and research from Mr. Omidi to fully develop his motion.

9. For the foregoing reasons, Mr. Omidi respectfully requests that the Court grant a three-week extension to the deadline for the filing of post-trial motions so that

Mr. Omidi can fully evaluate, investigate, and incorporate into his motion the parties' ongoing discussion regarding factual issues highly relevant to the relief Mr. Omidi seeks.

10. Moreover, because of the complex issues underlying Mr. Omidi's intended motions, Mr. Omidi respectfully requests that the Court grant him leave to exceed the 25-page limit for memoranda of law in support of motions. Mr. Omidi submits that this request is particularly appropriate in light of the length of the trial in this matter, and he asks that he be permitted to submit a memorandum of law that will not exceed 40 pages in length.

Dated: January 21, 2022

                                                        /s/ Michael S. Schachter
                                                        Michael S. Schachter

# EXHIBIT 1

| | |
|---|---|
| **From:** | Schachter, Michael |
| **Sent:** | Thursday, January 20, 2022 4:19 PM |
| **To:** | Williams, Kristen (USACAC) 2 |
| **Cc:** | Moghaddas, Ali (USACAC); Chao, David (USACAC) 1; Lachman, David (USACAC); Jackson, Randall; Donnelly, Casey; Brennan, John L. |
| **Subject:** | Re: Question |

Ok, thank you for letting us know your position. We intend to file an ex parte motion for extension of time shortly, and will state your objection.

**Michael S. Schachter**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8102 | Mobile: +1 917 656 0464
mschachter@willkie.com | vCard | www.willkie.com bio

> On Jan 20, 2022, at 3:55 PM, Williams, Kristen (USACAC) 2 <Kristen.Williams@usdoj.gov> wrote:
>
> **\*\*\* EXTERNAL EMAIL \*\*\***
>
> Hi Mike,
> We continue to feel that no extension is warranted here.
> Thank you,
> Kristen
>
> Kristen A. Williams
> Assistant United States Attorney
> Deputy Chief, Major Frauds Section
> U.S. Attorney's Office, Central District of California
> 1100 U.S. Courthouse | 312 N. Spring St. | Los Angeles, CA 90012
> Office: (213) 894-0526 | Fax: (213) 894-6269
>
> **From:** Schachter, Michael <MSchachter@willkie.com>
> **Sent:** Thursday, January 20, 2022 11:34 AM
> **To:** Williams, Kristen (USACAC) 2 <kwilliams2@usa.doj.gov>
> **Cc:** Moghaddas, Ali (USACAC) <AMoghaddas@usa.doj.gov>; Chao, David (USACAC) 1 <DChao1@usa.doj.gov>; Lachman, David (USACAC) <DLachman@usa.doj.gov>; Jackson, Randall <RJackson@willkie.com>; Donnelly, Casey <CDonnelly@willkie.com>; Brennan, John L. <JBrennan@willkie.com>
> **Subject:** [EXTERNAL] RE: Question
>
> Hi Kristen,
>
> Following up on the below, we feel we need to move for the extension of time. Can you consent to this request?

Thanks.

Mike

**Michael S. Schachter**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8102 | Mobile: +1 917 656 0464
mschachter@willkie.com | vCard | www.willkie.com bio

---

**From:** Schachter, Michael <MSchachter@willkie.com>
**Sent:** Tuesday, January 18, 2022 2:03 PM
**To:** 'Williams, Kristen (USACAC) 2' <Kristen.Williams@usdoj.gov>
**Cc:** Moghaddas, Ali (USACAC) <Ali.Moghaddas@usdoj.gov>; Chao, David (USACAC) 1 <David.Chao@usdoj.gov>; Lachman, David (USACAC) <David.Lachman@usdoj.gov>; Jackson, Randall <RJackson@willkie.com>; Donnelly, Casey <CDonnelly@willkie.com>; Brennan, John L. <JBrennan@willkie.com>
**Subject:** RE: Question

Kristen,

Thank you again for your response. While I appreciate your trying to get back to us on these issues, I'd ask again that the government consent to a short three-week extension of our filing deadline in light of the information you disclosed in your most recent email. We do intend to seek relief relating to the government's investigation regarding Klasky's claim about this supposed call from Brian Oxman, and your responses to these questions are relevant to our motion. Please let me know if you'd like to set up a call to discuss, as we may need to seek court intervention if we cannot agree on an appropriate extension of time.

