Michael S. Schachter* (NY 3910205)
Randall W. Jackson* (NY 5274048)
Casey E. Donnelly* (NY4936803)
**WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, New York 10019
Tel: (212) 728-8102; Fax: (728) 728-8111
Email: *mschachter@willkie.com*

Simona Agnolucci (SBN 246943)
**WILLKIE FARR & GALLAGHER LLP**
One Front Street
San Francisco, CA 94111
Tel: (415) 858-7447, Fax: (415) 858-7599
Email: *sagnolucci@willkie.com*

* *Appearing pro hac vice*

*Counsel for Defendant Julian Omidi*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| United States of America,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>Julian Omidi, *et al.*,<br><br>　　　　　　　Defendants. | Case No. CR No. 17-00661 (A) – DMG<br><br>**DEFENDANT JULIAN OMIDI'S RESPONSE TO THE GOVERNMENT'S OPPOSITION TO MR. OMIDI'S *EX PARTE* APPLICATION TO STAY DEADLINE TO FILE POST-TRIAL MOTIONS PENDING RESOLUTION OF MR. OMIDI'S MOTION TO COMPEL**<br>Courtroom of the Hon. Dolly M. Gee |

Defendant Julian Omidi hereby files a brief response to the government's opposition to Mr. Omidi's *Ex Parte* Application to Stay the Deadline to File Post-Trial Motions Pending Resolution of Mr. Omidi's Motion to Compel.

The government's opposition (which consists entirely of attorney argument and does not dispute any of the facts raised in Mr. Omidi's counsel's declaration) is an attempt to obscure the government's own failure to disclose until after trial on January 24, 2022, relevant, exculpatory impeachment evidence. The government's untimely disclosure demonstrates, for the first time, the government's knowledge of the falsity of a claim Mr. Klasky made during his initial proffer interview on May 24, 2016. As Mr. Omidi's Application made clear, he intends to file a motion to compel (which he is prepared to file on Tuesday) to ensure that he and the Court understand the full extent of the government's investigation of Mr. Klasky's claim and of the government's failure to disclose documentation thereof.

In attempting to convince the Court that Mr. Omidi should not have the opportunity to seek this evidence, the government argues primarily that Mr. Omidi should have impeached Mr. Klasky at trial regarding the "purported inconsistency" in his account of the threatening call, even without the benefit of the government's untimely post-trial disclosures. In so arguing, the government conflates what it characterizes as merely an "inconsistency" in Mr. Klasky's statements—whether the call occurred on May 24 or May 23[1]—with evidence that the government investigated Mr. Klasky's initial claim and obtained confirmation that it was false. Even to the extent the "purported inconsistency" the government describes may have been

---

[1] The government attempts to paper over the change in Mr. Klasky's account by confusingly suggesting, for the first time, that Mr. Klasky's story was actually about multiple calls (which, incidentally, Mr. Klasky denied in government interviews). The government even goes so far as to brazenly characterize Mr. Klasky's account as "materially consistent." For the avoidance of doubt, when Mr. Klasky initially told this story on the morning of May 24, 2016, he was not ambiguous. He told the government that the call happened *that same morning*. When the government met with him to prepare for his grand jury testimony on August 14, 2017, he again insisted that the call occurred on the morning of his proffer agreement. The government now acknowledges that was false.

evident from the government's pre-trial disclosures, the evidence of the results of the government's investigation indisputably was not.[2]

Without the evidence that the government set out to corroborate, but instead contradicted, Mr. Klasky's account of the call, Mr. Omidi and his counsel were deprived of the opportunity to effectively cross examine both Mr. Klasky and government agents regarding this claim.  Put differently, Mr. Omidi's approach to the cross examination of Mr. Klasky and the government agents would have been very different had Mr. Omidi known, as he does now, that the government found evidence contradicting Mr. Klasky's claim, confronted him with that evidence, and then accepted Mr. Klasky at face value when he changed his account during his grand jury testimony.[3]  For example, Mr. Omidi would have raised these issues in the cross examination of FDA Special Agent Samantha Kelley, who created the recently disclosed spreadsheet confirming the falsity of Mr. Klasky's May 24, 2016 accusation, as well as other agents who received the evidence that Mr. Klasky's claim was false (including FDA Special Agent Zeva Pettigrew), to "attack[] the reliability of the investigation . . . in tolerating (if not countenancing) serious possibilities that incriminating evidence had been planted." *Kyles*, 514 U.S. at 446.

In any event, the government is free to pursue this line of argument in response to Mr. Omidi's intended post-trial motion for relief arising from the government's *Brady* and *Napue* violations.  But that motion is not yet before the Court.  Instead, Mr. Omidi's Application asks only that he be given time to obtain and review further

---

[2] In any event, the government's argument that Mr. Omidi should have concentrated on inconsistencies the government purports should have been apparent ignores the Court's order that the government specifically identify impeachment material prior to trial.  (ECF No. 1333.)

[3] *Kyles v. Whitley*, 514 U.S. 419, 420 (1995) ("Disclosure would therefore have raised opportunities for the defense to attack the thoroughness and even the good faith of the investigation, and would also have allowed the defense to question the probative value of certain crucial physical evidence."); *Shelton v. Marshall*, 796 F.3d 1075, 1089 (9th Cir.) (casting "serious doubts about the good-faith of the prosecution as a whole" in light of *Brady* errors and that the suppression stole the opportunity from the defense to "diminish[] the State's own credibility as a presenter of evidence").

discovery that the government has refused to provide, before proceeding with his post-trial motion. The government attempts in a footnote to dismiss Mr. Omidi's upcoming motion to compel by citing language from the Ninth Circuit's opinion in *United States v. Lucas*, providing that a defendant "must do more than speculate that *Brady* material exists" to "challenge the government's representation that it does not have [further] *Brady* evidence." 841 F.3d 796, 809 (9th Cir. 2016). The court in *Lucas* also stated, however, that a defendant may challenge such a representation by "demonstrat[ing] that the government improperly withheld favorable evidence." *Id.* at 808. As Mr. Omidi's submissions to date show and he will explain in greater detail in his forthcoming motion to compel, the government did exactly that by withholding evidence "casting a shadow" on Mr. Klasky's credibility. *United States v. Bernal-Obeso*, 989 F.2d 331, 334 (9th Cir.1993) (discussing the government's "duty as required by *Giglio* to turn over to the defense in discovery all material information casting a shadow on a government witness's credibility.").

As such, Mr. Omidi cannot be expected to accept at face value the government's assurance that it does not possess any additional discoverable materials, especially given the government's refusal to specify whether it is withholding any materials it deems not to be discoverable. Indeed, the government's statement in its opposition that it "produced all discoverable evidence on this issue" prior to trial, despite its established failure to disclose the materials recently produced on January 24, 2022 (as well as its presentation of Mr. Klasky's materially false and misleading testimony on the same topic), underscores the need for judicial scrutiny of the government's representations regarding what is and is not "discoverable."

| | | |
|---|---|---|
| 1 | Dated: February 18, 2022 | Respectfully submitted, |
| 2 | | **WILLKIE FARR & GALLAGHER LLP** |
| 3 | | By: s/ Michael S. Schachter |
| 4 | | MICHAEL S. SCHACHTER |
| | | RANDALL W. JACKSON |
| 5 | | CASEY E. DONNELLY |
| 6 | | SIMONA AGNOLUCCI |
| 7 | | ATTORNEYS FOR DEFENDANT |
| | | JULIAN OMIDI |