UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES—GENERAL

Page **1** of **4**

| Case No. | CR 17-661(A)-DMG | Date | March 21, 2022 |
|---|---|---|---|

| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE |
|---|---|
| Interpreter | N/A |

| Kane Tien | Not Reported | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendant(s): | Present | Appt. | Ret. |
|---|---|---|---|---|---|---|---|
| Julian Omidi | N/A | | x | Michael Schachter, et al. | N/A | | x |

**Proceedings:** **[IN CHAMBERS] ORDER RE DEFENDANT JULIAN OMIDI'S MOTION TO COMPEL DISCOVERY AND TO HOLD EVIDENTIARY HEARING [1660, 1668, 1677]**

## I. INTRODUCTION

On February 22, 2022, Defendant Julian Omidi filed a motion to compel discovery and to hold an evidentiary hearing. [Doc. ## 1660, 1668.] The Government filed its opposition on March 3, 2022 [Doc. ## 1671, 1672], and Defendant Omidi filed his reply on March 8, 2022 [Doc. # 1674]. Defendant Surgery Center Management, LLC ("SCM") filed a joinder in Defendant Omidi's motion on March 21, 2022. [Doc. # 1677.] Having carefully considered the parties' written submissions, the Court **DENIES** Defendant Omidi's motion for the reasons set forth below.

## II. BACKGROUND

On December 16, 2021, a jury convicted Defendant Omidi on all 37 counts charged in the First Superseding Indictment. [Doc. ## 12, 1577, 1578.] The instant motion centers on Defendant Omidi's request to compel the Government to produce discovery relating to certain statements made by Charles Klasky (a key government witness and admitted co-conspirator) and the Government's knowledge, action, and/or inaction with respect to inconsistencies in those statements.

On May 24, 2016, Klasky proffered with the Government regarding his role in the GET THIN fraud scheme, wherein he stated, among other things, that Defendant Omidi's self-described litigation coordinator (and disbarred attorney) Brian Oxman had made a threatening phone call to him earlier that same morning. Klasky explained that in the call, Oxman urged Klasky not to speak with the Government and Oxman stated that telling the Government the truth about the fraud scheme would be akin to putting a gun to his own head ("Oxman Phone Call"). Klasky also stated his belief that Defendant Omidi was present with Oxman during the call, given that Klasky had seen the two leave together in a car approximately ten minutes prior to the call. Klasky's statements regarding the Oxman Phone Call were memorialized in the Government's report of Klasky's proffer. [Doc. # 1668-2, Exh. 2 at 12-13.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES—GENERAL**

Page **2** of **4**

    The next day, on May 25, 2016, Special Agent Samanta Kelley subpoenaed Klasky's telephone records. [Doc. # 1668-3, Exh. 3 (Subpoena); Doc. # 1668-4, Exh. 4 (Verizon records).]  Phone records reflect that Klasky received only two incoming phone calls on the morning of May 24, 2016 – one from a "310" number and one from a "818" number. [Doc. # 1668-5, Exh. 5 (Verizon records).]  On or about November 21 and 22, 2016, the Government obtained TLOxp phone reports detailing subscriber information for the 310 and 818 phone numbers, indicating that they appeared to belong to individuals unrelated to this case  ("TLOxp Phone Reports"). [Doc. ## 1668-9, 1668-10.][1]  SA Kelley reviewed Klasky's calls for the relevant time period and created a summary spreadsheet, which she circulated to the Government's prosecution team on or about January 13, 2017 ("SA Kelley Spreadsheet"). [Doc. # 1668-7, Exh. 7.]  Oxman was generally known to use a "562" phone number and was not known to use either the 310 or 818 numbers.[2]

    On August 14, 2017, Klasky met with the Government. Based on the Government's notes from the meeting, Klasky again discussed the Oxman Phone Call and appeared to indicate that it occurred on the morning of May 24, 2016.  It appears that, at this meeting, the Government showed Klasky the Verizon phone records reflecting that he only received calls from the 310 and 818 numbers on the morning of May 24, 2016. [Doc. # 1668-11, Exh. 11 (Aug. 14, 2017 Notes) at 16.]

    Two days later, Klasky appeared before the Grand Jury and testified, among other things, that the Oxman Phone Call occurred on the late afternoon of May 23, 2016 (not the morning of May 24, 2016). [Doc. # 1668-12, Exh. 12 (Aug. 16, 2017 Tr.) at 3.]  Klasky also testified that he believed that Defendant Omidi was with Oxman because he had seen them leave together in a car and because Klasky could hear Defendant Omidi in the background giving Oxman instructions to convey to Klasky. *Id.* at 4.

    At trial, Klasky testified that the Oxman Phone Call occurred "before" his May 24, 2016 proffer, although he did not specify the date of the call. [Doc. # 1613 (Nov. 4, 2021 Trial Tr.) at 4974-75[3].]  Klasky testified that he believed Defendant Omidi was present with Oxman during the call because had seen them leave together shortly beforehand. *Id.* at 4975.  During trial, Defendant Omidi's counsel expressly declined to cross-examine Klasky regarding the Oxman Phone Call. [Doc. # 1619 (Nov. 17, 2021 Trial Tr.) at 6046.]  The Government referenced the Oxman Phone Call during its closing argument and on rebuttal. [*See, e.g.*, Doc. # 1632 (Dec. 10, 2021 Trial Tr.) at 8658; Doc. # 1633 (Dec. 13, 2021 Trial Tr.) at 8927.]

