UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES—GENERAL**

Page **1** of 4

| Case No. | CR 17-661(A)-DMG | | | | Date | March 21, 2022 | |
|---|---|---|---|---|---|---|---|
| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE | | | | | | |
| Interpreter | N/A | | | | | | |
| | Kane Tien | | Not Reported | | | Not Present | |
| | *Deputy Clerk* | | *Court Reporter* | | | *Assistant U.S. Attorney* | |
| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendant(s): | | Present | Appt. | Ret. |
| Julian Omidi | N/A | | x | Michael Schachter, et al. | | N/A | | x |

**Proceedings:** **[IN CHAMBERS] ORDER RE DEFENDANT JULIAN OMIDI'S RENEWED APPLICATION FOR RELEASE OF SEIZED FUNDS [1507]**

## I. INTRODUCTION

On November 23, 2021, Defendant Julian Omidi filed a renewed application for the release of seized funds to pay his legal defense costs [Doc. # 1507], with a supplemental brief and declarations filed on December 13, 2021 [Doc. ## 1553, 1554, 1556, 1557]. Pursuant to a briefing schedule set by the Court [Doc. # 1552], the Government filed its opposition on January 7, 2022 [Doc. # 1583], and Defendant Omidi filed a reply on January 14, 2022 [Doc. # 1636]. On January 31, 2022, William Welden, counsel for claimants in the related civil forfeiture action, *United States v. Approximately $107,539,422.29 in Funds and Securities*, CV 18-3855-DMG (Ex) ("Civil Forfeiture Action"), filed a "notice of request to defer" the Court's ruling on the instant motion on the ground that the claimants' counsel had recently learned of alleged government wrongdoing materially affecting resolution of the motion. [Doc. # 1644.] On February 7, 2022, the claimants' counsel filed a status report providing further details [Doc. # 1646], and on February 16, 2022, the Government filed a response [Doc. # 1652]. The claimants' counsel filed a reply on February 23, 2022 [CV 18-3855, Doc. # 77]. The Court has carefully considered the arguments set forth in the parties' briefs, and for the reasons set forth below, Defendant Omidi's renewed application is **DENIED.**

## II. BACKGROUND

Defendant Omidi has previously filed three requests for the release of seized funds to pay his legal defense costs, which were each denied. [*See* Doc. # 1084 (June 15, 2021 order denying motion to dismiss and request for release of seized funds); Doc. # 1145 (July 28, 2021 order denying motion for reconsideration of June 15, 2021 order); Doc. # 1190 (Aug. 16, 2021 order denying *ex parte* application for release of seized funds).]

As detailed in greater length in the aforementioned orders, pursuant to a stipulation entered between the Government, Defendant Omidi, and other parties, on October 8, 2020, the Court issued an Order in the Civil Forfeiture Action releasing $10 million of seized funds in that action to be distributed

for Defendant Omidi's legal defense costs in the instant criminal proceeding.  [CV 18-3855, Doc. ## 49, 50.]   The Order provided, in relevant part, that:

> A further request for release of funds by Julian Omidi is not anticipated.  However, if . . . . counsel for Julian Omidi comes to believe that such a request will be necessary, the Parties shall meet and confer on whether there is good cause for the release of additional funds. If the Parties cannot reach agreement, [Julian Omidi's counsel] and Julian Omidi shall be allowed to move for the release of additional funds in CR 17-661(A) DMG, so long as all of the Substitute Claimants waive their respective rights to object to the release of any requested additional portion of the defendant *res*.

[CV 18-3855, Doc. # 50 at ¶ 13.]

On June 15, 2021, this Court denied Defendant Omidi's motion to dismiss the Indictment and request for release of seized funds.  [Doc. # 1084.]  There, the Court concluded, among other things, that Defendant Omidi failed to demonstrate that he had insufficient funds for his defense, particularly given the stipulated access to $10 million to be used for his defense costs.  *See id.* at 6-7.  The June 15 Order further noted that "[t]here has been no accounting of, or clear statement regarding, what funds out of the $10 million have already been spent, or any detailed information, such as a declaration from Defendant Omidi, providing specific information regarding his lack of funds or lack of access to other funds." *Id.* at 6.  On June 29, 2021, Defendant Omidi filed a motion for reconsideration of the Court's June 15, 2021 Order [Doc. # 1084], which the Court denied for failing to meet the standard for reconsideration. [Doc. # 1145.]

On July 30, 2021, Defendant Omidi filed an *ex parte* application requesting the release of an additional $8.5 million to fund his defense costs.  [Doc. # 1150.]  On August 16, 2021, the Court denied the application, both for failing to meet the *ex parte* standard and on its merits, upon finding, among other things, that Defendant Omidi failed to submit sufficient evidence to establish that he lacked funds or access to funds for his defense and that he had been a prudent steward of the funds that he had available.  [Doc. # 1190.]

On December 16, 2021, a jury convicted Defendant Omidi on all 37 counts as charged in the First Superseding Indictment.  [Doc. # 1578 (redacted verdict form).]

