Michael S. Schachter** (NY 3910205)
Randall W. Jackson** (NY 5274048)
Casey E. Donnelly** (NY4936803)
**WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, New York 10019
Tel: (212) 728-8102; Fax: (728) 728-8111
Email: *mschachter@willkie.com*

Simona Agnolucci (SBN 246943)
**WILLKIE FARR & GALLAGHER LLP**
One Front Street
San Francisco, CA 94111
Tel: (415) 858-7447, Fax: (415) 858-7599
Email: *sagnolucci@willkie.com*

*Attorneys for Defendant*,
Julian Omidi

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>*vs.*<br><br>JULIAN OMIDI, INDEPENDENT MEDICAL SERVICES INC., a professional corporation, SURGERY CENTER MANAGEMENT, LLC, and MIRALI ZARABI, M.D.,<br><br>Defendants. | Case No. CR 17-00661(A)-DMG<br><br>[*Assigned to Hon. Dolly M. Gee, District Court Judge*]<br><br>**WILLKIE FARR & GALLAGHER LLP'S MOTION TO WITHDRAW AS COUNSEL**<br><br>Hearing: April 27, 2022 at 2:30 PM<br>Dept.: Courtroom 8C<br>Location: 350 West 1st Street,<br>  8th Floor<br>  Los Angeles, CA 90012 |

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that, on April 27, 2022 at 2:30 PM, or, as soon as this matter may be heard in Courtroom 8C, of this Court, located at 350 West 1st Street, 8th Floor, Los Angeles, California, 90012, Willkie Farr & Gallagher LLP ("Willkie Farr") respectfully requests leave of Court to withdraw as counsel for Defendant Julian Omidi.  In support of this motion, Willkie Farr states as follows:

1.      Willkie Farr has served as lead counsel for Mr. Omidi since December 2020. Attorneys Michael Schachter, Randall Jackson,  Casey Donnelly, Simona Agnolucci, Alex Weingarten, John Brennan, and Ravi Chanderraj have filed appearances on behalf of Mr. Omidi.  During the more than a year in which Willkie Farr has represented Mr. Omidi, Willkie Farr, among other things, reviewed hundreds of thousands of documents in discovery, filed pre-trial motions on Mr. Omidi's behalf, represented Mr. Omidi during a three-month trial, and, most recently, filed a motion to compel discovery in advance of Mr. Omidi's post-trial motions.  Currently, Mr. Omidi's counsel is in the process of preparing Mr. Omidi's post-trial motions, which are due on March 30, 2022.

2.      As the Court is aware, Mr. Omidi's counsel is owed more than $5.8 million in unpaid fees for legal services it has performed for Mr. Omidi in this matter, and has had to recently pay in excess of $800,000 in outstanding expenses relating to the trial defense. Willkie Farr endeavored to show in Mr. Omidi's recent renewed application for the release of seized funds that Mr. Omidi has no assets with which he can pay these outstanding fees. In support of that application, Willkie Farr submitted declarations from Mr. Omidi, which detailed that Mr. Omidi transferred all of his assets to trusts that were sized and frozen by the government in 2014.  Willkie Farr also submitted declarations from Mr. Omidi's mother and brother, who attested that they both have limited liquid assets and significant, uncertain liabilities, and therefore are not willing to pay Mr. Omidi's outstanding legal fees.  (ECF Nos. 1507, 1553, 1554, 1556, 1557.)

3.      On March 21, 2022, the Court denied Mr. Omidi's application for the release of seized funds to pay his counsel's outstanding legal fees.  In so holding, the Court concluded that the declarations submitted in support of Mr. Omidi's application "do not sufficiently detail his lack of funds or access to funds" and are "insufficient to justify ordering payment of Defendant Omidi's legal fees and costs out of the seized funds in the Civil Forfeiture Action."  (ECF No. 1679.)

4.      In light of the Court's decision and the significant mounting outstanding costs and fees owed to Willkie Farr, Willkie Farr respectfully requests leave to withdraw as counsel for Mr. Omidi.  Mr. Omidi objects to Willkie Farr's request to withdraw and requests that the Court hold a status conference to discuss his situation.  Willkie Farr is willing to participate in a status conference but asks that any conference that is scheduled be held remotely via Zoom or teleconference.

