Michael S. Schachter** (NY 3910205)
Randall W. Jackson** (NY 5274048)
Casey E. Donnelly** (NY4936803)
**WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, New York 10019
Tel: (212) 728-8102; Fax: (728) 728-8111
Email: *mschachter@willkie.com*

*Attorneys for Defendant Julian Omidi*

[Additional Counsel Continued on Next Page]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 17-00661(A)-DMG |
| Plaintiff, | [*Assigned to Hon. Dolly M. Gee, District Court Judge*] |
| *vs.* | |
| JULIAN OMIDI, INDEPENDENT MEDICAL SERVICES INC., a professional corporation, SURGERY CENTER MANAGEMENT, LLC, and MIRALI ZARABI, M.D., | **DECLARATION OF MICHAEL SCHACHTER IN SUPPORT OF DEFENDANTS JULIAN OMIDI'S MOTION TO DISMISS THE INDICTMENT OR, ALTERNATIVELY, FOR A NEW TRIAL** |
| Defendants. | |

[Additional Counsel Continued From Previous Page]

Simona Agnolucci (SBN 246943)
**WILLKIE FARR & GALLAGHER LLP**
One Front Street
San Francisco, CA 94111
Tel: (415) 858-7447, Fax: (415) 858-7599
Email: *sagnolucci@willkie.com*

Edmund W. Searby** (OH 067455)
**PORTER WRIGHT MORRIS & ARTHUR LLP**
950 Main Avenue, Suite 500
Cleveland, OH 44113
Tel: (216) 443-2545, Fax: (216) 443-9011
Email: *esearby@porterwright.com*

** *Appearing pro hac vice*

*Counsel for Defendant Julian Omidi*

DECLARATION OF MICHAEL S. SCHACHTER
Case No.  CR No. 17-00661 (A) - DMG

## DECLARATION OF MICHAEL S. SCHACHTER

I, Michael S. Schachter, hereby declare:

1.      I am an attorney licensed to practice law in New York and appearing in the above-entitled action *pro hac vice*.  I am a member of the firm of Willkie Farr & Gallagher LLP, attorneys for Julian Omidi, who is named as a Defendant in the above-entitled action.

2.      I make this declaration based on personal knowledge, in support of Mr. Omidi's Motion Dismiss the Indictment or, Alternatively, for a New Trial.

3.      On December 23, 2021, a week after the conclusion of the trial in this action, I emailed members of the prosecution team regarding the government's investigation of government witness Charles Klasky's claim that Brian Oxman called Mr. Klasky on the morning of May 24, 2016, discouraged him from attending a meeting with the government later that morning, and told him that attending the meeting would be akin to "putting a gun to [his] head."  The ensuing email correspondence between Mr. Omidi's counsel and the government's counsel regarding this topic is attached as Exhibit 1.

4.      On February 7, 2022, I took part in a meet and confer call with the government's counsel regarding the government's responses to Mr. Omidi's counsel's questions and Mr. Omidi's request for relevant documents and communications.

5.      During the February 7 meet and confer call, the government's counsel declined to clarify what the government's position is regarding whether Mr. Klasky's claim in his May 24, 2016 proffer interview and his August 14, 2017 interview that the purported "gun to your head" call from Mr. Oxman occurred on May 24, 2016 was true or false.  AUSA William stated, on behalf of the government, that the government does not consider its belief as to the truth or falsity of Mr. Klasky's May 24, 2016 statement to be relevant.

1

6.     During the February 7 meet and confer call, the government's counsel stated the government's position that it has produced all discoverable documents and information in response to Mr. Omidi's requests, but refused to answer whether the government is withholding any materials it deems not discoverable or to produce a log of any such withheld documents.  The government's counsel also declined to specify how the government went about searching for the documents and information Mr. Omidi requested.

7.     During the February 7 meet and confer call, the government's counsel stated, with respect to the documents the government produced on January 24, 2022, that the government did not know why these documents were not produced until after trial.

8.     During the February 7 meet and confer call, the government's counsel stated, with respect to the individuals who called Mr. Klasky on May 24, 2016, that the government did not attempt to investigate who these individuals were (beyond what is reflected in the documents the government produced on January 24, 2022) or how Mr. Klasky knew these individuals.

9.     During the February 7 meet and confer call, the government's counsel stated that the government never spoke with Mr. Klasky or his counsel about the inconsistency in Mr. Klasky's testimony regarding the purported "gun to your head" call between his initial report on May 24, 2016 and August 14, 2017, on the one hand, and his subsequent account in his August 16, 2017 Grand Jury testimony, on the other hand.

