UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES—GENERAL**

Page **1** of 5

| Case No. | CR 17-661(A)-DMG | Date | July 21, 2022 |
|---|---|---|---|

| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE |
|---|---|
| Interpreter | N/A |

| Kane Tien | Not Reported | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendant(s): | Present | Appt. | Ret. |
|---|---|---|---|---|---|---|---|
| Julian Omidi | N/A | | ✓ | Kevin Lally | N/A | | ✓ |

**Proceedings:** **[IN CHAMBERS] ORDER DENYING DEFENDANT JULIAN OMIDI'S POST TRIAL MOTION # 3, MOTION FOR NEW TRIAL PURSUANT TO RULE 33 [Doc. # 1693]**

### I.   INTRODUCTION

On March 30, 2022, Defendant Julian Omidi filed a motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. [Doc. # 1693.] The Government filed its opposition on May 6, 2022 [Doc. # 1723], Defendant Omidi filed a reply on June 17, 2022 [Doc. # 1744], and the Government filed a sur-reply on June 27, 2022 [Doc. # 1755]. Defendant Surgery Center Management, LLC ("SCM") filed a joinder to Defendant Omidi's motion on June 22, 2022. [Doc. # 1753.] Having carefully considered the arguments set forth in the parties' briefs, the Court **DENIES** Defendant Omidi's motion.

### II.   BACKGROUND

On December 16, 2021, a jury convicted Defendant Omidi on all 37 counts charged in the First Superseding Indictment ("FSI"). [Doc. ## 12, 1577, 1578.] The instant motion for a new trial is based on alleged prejudicial and erroneous jury instructions and on the Government's alleged prosecutorial misconduct during summation. Defendant Omidi asserts that the FSI [Doc. # 12] exclusively charges him with intentional conduct and positive knowledge and that Jury Instruction Nos. 33 (Deliberate Ignorance) and 34 (Proof of Knowledge or Intent [or Reckless Indifference]) constructively amended, or resulted in a fatal variance of, the FSI. In the alternative, Defendant Omidi contends that jury Instruction No. 34 was erroneous and independently requires reversal and that the Government committed prosecutorial misconduct by denigrating defense counsel during rebuttal and by displaying evidence to the jury that was not admitted at trial.

### III.   DISCUSSION

Federal Rule of Criminal Procedure 33(a) provides in relevant part that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES—GENERAL**

Page **2** of **5**

"A motion for a new trial is directed to the discretion of the district judge. It should be granted only in exceptional cases in which the evidence preponderates heavily against the verdict." *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981) (citation and internal quotation marks omitted).

A constructive amendment to an indictment "occurs when the charging terms of the indictment are altered, either literally or in effect, by the prosecutor or a court after the grand jury has last passed upon them." *United States v. Ward*, 747 F.3d 1184, 1189 (9th Cir. 2014) (citation and internal quotation marks omitted); *see also United States v. Mancuso*, 718 F.3d 780, 792 (9th Cir. 2013) (constructive amendment "occurs when the defendant is charged with one crime but, in effect, is tried for another crime.") (citation and internal quotation marks omitted).  A constructive amendment occurs where: "'(1) there is a complex of facts presented at trial distinctly different from those set forth in the charging instrument, or (2) the crime charged in the indictment was substantially altered at trial, so that it was impossible to know whether the grand jury would have indicted for the crime actually proved.'" *Mancuso*, 718 F.3d at 792 (quoting *United States v. Adamson*, 291 F.3d 606, 615 (9th Cir. 2002)). "Further, constructive amendment only applies to the broadening, rather than the narrowing, of indictments." *United States v. Wilbur*, 674 F.3d 1160, 1178 (9th Cir. 2012) (discussing *United States v. Miller*, 471 U.S. 130 (1985)).

