1 | E. MARTIN ESTRADA
United States Attorney
2 | SCOTT M. GARRINGER
Assistant United States Attorney
3 | Chief, Criminal Division
KRISTEN A. WILLIAMS (Cal. Bar No. 263594)
4 | Deputy Chief, Major Frauds Section
ALI MOGHADDAS (Cal. Bar No. 305654)
5 | DAVID H. CHAO (Cal. Bar No. 273953)
DAVID C. LACHMAN (Cal. Bar No. 261711)
6 | Assistant United States Attorneys
Major Frauds/General Crimes Sections
7 |     1100 United States Courthouse
      312 North Spring Street
8 |     Los Angeles, California 90012
      Telephone: (213) 894-0526
9 |     Facsimile: (213) 894-6269
      E-mail:    Kristen.Williams@usdoj.gov
10 |
11 | Attorneys for Plaintiff
UNITED STATES OF AMERICA
12 |
                    UNITED STATES DISTRICT COURT
13 |
                 FOR THE CENTRAL DISTRICT OF CALIFORNIA
14 |
UNITED STATES OF AMERICA,          No. CR 17-661(A)-DMG
15 |
               Plaintiff,           GOVERNMENT'S OPPOSITION TO
16 |                                 DEFENDANT OMIDI'S *EX PARTE*
                    v.               APPLICATION FOR MODIFICATION OF
17 |                                 BRIEFING SCHEDULE AND SENTENCING
JULIAN OMIDI,                       HEARING DATES; DECLARATION OF
18 |                                 KRISTEN A. WILLIAMS
               Defendant.
19 |
20 |
21 |      Plaintiff United States of America, by and through its counsel
22 | of record, the United States Attorney for the Central District of
23 | California and Assistant United States Attorneys Kristen A. Williams,
24 | Ali Moghaddas, David H. Chao, and David C. Lachman, hereby opposes
25 | defendant JULIAN OMIDI's ex parte application for modification of
26 | briefing schedule and sentencing hearing dates (Dkt. 1790).
27 |      The opposition is based upon the attached memorandum of points
28 | and authorities, the attached declaration of Kristen A. Williams, the

1   files and records in this case, and such further evidence and

2   argument as the Court may permit.

3    Dated: November 28, 2022          Respectfully submitted,

4                                      E. MARTIN ESTRADA
                                       United States Attorney

5
                                       SCOTT M. GARRINGER
6                                      Assistant United States Attorney
                                       Chief, Criminal Division
7

8                                      _____
                                       KRISTEN A. WILLIAMS
9                                      ALI MOGHADDAS
                                       DAVID H. CHAO
10                                     DAVID C. LACHMAN
                                       Assistant United States Attorneys
11
                                       Attorneys for Plaintiff
12                                     UNITED STATES OF AMERICA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                       2

1                    **MEMORANDUM OF POINTS AND AUTHORITIES**

2        While victim impact statements are typically filed in

3    conjunction with the government's sentencing position (Declaration of

4    Kristen A. Williams ("Williams Decl.") ¶ 2), the government produced

5    the victim impact statements it has received in advance of that

6    filing, more than three weeks before sentencing, more than a week

7    before sentencing positions are due, and more than two weeks before

8    any reply to the government's sentencing position is due.[1]  (See Ex

9    Parte App. Ex. C.)  Defendant's claim that this production should

10   delay sentencing is speculative and should be rejected.

11       Although counsel cites the production as spanning 1,190 pages

12   (Ex Parte App., Declaration of Kevin Lally ("Lally Decl.") ¶ 1), the

13   application actually concerns a much smaller portion:  the

14   approximately 250 pages provided by nine victim insurance companies

15   (Williams Decl. ¶ 4).[2]  These victims previously produced more

16   comprehensive claims data and records encompassing a broader range of

17   dates and services (which data and records were long ago produced in

18   discovery), but have recently provided more targeted information in

19   connection with their restitution requests.  (Williams Decl. ¶ 4.)

