**McGUIREWOODS LLP**
KEVIN M. LALLY (SBN 226402)
355 South Grand Avenue, Suite 4200
Los Angeles, CA 90071
E-mail: klally@mcguirewoods.com
Telephone: 213-457-9862
Facsimile: 213-457-9882

ROBERT J. BITTMAN (*Pro hac vice*)
888 16th Street N.W., Suite 500
Washington, D.C. 20006
E-mail: rbittman@mcguirewoods.com
Telephone: (202) 857-2472
Facsimile: (202) 828-2962

Counsel for Defendant Julian Omidi

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JULIAN OMIDI, *et al.*,<br><br>Defendants. | No. CR: 17-661(A)-DMG<br><br>*EX PARTE* APPLICATION FOR MODIFICATION TO BRIEFING SCHEDULE AND SENTENCING HEARING DATES; MEMORANDUM; DECLARATIONS OF KEVIN M. LALLY AND REBECCA BUSCH; [PROPOSED] ORDER<br><br>Current Dates:<br>All Initial Memoranda: January, 11, 2023<br>Optional Reply: January 18, 2023<br>Sentencing Hearing: February 1, 2023<br><br>Proposed Dates:<br>All Initial Memoranda: February 8, 2023<br>Optional Reply: February 15, 2023<br>Sentencing Hearing: March 1, 2023 |

*EX PARTE* APPLICATION MODIFYING BRIEFING SCHEDULE AND SENTENCING HEARING DATE

Defendants Julian Omidi ("Mr. Omidi") and Surgery Center Management ("SCM"), by and through their respective counsel of record Kevin M. Lally and Elon Berk, hereby seek *ex parte* relief in the form of a continuance of the filing dates of their sentencing memoranda and sentencing hearings ("sentencing proceedings"). Previously, this Court granted a continuance of the sentencing proceedings to allow Rebecca Busch, Mr. Omidi's loss expert, the time necessary to review extensive, newly produced, insurer-generated loss data. (CR 1793.) Ms. Busch has been diligently reviewing these materials since the time of their receipt. However, additional time is needed to complete this time intensive project, thereby necessitating this *ex parte* filing.

This *ex parte* application is based on the accompanying declarations of Kevin M. Lally and Rebecca Busch. If granted and the proposed dates are amenable to the Court, all parties would file their initial sentencing memoranda on Wednesday, February 8, 2023, with optional reply briefs due on Wednesday, February 15, 2023. The sentencing hearing date for Mr. Omidi and SCM would take place on Wednesday, March 1, 2023 at 1:30 p.m. A status conference would take place on January 11, 2023 at 1:30 p.m. to address the timing of the restitution and forfeiture proceedings.

The government, through Assistant United States Attorney Kristen Williams, opposes Mr. Omidi's request for a continuance of the sentencing proceedings.

# MEMORANDUM

Based principally on government loss calculations, Mr. Omidi faces an advisory Sentencing Guidelines range of life imprisonment and a United States Probation Office recommendation of 17 years imprisonment. (Lally Decl. ¶ 2.) Mr. Omidi has retained a loss expert, Rebecca Busch, to address significant deficiencies in the government loss analysis, whose findings, if adopted in whole or in part by this Court, will materially impact Mr. Omidi's Guidelines calculations and sentence. (Lally Decl. ¶ 1; Busch Decl. ¶ 1.)

In the last week of November and later supplemented on December 9, 2022, the government produced over 1,200 pages of loss and restitution-related materials, including hundreds of pages of spreadsheets with over 100,000 data entries of claims-based loss data that it had requested and received from insurers post trial. (Lally Decl. ¶ 3.) The November production was made only one week before initial sentencing memoranda were due. (Lally Decl. ¶ 3-4.) Defendants Julian Omidi ("Mr. Omidi) and Surgery Center Management ("SCM") quickly filed an *ex parte* application for a continuance of the sentencing hearing and corresponding briefing to allow Ms. Busch, the necessary time to review analyze, and assess these materials in advance of finalizing her loss report and for counsel to independently assess these materials before finalizing its sentencing arguments addressing loss, restitution, and forfeiture.  (CR 1790). The government filed a reply in opposition. (1791). The Court granted Defendants' request for an extension the next day. (CR 1793).