Additionally, I want to make sure we understand clearly your responses below. You noted that Brian Oxman's phone number is (562) ███████, a number that did not make a call to Klasky's cell phone the morning of the proffer, and that Klasky did not testify at trial that the call occurred the morning of the proffer. Does the government acknowledge, then, that no such call between Oxman and Klasky occurred the morning of Klasky's proffer, as I understand the results of the CPClear search appears to confirm?

We appreciate your providing the recent results of the CPClear search, which showed that the two phone numbers that called Klasky the morning of May 24, 2016 are associated with Cheryl A. Nichols and Vegan Shahnazari. And I understand your clarification that your earlier reference to a Google search of one of these numbers was a reference to a recent search that you performed, not a search that occurred in 2017. I would note, however, that the government raised these names to Klasky during the August 14, 2017 meeting, as the notes from that meeting include phonetic spellings of the names Cheryl Nichols and Shahnazari (GT_REPORTS_00104958). To be clear, are you representing that the government does not have any records or recollection as to how the government learned these names in August 2017?

Finally, could you please produce any materials not yet produced that relate to the government's investigation of this matter at any time to the present, including any internal government communications regarding Klasky's claim about the call, any communications with Klasky, his counsel, or anyone else regarding the same, any communications, including with Verizon, regarding the subpoena for Klasky's phone records, the date of the government's receipt of Klasky's phone records from Verizon, and the results of any searches the government performed in CPClear or any similar program for the numbers in

2

Klasky's phone records?  Please let us know if the government is withholding any of this information pursuant to a claim of privilege or for any other reason.

Thank you,
Mike



**Michael S. Schachter**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8102 | Mobile: +1 917 656 0464
mschachter@willkie.com | vCard | www.willkie.com bio

---

**From:** Williams, Kristen (USACAC) 2 <Kristen.Williams@usdoj.gov>
**Sent:** Thursday, January 13, 2022 6:28 PM
**To:** Schachter, Michael <MSchachter@willkie.com>
**Cc:** Moghaddas, Ali (USACAC) <Ali.Moghaddas@usdoj.gov>; Chao, David (USACAC) 1 <David.Chao@usdoj.gov>; Lachman, David (USACAC) <David.Lachman@usdoj.gov>; Jackson, Randall <RJackson@willkie.com>; Donnelly, Casey <CDonnelly@willkie.com>; Brennan, John L. <JBrennan@willkie.com>; Williams, Kristen (USACAC) 2 <Kristen.Williams@usdoj.gov>
**Subject:** RE: Question