---

    [1] The TLOxp Phone Reports indicate that the 310 phone number is most likely associated with a Cheryl A. Nichols or Cheryl Ann Enterprises, LLC, and the 818 phone number is most likely associated with a Vegan (or Sevan) Shahnazari. *See id.*

    [2] A review of Klasky's Verizon records indicate that the 562 number associated with Oxman called Klasky three times on May 23, 2016 (once at 10:57 a.m., and twice at 8:31 p.m., with calls lasting from one to nine minutes). [Doc. # 1668-4, Exh. 4 at 8-9.]  The 562 number called Klasky several other times on the days leading up to Klasky's proffer. *See id.* at 8.

    [3] Citations to trial transcripts are to the page numbers inserted in the top right corner of the transcript, and not to the page inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES—GENERAL**

Page **3** of **4**

At trial, other witnesses, including Larry Twersky and Jaffy Palacios, testified that Oxman attempted to intimidate them and convince them to lie or not to speak to the Government regarding the GET THIN program.  [*See, e.g.*, Doc. # 1620 (Nov. 18, 2021 Trial Tr.) at 6339-41; Doc. # 1627 (Dec. 3, 2021 Trial Tr.) at 7653-54.]   Defendant Omidi's counsel argued in closing that Klasky (and Twersky)'s testimony regarding Oxman's threats were "inaccurate, incomplete, and unreliable," but that even if they were to be believed, they only showed that Oxman was merely a "blustery lawyer" who "probably should have just shut up."  [Doc. # 1633 (Dec. 13, 2021 Trial Tr.) at 8914.]

It is undisputed that the Government did not provide the SA Kelley Spreadsheet or TLOxp Phone Reports to Defendant Omidi until after the trial concluded, on or around January 24, 2022 following questions raised by Defendant Omidi's counsel.  [*See* Doc. # 1660-1 (Schachter Decl.) ¶ 7; Doc. # 1660-2, Exh. 1 (Email exchange) at 7.]  The Government represents that these documents were apparently not kept in the evidence management database relating to this case.   [Doc. # 1671, Williams Decl. ¶ 9.]  Klasky's prior statements (such as notes, reports, transcripts) regarding the Oxman Phone Call, however, as well as Klasky's Verizon phone records, were timely produced, most "many years before trial."  *Id.* ¶ 5.

### III.     DISCUSSION

"[M]ere speculation about materials in the government's files does not require the district court or this court under *Brady* to make the materials available for [defendant's] inspection."  *United States v. Michaels*, 796 F.2d 1112, 1116 (9th Cir. 1986) (upholding denial of defendant's motion to compel interview notes under *Brady* where defendant offered no reason to believe notes contained significant material that was not contained in documents already provided by government).  "*Brady* does not establish a 'duty to provide defense counsel with unlimited discovery of everything known by the prosecutor.'"  *Id.* (*quoting United States v. Agurs*, 427 U.S. 97, 106 (1975)).  "Rather, in a case in which a specific request for evidence is made, 'the test for materiality is whether the requested evidence might affect the outcome of the trial.'"   *Id.* (*quoting Agurs*, 427 U.S. at 104); *see also United States v. Lopez–Alvarez,* 970 F.2d 583, 598 (9th Cir. 1992) (no *Brady* violation where defendant's request for information was speculative and he failed to state how such information would exculpate him even if it did exist).

The Court notes that the briefing on this motion is lengthy, mostly because Defendant Omidi appears to conflate arguments that he will likely be making in his forthcoming motion for a new trial regarding purported *Brady*, *Napue*, and other constitutional violations.  These issues need not be directly addressed in this Order, as doing so would be premature.  The *narrow* issue presented in the instant motion is whether the Government should be ordered to produce any information in its possession regarding the Oxman Phone Call and the Government's knowledge regarding any inconsistent statements made by Klasky regarding the date of, and circumstances surrounding, that call.  The Court concludes that the motion should be denied as moot, as the Government attests that it has no outstanding

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES—GENERAL**

Page **4** of **4**

discovery on this issue.  *See* Williams Decl. ¶ 10.[4]  Even if the matter were not mooted by the Government's attestation, the discovery sought by Defendant Omidi does not appear to meet the standard for materiality nor does it appear likely to have affected the outcome of the trial.  *See Michaels*, 796 F.2d at 1116.

### IV.   CONCLUSION

For the reasons set forth above, Defendant Omidi's motion to compel and for an evidentiary hearing is respectfully **DENIED.**  The March 23, 2022 hearing is **VACATED.**

IT IS SO ORDERED.

---

[4] AUSA Williams attests that "[b]ased on my subsequent review of the case file, I have not identified any outstanding discovery relating to Oxman's contacts with Klasky before the May 24th Meeting."  Williams Decl. ¶ 10.