The instant application was filed on November 23, 2021 and supplemented on December 13, 2021.  [Doc. ## 1507, 1553, 1554, 1556, 1557.]  Through this application, Defendant Omidi seeks the release of $6,674,131 out of funds seized in the Civil Forfeiture Action to pay legal fees he incurred during his trial between September to December 2021.  [Doc. # 1553 at 20.]  These fees consist of $5,861,164 in legal defense fees and $812,967 in expenses.  *Id.*

### III.  DISCUSSION

In his renewed application, Defendant Omidi summarizes counsel's extensive work in defending this case over the course of the three-month long trial. [*See* Doc. # 1553.]  In response, the Government contends that much of this work was excessive and/or duplicative, and argues that it shows that Defendant Omidi has not been a prudent steward of his available funds. [*See* Doc. # 1583.]  As the Court noted at the conclusion of the trial, defense counsel have worked tirelessly and vigorously in defending this case and were among the finest attorneys to appear before this Court.  Whether defense counsel should have filed every pocket brief or raised every issue during trial in the manner that they did is open to reasonable debate but, ultimately, is beside the point.  While Defendant Omidi was certainly entitled to mount a vigorous defense with the funds he had available, he has not established that he is entitled to have any additional defense fees and costs paid out of the funds seized in the Civil Forfeiture Action.  As the Court has highlighted in its prior orders denying the release of seized funds [*see* Doc. ## 1084, 1145, 1190], even assuming (without deciding) that Defendant Omidi had been a prudent steward of funds, he continues to fail to establish that he lacks funds or access to funds to pay for his legal defense.  *See, e.g.*, Doc. # 1084 (June 15, 2021 order) at 9 (*citing United States v. Bonventre*, 720 F.3d 126, 128, 133 (2d Cir. 2013) (affirming district court denial of *Monsanto* hearing given that defendant did not make threshold showing that he lacked non-restrained funds to pay for counsel, as he "did not disclose his net worth, provide a comprehensive list of his assets, or explain how he has been paying his significant living expenses" and although submitted affidavits "describe the aggregate balances of bank accounts enumerated in the government's submissions, they do not clarify whether [defendant] has access to other accounts and, if so, their value.").

Defendant Omidi's own supporting declarations continue to be sparse and do not sufficiently detail his lack of funds or access to funds. [*See* Doc. ## 1507, 1554.]  Similarly, the most recent declarations submitted by Defendant Omidi's mother (Cindy Omidi) [Doc. # 1556] and brother (Michael Omidi, M.D.) [Doc. # 1557] are deficient.  Ms. Omidi and Dr. Omidi both acknowledge that they have been paying Defendant Omidi's living expenses and legal bills in the past, but state that they have declined to pay his legal defense fees for his criminal trial.  As previously noted by the Court, this about-face is not particularly credible.  The only reason offered by Ms. Omidi and Dr. Omidi is that they have unspecified "limited liquid assets" and are uncertain about their future potential liabilities given the numerous other lawsuits in which they are involved.  C. Omidi Decl. ¶ 5; M. Omidi Decl. ¶ 3.  This is, as detailed in prior orders, insufficient to justify ordering payment of Defendant Omidi's legal fees and costs out of the seized funds in the Civil Forfeiture Action.  In short, the Court commends counsel for their vigorous defense in this action and believes that their legal bills and expenses should be paid.  Defendant Omidi has not established, however, that these fees should be paid out of the seized funds.

As for the allegations made by the claimants' counsel in the Civil Forfeiture Action regarding alleged government wrongdoing [Doc. # 1646], the Court notes, as an initial matter, that the allegations are unsubstantiated by the claimants' counsel, who admits to conducting a "partial investigation" and does not have access to the underlying documents at issue which appear subject to a protective order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES—GENERAL**

Page **4** of **4**

[Doc. # 1636 at 3; *see also* Doc. # 91.][1]  Any allegations of government wrongdoing, moreover, will be more fully addressed in Defendant Omidi's forthcoming motion for a new trial.  In any event, the Court finds that the allegations made by the claimants' counsel does not have any bearing on the central issue presented here:  that Defendant Omidi has not met his burden of showing entitlement to additional funds seized in the Civil Forfeiture Action.

## IV.  CONCLUSION

For the reasons set forth above and as detailed in the Court's prior orders [Doc. ## 1084, 1145, 1190], Defendant Omidi's renewed application for the release of seized funds is respectfully **DENIED.**

IT IS SO ORDERED.

---

[1] The claimants' counsel states that its "partial investigation has found (1) the documents show the government's key witness, Charles Klasky, made a fabricated claim of a purported terrorist death threat on May 24, 2016, for which the government attributed responsibility to the Trusts' beneficiary, Mr. Julian Omidi; (2) the government knew of the falsity long before trial and presented materially misleading testimony to the grand jury, the jury and this Court; and (3) the government withheld this material information from all parties until after the trial, and the government still refuses to provide it to the Trusts." [Doc. # 1646 at 3.]  This accusation appears to relate to the subject of Defendant Omidi's motion to compel [Doc. # 1660], on which the Court has ruled by separate order.

| CR-11 | CRIMINAL MINUTES - GENERAL | Initials of Deputy Clerk KT |
|---|---|---|