5.      In the meantime, Willkie Farr welcomes guidance from the Court as to how Mr. Omidi can satisfy the Court that he has no assets.  In support of this effort, we also attach hereto pages 20-23 of the United States Probation Office's Presentence Investigation Report, which confirms Mr. Omidi's lack of assets, based on Mr. Omidi's submission of documents and information.  To the extent this information sufficiently demonstrates to the Court that Mr. Omidi has no assets such that the Court will release additional funds, Willkie Farr is willing to withdraw the instant motion.  While we understand the Court's ruling is based in part on the Court's position that third parties associated with Mr. Omidi should assist in paying for his defense, neither Willkie Farr nor Mr. Omidi has the ability to compel these third parties to pay Willkie Farr's outstanding fees and expenses.  In the event that Mr. Omidi, through future counsel, presents information that the Court deems satisfactory, Willkie Farr respectfully requests that seized funds be released for the payment of Willkie Farr's outstanding fees.

6.      Willkie Farr has met and conferred with the government, which has indicated it takes no position with respect to this motion.

1

Dated:  March 29, 2022

Respectfully submitted,

2

3

**WILLKIE FARR & GALLAGHER LLP**

4

By: s/ Michael S. Schachter

5

MICHAEL S. SCHACHTER

RANDALL W. JACKSON

6

CASEY E. DONNELLY

SIMONA AGNOLUCCI

7

8

ATTORNEYS FOR DEFENDANT

JULIAN OMIDI

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I am employed and a resident of New York. I am over the age of 18 and not a party to the within action; my business address is 787 Seventh Avenue, New York, NY 10019. On March 29, 2022, I served the document described as:

**WILLKIE FARR & GALLAGHER LLP'S MOTION TO WITHDRAW AS COUNSEL**

Upon the interested parties in this action as follows:

_____X_____ By the Court's ECF.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 29, 2022.

s/ Michael S. Schachter
Michael S. Schachter

Case No. CR 17-00661(A)-DMG

**WILLKIE FARR & GALLAGHER LLP'S MOTION TO WITHDRAW AS COUNSEL**

# EXHIBIT 1

122. From 2010 until 2016, Omidi was employed as a consultant for SCM. No further information was provided.

123. From 2002 until 2009, Omidi was employed as a physician at Pacific West Dermatology located at 9001 Wilshire Boulevard in Beverly Hills. This employment ended when Omidi's medical license was revoked.

124. From 2001 until 2002, Omidi was employed as a physician at High Dessert Medical Group located at 43839 15th Street in Lancaster. No further information was provided.

125. From 2000 to 2001, Omidi was employed as a physician at Facey Medical Group located at 1165 N. Sepulveda in Mission Hills. No further information was provided.

**Financial Condition: Ability to Pay**

126. Omidi supplied with General Order 03-01, which mandates certain financial disclosures to the Probation Officer. He has complied with the provisions of this order. Additionally, a credit report for Omidi was generated.

127. The personal financial statements, completed and signed by Omidi, reflect the following:

**Assets**

| | |
|---|---|
| Personal effects | $2,900 |
| **Total Assets** | $2,900 |

**Liabilities**

| | |
|---|---|
| Credit Card | $83,000 |
| Back Taxes | $1,200,000 |
| Other Liability Type | $7,000,000 |
| **Total Liabilities** | $8,283,000 |
| **Total Net Worth** | ($8,280,100) |

**Monthly Expenses**

| | |
|---|---|
| Groceries and Supplies | $500 |
| Utilities | $310 |
| Gas/Transportation | $370 |
| Auto Insurance | $150 |
| Health Insurance | $900 |
| Clothing | $50 |

| | | |
|---|---|---|
| Medical Expenses | | $300 |
| Miscellaneous | Information not provided | $480 |
| Health Club | | $290 |
| Cable | | $35 |
| Cellular Phone | | $100 |
| Internet Service | | $40 |
| Gardener | | $50 |
| Elective Medical Procedures | | $100 |
| Financial Obligations to Other Courts | | $1,000 |
| **Total Monthly Expenses** | | $4,675 |
| **Total Monthly Cash Flow** | | ($4,675) |

Assessment of Financial Condition

128. According to Omidi's personal financial statement (PFS), his assets consist solely of personal effects. He does not maintain a bank account. Omidi stated that he may have a bank account at Orange County Federal Credit Union which was opened approximately 30 years ago. He has not used this bank account in over 20 years, and he is unsure if it has been closed.  Nor does he own a vehicle, or own property. Omidi noted that he previously held assets in a trust;[4] however, these assets totaling $107.539,422.29 in securities and stocks were seized by the government and are subject to civil forfeiture in *United States v. Approximately $107,539,422.29 in Funds and Securities*, Docket No.: 18CV3855.