10.     During trial, Mr. Omidi's counsel asked the government's counsel whether the government's counsel intended to elicit from Mr. Klasky testimony regarding his prior claim that Mr. Oxman attended Mr. Klasky's meeting with his CJA counsel in 2016.  The government's counsel indicated that the government would not elicit this testimony.  During those discussions the government's counsel

2

1   did not indicate that it would elicit Mr. Klasky's testimony regarding Mr. Oxman's
2   purported "gun to your head" call.

3       11.   At trial, Mr. Omidi's counsel did not cross examine Mr. Klasky
4   regarding his claim that he received the purported "gun to your head" call before his
5   first proffer interview with the government.  At the time, the government had
6   disclosed notes and reports indicating that Mr. Klasky previously claimed this call
7   took place on the morning of his May 24, 2016 proffer interview, as well as Verizon
8   phone records showing the phone numbers that called Mr. Klasky that morning.
9   But neither those records nor any other records the government had produced at that
10  time identified the subscribers to the phone numbers that called Mr. Klasky the
11  morning of May 24, 2016, and the government notes indicated that Mr. Klasky had
12  suggested that one of the numbers actually belonged to Mr. Oxman.  The
13  government also did not identify these records as *Brady* material in response to the
14  Court's *Brady* Identification Order.  The evidence the government disclosed after
15  trial showed that Mr. Oxman was not associated with either of the phone numbers
16  that called Mr. Klasky the morning of May 24, 2016.  If Mr. Omidi's counsel had
17  that proof during trial, they would have been able to impeach Mr. Klasky's
18  testimony regarding the purported "gun to your head" call and impeach government
19  witnesses regarding their reliance on Mr. Klasky's claims.

20      12.   Attached as Exhibit 2 is a true and correct copy of the Federal Bureau of
21  Investigation's Memorandum of Interview regarding a May 24, 2016 proffer
22  interview with Charles Klasky, produced at Bates number
23  GT_REPORTS_00097357.

24      13.   Attached as Exhibit 3 is a true and correct copy of the government's
25  subpoena to Verizon Wireless for Charles Klasky's phone records, dated May 25,
26  2016, produced at Bates number GT_Verizon_00000532.

27
28

3
DECLARATION OF MICHAEL S. SCHACHTER
Case No.  CR No. 17-00661 (A) - DMG

14.   Attached as Exhibit 4 is a true and correct copy of Charles Klasky's phone records between January 1, 2016 and May 23, 2016, produced by Verizon Wireless to the government at Bates number GT_Verizon_00000550.

15.   Attached as Exhibit 5 is a true and correct copy of a spreadsheet reflecting Charles Klasky's phone records on May 24, 2016 and May 25, 2016, produced by Verizon Wireless to the government at Bates number GT_Verizon_00000585.

16.   Attached as Exhibit 6 is a true and correct copy of a January 13, 2017 email from FDA Special Agent Samanta Kelley to government agents and prosecutors with the subject "Spreadsheet of Klasky's verizon calls," produced at Bates number GT_REPORTS_00126535.

17.   Attached as Exhibit 7 is a true and correct copy of a spreadsheet detailing the government's investigation of the calls Charles Klasky received in May 2016, produced at Bates number GT_REPORTS_00126536.

18.   Attached as Exhibit 8 is a true and correct copy of a January 17, 2017 email from FDA Special Agent Samanta Kelley to government agents and prosecutors with the subject line "RE: Spreadsheet of Klasky's verizon calls," produced at Bates number GT_REPORTS_00126537.

19.   Attached as Exhibit 9 is a true and correct copy of a law enforcement TLOxp search report the government performed on November 22, 2016, produced at Bates number GT_REPORTS_00126538.

20.   Attached as Exhibit 10 is a true and correct copy of a law enforcement TLOxp search report the government performed on November 21, 2016, produced at Bates number GT_REPORTS_00126588.

21.   Attached as Exhibit 11 is a true and correct copy of the government's notes from an August 14, 2017 interview with Charles Klasky, produced at Bates number GT_REPORTS_00104944.

22.   Attached as Exhibit 12 is an excerpt of the transcript of Charles Klasky's testimony before the Grand Jury on August 16, 2017 (incorrectly indicated on the transcript as occurring on August 16, 2016).

23.   Attached as Exhibits 13 and 14 are true and correct copies of emails the government produced to the defense in discovery, produced at Bates numbers FTR_0001179854 and FTR_0001180107, respectively.

24.   Attached as Exhibit 15 is a true and correct copy of an email attaching the government's notes from a May 24, 2016 interview with Charles Klasky, produced at Bates number GT_NOTES & COR_00000049.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.  Executed in New York this 30th day of March, 2022.

/s/ Michael S. Schachter_____

DECLARATION OF MICHAEL S. SCHACHTER
Case No.  CR No. 17-00661 (A) - DMG