A variance "occurs when the charging terms of the indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment." *Ward*, 747 F.3d at 1189 (citation and internal quotation marks omitted).  "[C]haracterizing an instruction as a constructive amendment typically mandates reversal, while a variance requires reversal only if it prejudices a defendant's substantial rights." *Id.*

### A.      There Was No Constructive Amendment

The Court finds there was no constructive amendment of the FSI.  The FSI alleges that Defendant Omidi acted knowingly with respect to the charged counts.  *See* FSI ¶¶ 37, 43, 47, 49, 53, 57.  The jury instructions also provided the elements of each count and aligned with the Model Ninth Circuit Jury Instructions, including requiring that the Government prove Defendant Omidi acted knowingly with respect to each count.  [Doc. # 1563 (Jury Instruction Nos. 25 (Mail Fraud), 26 (Wire Fraud), 31 (Aggravated Identity Theft), 32 (False Statements Regarding Health Care Matters), 35 (Conspiracy – Elements), 37 (Financial Transaction or Attempted Transaction to Promote Unlawful Activity; Laundering or Attempting to Launder Monetary Instruments).]  Jury Instruction Nos. 25 and 26 specified that the Government had to prove that Defendant Omidi "knowingly participated in or devised a scheme or plan to defraud," and Jury Instruction No. 33 itself specified that the jury may not find such knowledge if it found that Defendant Omidi "was simply negligent, careless, or foolish."

Rather than constructively amending the FSI, Jury Instruction Nos. 33 (Deliberate Ignorance) and 34 (Proof of Knowledge or Intent [or Reckless Indifference]) instead provided a means of proving Defendant Omidi's knowledge and intent.  *See United States v. Dearing*, 504 F.3d 897, 903 (9th Cir. 2007) ("intent to defraud may be proven through reckless indifference to the truth or falsity of statements"); *United States v. Heredia*, 483 F.3d 913, 918 (9th Cir. 2007) ("knowingly" refers not only to "positive knowledge, but includes the state of mind of one who does not possess positive knowledge

only because he consciously avoided it") (citation and internal quotation marks omitted); *see also United States v. Jewell*, 532 F.2d 697, 700 (9th Cir. 1976) (acting "knowingly" does not only mean to act with positive knowledge, but also includes acting "with an awareness of the high probability of the existence of the fact in question"). *Cf. United States v. Shipsey*, 190 F.3d 1081, 1085-88 (9th Cir. 1999) (holding that the district court constructively amended the indictment because the jury instructions amended the *mens rea* element of the crime). The Ninth Circuit has rejected similar arguments that inclusion of a deliberate ignorance or reckless indifference jury instruction caused a constructive amendment or variance. *See United States v. Love*, 535 F.2d 1152, 1157-58 (9th Cir. 1976) (explaining that one who acts with reckless indifference as to truth or falsity of statement is chargeable as if he had knowledge of its falsity); *see also United States v. Lloyd*, 807 F.3d 1128, 1164 (9th Cir. 2015) (no constructive amendment to mail and wire fraud charges by instructing jury on reckless indifference).

  **B.**  **There Was No Variance**

  Nor was there a variance. In his motion, Defendant Omidi himself acknowledges that "*[c]onsistent with the FSI*, in the government's opening statement and *for most of the trial* the government did not present a theory that Mr. Omidi committed fraud through deliberate ignorance or reckless indifference, instead focusing on the central claim of the FSI—that Mr. Omidi devised, orchestrated, instructed and knew about all aspects of the alleged scheme to submit false information to insurance companies." [Doc. # 1693 at 14 (emphasis added).] By Defendant Omidi's own account then, there was no variance. *See Ward*, 747 F.3d at 1189 (variance "occurs when the charging terms of the indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment."). To the extent Defendant Omidi contends that the Government's presentation of evidence of his deliberate ignorance or reckless indifference constitutes a variance, that argument is rejected.

  **C.**  **Alleged Lack of Pretrial Notice and Bill of Particulars**

  The Court also rejects Defendant Omidi's argument that the Government did not provide him sufficient pretrial notice regarding its proposed jury instructions as to deliberate ignorance and reckless indifference.[1] The Government provided Defendant Omidi notice, by at least August 31, 2021, that it would seek to use these jury instructions and provided proposed instructions for defense counsel's review. Contrary to Defendant Omidi's contention, it should not have come as a surprise, nor did the Government meaningfully alter its theory of the case, by including these proposed instructions. [*See* Doc. # 1723-2, Exh. A (email exchange between August 31, 2021 and September 9, 2021 regarding proposed jury instructions) at 108 (Government's proposed jury instruction on deliberate ignorance) and 109 (Government's proposed jury instruction on reckless indifference).]