20   In many cases, this amounted to identifying the subset of

21   beneficiaries for which particular relevant codes were billed, or the

22

23       [1] After initially contacting an unattended no-reply email,
24   defense counsel notified the government on November 25, 2022, that he
     was locked out of the production and needed to reset his password,
25   which issue was resolved the same day.  (See Ex Parte App. Ex. B;
     Williams Decl. ¶ 3.)  The government was only advised through the
26   defense's application that an additional password was needed for the
     Anthem victim materials, and that password was provided earlier today
27   via email.  (Williams Decl. ¶ 3.)

         [2] The remaining documents were provided by individual patient
28   victims, several of whom have been engaged in civil ligation with one
     or more defendants for years.  (Williams Decl. ¶ 4.)

1    average billed and paid amounts for certain services.  (See generally

2    Ex Parte App. Ex. E.)  In arriving at this information, some of the

3    victims ran more tailored claims searches, which they provided in

4    support of their requests.  However, there is little to indicate that

5    these subsets of records and claims substantively differ from prior

6    productions, particularly given that the charged scheme ended more

7    than six years ago and none of the victims noted any new or recent

8    claims; indeed, several of the victim statements specifically refer

9    to having previously provided similar claims information.  (See,

10   e.g., Ex. E at 26, 31.)

11       OMIDI's assertion that the defense's expert must spend an extra

12   month or two to review this data because it "could" alter her

13   findings is vague and speculative at best.  (Lally Decl. ¶ 10.)  The

14   defense has already had years (and nearly a year just since the

15   jury's verdict) to analyze relevant losses in general and challenge

16   Michael Petron's loss extrapolations more specifically, based on not

17   only the larger prior claims and record productions from these victim

18   insurers (and others from whom the government did not receive victim

19   statements), but also GET THIN's own comprehensive internal billing

20   and records system, Nextech.  Thus, the routine production of victim

21   impact statements provides no basis for a continuance here, and

22   sentencing of these defendants, convicted nearly a year ago, should

23   proceed as scheduled.

24

25

26

27

28

2

**DECLARATION OF KRISTEN A. WILLIAMS**

I, Kristen A. Williams, state and declare as follows:

1.  I am an Assistant United States Attorney ("AUSA") for the Central District of California and am one of the attorneys assigned to the prosecution of United States v. Julian Omidi, et al., CR No. 17-00661-DMG.  I make this declaration in support of the Government's Opposition to defendant JULIAN OMIDI's Ex Parte Application for Modification of Briefing Schedule and Sentencing Hearing Dates.

2.  Based on my own experience and familiarity with the practices of others in the United States Attorney's Office for the Central District of California, I am informed and believe that victim impact statements are typically filed in conjunction with the government's sentencing position.

3.  Based on my review of correspondence in this case, I am informed and believe that the government produced victim impact statements to the defense via a file-sharing box on November 22, 2022, and that, after initially contacting an unattended no-reply email, defense counsel notified the government on November 25 that he was locked out of the production and needed to reset his password, which issue was resolved the same day.  The government was only advised through the defense's ex parte application that an additional password was needed for the Anthem victim materials, and I provided that password earlier today via email to defense counsel.

4.  Based on my review of the discovery log in this case and familiarity with the case, I am aware the November 22, 2022 victim impact statement production included approximately 250 pages provided by nine victim insurance companies.  I am further aware that the victim insurers had previously produced more comprehensive claims

3

1  data and records encompassing a broader range of dates and services

2  (which data and records were long ago produced in discovery).  The

3  remainder of the victim impact statement production was comprised of

4  victim impact statements from individual patients or their

5  representatives, several of whom have been engaged in civil ligation

6  with one or more defendants for years.

7      I declare under penalty of perjury under the laws of the United

8  States of America that the foregoing is true and correct to the best

9  of my knowledge and belief and that this declaration was executed on

10  November 28, 2022, at Los Angeles, California.

11

12  _____

    KRISTEN A. WILLIAMS

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4