Since the date of receipt, Ms. Busch and defendants' counsel have been diligently reviewing the extremely extensive, newly acquired, insurer generated loss-related data. (Lally Decl. ¶ 5; Busch Decl. ¶ 3.) Additional time, however, is needed to complete this review. The scope of produced loss data is simply massive. (Lally Decl. ¶ 5; Busch Decl. ¶ 3-4.) In addition, this review has been complicated by the fact that the spreadsheets are not uniformly constructed, include differing and often incomplete data and data that does not match up with prior productions,

among other impediments to an efficient review process. (Busch Decl. ¶ 4.) As a result, Ms. Busch will be unable to complete a full review and assessment of these materials under the current sentencing timeline.  (Busch Decl. ¶ 5-7.) Having now had the opportunity to more closely review the data and understand the impediments to review, it is Ms. Busch's assessment that it will take an additional four weeks for her to complete her review and finalize her report. (Busch Decl. ¶ 6.)

Following the government's production of these materials, this Court approved Mr. Omidi's and SCM's request for a continuance to allow Ms. Busch the opportunity to conduct and complete her review of this loss-based data. (CR 1793.) The current request for a continuance simply seeks an extension of this initial order to account for the scope of the task and impediments encountered by Ms. Busch during her review of these materials over the past month. The government's opposition, which essentially parrots the opposition that it advanced at the time the Court granted the initial continuance, remains misplaced. Accordingly, this Courts should grant Mr. Omidi and SCM an additional one-month continuance to allow Ms. Busch to complete her review of these materials and to finalize her report.

## DECLARATION OF KEVIN M. LALLY

I, Kevin M. Lally, declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a partner at McGuireWoods LLP. Along with other attorneys at my firm, I currently serve as counsel to defendant Julian Omidi ("Mr. Omidi") in *United States v. Julian Omidi*, et al., No. CR 17-661(A)-DMG. I submit this declaration in support of the *ex parte* application of Mr. Omidi and Surgery Center Management ("SCM") for a continuance of the filing dates and sentencing hearing. As described herein, this Court granted Mr. Omidi and SCM a continuance of the sentencing proceedings earlier this month to provide Mr. Omidi's loss expert, Rebecca Busch, the necessary time to review, analyze, and assess tens of thousands of newly generated and produced insurer claims data entries in advance of finalizing her loss report and for counsel to independently assess these materials before finalizing Mr. Omidi's sentencing arguments addressing loss, restitution, and forfeiture. An additional extension is necessary due to both the scope of the review and challenges that Ms. Busch has encountered when reviewing these materials which have slowed the process of her review. The *Ex Parte Application for Order for Modification to Briefing Schedule and Sentencing Hearing Dates*, (CR 1790), corresponding reply (CR 1792), and this Court's order (CR 1793), are incorporated by reference herein.

2. On December 16, 2021, Mr. Omidi and SCM were convicted of all counts with which each was charged. (CR 12, 1577.) This Court initially set Mr. Omidi's sentencing hearing for November 8, 2022 (CR 1783). The Presentence Report calculates Mr. Omidi's guidelines sentence as life imprisonment based principally on a 28 offense level increase tied entirely to trial testimony from government expert Michael Petron setting the intended loss in excess of $250,000,0000. The USPO's sentencing recommendation, which utilizes Mr. Petron's findings for

actual, rather than intended loss, is for a 204 month term of imprisonment (17 years).