**\*\*\* EXTERNAL EMAIL \*\*\***

Mike,

1. The government did not specifically investigate whether Brian Oxman had a "310" number.  There was some background information obtained on Mr. Oxman, which I've attached here (GT_REPORTS_00112393-450), provided subject to the Court's protective order.  The multiple incoming calls I previously referenced are from phone number (562) ████████, which is identified elsewhere in discovery as a cell phone Brian Oxman uses.  (*See, e.g.*, SCM1005825)
2. The notes do not specify the "310" number referenced, and we have no independent recollection.  The phone records reviewed with Mr. Klasky during the interview were attached to and produced with those notes.  (*See* GT_REPORTS_00105068-71)
3. Neither the question to Mr. Klasky at trial nor the answer he supplied specified that the call referenced occurred the morning of Mr. Klasky's May 24, 2016 meeting with the government.  My question at trial asked him about a call he received from Brian Oxman before his May 24, 2016 meeting, and multiple such calls are present in Mr. Klasky's phone records from the "562" number above known to be associated with Mr. Oxman, as well as a "310" number coming from Santa Ana (310-████████).  There was no specific investigation at the time into the 310- number.
4. See above.  Mr. Klasky's testimony on this point at trial was also consistent with his grand jury testimony on this same issue.
5. Phone records were shown to Mr. Klasky and attached to the produced notes, as described above.  SA Coleman believes the notation to "get copy of phone records" was a reminder to himself to obtain the records shown to attach to his report, which he appears to have done and included in the attachment at GT_REPORTS_00105068-71.  The government did not subsequently obtain the subscriber information for any of the phone numbers reflected on GT_REPORTS_00105071; I have been informed that CPClear records obtained

3

      yesterday reflect that 310-▮▮▮▮▮▮▮ is associated with Cheryl A. Nichols and Cheryl Ann Enterprises, LLC and that 818-▮▮▮▮▮▮▮ is associated with Vegan Shahnazari.
6. There are no such records, nor am I certain that any such Google search even occurred. I was only speculating based on my Google search at the time of my email to you.
7. The response stands for the prosecution team.

Our responses on this issue do not seem to justify a three-week extension of the time for your motions; please let me know if I'm misunderstanding something.
Thank you,
Kristen

Kristen A. Williams
Assistant United States Attorney
Deputy Chief, Major Frauds Section
U.S. Attorney's Office, Central District of California
1100 U.S. Courthouse | 312 N. Spring St. | Los Angeles, CA 90012
Office: (213) 894-0526 | Fax: (213) 894-6269

**From:** Williams, Kristen (USACAC) 2 <kwilliams2@usa.doj.gov>
**Sent:** Tuesday, January 11, 2022 2:41 PM
**To:** Schachter, Michael <MSchachter@willkie.com>
**Cc:** Moghaddas, Ali (USACAC) <AMoghaddas@usa.doj.gov>; Chao, David (USACAC) 1 <DChao1@usa.doj.gov>; Lachman, David (USACAC) <DLachman@usa.doj.gov>; Jackson, Randall <RJackson@willkie.com>; Donnelly, Casey <CDonnelly@willkie.com>; Brennan, John L. <JBrennan@willkie.com>; Williams, Kristen (USACAC) 2 <kwilliams2@usa.doj.gov>
**Subject:** RE: Question

Mike,
I should be able to respond by Thursday to your emails.
Thank you,
Kristen

Kristen A. Williams
Assistant United States Attorney
Deputy Chief, Major Frauds Section
U.S. Attorney's Office, Central District of California
1100 U.S. Courthouse | 312 N. Spring St. | Los Angeles, CA 90012
Office: (213) 894-0526 | Fax: (213) 894-6269

**From:** Schachter, Michael <MSchachter@willkie.com>
**Sent:** Tuesday, January 11, 2022 2:37 PM
**To:** Williams, Kristen (USACAC) 2 <kwilliams2@usa.doj.gov>
**Cc:** Moghaddas, Ali (USACAC) <AMoghaddas@usa.doj.gov>; Chao, David (USACAC) 1 <DChao1@usa.doj.gov>; Lachman, David (USACAC) <DLachman@usa.doj.gov>; Jackson, Randall <RJackson@willkie.com>; Donnelly, Casey <CDonnelly@willkie.com>; Brennan, John L. <JBrennan@willkie.com>
**Subject:** [EXTERNAL] RE: Question

Kristen,


I am writing to follow up on the below. Can you please provide responses? In addition, can you please provide us with any subpoenas to Verizon for the records discussed below, and any correspondence regarding the same? Finally, to provide us with time to consider the relevance of the information you provide to any post-trial motions, please let us know if you have any objection to us receiving a 21-day extension of time to file our post-trial motions.

Thank you.