129. He previously owned interests in the following companies, all of which went out business in 2015 or 2016:

a) ASC Advertising and Marketing, Inc.

b) California Hospitals & Collections, Inc.

c) Call Us Now, Inc.

d) Capital Market Solutions, Inc.

e) Caring Health Services, LLC

f) Hospital and ASC Management Services, Inc.

---

[4] Omidi is named as the principal in The Asset Management Trust established in 2012 (verified by documentation).

g) OCM26, LLC

h) Pacific West Dermatology, LLC

i) Platinum Collections and Management, LLC

j) WL Medical Solutions, Inc.

130.    Omidi identified the following financial liabilities:

a) A Wells Fargo Bank credit card with an outstanding balance of $83,000. According to Omidi's credit report, the total amount owed was $83,503, which was charged-off after becoming 90 days delinquent. Wells Fargo Bank has closed this account.

b) The Franchise Tax Board (FTB) for filing years 2008 and 2009 (verified by documentation). According to his PFS, Omidi owes the FTB approximately $1,200,000. According to a March 24, 2020, FTB Letter, Omidi's outstanding tax balance is $2,898,440.85 (verified by documentation). Omidi believes that the amount he owes is likely $1,300,000 as he has not paid anything toward this debt. Omidi noted that he has not filed income taxes in "a number of years because I have not had any income."

c) Attorney's fees in the amount of $7,000,000.

131.    Omidi is named as a defendant in the following pending civil actions filed in the Los Angeles County Superior Court:

a) *Faitro v. Top Surgeons, LLC.,* Case No.: BC 454464. This a class action in the process of class certification.

b) *Swaim v. Top Surgeons, LLC.,* Case No.: SC118236

c) *Prewitt v. Weight Loss Centers,* Case No. BC 469464, consolidated with BC496616

d) *Pelter v 1 800 Get Thin,* Case No. BC 491048. Omidi recently won a summary judgment motion in this case; however, the plaintiff has appealed.

132.    Omidi is also named in the following pending civil actions:

a) *Almont Ambulatory Surgery Center v United Healthcare* filed in the United States District Court, Central District of Claiforia, Docket No.: 14CV03053.

b) *Platas v Omidi* filed in San Diego County Superior Court, Docket No.:37-2018-45119.

133.    Omidi is currently working for his mother in exchange for room and board.

134.   On his PFS, Omidi identified $4,675 in monthly expenses; however, he is not paying for any of his monthly expenses. Omidi's brother is paying all of Omidi's expenses and allows him to borrow one of his cars.

135.   Omidi's financial liabilities far outweigh his assets. He has no income and is unable to pay his monthly expenses. Accordingly, a fine is not recommended in addition to restitution. Upon his release from custody it appears he can only make nominal monthly payments towards restitution. Given his employment skills, a payment schedule is recommended.

### Assessment of Ability to Pay

136.   Immediate Payment: None.

137.   Payment Schedule: At least 10% of defendant's gross monthly income but not less than $100.00, whichever is greater.

## PART D. SENTENCING OPTIONS

### Custody

138.   **Statutory Provisions:** Counts 1-31, and 35-37: The maximum term of imprisonment is 20 years per count. 18 U.S.C. § 1341, 1343, 1956(h) and 1956(a). Count 32: The minimum term of imprisonment is two years, and the maximum term is two years. 18 U.S.C. § 1028A. Counts 33-34: The maximum term of imprisonment is 5 years per count. 18 U.S.C. § 1035.

139.   The term of imprisonment on Count 32 must be imposed consecutively to any other counts.

140.   **Guideline Provisions:** Based upon a total offense level of 45 and a criminal history category of I, the guideline imprisonment range is life. Pursuant to the Sentencing Table, an offense level of more than 43 is to be treated as an offense level of 43.

141.   Count 32: The guideline sentence is the minimum term of imprisonment required by statute. USSG §2B1.6.

### Impact of Plea Agreement

142.   There is no plea agreement.

### Supervised Release

143.   **Statutory Provisions:** Counts 1-31 and 33-37: The Court may impose a term of supervised release of not more than three years per count. 18 U.S.C. § 3583(b)(2). Count 32: The Court may impose a term of supervised release of not more than one year. 18 U.S.C. § 3583(b)(3).