  Because Defendant Omidi was put on sufficient notice of the charges in the FSI and the Government's proposed jury instructions on deliberate ignorance and reckless indifference, the Court

---

[1] To the extent that Defendant Omidi argues a lack of adequate notice because the jury instructions effected a variance or constructive amendment, the Court rejects his arguments because there was no variance or constructive amendment.

rejects Defendant Omidi's additional argument that the Government somehow acted in bad faith by refusing to grant his request for a bill of particulars early on in the case and that Defendant Omidi was "severely prejudiced" as a result by not knowing the theory of the Government's case. [*See* Doc. # 1693 at 32-33.]  A bill of particulars was not appropriate in this situation: "[a] defendant is not entitled to know all the *evidence* the government intends to produce but only the *theory* of the government's case." *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986); *see also United States v. Singh*, CR 14–00648–CAS—9, 2017 WL 3701448, at *11 (C.D. Cal. Aug. 17, 2017) (same).

**D.    Sufficiency of Jury Instruction No. 34**

Defendant Omidi also contends that a new trial is warranted because Jury Instruction No. 34 (Proof of Knowledge or Intent) was erroneous. "In reviewing jury instructions, the relevant inquiry is whether the instructions as a whole are misleading or inadequate to guide the jury's deliberation." *United States v. Dixon*, 201 F.3d 1223, 1230 (9th Cir. 2000).  "A single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." *Id*.  The reckless indifference language in Jury Instruction No. 34 has been approved repeatedly in fraud cases in this Circuit.  *See Dearing*, 504 F.3d at 902-03; *United States v. Gay*, 967 F.2d 322, 326-27 (9th Cir. 1992); *see also Lloyd*, 807 F.3d at 1165 (rejecting similar argument that district court erred by not further defining term "reckless disregard").

**E.    Alleged Prosecutorial Misconduct**

Finally, the Court finds that no new trial is warranted for any alleged prosecutorial misconduct. Defendant Omidi contends that one of the prosecutors committed misconduct by referring to defense counsel's summation as a "con job" designed to "build a rapport" with the jury and "selectively cite to evidence" to convince the jury that Omidi was not guilty. [Doc. # 1693 at 39.]  The prosecutor's comments were in response to the closing argument presented by Omidi's counsel, which was based on analogizing the Government's case to a "Choose Your Own Adventure" book entitled "You Are a Con Man" disparaging the cooperating witness and co-conspirator, Charles Klasky.  *See United States v. Parker*, 991 F.2d 1493, 1498 n.1 (9th Cir. 1993) ("a prosecutor may respond substantially to a defense counsel's attack in order to right the scale.").  As the Court already explained when Omidi's counsel raised this issue at trial, the Court did not view the prosecutor's comments regarding a "con job" as an attack on defense counsel but rather, a rhetorical tactic to "riff[] off a theme" from defense counsel's argument.  The prosecutor's comments, moreover, were "brief" and "not dwelled upon." [Doc. # 1633 (Dec. 13, 2021 Trial Tr.) at 8959.]  Even if the prosecutor's comments could be considered improper, which the Court finds they were not, it does not warrant a new trial.  *See United States v. Navarro*, 608 F.3d 529, 535-56 (9th Cir. 2010) ("improprieties in counsel's arguments to the jury do not constitute reversible error unless they are so gross as probably to prejudice the defendant, and the prejudice has not been neutralized by the trial judge") (citation and internal quotation marks omitted).

As for the Government's inadvertent use of a "Yak" chat message (that had not been received into evidence) during its PowerPoint closing argument presentation, the Court immediately instructed the jury to disregard the exhibit. [Doc. # 1632 (Dec. 10, 2021 Trial Tr.) at 8670.]  The Yak chat message purportedly showed Defendant Omidi directing an employee to alter a patient's BMI.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES—GENERAL**

Page **5** of **5**

Defendant Omidi cannot establish prejudice resulting from this brief display of the chat message given that there was ample other evidence during the three-month trial showing Defendant Omidi's directives to Klasky, Hong, and others to alter patient records. Even if there was any potential prejudice (which the Court does not find), it was remedied by the Court's curative instruction. *See United States v. Alvarado*, 838 F.2d 311, 317 (9th Cir. 1987) (any potential prejudice by government counsel's misstatements, although "clearly improper" were neutralized by court's curative instructions).

**IV.     CONCLUSION**

For the foregoing reasons, Defendant Omidi's motion for a new trial pursuant to Rule 33 is respectfully **DENIED.** [Doc. # 1693.]

**IT IS SO ORDERED.**