      3. In the lead up to sentencing, the government has made a series of significant post trial disclosures. Approximately three months ago, the government, without comment, issued an updated expert loss report in which it had Mr. Petron exclude 13 individuals who previously were included in his loss analysis.[1] This caused the total intended loss to drop by more than 60 million dollars and the total actual loss to drop by more than 16 million dollars, with the actual loss for the sleep studies decreasing by 50 percent – from 24 million to 12 million – and the actual loss associated with CPAP billing decreasing by over two thirds, from 5.9 million dollars to 1.8 million dollars. Notably, the new figures differ markedly from Mr. Petron's testimony to the jury – with government elicited assurances that his loss findings were accurate to a 95% confidence rate – which had been presented over repeated objections by Mr. Omidi. Over the Thanksgiving holiday, the government produced 1,190 pages of materials that it had secured post trial from purported victims, including multiple insurance companies. The government further supplemented this production on December 9, 2022. These productions included hundreds of pages of spreadsheets containing over 100,000 line entries of insurer-generated claims data. The November production, which was made one week before initial sentencing memoranda were due, necessitated a continuance of the sentencing hearing. Finally, the government filed on December 5, 2022 its notice to seek forfeiture through a $98 million dollar money judgment, which includes an expert

---

[1] Upon receipt of the new report, I sought clarification from the government regarding the basis for these exclusions. I was advised that the government had Mr. Patron exclude patients for whom there was an altered sleep study that did not impact the diagnosis category – a position consistent with Mr. Omidi's trial defense that Charles Klasky altered sleep studies for purposes unrelated to any alleged fraud.

EX PARTE APPLICATION MODIFYING BRIEFING SCHEDULE AND SENTENCING HEARING DATE

report that was wholly generated post-conviction that is supported by extensive tracing analysis set forth over 400 pages of spreadsheets. (CR 1799).

4. To date, there have been two brief continuances of the sentencing date. The initial continuance, to October 25, 2022, was secured through joint stipulation to allow both the government and Mr. Omidi additional time to further develop their sentencing positions and to compile supporting materials. (CR 1786.) Following the government's production in late November of extensive insurer generated claims data, Mr. Omidi and SCM secured over government objection a second continuance, to February 1, 2023, to allow Ms. Busch time to review, analyze, and assess this newly produced loss data, which included insurer-provided data to the government's post trial requests for accountings of: (1) the number of sleep studies submitted during the charged scheme; (2) the total amount billed and paid for each sleep study; (3) the average claim for each sleep study; (4) the average amount paid for each sleep study; (5) a list of all SCM patients who received lap band surgery; (6) documentation presented in connection with pre-authorization approval for lap band surgery, and (7) billing data for these surgeries.

5. As the government's production was made immediately preceding the Thanksgiving holiday and just one week before the scheduled date for filing sentencing memoranda, Mr. Omidi and Ms. Busch were only able to conduct a preliminary review of the newly produced claims data prior to requesting a six-week continuance of the sentencing proceedings. Since that time, Ms. Busch has worked diligently to complete her review and assessment of these materials. However, she recently advised me that she will need additional time to complete this review due to both the massive scope of the review and complications encountered during the course of that review.  With the benefit of a far more in-depth understanding of the challenges presented by this review, Ms. Busch believes that it will take an additional four weeks to complete her review and finalize her report.

6. Additionally, Richard Romanoff MD, who is conducting a psychological assessment of Mr. Omidi, has requested additional time to complete his assessment and prepare his report.

7. On December 20, 2022, I emailed government counsel to address the need for a four-week continuance to allow Ms. Busch the necessary time to complete her review and finalize her expert report. I explained that, despite Ms. Busch's diligent efforts, "she will be unable to complete a full review and assessment of the materials under the current sentencing timeline given the massive scope of information provided, the high degree of variability in data among the various insurer submissions, and the inclusion, at least by some insurers, of underlying claims data and medical records."