Mike


**Michael S. Schachter**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8102 | Mobile: +1 917 656 0464
mschachter@willkie.com | vCard | www.willkie.com bio

**From:** Schachter, Michael <MSchachter@willkie.com>
**Sent:** Monday, January 3, 2022 6:02 PM
**To:** 'Williams, Kristen (USACAC) 2' <Kristen.Williams@usdoj.gov>
**Cc:** Moghaddas, Ali (USACAC) <Ali.Moghaddas@usdoj.gov>; Chao, David (USACAC) 1 <David.Chao@usdoj.gov>; Lachman, David (USACAC) <David.Lachman@usdoj.gov>; Jackson, Randall <RJackson@willkie.com>; Donnelly, Casey <CDonnelly@willkie.com>; Brennan, John L. <JBrennan@willkie.com>
**Subject:** RE: Question


Thank you for your response, and wishing all of you a very happy new year. We have a number of follow-up questions. Can you please respond to each one individually?

1. The August 14, 2017 interview notes reference a "(310) number." GT_REPORTS_00104958. ("BO came from Santa Ana and BO also has a (310) number"; "timing of the '310' call"). The interview notes do not identify the "(310) number" or the "'(310)' call". Did the government investigate if Brian Oxman had a "(310) number"? In your December 31, 2021 email you reference "multiple incoming calls from Brian Oxman's cell phone." What is the cell phone number that you are referencing?

2. What is the "'(310)' call'" that was referred to in the interview and when did Klasky receive this call? Did the government take any steps to investigate the subscriber ID of the "'(310)' call" to Klasky, even with a Google search? Was Klasky ever confronted with the subscriber ID of the "'(310)' call" to determine if Klasky knew the caller?

3. What steps, if any, did the government take to determine whether phone records reflect any call from Brian Oxman to Mr. Klasky the morning of his interview, as he testified at trial?

4. If the government did not take any steps to identify any calls from Oxman to Klasky the morning of May 24, 2016, how did the government get comfortable eliciting from Klasky that the call took place?

5. Did the government obtain any subscriber information for any calls reflected in Klasky's phone records for May 24, 2016? The notes state: "Get copy of phone records." Were any records obtained after the August 14, 2017 interview? The August 14, 2017 interview notes state that "CK-reviewed phone records." GT_REPORTS_00104958. These records that Klasky reviewed are not attached or referenced in the August 14, 2017 interview notes. What records, including phone records, did the

government provide Klasky to review at the August 14, 2017 interview?  It appears that the government already possessed Klasky's phone records for May 24, 2016, but please confirm that fact.

6.   Are there any records reflecting the google search for the number 818-█████, which you noted returned results relating to individuals with the surname "Shahnazari"?  Were records of that google search produced?

7.   In your December 31, 2021 email you stated that you don't "specifically recall what the 2017 notes you reference relate to".  I have attached the relevant page of the August 14, 2017 interview notes for your review.  Please confirm if your initial response was solely your recollection and not that of the entire prosecution team, and that the entire prosecution team has investigated its records to address all of our questions.

Thank you.

Mike


**Michael S. Schachter**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8102 | Mobile: +1 917 656 0464
mschachter@willkie.com | vCard | www.willkie.com bio

---

**From:** Williams, Kristen (USACAC) 2 <Kristen.Williams@usdoj.gov>
**Sent:** Friday, December 31, 2021 6:20 PM
**To:** Schachter, Michael <MSchachter@willkie.com>
**Cc:** Moghaddas, Ali (USACAC) <Ali.Moghaddas@usdoj.gov>; Chao, David (USACAC) 1 <David.Chao@usdoj.gov>; Lachman, David (USACAC) <David.Lachman@usdoj.gov>; Jackson, Randall <RJackson@willkie.com>; Donnelly, Casey <CDonnelly@willkie.com>; Brennan, John L. <JBrennan@willkie.com>; Williams, Kristen (USACAC) 2 <Kristen.Williams@usdoj.gov>
**Subject:** RE: Question

**\*\*\* EXTERNAL EMAIL \*\*\***

Mike,
Hope you and yours are enjoying the holidays.