8. On December 22, 2022, the government stated its opposition to this request. In doing so, the government essentially reiterated the grounds it relied upon in opposing Mr. Omidi's initial continuance request – which this Court granted over the government's objection – by again mis-framing its extensive production of insurer generated claims data as being solely related to restitution, incorrectly claiming that the entirety of this data was part of a "long-ago production," and improperly attempting to shift to Mr. Omidi the government's obligation to substantiate its claims of loss by claiming, inaccurately and without substantiation, that his access to the NexTech system purportedly would have provided him with access to the same materials that comprise the government's production.[2] Notably, the government did indicate a willingness to agree to a continuance of the restitution hearing – a hearing that will involve an assessment of the very same loss-based claims data that Ms. Busch is reviewing as part of her sentencing-based loss analysis. A true and correct copy of this email exchange is attached as Exhibit A.

---

[2] Mr. Omidi addressed the fallacies in the government's position in his reply memorandum to his prior *ex parte* application. (CR 1792).

9. This Court previously rejected the government's reasoning when it granted Mr. Omidi's and SCM's continuance request to provide Ms. Busch the opportunity to fully review and analyze these materials as part of her loss analysis. It should do so again, as Ms. Busch, despite diligent efforts, has been unable to complete this review in the time allotted. Defendants' request is nothing more than a simple extension of the Court's prior order to allow their loss expert appropriate time to complete her review and report. Fundamental fairness requires that Mr. Omidi and SCM have adequate time to complete this process, particularly given the draconian impact that the government's loss analysis, if accepted, will have on Mr. Omidi's sentence.

10. To that end, Mr. Omidi and SCM jointly request that the Court issue an order continuing the filing dates for sentencing memoranda such that initial briefs are due on Wednesday, February 8, 2023, optional reply briefs are due on Wednesday, February 15, 2023, and the joint sentencing hearing for Mr. Omidi and SCM be set for Wednesday, March 1, 2023 at 1:30 p.m., or to another date and time amendable to the Court.

11. As noted above, the government filed its notice to seek forfeiture through a money judgment on December 6, 2022, *after* the Court granted the most recent continuance. (CR 1799). The government's application includes extensive financial tracing analysis detailed over approximately 400 pages of spreadsheet data entries which was entirely conducted by the government's expert post trial. On December 16, 2022, I spoke with the government's asset forfeiture counsel, AUSA James Dochterman, who acknowledged that the scope of the forfeiture-related production was significant such that a continuance of forfeiture related-matters beyond the current sentencing date would be appropriate. He further noted that, in the government's assessment, this would not necessarily require that the sentencing hearing be continued as the government could request the Court to find at sentencing that it will issue a money judgment and then have a hearing at a later

date to determine what that money judgment, if any, will be. AUSA Williams confirmed this position in the government's December 22, 2022 opposition to a continuance of the current sentencing date.

12. Mr. Omidi and SCM request a status hearing – on January 11, 2023, at 1:30 p.m., or at another date and time amenable to the Court – to address the timing of the restitution and forfeiture proceedings.

13. Earlier today, Mr. Berk advised me that he joins in the filing of this *ex parte* application on behalf of SCM.

Dated: December 28, 2022

/s/ Kevin M. Lally
Kevin M. Lally
McGuireWoods LLP

# Exhibit A

| | |
|---|---|
| **From:** | Lally, Kevin M. |
| **Sent:** | Monday, December 26, 2022 3:45 PM |
| **To:** | Urquhart, Abigail G. |
| **Subject:** | Fwd: Omidi Sentencing |

**From:** "Williams, Kristen (USACAC) 2" <Kristen.Williams@usdoj.gov>
**Date:** December 23, 2022 at 12:10:28 AM GMT+1
**Subject: RE: Omidi Sentencing**

**\*\*EXTERNAL EMAIL; use caution with links and attachments\*\***

Hi Kevin,
As we've previously indicated, we do not believe the materials provided by victims in connection with their restitution requests justify a continuance of the sentencing date, particularly in light of the lengthy extensions previously granted, the long-ago production of the claims data underlying Mr. Petron's loss analysis, and your client's own possession of NexTech's billing and payment information. If you request a separate restitution hearing after sentencing to provide your expert with additional time to consider those restitution requests, we are willing to consider a stipulation as to that.