During trial, I asked Mr. Klasky about a call with Brian Oxman that took place before his May 24, 2016 meeting with the government.  Please see GT_Verizon_00000532-585, produced long ago in discovery, for Mr. Klasky's toll records for the period leading up to that meeting, including multiple incoming calls from Brian Oxman's cell phone.  I don't specifically recall what the 2017 notes you reference relate to, but can speculate they are associated with a Google search for the number 818-█████, which returns results relating to individuals with the surname "Shahnazari."  There is no outstanding discovery on this issue.

Thank you,
Kristen

6

Kristen A. Williams
Assistant United States Attorney
Deputy Chief, Major Frauds Section
U.S. Attorney's Office, Central District of California
1100 U.S. Courthouse | 312 N. Spring St. | Los Angeles, CA 90012
Office: (213) 894-0526 | Fax: (213) 894-6269

---

**From:** Schachter, Michael <MSchachter@willkie.com>
**Sent:** Thursday, December 23, 2021 12:27 PM
**To:** Williams, Kristen (USACAC) 2 <kwilliams2@usa.doj.gov>
**Cc:** Moghaddas, Ali (USACAC) <AMoghaddas@usa.doj.gov>; Chao, David (USACAC) 1 <DChao1@usa.doj.gov>; Lachman, David (USACAC) <DLachman@usa.doj.gov>; Jackson, Randall <RJackson@willkie.com>; Donnelly, Casey <CDonnelly@willkie.com>; Brennan, John L. <JBrennan@willkie.com>
**Subject:** [EXTERNAL] Question


Kristen,

I hope you are getting some time off during the holidays. I am sorry that I need to trouble you with this request, but we do feel there is some urgency given that this is a matter we may wish to raise in post-trial motions.

As you will recall, you elicited from Klasky that he received a call from Brian Oxman on the morning of his proffer. It appears that the government may have investigated whether that call in fact took place. Page 15 of the notes of Klasky's interview on August 14, 2017, GT_Reports_00104958, contain an asterisk next to the note, "Get copy of phone rec.", and suggests that you went over phone records from that morning with Klasky and asked him if he was able to identify a caller noted as "Shavan" and/or "Savanazari." It is unclear how the government came up with those names referenced in the notes. Are there subscriber records or other phone records that prompted the government to ask those questions? What exactly was done in the government's investigation on this issue, what records were obtained and reviewed, and were all the records pertaining to the government's inquiry produced?

With respect to the government's apparent investigation into phone records and subscriber information regarding the morning of the proffer call as noted above, please also let us know the facts that investigation revealed which provided the government sufficient confidence in the accuracy of Klasky's testimony to elicit it. Please also produce any records or reports relevant to the government's effort to determine whether Brian Oxman, Julian Omidi or anyone associated with Mr. Omidi in fact called Klasky on the morning of his proffer.

Thank you.

Mike


**Michael S. Schachter**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8102 | Mobile: +1 917 656 0464
mschachter@willkie.com | vCard | www.willkie.com bio

7

**Important Notice:**  This email message is intended to be received only by persons entitled to receive the confidential information it may contain.  Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged.  Please do not read, copy, forward or store this message unless you are an intended recipient of it.  If you have received this message in error, please forward it back.  Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

**Important Notice:**  This email message is intended to be received only by persons entitled to receive the confidential information it may contain.  Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged.  Please do not read, copy, forward or store this message unless you are an intended recipient of it.  If you have received this message in error, please forward it back.  Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

**Important Notice:**  This email message is intended to be received only by persons entitled to receive the confidential information it may contain.  Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged.  Please do not read, copy, forward or store this message unless you are an intended recipient of it.  If you have received this message in error, please forward it back.  Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.