Regarding the other matters in your email, none of those support a continuance of the sentencing, either. As you recognize, the determination of a money judgment amount can proceed separately. There has also been ample time since the conviction more than a year ago to conduct any examination of Mr. Omidi that you feel necessary. As for Michael Zarrabi's hard drive, it was copied -- first in late 2021 and again pursuant to your second request in early December -- directly from the hard drive Mr. Zarrabi provided. Moreover, it was apparent from materials originally produced years ago regarding that drive that some materials may have been added to that drive on November 19, 2015, and there is no outstanding discovery on that point.

Finally, Mr. Hong's sentencing was continued to January 18th.

Thank you and happy holidays,
Kristen

Kristen A. Williams
Assistant United States Attorney
Deputy Chief, Major Frauds Section
U.S. Attorney's Office, Central District of California
1100 U.S. Courthouse | 312 N. Spring St. | Los Angeles, CA 90012
Office: (213) 894-0526 | Fax: (213) 894-6269

**From:** Lally, Kevin M. <KLally@mcguirewoods.com>
**Sent:** Thursday, December 22, 2022 3:43 AM
**To:** Williams, Kristen (USACAC) 2 <kwilliams2@usa.doj.gov>
**Cc:** Moghaddas, Ali (USACAC) <AMoghaddas@usa.doj.gov>; Chao, David (USACAC) 1 <DChao1@usa.doj.gov>; Lachman, David (USACAC) <DLachman@usa.doj.gov>; Dochterman, James (USACAC) <JDochterman@usa.doj.gov>
**Subject:** [EXTERNAL] Re: Omidi Sentencing

Thanks. Happy to discuss further should you find it beneficial. If so, just let me know what time works.


On Dec 22, 2022, at 1:03 AM, Williams, Kristen (USACAC) 2 <Kristen.Williams@usdoj.gov> wrote:

**\*\*EXTERNAL EMAIL; use caution with links and attachments\*\***

Thank you for your email, Kevin. We will respond to it tomorrow.

Kristen A. Williams
Assistant United States Attorney
Deputy Chief, Major Frauds Section
U.S. Attorney's Office, Central District of California
1100 U.S. Courthouse | 312 N. Spring St. | Los Angeles, CA 90012
Office: (213) 894-0526 | Fax: (213) 894-6269

**From:** Lally, Kevin M. <KLally@mcguirewoods.com>
**Sent:** Tuesday, December 20, 2022 3:50 PM
**To:** Williams, Kristen (USACAC) 2 <kwilliams2@usa.doj.gov>; Moghaddas, Ali (USACAC) <AMoghaddas@usa.doj.gov>; Chao, David (USACAC) 1 <DChao1@usa.doj.gov>; Lachman, David (USACAC) <DLachman@usa.doj.gov>; Dochterman, James (USACAC) <JDochterman@usa.doj.gov>
**Subject:** [EXTERNAL] FW: Omidi Sentencing

All,

I write to address several issues related to Mr. Omidi's ability to prepare for his upcoming sentencing proceedings and the timing of those proceedings.

First, following the government's late-November production of newly acquired and extremely extensive insurer-provided loss-related data, the Court set new sentencing dates to allow Mr. Omidi's loss expert, Rebecca Busch, time to fully examine this data and to incorporate her findings into her loss-based assessments. Ms. Busch has been diligently reviewing these materials since the time of their receipt. Despite these

2

efforts, Ms. Busch has advised me that she will be unable to complete a full review and assessment of the materials under the current sentencing timeline given the massive scope of information provided, the high degree of variability in data among the various insurer submissions, and the inclusion, at least by some insurers, of underlying claims data and medical records. Ms. Busch projects that she will need an additional four weeks to complete her review of these materials and to finalize her report. As the Court's recently granted a continuance expressly to allow Ms. Busch the requisite time to complete her review of these materials (at a time when they were newly received and the challenges of the review were not fully understood), it stands to reason that it will provide Ms. Busch the additional time needed to complete this process.

Second, I separately have spoken with AUSA Dochterman regarding several issues related to the government's application to pursue criminal forfeiture of more than 98 million dollars through a money judgment and the government's novel position that it could secure such a forfeiture judgment without a hearing based on government expert tracing reports that, as expressly acknowledged in the expert's declaration, were fully generated post trial. As you know, the government's application was filed after the Court set the most recent sentencing dates and includes extensive financial tracing analysis conducted by the government's expert over the twelve month period between when the jury returned its verdicts and when the government filed its application. AUSA Dochterman acknowledged that the scope of the forfeiture-related materials was significant such that a continuance of forfeiture related-matters would be appropriate. He further noted that, in the government's assessment, this would not necessarily require that the sentencing hearing be continued as the government could request the Court to find at sentencing that it will issue a money judgment and then have a hearing at a later date to determine what that money judgment, if any, will be. We are reviewing the potential ramifications of this proposed process but note the seemingly self-evident proposition that additional time will be required before any forfeiture proceeding can take place given the scope of both the proposed forfeiture and the supporting documentation.

Third, Dr. Richard Romanoff, who is conducting an assessment of Mr. Omidi for sentencing, has requested additional time to finalize his assessment and to complete his report.

Fourth, computer expert Lonnie Dworkin is in receipt of, and is in the process of reviewing, the forensic copy of the hard drive Michael Zarrabi produced to the government on December 8, 2015. In doing so, Mr. Dworkin discovered that the forensic copy provided to Mr. Omidi was made from a separate forensic copy created by CART Examiner Marina Lee on December 1, 2022, rather than directly from the forensic copy created by CART examiner Cindy Niu on December 14, 2015 following the FBI's acquisition of this hard drive, as is typically the case. Please explain why the original forensic copy was not utilized when creating the forensic copy for Mr. Omidi's review. Please also provide all documentation addressing the creation of the three imaged copies (*i.e.*, the original image created by Ms. Niu on December 14, 2022, the copy created by Ms. Le on December 1, 2022 and the copy created for Mr. Omidi later that same day) and any documents or communications addressing why the original imaged copy was not utilized when creating the forensic image for Mr. Omidi's review.

Furthermore, while Mr. Dworkin's review remains ongoing, he observed that over 10,000 sleep studies were added to the Zarrabi hard drive on November 19, 2015. This was approximately a week after Mr. Zarrabi informed the FBI that he had preserved

over 10,000 purported original sleep studies on a personal hard drive in 2014, after being instructed by Charles Klasky to destroy these materials. Therefore, it appears that Mr. Zarrabi, at a minimum, possessed additional data devices containing sleep study information that he did not provide to the government.  Please provide all documentation addressing, in any way, the government's knowledge that (1) Mr. Zarrabi had uploaded over 10,000 sleep studies onto his personal hard drive after his November 13, 2015 interview, when he first identified the existence of such a hard drive and claimed that it had been created in 2014 to protect the sleep studies from spoilation; and (2) steps, in any, taken by the government to retrieve any and all additional sleep study data maintained by Mr. Zarrabi, including, but not limited to, the source material from which Mr. Zarrabi uploaded the 10,000 purported original sleep study files to the hard drive he provided to the government on December 8, 2015.

Finally, as the government has taken the extraordinary step of sealing cooperator Sherwin Hong's entire case file, please confirm that Mr. Hong was sentenced on December 14, 2022 and provide an accounting of the sentence imposed.

I fully understand the government's desire to move past the district court proceedings in this matter. I also well know that it is the standard practice of the USAO to stipulate to continuances to allow defendants the requisite time to fully complete sentencing-related assessments and due diligence, particularly when a defendant's need for additional time is predicated on post-trial government disclosures, as is the case here.  This is true even in the most intensely litigated cases.  Such actions further the interests of justice, while avoiding needless impositions on parties' -- and more importantly, the Court's -- resources.  That is particularly true here, where the Court has found it appropriate to continue the sentencing dates to allow Ms. Busch the time necessary to complete her examination and analysis of the extensive recently produced insurer-provided loss-data, and as addressed above, Ms. Busch needs additional time to fully complete this review.  When coupled with the other issues raised above, this is a situation in which the government routinely agrees to stipulate to a continuance, and should agree to do so here.  I am happy to discuss potential dates with you that will accommodate each side's interests. However, if no agreement can be reached, we again will be forced to litigate a matter that this USAO routinely resolves through mutual cooperation of the parties.

Please do not hesitate to call me on my cell phone, 310-707-7560, should you wish to discuss this matter further.

Regards,

**Kevin M. Lally**
Partner
McGuireWoods LLP
Wells Fargo Center
South Tower
355 S. Grand Ave., Suite 4200
Los Angeles, CA 90071-3103
T:  +1 213 457 9862
F:  +1 213 457 9882
klally@mcguirewoods.com
Bio | VCard | www.mcguirewoods.com

<~WRD0001.jpg>

---

*This e-mail from McGuireWoods may contain confidential or privileged information. If you are not the intended recipient, please advise by return e-mail and delete immediately without reading or forwarding to others.*

**McGUIREWOODS LLP**
KEVIN M. LALLY (SBN 226402)
355 South Grand Avenue, Suite 4200
Los Angeles, California 90071
Telephone: (213) 457-9862
Facsimile: (213) 457-9882
E-mail: klally@mcguirewoods.com

**McGUIREWOODS LLP**
ROBERT J. BITTMAN (*Admitted Pro Hac Vice*)
888 16th Street N.W., Suite 500
Washington, D.C. 20006
Telephone: (202) 857-2472
Facsimile: (202) 828-2962
E-mail: rbittman@mcguirewoods.com

Counsel for Defendant Julian Omidi

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JULIAN OMIDI, *et al.*,<br><br>Defendants. | Case No CR: 17-661(A)-DMG<br><br>**DECLARATION OF REBECCA BUSCH** |

## DECLARATION OF REBECCA BUSCH

I, Rebecca Busch, declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. As set forth more fully in my November 29, 2022, declaration, I have been retained by Julian Omidi to provide expert analysis on the issue of monetary loss in the matter of *United States v. Julian Omidi, et al.*

2. At the time of my initial declaration, I explained that the newly produced insurer-provided presents a more detailed presentation of claims-based information than was considered by Mr. Petron and that the supporting documentation, or lack thereof, is extremely useful in assessing and understanding the claims approval processes that were employed by the insurers, which is among the components that I consider as part of my expert analysis.

3. Over the past month, my team and I have worked diligently to review these newly produced materials. As previously discussed, the scope of the production was significant and the review of such data intensive materials is extremely labor intensive.

4. Several factors have added to the complexity of, and the time needed to complete, our review. These include but are not limited to, the lack of uniformity in the information contained in the different insurers' spreadsheets, the frequent lack of alignment between the newly produced loss-based information and information included in Mr. Petron's prior loss analysis, and widespread inconsistencies and omissions in supporting documentation for insurer-based payment decisions.

5. Despite all diligent efforts, it quickly became apparent that I would not be able to complete my review and assessment of these newly produced loss materials and incorporate my findings into my loss report in advance of the January 11, 2023 filing date. Once this became clear, I addressed the need for an extension with Mr. Omidi's counsel.

6. As I now have a far more in-depth understanding of the review challenges presented by the government's production, I believe that it will take approximately another month (4 weeks) to complete my review of these materials and incorporate my findings into my loss report.

7. I respectfully request this additional time to complete this process, which is both well underway and directly related to the issue of insurer loss.

DATED: December 27, 2022.

_____
Rebecca Busch

# CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2022, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and service via transmittal of a Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 28, 2022, at Los Angeles, California.

                                                   */s/ Kevin M. Lally*
                                                 Kevin M. Lally
                                                 McGuireWoods LLP